Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WACHOVIA BANK, National Association,  :
                                       :    Civil Action No. 07 CV 11230
                      Plaintiff,       :
                                       :
         - against -                   :    **DECLARATION**
                                       :    **OF SCOTT S. MCKESSY**
MAJAPARA CASA DE CAMBIO S.A. de C.V.,  :
                                       :
                      Defendants.      :
------------------------------------------------------------X

I, SCOTT S. MCKESSY, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

Introduction

1. I am a member of the law firm of Reed Smith LLP, attorneys for Wachovia Bank, National Association ("Wachovia"), the plaintiff in this action. I submit this Declaration in support of Wachovia's instant application for the award of a pre-judgment attachment and temporary restraints.

2. The instant application is being sought on an expedited, *ex parte* basis because of the likelihood that, if notified of the instant application before hand, defendant Majapara Casa De Cambio S.A. de C.V. ("Majapara") will dissipate or transfer the assets which are the subject of this application.

3.  As set forth in the accompanying Declaration of Carlos A. Perez dated December 13, 2007, Majapara absconded with over $38 million in currency owed to Wachovia pursuant to certain foreign exchange spot transactions.

4.  After learning that Majapara had absconded with Wachovia's funds, Wachovia spoke by telephone with Jorge Ortiz, the Chairman and CEO of Majapara who acknowledged the theft, and informed Wachovia that if it did not give Majapara two months to repay the money and, instead, attempted to collect the debt in litigation, Wachovia would not recover a single dollar.

5.  This direct threat to make itself judgment proof and ensure that Wachovia is frustrated in any efforts to collect upon the debt owed presents a substantial risk that if notified of Wachovia's instant application, Majapara will dissipate or remove its remaining assets from the jurisdiction, preventing Wachovia from ever enforcing a judgment in this action.

6.  Therefore, for the foregoing reasons, Wachovia respectfully requests that its application for the award of a pre-judgment attachment and temporary restraints be heard on an expedited, *ex parte* basis, without prior notice given to Majapara. Executed this 13th day of December, 2007.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　SCOTT S. MCKESSY