UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WACHOVIA BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 Civ. 11230 (BSJ)(RLE) |
| v. ) | |
| ) | |
| CASA de CAMBIO ) | |
| MAJAPARA S.A. de C.V. a/k/a ) | |
| MAJAPARA CASA DE CAMBIO ) | |
| S.A. de C.V.. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CASA de CAMBIO
MAJAPARA TO VACATE ORDER OF ATTACHMENT AND
INCREASE UNDERTAKING/BOND OF WACHOVIA**

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, NY 10022
Tel: (212) 508-6743

SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Tel: (312) 641-3200

*Attorneys for Casa de Cambio
Majapara S. A. de C.V.*

**TABLE OF CONTENTS**

Table of Authorities………………………………………………………..……….... ii

Introduction　 ……………………………....……………………….…….....................1

Procedural History…………....……………………………………………….…..……....4

Facts……………………...……………………………………………………..........................5

Argument …………………………………………………………………………......9

      I.　　The Order of Attachment Should be Vacated and Wachovia
           Should be Required to Pay the Court Registry all Funds
           It Has Taken from Majapara's Account………….……………………..……….......9

      II.　　Wachovia Is Not Entitled to an Extraterritorial Injunction………………………11

      III.　　The Court Should Require Wachovia to Post Substantially More Then $1 Million
           as Undertaking/Bond……………………………………………………………13

Conclusion …………………………………………………………………….........................15

<u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                          <u>Page</u>

*AB Electrolux v. Bermil Industries,*
    481 F.Supp.2d 325 ........................................................................................................... 14

*Aerotrade, Inc. v. Banque Nationale De La Republique D'Haiti,*
    376 F.Supp. 1286 S.D.N.Y. 1974, *aff'd*, 552 F.2d 60 2d Cir. 1977 ..................................... 13

*Cahill v. McInnis,*
    2007 WL 1174827 S.D.N.Y. April 18, 2007 ...................................................................... 12

*Credit Agricole Indosuez v. Rossiyskiy Kredit Bank,*
    729 N.E.2d 683 N.Y. 2000 ............................................................................................... 12

*Experience Hendrix, LLC v. Chalpin PPX Enterprise, Inc.,*
    461 F.Suppl2d 165 S.D.N.Y. 2006.................................................................................... 10

*Great Earth Intern. Franchising Corp. v. Milks Developments, Inc.,*
    302 F.Supp.2d 248 S.D.N.Y. 2004 ...................................................................................... 9

*Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.,*
    527 U.S. 308 (1999)..................................................................................................... 11,12

*Key Equip. Finance, Inc. v. Zip L.L.C.,*
    2007 WL 1580035 N.D.N.Y. May 29, 2007 ...................................................................... 10

*Manpower, Inc. v. Mason,*
    405 F. Supp.2d 959 E.D. Wis. 2005 .................................................................................. 14

*Michaels v. Internet Entm't Group, Inc.,*
    5 F. Supp.2d 823 C.D. Cal. 1998 ...................................................................................... 14

*Nanjing Textiles IMP/EXP Corp. Ltd. V. NCC Sportswear Corp.,*
    2006 wl 2337186 August 11, 2006 .................................................................................... 12

*New York Janitorial Service, Inc. v. Easthampton Dewitt Corp.,*
    100 Misc.2d 814, 420 N.Y.S.2d 100, Sup. Ct. Onondaga Co. 1979 ...................................... 9

*Sanofi-Synthelabo v. Apotex, Inc.,*
    470 F.3d 1368 Fed. Cir. 2006 ........................................................................................... 13

*Sierra USA Communications, Inc., v. Int'l Tel. & Satellite Corp.,*
    14 Misc.3d 528, 824 N.Y.S.2d 560 Sup. Ct. N.Y. Co. 2006 ................................................. 9

*SMC Corp., Ltd. V. Lockjaw, LLC,*
     481 F. Supp. 2d 918 N.D. Ill. 2007 ................................................................... 14

*Wisdom Import Sales Co.,L.L.C. v. Labatt Brewing Co., Ltd.,*
     339 F. 3 101 2d Cir. 2003 ........................................................................... 9

Defendant Casa de Cambio Majapara S.A. de C.V. ("Majapara") hereby submits this memorandum of law in support of its motion to (1) vacate the Order of Attachment entered on December 20, 2007[1], (2) place all funds subject to the Court's attachment and all amounts taken from Majapara's account with Plaintiff Wachovia Bank, N.A. ("Wachovia") in the Court registry, and (3) substantially increase the undertaking/bond that Wachovia must post at an amount that will adequately compensate Majapara for damages and losses that will be shown to have arisen out of the Orders that Wachovia obtained through wrongful means.

## Introduction

This is a case of a creditor being entitled to take a slice, but instead taking the whole pie. As a result of this creditor's wrongful actions, other creditors of Majapara have been injured, an entire business has been destroyed, and over 600 employees in Mexico were laid off. On December 14 and 20, 2007 Wachovia accused Majapara of fraud and theft in order to obtain first an *ex parte* injunction, then an order of attachment and preliminary injunction. As Wachovia has stated, the foreign exchange business is founded upon trust. Thus, even unfounded accusations of fraud and theft are devastating to a participant. Despite knowing this, Wachovia obtained an injunction and order of attachment from this Court on the grounds that Majapara was engaged in fraud and had stolen its funds. But, at the time Wachovia made these devastating accusations, Wachovia had information in its possession – which it failed to disclose to the Court – demonstrating that this was not true.

In order to obtain the December 14 Order to Show Cause, Wachovia submitted a memorandum of law, a complaint, and sworn declarations of Wachovia's Carlos Perez and

---

[1]     As the December 20, 2007 Order of Attachment grants all motions made by Wachovia dated December 14 and 17, 2007, Majapara requests that the December 14 Order to Show Cause also be vacated.

attorney Scott McKessy.  On the basis of those submissions, the Court entered the Order to Show

Cause, which included an injunction against Majapara.  The subsequent Order of Attachment

entered by the Court on December 20, 2007 was based upon the same submissions.[2]  The Order

of Attachment states that the Court has found that "Majapara intends to remove assets from

Wachovia's reach with the intention of frustrating the enforcement of an eventual judgment in

favor of Wachovia."  (Order of Attachment, at 2)

But, Wachovia's submissions failed to tell the Court the whole truth.  The facts that

Wachovia failed to disclose are not only inconsistent with the story that Wachovia presented to

the Court, but also show that Wachovia's story simply cannot be true.  Specifically, Wachovia

failed to disclose the following to the Court:

(1)    ***On December 5 and 6, 2007 Majapara paid to Wachovia close to $80 million***.  (*See* Declaration of Miguel Meza Rousseau, attached as Exhibit A.) Majapara made those payments to Wachovia on the *very same day and the day after* the orders for the December 5 foreign exchange ("FX") transactions were placed.

(2)    It was Wachovia – not Majapara – who caused Majapara to be unable to settle the December 5 FX transactions.  Majapara did not experience liquidity problems until after it placed those orders 5 when Wachovia abruptly terminated its FX correspondent banking relationship with Majapara.  The reason for this abrupt termination had nothing to do with Majapara.  As set forth in Wachovia's letter to Majapara (the "Wachovia Termination Letter," attached as Exhibit B), Wachovia had decided to cease doing *any* FX business outside the United States.

(3)    Much of the millions of dollars in Majapara's account at Wachovia, which Wachovia used to "offset" the $38 million debt, ***was deposited into the account after December 6***.  The description of the two "offsets" of almost $14 million in Carlos Perez's declaration is misleading in that it fails to reveal that funds were flowing *into* Majapara's account during this period.  (Perez Decl. ¶ 15, attached as Exhibit C)  Majapara did not withdraw funds from the Wachovia account to frustrate Wachovia's ability to collect its debt, but to engage in the ordinary course of its business.

---

[2]    The Complaint was subsequently amended on December 17, but the amendment pertains only to Wachovia's confusion regarding Majapara's correct name.

(4)    Majapara acknowledged it owed $38 million to Wachovia and merely sought a reasonable amount of time to repay Wachovia in light of Wachovia having terminated the parties' relationship – time that, according to the Wachovia Termination Letter, Majapara understood Wachovia was going to provide. (December 13, 2007 letter from Jorge Ortiz to Carlos Perez with translation, attached as Exhibit D)

Wachovia was in possession of these facts at the time it sought the Orders from the Court. Had Wachovia made these disclosures, the Court would have had facts before it calling for the denial of the drastic *ex parte* injunctive relief that Wachovia sought on December 14, and denial of the subsequent Order of Attachment[3] sought on December 20.

Before the Court's December 14th Order was entered, Majapara was merely experiencing a temporary disruption to its business as a result of having to line up another FX correspondent bank to handle the FX transactions that Majapara had been doing with Wachovia. Majapara understood from the Wachovia Termination Letter that Wachovia would allow Majapara a reasonable period of time to repay the $38 million for the December 5 FX transactions. Instead, as a result of Wachovia seeking *ex parte* prejudgment relief on December 14 and obtaining the later Order of Attachment Majapara's business has been destroyed.

---

[3]    Majapara sent a representative to courthouse for the December 21 10:00 a.m. hearing. Only upon his arrival at the courthouse, did he learn that the hearing date had been changed. Counsel for Majapara informed Wachovia's counsel of this fact on January 4, 2008 and was assured that Wachovia had provided such notice. To date, Majapara has not located any notice of the date of the hearing being changed to December 20. Counsel for Majapara has requested that counsel for Wachovia provide documentation of Wachovia's notice being sent to Majapara of the date change. To date, nothing has been produced. In submitting this memorandum of law, Majapara does not intend to waive any objections, including objections to notice of the hearing.

**Procedural History**

Wachovia initiated this action with a request for *ex parte* prejudgment relief on December 14, 2007. Wachovia sought an *ex parte* temporary restraining order from this Court, and simultaneously an *ex parte* prejudgment attachment order from an Illinois state court.[4] On December 14, this Court entered an order drafted by Wachovia's counsel (the "Order to Show Cause") that, among other things, ordered Majapara to appear for a show-cause hearing on December 21, and stated that, "pending the hearing and determination of this motion, Majapara, shall be and hereby is enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing any of its assets." (Order to Show Cause, at 2) The Order also required an undertaking/bond from Wachovia of just $1 million, which Wachovia subsequently posted.

At some point after the show-cause order was entered, the hearing set for December 21 was moved to December 20. We understand that this was done at the Court's request. As stated above, Majapara did not know of this change before December 21. While counsel for Wachovia represented that Majapara – a Mexican corporation located in Mexico City, Mexico – had been given notice of this change, Majapara has found no record of receiving such notice. As a result, no representative of Majapara was present at the December 20 show-cause hearing, and the Court issued the draft order of attachment prepared by Wachovia's counsel which, among other things, found that Wachovia had a cause of action "for a money judgment;" ordered that certain Majapara bank accounts be attached; and provided that Majapara be "enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing of any of its assets." The

---

[4]     Wachovia also filed the Complaint in this case on December 14. The Complaint purports to allege five causes of action against Majapara: breach of contract, promissory estoppel (in the alternative), unjust enrichment (also in the alternative), fraud, and anticipatory breach of contract. Wachovia's prayer for relief seeks damages, not equitable relief. Wachovia filed an almost identical complaint in state court in Illinois, purporting to plead the same five causes of action against Majapara.

Order of Attachment was expressly premised upon, and found, that "Majapara intends to remove assets from Wachovia's reach with the intention of frustrating the enforcement of an eventual judgment in favor of Wachovia under CPLR § 6201(3)." The Order of Attachment required the same undertaking/bond of Wachovia of $1 million.[5]

## Facts

Although Wachovia's submissions to this Court are rife with accusations that Majapara engaged in theft and fraud, Wachovia failed to inform the Court of important evidence in its possession to the contrary. Wachovia failed to inform the Court that Majapara could not have known it would have difficulty repaying Wachovia at the time that it entered into the December 5 FX transactions. Wachovia failed to inform the Court that Majapara paid to Wachovia almost $80 million in settlement of FX transactions on December 5 and 6. Wachovia failed to inform the Court that Majapara had expressly acknowledged that it owed Wachovia approximately $38 million, and that it merely sought a reasonable amount of time to repay Wachovia.[6] These are significant facts – of which Wachovia was aware at the time – calling for the denial of the relief that Wachovia sought on December 14 and 20. These facts call into question the accusations of Carlos Perez and Wachovia that Majapara was engaged in fraud and never intended to repay Wachovia.

Most is egregious Wachovia's failure to disclose to the Court the reason that Majapara did not repay Wachovia on December 7. When Majapara and Wachovia entered into the $38 million of FX transactions on December 5, Majapara fully intended to repay Wachovia on December 7, as was its practice for over ten years of business with Wachovia. Majapara had no

---

[5]    Wachovia obtained a similar attachment order – minus the injunctive language – in the Illinois case on December 14, and was required to post a $25 million bond in connection with the attachment of assets in Illinois.
[6]    Majapara routinely did a total of over $100 million of business daily with Wachovia and other banks.

liquidity problems at that time.  It was only *after* Majapara entered into those transactions, that Majapara experienced liquidity problems arising out of Wachovia abruptly terminating its relationship with Majapara.  (*See* Exhibit B)   The Wachovia Termination Letter, which Carlos Perez (the author) delivered after Majapara placed the orders for the December 5 FX transactions, states that Wachovia "has determined to cease providing correspondent banking services to exchange companies outside the United States."  As the letter shows, there is no reason specific to Majapara that caused Majapara's FX business with Wachovia to be abruptly terminated.  Wachovia gave Majapara no notice whatsoever that this bombshell was coming.[7] Majapara did not know at the time it entered into the December 5 FX transactions that it was *going to have* liquidity problems in the near future as a result of being terminated by Wachovia.

Thus, Wachovia had no basis for accusing Majapara of entering into the December 5 FX transactions intending not to repay Wachovia.  Yet that is exactly what Wachovia did.   In paragraph 19 of Mr. Perez's declaration, he states that Majapara *had entered into the December 5, 2007 FX transactions intending not to repay them*.  The facts show that Majapara entered into these transactions with exactly the same intent it had over the past ten years of business with Wachovia – of repaying the amounts within two business days.  Had Wachovia not terminated its relationship with Majapara at the close of business on December 5, Majapara would have continued entering into, and settling, FX transactions with Wachovia.  It was only as a result of being abruptly terminated by Wachovia that Majapara became unable to repay Wachovia on December 7.

Wachovia's accusations that Majapara *never intended to pay it* is also inexplicable in light of the fact that Majapara paid to Wachovia almost $80 million on December 5 and 6, 2007

---

[7]       Wachovia's termination of Majapara's FX business was effective immediately.  Majapara had no grace period to obtain a replacement bank for the substantial FX business that it did with Wachovia.

– the same day and day after the December 5 FX transactions that Wachovia claims Majapara procured with fraudulent intent. On the same date that Majapara entered into the outstanding FX transactions (December 5), Majapara paid millions of dollars to Wachovia to settle earlier FX transactions. (*See* ¶ 4 of Exhibit A) Reports from Wachovia's own website demonstrate that those payments to Wachovia amount to $38,241,035. (*Id.*) Those payments – of which Wachovia was undeniably aware – demonstrate that Majapara was not engaged in fraud and had no intent to "plunder" or "abscond" with funds due to Wachovia. (McKessy Decl. ¶¶3-4; Perez Decl. ¶20; Am. Compl. ¶¶1, 46, 53)

Indeed, the very next day (December 6) Majapara made millions more in payments to Wachovia to settle additional FX transactions. (*See* ¶ 5 of Exhibit A) Again, reports from Wachovia's own website demonstrate that those payments to Wachovia amount to $39,101,850. (*Id.*) Thus, Wachovia's repeated accusations that Majapara was engaged in fraud and "theft" are unfounded and unreasonable.

Wachovia also accused Majapara of seeking to withdraw funds from its account at Wachovia in order to "dissipate" assets or make itself "judgment proof." (McKessy Decl. ¶¶4-5; Memo of Law at 2,4,5,6). Mr. Perez's declaration provides the only basis for this accusation. Yet, Mr. Perez's declaration obscures the fact that millions of dollars had been deposited into Majapara's account at Wachovia between December 6 and December 20. Those are the $14 million in funds that Wachovia used to "offset" the $38 million debt. (Perez Decl. ¶15) Deposits, as well as withdrawals, were being made to Majapara's account at Wachovia in the ordinary course of Majapara's business during this time period. Thus, there was nothing improper or invidious about Majapara's seeking to withdraw funds from its account at Wachovia.

Finally, Wachovia failed to inform the Court that Majapara had informed Wachovia on December 13 of its intention to repay Wachovia. On December 13, the CEO of Majapara, Jorge Ortiz, wrote to Carlos Perez confirming the conversation that the two had just had. (*See* Exhibit D) In that letter, Mr. Ortiz states that Majapara acknowledges its debt to Wachovia and is doing everything necessary to pay it off as quickly as possible, but is having difficulty because Wachovia terminated its account. Mr. Ortiz also offers to provide Wachovia with security for the debt[8]. Despite knowing all of these facts at the time, Wachovia failed to inform the Court of any of them on December 14 or 20.

Majapara had been banking with Wachovia (and its predecessor First Union) for over ten years. Majapara had been in the foreign exchange business for almost twenty years. Majapara was such a good customer of Wachovia's that Wachovia personnel (including Carlos Perez) came to Mexico City in February 2007 to convince Majapara to move the bulk of Majapara's FX business to Wachovia (from Harris Bank and other banks), which Majapara did.[9] Thus, at the time Wachovia abruptly pulled the plug on Majapara, Majapara was doing about 80% of its FX business with Wachovia. As a result of Wachovia's precipitous and uncalled for rush to obtain these Orders by accusing Majapara of engaging in fraud, theft, and other wrongdoing, Majapara's entire business has been destroyed.

---

[8]     It should also be noted that Mr. Perez's (and Wachovia's) conclusory allegation that Majapara was engaged in lending activity that is prohibited by Mexican law is not only baseless, but cannot form a valid basis for the prejudgment relief that Wachovia sought. Moreover, as Wachovia and Mr. Perez knew or should have known, the lending activities that Majapara was engaged in are authorized under Mexican law. *See* Articulo 82 of Ley General de Organizaciones & Actividades Auxiliares Del Credito (with translation).   See Exhibit E (General Law of Ancillary Credit Organizations and Activities, with Affidavit of Accuracy of Translation; Banco de Mexico Rules Applicable to the Transactions Conducted by Foreign Exchange Bureaus, with Affidavit of accuracy of Translation).
[9]     Carlos Perez, Juanita Gomez, and Ariel Marin of Wachovia were present at the February 9, 2007 meeting with Majapara in Mexico City, as were Jorge Ortiz and others from Majapara.

## Argument

I.   The Order of Attachment Should be Vacated and Wachovia Should be Required to Pay to the Court Registry all Funds it has Taken from Majapara's Account.

Had Wachovia disclosed all of the relevant facts to the Court, an injunction and attachment would not have been warranted.   Thus, the attached funds and all funds that Wachovia has precipitously grabbed, including the $13,420,155 (and such other funds that Wachovia has taken as "offsets" should be placed in the Court registry pending the resolution of Wachovia's claims and the counterclaims that Majapara intends to bring against Wachovia.

Wachovia has not satisfied the standard for obtaining injunctive relief, in particular because it has failed to show it will suffer irreparable harm without the injunction.   Irreparable harm is "certain and imminent harm for which a monetary award does not adequately compensate. [citations omitted]   Thus, only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief." *Wisdom Imp. Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.* 339 F.3d 101, 113-14 (2d Cir. 2003).   An anticipated money judgment is insufficient to satisfy this standard.   *See Great Earth Intern. Franchising Corp. v. Milks Developments, Inc.*, 302 F.Supp.2d 248, 255 (S.D.N.Y. 2004) (vacating TRO and denying motion for preliminary injunction to secure potential money judgment).

Nor do any of the three cases cited by Wachovia say otherwise.   Two cited cases were decided by New York trial courts applying New York procedural law that is not applicable here. *Sierra USA Communications, Inc., v. Int'l Tel. & Satellite Corp.*, 14 Misc.3d 528, 530, 824 N.Y.S.2d 560, 561 (Sup. Ct. N.Y. Co. 2006); *N.Y. Janitorial Serv., Inc. v. Easthampton Dewitt Corp.*, 100 Misc.2d 814 816, 420 N.Y.S.2d 100, 101-02 (Sup. Ct. Onondaga Co. 1979).   The other case cited by Wachovia on this point granted a preliminary injunction to allow a party to

collect a *final judgment* from a British court that the plaintiffs had been trying unsuccessfully to collect *for over three decades* as a result of years of steps taken to evade payment. *Experience Hendrix, LLC v. Chalpin PPX Enter., Inc.*, 461 F. Supp. 2d 165, 174 (S.D.N.Y. 2006). None of these cases support the issuance of a preliminary injunction to secure an anticipated money judgment.

Moreover, Wachovia was not, and is not, *entitled* to an order of attachment under New York law. "Even if the plaintiff makes out a case for attachment under CPLR 6201, its granting is still discretionary with the Court. The plaintiff cannot demand it as a matter of right." Siegel, N.Y. Prac. § 317(4th ed.). The availability of attachment must be construed "strictly in favor of those against whom it may be employed." *Id.* Allegations that a judgment against a foreign creditor will be difficult to enforce are insufficient to show that attachment is needed. *Key Equip. Fin., Inc: v. Zip L.L.C.*, 2007 WL 1580035 (N.D.N.Y. May 29, 2007) (denying motion for writ of attachment).

On December 14 and 20, 2007, Wachovia sought injunctive relief and an order of attachment merely to secure a potential money judgment. In doing so Wachovia accused Majapara of theft, fraud, and intending to dissipate or transfer assets out of Wachovia's reach. Based upon facts within Wachovia's possession at the time the accusations were made, Wachovia knew the accusations were not true. Wachovia had done business with Majapara for over ten years so it knew Majapara was not lending money in violation of Mexican law. Nor did Wachovia cite in any submission to the Court *any* provision of Mexican law that Majapara had violated. Wachovia knew that Majapara had acknowledged its debt to Wachovia and intended to repay it as soon as possible. (*See* Exhibit D) Wachovia knew precisely why Majapara had not repaid its debt to Wachovia on December 7 – it had been terminated by Wachovia without notice.

Wachovia knew Majapara intended to repay its debt to Wachovia because Majapara had paid almost $80 million to Wachovia on December 5 and 6. (See Exhibit A)

Wachovia has been, at minimum, less than forthright with the Court – failing to disclose important facts of which it was aware. Wachovia's conduct has placed other creditors of Majapara at risk by virtue of it causing the destruction of Majapara as a going concern. As a result, Majapara requests that the Court order all funds attached by the Court be released and paid into the Court registry. Moreover, Majapara requests that the Court order Wachovia to place the almost $14 million that it has taken from Majapara's account into the Court registry so that it is available to satisfy counterclaims that Majapara intends to assert – which exceed the amount of the debt that Wachovia claims.

II.     Wachovia Is Not Entitled to an Extraterritorial Injunction.

The Order of Attachment that Wachovia proposed and the Court subsequently entered includes an injunction that purports to cover Majapara in Mexico.[10] The U.S. Supreme Court has ruled that such an extraterritorial injunction is beyond a district court's authority. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). In *Grupo Mexicano*, as here, a Mexican company was sued for damages arising out of an alleged breach of contract. 527 U.S. at 312. Also as here, a court of this District preliminarily enjoined the Mexican company from disposing of its assets. *Id.* at 312-13 (district court enjoined defendants "from dissipating, disbursing, transferring, conveying, encumbering or otherwise distributing or affecting any [of defendant's] right to, interest in, title to or right to receive or retain, any of" certain assets). The Supreme Court reversed, holding that "the District Court had no authority to

---

[10]     The Order of Attachment submitted by Wachovia also fails to set forth the requisite factual findings and legal conclusions to support a preliminary injunction.

issue a preliminary injunction preventing [defendants] from disposing of their assets pending adjudication of [plaintiffs'] contract claim for money damages." *Id.* at 333. The Supreme Court, among other things, "follow[ed] the well-established general rule that a *judgment* establishing the debt was necessary before a court of equity would interfere with the [defendant's] use of his property." *Id.* at 321 (emphasis added). The Court went on to note that a preliminary injunction such as the one entered by the district court far exceeded the provisional remedies, such as attachment, provided for by FRCP Rule 64, and concluded by noting that "we have no authority to craft a 'nuclear weapon' of the law like the one advocated here." *Id.* at 332. *See also, e.g., Credit Agricole Indosuez v. Rossiyskiy Kredit Bank,* 729 N.E.2d 683 (N.Y. 2000) (reversing grant of preliminary injunction prohibiting defendants from transferring or encumbering their assets, in a case where plaintiffs also obtained attachment); *Nanjing Textiles IMP/EXP Corp., Ltd. v. NCC Sportswear Corp.,* 2006 WL 2337186 at *7 (S.D.N.Y. Aug. 11, 2006) (following *Grupo Mexicano* and denying injunction (and attachment) "despite the fact that [plaintiff] may have some interspersed equitable claims").[11]

Thus, Wachovia was not entitled to the relief that it sought in its proposed order of attachment. The prayer for relief in its complaint (both original and amended) seeks money damages – not equitable relief. (*See* Am. Cmplt. at 10.) As such, Wachovia had no right to seek an injunction in its proposed order of attachment – since Wachovia is obviously far from obtaining the *final judgment* it would need in order to be potentially entitled to an injunction over Majapara's assets. *See, e.g., Grupo Mexicano* and *Credit Agricole Indosuez, supra.* Because the

---

[11]    To the extent that the injunctive language in the order here is to be construed only as an attachment, it also is limited to the jurisdiction of the Court. *See, e.g., Cahill v. McInnis,* 2007 WL 1174827 at *2 (S.D.N.Y. April 18, 2007) ("a federal court 'is not empowered to issue a writ of attachment with extraterritorial efficacy so as to reach property of the defendants beyond the borders of the forum state'" – citations omitted).

injunctive language in the Order of Attachment exceeds the Court's authority, at minimum, that language should be stricken from the Orders entered by the Court, and the injunction vacated.

III.    The Court Should Require Wachovia to Post Substantially More than
        $1 Million as an Undertaking/Bond

The amount of the bond posted by Wachovia in this case is inadequate to serve the purposes of FRCP Rule 65(c) or NY CPLR § 6212(b&e).  Wachovia failed to present any evidence that a one million dollar bond would be sufficient security for an injunction against Majapara or the attachment of Majapara's bank accounts.  Majapara respectfully requests that Wachovia be ordered to post a bond sufficient to cover the damages, including the loss of the business in its entirety, in the event that Majapara is found to have been wrongfully enjoined or restrained, or its assets wrongfully attached.

Under Rule 65(c), a TRO or PI may be issued only if "the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to be have wrongfully enjoined or restrained."  The amount of the bond is subject to the discretion of the Court.  *See Sanofi-Synthelabo v. Apotex, Inc.,* 470 F.3d 1368, 1385 (Fed. Cir. 2006) (affirming district court's setting of bond based upon consideration of potential lost profits, lost market share, and other costs to be incurred in the event of wrongful enjoinment).  Similarly, a bond is a condition for an attachment order in order to provide for damages suffered as a result of wrongful attachment.  *See Aerotrade, Inc. v. Banque Nationale de La Republic D'Haiti,* 376 F. Supp. 1286, 1287 (S.D.N.Y. 1974), *aff'd,* 552 F.2d 60 (2d Cir. 1977) (awarding amount of bond to Haitian bank for damages arising out of wrongful attachment by party wrongly alleging that bank was alter ego of Republic of Haiti).

Under NY CPLR § 6212(e), a plaintiff is strictly liable for all damages "which may be sustained by reason of the attachment if the defendant recovers judgment, or if it is finally decided that plaintiff was not entitled to an attachment of the defendant's property." *See* C6212:4; C6212:8. Thus Wachovia's bond should be set at an amount sufficient to compensate Majapara for the damages that it has suffered and may suffer in the event that Majapara prevails or it is decided that Wachovia was not entitled to an attachment. *See* CPLR § 6212(e).

In setting the amount of a bond, district courts have considered potential damages that the enjoined party might suffer as a result of a wrongful injunction, including damages arising out of lost sales and profits. *See AB Electrolux v. Bermil Indus.*, 481 F. Supp. 2d 325, 337 (S.D.N.Y. 2007) (court may set bond on basis of lost profits and lost sales as long as there is evidence submitted; because evidence not presented to court, bond not set on that basis); *SMC Corp., Ltd., v. Lockjaw, LLC,* 481 F. Supp. 2d 918, 930 (N.D. Ill. 2007) (injunction bond set at amount of profits and other damages that would be lost if the injunction were erroneously entered); *Manpower, Inc. v. Mason*, 405 F. Supp. 2d 959, 976 (E.D. Wis. 2005) (same); *Michaels v. Internet Entm't. Group, Inc.*, 5 F. Supp. 2d 823, 842 (C.D. Cal. 1998) (same).

Here, Wachovia provided no evidence to the Court of why a bond in the amount of $1 million satisfies the requirements of FRCP Rule 65(c) or the CPLR §6212(b). For the 2007 calendar year, Majapara had EBITDA of over $9 million. Thus, using a multiple of ten (10) times EBITDA, the enterprise value of Majapara as a going concern exceeded $90 million.

While the bond in Illinois does not provide security for the prejudgment orders entered by this Court, the amount of the bond set in Illinois does provide some basis for comparison. Under Illinois law, Wachovia was required to post a bond of two times the amount that it sought to have attached before judgment. Because Wachovia sought prejudgment attachment in Illinois of only

14

$12.5 million, the amount of the bond was set at $25 million to secure the Illinois prejudgment attachment. Twice the amount that Wachovia sought to have this Court attach in New York would be $50 million.

Thus, Majapara respectfully requests that the Court require Wachovia to post a bond of $90 million in order to cover damages arising out of what Majapara intends to show was caused by Wachovia's wrongful conduct (including withholding material information from the Court in procuring wrongful attachments and a wrongful injunction).

January 22, 2008                    Respectfully submitted,

                                    CASA DE CAMBIO MAJAPARA S.A. de C.V.

                                    By: _/s/ Vincent J. Syracuse___
                                    One of Its Attorneys

                                    Vincent J. Syracuse
                                    David A. Pellegrino
                                    George F. du Pont
                                    Tannenbaum Helpern Syracuse & Hirschtritt LLP
                                    900 Third Avenue
                                    New York, NY 10022
                                    Tel: (212) 508-6743
                                    Fax: (212) 202-7516

Of Counsel:
Celiza P. Bragança
(*pro hac vice* motion to be made at hearing)
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Tel: (312) 641-3200
Fax: (312) 641-6492

## CERTIFICATE OF SERVICE

I, George F. du Pont, certify that I caused a true and correct copy of the Motion of Casa de Cambio Majapara to Vacate Injunction and Increase Undertaking/Bond of Wachovia, the Exhibits A, B, C, D and E attached to the Motion, and Memorandum of Law in Support of Casa de Cambio Majapara to Vacate Injunction and Increase Undertaking/Bond of Wachovia to be served upon:

> Scott McKessy
> REED SMITH, LLP
> 599 Lexington Avenue
> New York, New York  10022
> Fax 212-521-5450

via e-filing this 22nd day of January, 2008.

_____/s/_____
George F. du Pont

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

WACHOVIA BANK, N.A.,                    )
                                        )
                                        )
            Plaintiff,                  )
                                        )       No. 07 Civ. 11230 (BSJ)(RLE)
      v.                                )
                                        )
MAJAPARA CASA de                        )
CAMBIO S.A. de C.V.,                    )
                                        )
                                        )
            Defendant.                  )

### DECLARATION OF MIGUEL MEZA ROUSSEAU

1.      I, Miguel Meza Rousseau, am competent to provide this declaration, have

personal knowledge of the facts set forth herein, and solemnly affirm the truth of this declaration.

2.      I am the Treasurer (Director of the Treasury) for Majapara Casa de Cambio, S.A.

de C.V. (hereinafter "Majapara").  Majapara maintains an account with Plaintiff Wachovia Bank

identified by the number 2000192304201.  In the regular course of business at Majapara, we

obtain information about the Majapara account at Wachovia Bank through a Wachovia Bank

website.

4.      On or about January 4, 2008, I directed Guadalupe Pavon Aguirre, a Majapara

employee under my supervision, to obtain from the website of Wachovia Bank reports of all the

payments of funds that Majapara made to Wachovia Bank on December 5, 2007 and December

6, 2007.  Exhibits A and B to this Declaration are the documents obtained by Guadalupe Pavon

Aguirre from Wachovia Bank's website.

4.      Exhibit A shows payments that Majapara made to Wachovia Bank on December

Page 1 of 2

5, 2007. The Wachovia Bank reports contained in Exhibit A show that Majapara paid to Wachovia in total $38,241,035 on December 5, 2007. Those payments to Wachovia Bank were made in order to settle total foreign exchange transactions of $38,241,035 that Majapara had entered into with Wachovia Bank on December 3, 2007.

5.     Exhibit B shows payments that Majapara made to Wachovia Bank on December 6, 2007. The Wachovia Bank reports contained in Exhibit B show that Majapara paid to Wachovia in total $39,101,850 on December 6, 2007. Those payments to Wachovia Bank were made in order to settle foreign exchange transactions of $39,101,850 that Majapara had entered into with Wachovia Bank on December 4, 2007.

I declare under penalty of perjury under the laws the United States of America that the foregoing is true and correct.

Executed in Mexico City, Mexico on January 15, 2008.

_____
Miguel Meza Rousseau

_____
Carlos De Luna Santoyo
Witness

Page 2 of 2

# EXHIBIT A

Wachovia                                                                    Page 1 of 2

  

**Information Reporting**

WACHOVIA HOME | LOGOUT

Home     Payments     Information Reporting

CYBERBANK REPORTS
CYBER INQUIRY

## Cyber Inquiry
### Transaction Details

⌖Help

:: current day

:: account balance

:: account balance history

:: overdraft information

:: investment balance history

:: credit interest information

:: account postings by date

:: account postings search

:: inquiry search

:: inquiry status

:: update existing inquiry

:: list of inquiry updates

:: create inquiry message

:: trade.export collect search

:: fcs search

:: user log search

Display

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-1 | Our Reference: | F61205824852000A |
| Amount: | USD 7,329,500.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: |
|---|
| CYBERPAY |
| MSG_TYPE          BANK TRANSFER |
| MSG_HEADER |
| POM          NO |
| TRAN_ID          000000000001606211 |
| LGR_ID          601 |
| PRINCIPAL_DEBIT_ACCOUNT   2000192304201 |
| CUSTOMER_REFERENCE          WACHFX-DEC5-1 |
| TXN_TYPE          BT |
| LATE_CYCLE_IND          N |
| MSG_CONTENT |
| PRINCIPAL_DEBIT_ACCOUNT   2000192304201 |
| TRANSFER_CURRENCY_CODE   USD |
| TRANSFER_AMOUNT          7329500 |
| VALUE_DATE          20071205 |
| TXN_TYPE          BT |
| CUSTOMER_REFERENCE          WACHFX-DEC5-1 |
| ENTERED_ON          20071205 |
| COMPANY_ID          44968532 |
| FX_RATE          1 |
| FX_CONTRACT_ID |
| BASE_CURRENCY          USD |
| BASE_AMOUNT          7329500 |
| USD_EQUIVALENT_AMOUNT          7329500 |
| CHARGES |
| ORDER_INST_NAME          BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1   MEXICO CITY |
| ORDER_INST_ADDRESS2 |
| ORDER_INST_ADDRESS3 |
| INT_BANK_ROUTE_TYPE |
| INT_BANK_TYPE_ID |
| INT_BANK_ACCOUNT |
| INT_BANK_NAME |
| INT_BANK_ADDRESS1 |
| INT_BANK_ADDRESS2 |
| INT_BANK_ADDRESS3 |
| ACCOUNT_WITH_INST_ROUTE_TYPESWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID   PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT |
| ACCOUNT_WITH_INST_NAME          WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1  INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2  NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3  NEW YORK |
| BENE_BANK_ROUTE_TYPE          SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ¥END OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BC CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                                              Page 1 of 2

  

WACHOVIA HOME | LOGOUT

**Information Reporting**

Home          Payments          Information
                                Reporting

CYBERBANK REPORTS
CYBER INQUIRY          **Cyber Inquiry**
                      **Transaction Details**                                    ⊘ Help
▪ current day
▪ account balance     Display
▪ account balance
  history             Account Number:    2000192304201       MAJAPARA CASA DE CAMBIO S.A.
▪ overdraft information
▪ investment balance  Your Reference:    WACHFX-DEC5-2       Our Reference:    F61205824853000A
  history
▪ credit interest     Amount:            USD 4,398,300.00    Date:             05-Dec-2007
  information
▪ account postings by DR/CR:             Debit               Type:             INTL BOOK TRANSFER DR
  date
▪ account postings           ┌─────────────────────────┐
  search                     │   Generate New Inquiry  │
▪ inquiry search             └─────────────────────────┘
▪ inquiry status
▪ update existing inquiry
▪ list of inquiry updates
▪ create inquiry
  message
▪ trade.export collect
  search
▪ fcs search
▪ user log search

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 0000000000001605212 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC5-2 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 4398300 |
| VALUE_DATE | 20071205 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC5-2 |
| ENTERED_ON | 20071205 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 4398300 |
| USD_EQUIVALENT_AMOUNT | 4398300 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia                                                                Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ¥END OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia

 

**Information Reporting**

Home          Payments          Information
                                Reporting

WACHOVIA HOME | LOGOUT

CYBERBANK REPORTS
CYBER INQUIRY

**Cyber Inquiry**
**Transaction Details**

⊘ Help

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade,export collect :search
- fcs search
- user log search

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-3 | Our Reference: | F61205824854000A |
| Amount: | USD 4,399,200.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 0000000000001606222 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC5-3 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 4399200 |
| VALUE_DATE | 20071205 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC5-3 |
| ENTERED_ON | 20071205 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 4399200 |
| USD_EQUIVALENT_AMOUNT | 4399200 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
|---|---|
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| [END OF MESSAGE] | |

| Payment Execution: |
|---|
| **Pay Via:** |
| Book Transfer |
| |
| **Sent To:** |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| **Originating Bank:** |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| **Originator:** |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                                    Page 1 of 2

 **Information Reporting**

WACHOVIA HOME | LOGOUT

Home        Payments        Information
                           Reporting

CYBERBANK REPORTS
CYBER INQUIRY

:: current day

:: account balance

:: account balance
   history

:: overdraft information

:: investment balance
   history

:: credit interest
   information

:: account postings by
   date

:: account postings
   search

:: inquiry search

:: inquiry status

:: update existing inquiry

:: list of inquiry updates

:: create inquiry
   message

:: trade.export collect
   search

:: fcs search

:: user log search

## Cyber Inquiry
### Transaction Details

⑦ Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-4 | Our Reference: | F61205824855000A |
| Amount: | USD 2,930,400.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: |
|---|
| CYBERPAY |
| MSG_TYPE        BANK TRANSFER |
| MSG_HEADER |
| PDM        NO |
| TRAN_ID        0000000000001606227 |
| LGR_ID        601 |
| PRINCIPAL_DEBIT_ACCOUNT        2000192304201 |
| CUSTOMER_REFERENCE        WACHFX-DEC5-4 |
| TXN_TYPE        BT |
| LATE_CYCLE_IND        N |
| MSG_CONTENT |
| PRINCIPAL_DEBIT_ACCOUNT        2000192304201 |
| TRANSFER_CURRENCY_CODE        USD |
| TRANSFER_AMOUNT        2930400 |
| VALUE_DATE        20071205 |
| TXN_TYPE        BT |
| CUSTOMER_REFERENCE        WACHFX-DEC5-4 |
| ENTERED_ON        20071205 |
| COMPANY_ID        44868532 |
| FX_RATE        1 |
| FX_CONTRACT_ID |
| BASE_CURRENCY        USD |
| BASE_AMOUNT        2930400 |
| USD_EQUIVALENT_AMOUNT        2930400 |
| CHARGES |
| ORDER_INST_NAME        BO CASA DE CAMBIO MAJAPARA.SA |
| ORDER_INST_ADDRESS1        MEXICO CITY |
| ORDER_INST_ADDRESS2 |
| ORDER_INST_ADDRESS3 |
| INT_BANK_ROUTE_TYPE |
| INT_BANK_TYPE_ID |
| INT_BANK_ACCOUNT |
| INT_BANK_NAME |
| INT_BANK_ADDRESS1 |
| INT_BANK_ADDRESS2 |
| INT_BANK_ADDRESS3 |
| ACCOUNT_WITH_INST_ROUTE_TYPESWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID  PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT |
| ACCOUNT_WITH_INST_NAME        WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1  INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2  NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3  NEW YORK |
| BENE_BANK_ROUTE_TYPE        SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| [END OF MESSAGE] | |

| Payment Execution: |
|---|
| **Pay Via:** |
| Book Transfer |
| |
| **Sent To:** |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| **Originating Bank:** |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| **Originator:** |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                                    Page 1 of 2

  **Information Reporting**

WACHOVIA HOME | LOGOUT

Home        Payments        Information Reporting

CYBERBANK REPORTS
CYBER INQUIRY

## Cyber Inquiry
### Transaction Details

- current day

- account balance

- account balance history

- overdraft information

- investment balance history

- credit interest information

- account postings by date

- account postings search

- inquiry search

- inquiry status

- update existing inquiry

- list of inquiry updates

- create inquiry message

- trade.export collect search

- fcs search

- user log search

@ Help

### Display

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-5 | Our Reference: | F61205824856000A |
| Amount: | USD 7,330,500.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: |
|---|
| CYBERPAY |
| MSG_TYPE          BANK TRANSFER |
| MSG_HEADER |
| PDM               NO |
| TRAN_ID           0000000000001608230 |
| LGR_ID            601 |
| PRINCIPAL_DEBIT_ACCOUNT    2000192304201 |
| CUSTOMER_REFERENCE         WACHFX-DEC5-5 |
| TXN_TYPE          BT |
| LATE_CYCLE_IND    N |
| MSG_CONTENT |
| PRINCIPAL_DEBIT_ACCOUNT    2000192304201 |
| TRANSFER_CURRENCY_CODE     USD |
| TRANSFER_AMOUNT   7330500 |
| VALUE_DATE        20071205 |
| TXN_TYPE          BT |
| CUSTOMER_REFERENCE         WACHFX-DEC5-5 |
| ENTERED_ON        20071205 |
| COMPANY_ID        44968532 |
| FX_RATE           1 |
| FX_CONTRACT_ID |
| BASE_CURRENCY     USD |
| BASE_AMOUNT       7330500 |
| USD_EQUIVALENT_AMOUNT      7330500 |
| CHARGES |
| ORDER_INST_NAME           BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1        MEXICO CITY |
| ORDER_INST_ADDRESS2 |
| ORDER_INST_ADDRESS3 |
| INT_BANK_ROUTE_TYPE |
| INT_BANK_TYPE_ID |
| INT_BANK_ACCOUNT |
| INT_BANK_NAME |
| INT_BANK_ADDRESS1 |
| INT_BANK_ADDRESS2 |
| INT_BANK_ADDRESS3 |
| ACCOUNT_WITH_INST_ROUTE_TYPESWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID  PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT |
| ACCOUNT_WITH_INST_NAME     WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 NEW YORK |
| BENE_BANK_ROUTE_TYPE       SWIFT BIC |

Wachovia                                                                    Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ÿEND OF MESSAGE! | |

| Payment Execution: |
|---|
| **Pay Via:** |
| Book Transfer |
| |
| **Sent To:** |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| **Originating Bank:** |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| **Originator:** |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia

Page 1 of 2

  **Information Reporting**

WACHOVIA HOME | LOGOUT

Home        Payments        Information
                                        Reporting

CYBERBANK REPORTS
CYBER INQUIRY

**Cyber Inquiry**
**Transaction Details**

⑦ Help

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade,export collect search
- fcs search
- user log search

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-6 | Our Reference: | F61205824857000A |
| Amount: | USD 8,067,950.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 0000000000001606231 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC5-6 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 8067950 |
| VALUE_DATE | 20071205 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC5-6 |
| ENTERED_ON | 20071205 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 8067950 |
| USD_EQUIVALENT_AMOUNT | 8067950 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia                                                    Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | . |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ÿEND OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                                                    Page 1 of 2

  **Information Reporting**

Home        Payments        Information Reporting

WACHOVIA HOME | LOGOUT

CYBERBANK REPORTS
CYBER INQUIRY

:: current day

:: account balance

:: account balance history

:: overdraft information

:: investment balance history

:: credit interest information

:: account postings by date

:: account postings search

:: inquiry search

:: inquiry status

:: update existing inquiry

:: list of inquiry updates

:: create inquiry message

:: trade.export collect search

:: fcs search

:: user log search

## Cyber Inquiry
### Transaction Details

@ Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC3-10 | Our Reference: | F61203993155000A |
| Amount: | USD 43,690.04 | Date: | 03-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 0000000000001598254 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC3-10 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 43690.04 |
| VALUE_DATE | 20071203 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC3-10 |
| ENTERED_ON | 20071203 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 43690.04 |
| USD_EQUIVALENT_AMOUNT | 43690.04 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia                                                          Page 2 of 2

| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | CAD PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071203152626 |
| ÿEND OF MESSAGEl | |

| Payment Execution: |
| --- |
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                                    Page 1 of 2

   **Information Reporting**

WACHOVIA HOME | LOGOUT

Home          Payments        Information
                             Reporting

CYBERBANK REPORTS
CYBER INQUIRY

## Cyber Inquiry
**Transaction Details**

⊘ Help

∷ current day

∷ account balance

∷ account balance
   history

∷ overdraft information

∷ investment balance
   history

∷ credit interest
   information

∷ account postings by
   date

∷ account postings
   search

∷ inquiry search

∷ inquiry status

∷ update existing inquiry

∷ list of inquiry updates

∷ create inquiry
   message

∷ trade.export collect
   search

∷ fcs search

∷ user log search

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-7 | Our Reference: | F61205824858000A |
| Amount: | USD 3,665,250.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: |
|---|
| CYBERPAY |
| MSG_TYPE          BANK TRANSFER |
| MSG_HEADER |
| PDM               NO |
| TRAN_ID           0000G0000001606235 |
| LGR_ID            601 |
| PRINCIPAL_DEBIT_ACCOUNT   2000192304201 |
| CUSTOMER_REFERENCE        WACHFX-DEC5-7 |
| TXN_TYPE          BT |
| LATE_CYCLE_IND    N |
| MSG_CONTENT |
| PRINCIPAL_DEBIT_ACCOUNT   2000192304201 |
| TRANSFER_CURRENCY_CODE    USD |
| TRANSFER_AMOUNT           3665250 |
| VALUE_DATE        20071205 |
| TXN_TYPE          BT |
| CUSTOMER_REFERENCE        WACHFX-DEC5-7 |
| ENTERED_ON        20071205 |
| COMPANY_ID        44968532 |
| FX_RATE           1 |
| FX_CONTRACT_ID |
| BASE_CURRENCY     USD |
| BASE_AMOUNT       3665250 |
| USD_EQUIVALENT_AMOUNT     3665250 |
| CHARGES |
| ORDER_INST_NAME           BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1       MEXICO CITY |
| ORDER_INST_ADDRESS2 |
| ORDER_INST_ADDRESS3 |
| INT_BANK_ROUTE_TYPE |
| INT_BANK_TYPE_ID |
| INT_BANK_ACCOUNT |
| INT_BANK_NAME |
| INT_BANK_ADDRESS1 |
| INT_BANK_ADDRESS2 |
| INT_BANK_ADDRESS3 |
| ACCOUNT_WITH_INST_ROUTE_TYPESWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID  PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT |
| ACCOUNT_WITH_INST_NAME    WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1  INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2  NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3  NEW YORK |
| BENE_BANK_ROUTE_TYPE      SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ¡END OF MESSAGE! | |

| Payment Execution: |
|---|
| **Pay Via:** |
| Book Transfer |
| |
| **Sent To:** |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| **Originating Bank:** |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| **Originator:** |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia

Page 1 of 2

 **Information Reporting**

Home    Payments    Information
Reporting

WACHOVIA HOME | LOGOUT

CYBERBANK REPORTS
CYBER INQUIRY

:: current day

:: account balance

:: account balance
   history

:: overdraft information

:: investment balance
   history

:: credit interest
   information

:: account postings by
   date

:: account postings
   search

:: inquiry search

:: inquiry status

:: update existing inquiry

:: list of inquiry updates

:: create inquiry
   message

:: trade.export collect
   search

:: fcs search

:: user log search

## Cyber Inquiry
### Transaction Details

⑦ Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-8 | Our Reference: | F61205824859000A |
| Amount: | USD 76,245.18 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 00000000000001606237 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC5-8 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 76245.18 |
| VALUE_DATE | 20071205 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC5-8 |
| ENTERED_ON | 20071205 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 76245.18 |
| USD_EQUIVALENT_AMOUNT | 76245.18 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | AUD PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ÿEND OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

# EXHIBIT B

Wachovia                                                                                                    Page 1 of 2

 **Information Reporting**

WACHOVIA HOME | LOGOUT

Home          Payments          Information
                                 Reporting

CYBERBANK REPORTS
CYBER INQUIRY

## Cyber Inquiry
### Transaction Details

⚲ current day

⚲ account balance

⚲ account balance
history

⚲ overdraft information

⚲ investment balance
history

⚲ credit interest
information

⚲ account postings by
date

⚲ account postings
search

⚲ inquiry search

⚲ inquiry status

⚲ update existing inquiry

⚲ list of inquiry updates

⚲ create inquiry
message

⚲ trade.export collect
search

⚲ fcs search

⚲ user log search

**Display**

| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
|---|---|---|---|
| Your Reference: | WACHFX-DEC6-1 | Our Reference: | F61206842320000A |
| Amount: | USD 7,375,000.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 0000000000001611652 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-1 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 7375000 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-1 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 7375000 |
| USD_EQUIVALENT_AMOUNT | 7375000 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia                                                                    Page 2 of 2

| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
|---|---|
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206155055 |
| ¥END OF MESSAGE! | |

| Payment Execution: | |
|---|---|
| **Pay Via:** | |
| Book Transfer | |
| | |
| **Sent To:** | |
| WACHOVIA BANK, N.A. | |
| CHARLOTTE, NORTH CAROLINA US | |
| | |
| **Originating Bank:** | |
| MAJAPARA CASA DE CAMBIO S.A. | |
| MEXICO, D.F. MEXICO MX | |
| | |
| **Originator:** | |
| BO CASA DE CAMBIO MAJAPARA SA | |
| MEXICO CITY | |

© Legal Information | Privacy | Security

Wachovia

 **Information Reporting**

WACHOVIA HOME | LOGOUT

Home          Payments          Information
                                Reporting

CYBERBANK REPORTS
CYBER INQUIRY

**Cyber Inquiry**
**Transaction Details**

⌕ Help

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade.export collect search
- fcs search
- user log search

Display

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-2 | Our Reference: | F61206842321000A |
| Amount: | USD 7,376,500.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: |
|---|
| CYBERPAY |
| MSG_TYPE          BANK TRANSFER |
| MSG_HEADER |
| PDM               NO |
| TRAN_ID           000000000001611655 |
| LGR_ID            601 |
| PRINCIPAL_DEBIT_ACCOUNT   2000192304201 |
| CUSTOMER_REFERENCE        WACHFX-DEC6-2 |
| TXN_TYPE          BT |
| LATE_CYCLE_IND    N |
| MSG_CONTENT |
| PRINCIPAL_DEBIT_ACCOUNT   2000192304201 |
| TRANSFER_CURRENCY_CODE    USD |
| TRANSFER_AMOUNT   7376500 |
| VALUE_DATE        20071206 |
| TXN_TYPE          BT |
| CUSTOMER_REFERENCE        WACHFX-DEC6-2 |
| ENTERED_ON        20071206 |
| COMPANY_ID        44968532 |
| FX_RATE           1 |
| FX_CONTRACT_ID |
| BASE_CURRENCY     USD |
| BASE_AMOUNT       7376500 |
| USD_EQUIVALENT_AMOUNT     7376500 |
| CHARGES |
| ORDER_INST_NAME          BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1      MEXICO CITY |
| ORDER_INST_ADDRESS2 |
| ORDER_INST_ADDRESS3 |
| INT_BANK_ROUTE_TYPE |
| INT_BANK_TYPE_ID |
| INT_BANK_ACCOUNT |
| INT_BANK_NAME |
| INT_BANK_ADDRESS1 |
| INT_BANK_ADDRESS2 |
| INT_BANK_ADDRESS3 |
| ACCOUNT_WITH_INST_ROUTE_TYPESWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID  PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT |
| ACCOUNT_WITH_INST_NAME     WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 NEW YORK |
| BENE_BANK_ROUTE_TYPE      SWIFT BIC |

Wachovia                                                                              Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206155055 |
| yEND OF MESSAGEl | |

| Payment Execution: |
|---|
| **Pay Via:** |
| Book Transfer |
| |
| **Sent To:** |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| **Originating Bank:** |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| **Originator:** |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                    Page 1 of 2

  **Information Reporting**

WACHOVIA HOME | LOGOUT

**WACHOVIA**

Home        Payments        Information
                            Reporting

CYBERBANK REPORTS
CYBER INQUIRY

## Cyber Inquiry
### Transaction Details

❓ Help

:: current day

:: account balance

:: account balance
   history

:: overdraft information

:: investment balance
   history

:: credit interest
   information

:: account postings by
   date

:: account postings
   search

:: inquiry search

:: inquiry status

:: update existing inquiry

:: list of inquiry updates

:: create inquiry
   message

:: trade,export collect
   search

:: fcs search

:: user log search

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-3 | Our Reference: | F61206842322000A |
| Amount: | USD 4,427,700.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: |
|---|
| CYBERPAY |
| MSG_TYPE          BANK TRANSFER |
| MSG_HEADER |
| PDM               NO |
| TRAN_ID           00000000000001911659 |
| LGR_ID            601 |
| PRINCIPAL_DEBIT_ACCOUNT   2000192304201 |
| CUSTOMER_REFERENCE        WACHFX-DEC6-3 |
| TXN_TYPE          BT |
| LATE_CYCLE_IND    N |
| MSG_CONTENT |
| PRINCIPAL_DEBIT_ACCOUNT   2000192304201 |
| TRANSFER_CURRENCY_CODE    USD |
| TRANSFER_AMOUNT   4427700 |
| VALUE_DATE        20071206 |
| TXN_TYPE          BT |
| CUSTOMER_REFERENCE        WACHFX-DEC6-3 |
| ENTERED_ON        20071206 |
| COMPANY_ID        44986532 |
| FX_RATE           1 |
| FX_CONTRACT_ID |
| BASE_CURRENCY     USD |
| BASE_AMOUNT       4427700 |
| USD_EQUIVALENT_AMOUNT     4427700 |
| CHARGES |
| ORDER_INST_NAME   BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1   MEXICO CITY |
| ORDER_INST_ADDRESS2 |
| ORDER_INST_ADDRESS3 |
| INT_BANK_ROUTE_TYPE |
| INT_BANK_TYPE_ID |
| INT_BANK_ACCOUNT |
| INT_BANK_NAME |
| INT_BANK_ADDRESS1 |
| INT_BANK_ADDRESS2 |
| INT_BANK_ADDRESS3 |
| ACCOUNT_WITH_INST_ROUTE_TYPE SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID  PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT |
| ACCOUNT_WITH_INST_NAME    WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1  INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 NEW YORK |
| BENE_BANK_ROUTE_TYPE    SWIFT BIC |

Wachovia                                                          Page 2 of 2

| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071208155055 |
| yEND OF MESSAGEl | |

| Payment Execution: | |
| Pay Via: | |
| Book Transfer | |
| | |
| Sent To: | |
| WACHOVIA BANK, N.A. | |
| CHARLOTTE, NORTH CAROLINA US | |
| | |
| Originating Bank: | |
| MAJAPARA CASA DE CAMBIO S.A. | |
| MEXICO, D.F. MEXICO MX | |
| | |
| Originator: | |
| BO CASA DE CAMBIO MAJAPARA SA | |
| MEXICO CITY | |

© Legal Information | Privacy | Security

Wachovia

Page 1 of 2

  **Information Reporting**

WACHOVIA HOME | LOGOUT

| | | |
|---|---|---|
| Home | Payments | Information Reporting |

**CYBERBANK REPORTS**
**CYBER INQUIRY**

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade,export collect search
- fcs search
- user log search

## Cyber Inquiry
### Transaction Details

Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-4 | Our Reference: | F61206842326000A |
| Amount: | USD 5,902,800.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 0000000000001511705 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-4 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 5902800 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-4 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 5902800 |
| USD_EQUIVALENT_AMOUNT | 5902800 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071208155055 |
| ÿEND OF MESSAGEÏ | |

| Payment Execution: | |
|---|---|
| Pay Via: | |
| Book Transfer | |
| | |
| Sent To: | |
| WACHOVIA BANK, N.A. | |
| CHARLOTTE, NORTH CAROLINA US | |
| | |
| Originating Bank: | |
| MAJAPARA CASA DE CAMBIO S.A. | |
| MEXICO, D.F. MEXICO MX | |
| | |
| Originator: | |
| BO CASA DE CAMBIO MAJAPARA SA | |
| MEXICO CITY | |

© Legal Information | Privacy | Security

Wachovia

 **Information Reporting**

WACHOVIA HOME | LOGOUT

Home        Payments        Information
                          Reporting

**CYBERBANK REPORTS
CYBER INQUIRY**

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade-export collect search
- fcs search
- user log search

## Cyber Inquiry
**Transaction Details**

@ Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-4 | Our Reference: | F61206842326000A |
| Amount: | USD 5,902,800.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| POM | NO |
| TRAN_ID | 0000000000001611705 |
| LGR_ID | 801 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-4 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 5902800 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-4 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 5902800 |
| USD_EQUIVALENT_AMOUNT | 5902800 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206155055 |

ÿEND OF MESSAGE!

| Payment Execution: |
|---|
| **Pay Via:** |
| Book Transfer |
| |
| **Sent To:** |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| **Originating Bank:** |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| **Originator:** |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                      Page 1 of 2

  **Information Reporting**

WACHOVIA HOME | LOGOUT

Home        Payments        Information
                            Reporting

CYBERBANK REPORTS
CYBER INQUIRY

**Cyber Inquiry**
**Transaction Details**

❓Help

∷ current day

∷ account balance

∷ account balance
   history

∷ overdraft information

∷ investment balance
   history

∷ credit interest
   information

∷ account postings by
   date

∷ account postings
   search

∷ inquiry search

∷ inquiry status

∷ update existing inquiry

∷ list of inquiry updates

∷ create inquiry
   message

∷ trade.export collect
   search

∷ fcs search

∷ user log search

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-5 | Our Reference: | F61208842323000A |
| Amount: | USD 5,904,000.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 0000000000001611669 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-5 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 5904000 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-5 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44966532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 5904000 |
| USD_EQUIVALENT_AMOUNT | 5904000 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206155055 |
| ÿEND OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                                    Page 1 of 2

  **Information Reporting**

WACHOVIA HOME | LOGOUT

Home    Payments    Information Reporting

**CYBERBANK REPORTS**
**CYBER INQUIRY**

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade.export collect search
- fcs search
- user log search

## Cyber Inquiry
**Transaction Details**

❓ Help

### Display

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-6 | Our Reference: | F61206842324000A |
| Amount: | USD 2,950,200.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: |  |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 0000000000001611670 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-6 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 2950200 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-6 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 2950200 |
| USD_EQUIVALENT_AMOUNT | 2950200 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206155055 |
| yEND OF MESSAGE! | |

| Payment Execution: |
|---|
| **Pay Via:** |
| Book Transfer |
| |
| **Sent To:** |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| **Originating Bank:** |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| **Originator:** |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                                    Page 1 of 2

  **Information Reporting**

WACHOVIA HOME | LOGOUT

Home          Payments          Information
                                Reporting

**CYBERBANK REPORTS**
**CYBER INQUIRY**

≠ current day

≈ account balance

≈ account balance
   history

≈ overdraft information

≈ Investment balance
   history

∷ credit interest
   information

≈ account postings by
   date

≈ account postings
   search

≈ inquiry search

≈ inquiry status

≈ update existing inquiry

∷ list of inquiry updates

≈ create inquiry
   message

≈ trade.export collect
   search

≈ fcs search

≈ user log search

## Cyber Inquiry
### Transaction Details

⊛ Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-7 | Our Reference: | F61206842325000A |
| Amount: | USD 5,165,650.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 000000000001611672 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-7 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 5165650 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-7 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 5165650 |
| USD_EQUIVALENT_AMOUNT | 5165650 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206155055 |
| §END OF MESSAGE§ | |

| Payment Execution: |
|---|
| **Pay Via:** |
| Book Transfer |
| |
| **Sent To:** |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| **Originating Bank:** |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| **Originator:** |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information  |  Privacy  |  Security



Wachovia Bank, N.A.
International Division
Wachovia Financial Center
200 South Biscayne Blvd., 12" Floor
FL6079
Miami, FL 33131

WACHOVIA

December 6, 2007

Casa de Cambio Majapara S.A. de C.V.
Lago Margarita No. 16
Colonia Granada
C.P. 11520
México, D.F.

Attention: Carlos Acosta

Dear Mr. Acosta:

As part of the ongoing review and re-evaluation of our long-term global strategy, Wachovia Bank, National Association ("Wachovia") has determined to cease providing correspondent banking services to exchange companies outside the United States.   It is with sincere regret that I must advise you that effective January 4, 2008 (the "Termination Date") Wachovia will close out all business relationships with Casa de Cambio Majapara S.A. de C.V.(hereinafter "you" or "your").

Wachovia and I wish to thank you for your loyalty during our business relationship and wish you continued commercial success.

You receive some or all of the below products and services, to the extent these apply to your current business with Wachovia, we wish to advise you of the following:

Cash letters and checks sent for Final Credit Service or Collection received after December 13, 2007 will be returned. Checks presented for payment (against your account) during the period from the date of this letter up to the Termination Date ("Interim Period") will be paid up to the amount of the collected funds available in your account. Any checks presented after the Termination Date will be returned, "account closed".  This notice also includes drafts and checks drawn under any controlled disbursement arrangement with Wachovia. So that your customers encounter minimal impact, we strongly urge you to cease drawing drafts effective immediately but in any event to stop this activity as quickly as possible.  Your existing credit lines with Wachovia have been cancelled. Any current outstanding utilized credit will remain in place until it has come to maturity.  Wachovia does not waive any rights, however, to demand payment in the event of an event of default or other event that permits Wachovia to demand early payment.

Outgoing funds transfers will be honored up until December 27, 2007 however Wachovia suggests you begin to redirect activity as soon as possible in order avoid any confusion. Please refrain from making any further deposits and funds transfers after this date.

Bulk Cash deposits will not be accepted or collected after December 20, 2007.

Pursuant to Wachovia's Terms and Conditions for Global Financial Institutions, you will receive any finally collected and available balance in your Wachovia account(s) within a reasonable period of time after the account(s) is closed. Your representative will work with you during the Interim Period to determine outstanding drafts, checks, wires, etc. that would require funds in your accounts for payment. This will enable Wachovia to have a good estimate of the amount to hold in the account pending item presentation and payment.

After a reasonable time, any funds remaining in your account will be forwarded to you in the form of an official check at the address of record or, if you prefer, via wire transfer. Please advise us, as soon as possible, regarding your preference for final payout of remaining balances.

As a result of this closure notification, Wachovia respectfully requests that you immediately remove all references to it as a correspondent service provider from your website or other external communications.

Should you have any questions, you may contact me at (305) 7896902.


Sincerely,


Carlos A. Perez
Managing Director
Americas Group
Global Financial Institutions and Trade Services

Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WACHOVIA BANK, National Association,

              Plaintiff,

        - against -

MAJAPARA CASA DE CAMBIO S.A. de C.V.,

           Defendants.

-----------------------------------------------------------------X

Civil Action No. __

## DECLARATION OF CARLOS A. PEREZ

Carlos A. Perez, declares as follows:

1.    I am the Managing Director, Americas Group, Global Financial Institutions & Trade Services for Wachovia Bank, National Association ("Wachovia"). I am fully familiar with the facts set forth herein, and submit this declaration pursuant to 28 U.S.C. §1746, in support of Wachovia's instant application for the award of a pre-judgment attachment and temporary restraints.

### Introduction

2.    This is a case that arises out of foreign exchange spot transactions involving more than $70 million (US$) in currency being exchanged between Wachovia and defendant Majapara Casa De Cambio S.A. de C.V. ("Majapara"). The gist of the transaction was that Wachovia would deliver to Majapara 26 million Euros and in exchange Majapara would deliver more than $38 million (US$) to Wachovia's account here in New York. Wachovia delivered the 26 million Euros to Majapara's account, but Majapara never delivered the $38-plus million (US$) to

Wachovia. Not only did Majapara renege on the agreed upon transactions, but it then absconded with Wachovia's money. Thereafter, Majapara admitted to Wachovia that it was now illiquid, that it has engaged in illegal loans in relation to its foreign exchange transactions, and if Wachovia took any steps to enforce their rights, Wachovia would not recover a single dollar. As a result, Wachovia now commences this action to recover the money wrongfully taken by Majapara, as well as make the instant application for pre-judgment attachment of certain Majapara assets believed to be located here in New York.

3.    The instant application should be granted because Majapara is a non-domiciliary, has admitted it is illiquid, engaged in inappropriate business activities, and indicated that if Wachovia commences any action Majapara will ensure Wachovia will not be able to recover upon its judgment. Plus, there is an exceedingly strong likelihood that Wachovia will succeed on its claims herein: the deal was to exchange currencies – Wachovia did; Majapara did not.

## Foreign Currency Exchanges

4.    Wachovia provides a platform for its customers to trade foreign currencies. The amounts swapped are usually in significant amounts and the off-setting exchanges are done simultaneously. Foreign Exchange contracts are trading contracts that involve minimum documentation. It is the nature of foreign exchange contracts that each counterparty must transmit funds trusting the other to do so simultaneously. Such contracts therefore involve a great deal of trust on each side. A party to a foreign exchange transaction who fails to settle as required is thereby rendered untrustworthy and not deemed suitable for further transactions of this nature. Should such information become public, this party would be unable to engage in such transactions with any substantial institution. Given that foreign exchange is the foundation of Majapara's business, it would not have defaulted under its contract absent substantial economic difficulties, and its default is likely to spell its doom.

- 2 -

### The Majapara Relationship With Wachovia

5.      Majapara is a Mexican corporation and does not maintain any offices in New York. Majapara is in the business of retail and wholesale foreign exchange.

6.      In the late 1990's, Majapara and First Union National Bank ("First Union") (a predecessor to Wachovia) agreed to enter into foreign exchange transactions. As mentioned above, in these transactions, Majapara would agree to purchase from First Union a certain amount of one currency in exchange for Majapara selling to First Union an equivalent amount of another currency at the applicable exchange rate.

7.      In order to facilitate these exchange transactions, on or about April 6, 2000, Majapara and First Union entered into a First Union Online FX Subscription Agreement ("FX Subscription Agreement"), a copy of which is attached to the Complaint as Exhibit A. Pursuant to this FX Subscription Agreement, Majapara was permitted to execute foreign exchange transactions with First Union electronically through First Union's foreign exchange website. The FX Subscription Agreement was not the parties' exclusive method for entering into foreign exchange transactions.

8.      In 2002, First Union and Wachovia merged.

9.      In some of the foreign exchange transactions between Majapara and Wachovia, Wachovia would deliver currency to Majapara to an account designated by Majapara. On that same day, Majapara would transfer the agreed upon counter-currency into a Majapara account maintained by Wachovia in New York (the "Majapara NY Account"). Upon the opening of the Majapara NY Account, Wachovia's Terms & Conditions For Global Financial Institutions ("Wachovia's Terms & Conditions"), amongst other documents, governed all of the parties'

business relationships and dealings.  A copy of Wachovia's Terms & Conditions is annexed

hereto as Exhibit A.

10.    Wachovia would then debit the currency from the Majapara NY Account.  The

authorization for this procedure was documented in a December 10, 2003 letter, in Spanish, from

Majapara to Wachovia.  A copy of which is attached to the Complaint as Exhibit B.  I speak and

read Spanish fluently and the note translates as:  "In relation to the transactions done with

yourselves through Online FX; we authorize you to debit and credit our account number

NY2000192304201 held with yourselves."

11.    In or about March 2006, Majapara signed a Debit and Netting Agreement that

gave Wachovia the same authority to credit and debit the same Majapara Account.  A copy of

this document is attached to the Complaint as Exhibit C.

### The Foreign Exchange Transactions At Issue

12.    On or about December 5, 2007, Majapara and Wachovia agreed to do a series of

seven (7) transactions, all of which were to be settled on December 7, 2007.  Six (6) of those

transactions were executed on Wachovia's foreign exchange internet website.  One (1) of the

transactions was executed through an interface system operated by Reuters to which both

Majapara and Wachovia have access.  A copy of wire transfer confirmations for each of these

transactions is attached to the Complaint as Exhibit D.  As detailed on those confirmations,

Majapara was to deliver all of the counter-currency (US$) into its Majapara NY Account.

Wachovia was to then simply debit that New York account.

13.    Pursuant to the parties' agreement, the seven (7) foreign exchange transactions

were to close on December 7, 2007.  Accordingly, on December 6, 2007, Wachovia sent

30,300,000 Euros, $112,900.03 and 7,000 Swiss Francs to Majapara's account in Munich,

Germany. Even though they had just entered into the deals the prior day (December 5, 2007), Majapara did not deliver the agreed upon $38,737,100, 127,000 Swiss Francs and $6,218.90 to Wachovia, as required, so that the transactions could settle on December 7, 2007.

14.     To date, Majapara has not transferred any amount owed pursuant to these exchange transactions.

15.     On December 11, 2007, however, as was its right under Wachovia's Terms & Conditions, Wachovia was able to secure, as an offset to the debt owed, $9,460,000 Majapara attempted to transfer out of Wachovia to a Majapara account located in Citibank in New York. Accordingly, the total debt owed by Majapara to Wachovia is reduced based upon this offset. Wachovia was also able to secure an additional $3,960,155.00 in offset funds against the amount owed by Majapara. The total debt owed from those transactions is $24,711.845.00.

**Majapara Is Illiquid And Intends to Frustrate Wachovia's Recovery Herein**

16.     After Majapara defaulted, my department made contact with Majapara to demand payment and to get an explanation why it did not pay Wachovia as it was required to do. On Thursday, December 13, 2007, at approximately 9:52 am Eastern, I spoke by telephone with Jorge Ortiz, Majapara's Chairman and CEO. I know Mr. Ortiz well and have met with him and spoken to him many times. I was joined in the telephone call by Juanita Gomez, a Vice President in my group who is our Mexico representative.

17.     I asked Mr. Ortiz in our call what Majapara did with Wachovia's money. Mr. Ortiz acknowledged and admitted that Majapara was obligated to provide the agreed upon currency to Wachovia and owed Wachovia over $30 million. He then stated that Majapara had received Wachovia's Euros and used them for other purposes because it was experiencing "a liquidity crisis."

- 5 -

18.    I then asked him if he lent the money to third parties.  He said "yes."  I said, "That's not legal."  He said:  "I recognize that we have done something that is not permitted" -- Majapara is a Mexican "Casa de Cambio," a company in the business of currency exchange, such as exchanging Mexican pesos for dollars, and as such, under Mexican law, is not permitted to make loans.

19.    I then asked Mr. Ortiz when Majapara would be able to repay Wachovia.  He said that he "needed time to collect the money from others who he had lent Wachovia's money to."  He said Majapara "would need two months to collect."  Based on this conversation, it is my belief that Majapara engaged in a fraud with respect to the foreign exchange spot transactions Majapara engaged in with Wachovia.  Due to its "liquidity crisis," Majapara did not have sufficient funds to complete the exchange with Wachovia and to engage in the other lending or other activities.

20.    Based upon Majapara's recent statements, it knew of its condition prior to the Wachovia transactions closing, but, nonetheless, accepted Wachovia's funds, knowing that it would not have the funds to repay Wachovia at the close.  Majapara then used Wachovia's funds to engage in illegal lending transactions and otherwise dissipated the assets received from Wachovia, all the while failing to fulfill its immediate obligations to transfer over $38 million to Wachovia.

21.    Mr. Ortiz told me that if Wachovia took legal action against Majapara, Wachovia would end up with nothing.

### New York Bank Accounts

22.    Being the relationship manager for Majapara, I am aware of a bank account Majapara maintains (or did maintain) at Citibank located in New York City.  The account

number is 36254838. I also have a good faith belief that Majapara maintains (or maintained) bank accounts at other banks in New York as well. Those banks are JP Morgan Chase and Bayerische Hypo- und Vereinsbank, AG.

### Undertaking

23.    Wachovia stands ready to secure a bond (or any other acceptable undertaking to the Court) in an amount set by this Court. Wachovia respectfully requests that the amount of any undertaking be set upon identification of the actual amount to be attached and then in a reasonable amount.

24.    No prior application for the relief requested herein has been made to this or any Court

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of December, 2007.

Carlos A. Perez



ELENA PEREZ CAPIRO
MY COMMISSION # DD 705363
EXPIRES: August 15, 2011
Bonded Thru Notary Public Underwriters

- 7 -

Mexico D.F. a 13 de diciembre de 2007.

Carlos A. Perez
Managing Director
Wachovia Bank, N.A.



**OFICINA MATRIZ**
LAGO MARGARITA NO. 16
COL. GRANADA 11520
MÉXICO D.F.

Estimado Carlos:

Me permito confirmarte los principales puntos expresados en nuestra conversación telefónica de hoy:

1.- MAJAPARA reconoce el adeudo que tiene con Wachovia y esta haciendo todo lo necesario para liquidarlo a la mayor brevedad posible.

2.- El origen del adeudo es la cancelación intempestiva de las lineas de operación que durante años Wachovia concedió a MAJAPARA. Un plazo razonable nos hubiera permitido sustituir las lineas de Wachovia por la de algún otro banco.

3.- La lineas que Wachovia otorgaba a MAJAPARA eran a su vez otorgadas a los clientes de MAJAPARA. Estamos recuperando esos recursos, pero los clientes a su vez requieren un plazo razonable para sustituir sus lineas.

4.- Entendemos que para Wachovia es incómodo tener esas partidas en deudores y estamos en disposición de garantizar el adeudo con acciones de MAJAPARA (incluso se puede considerar la opción de capitalizar el adeudo).

5.- MAJAPARA es una institución líder en PLD con mas de 15,000 clientes y mas de 500 empleados, su valor de mercado es de aproximadamente 70'0000,000 de dólares por lo que garantiza sobradamente el adeudo con Wachovia.

6.- Es necesario encontrar juntos una solución ganar-ganar para Wachovia y MAJAPARA. El negocio puede perder su valor de mercado si Wachovia emprende acciones tendientes a impedir la operación de MAJAPARA. El negocio cerrado valdría solamente 10 millones de dólares, con el consiguiente quebranto tanto para Wachovia como para MAJAPARA.

Agradecemos su comprensión por los inconvenientes causados y reiteramos nuestra disposición para encontrar juntos una pronta solución a este problema.

Atentamente

Jorge Ortíz Muñoz
CEO



1 7 DIC. 2007



RECIBIDO



**AGUASCALIENTES**
AGUASCALIENTES

**BAJA CALIFORNIA**
TIJUANA
ENSENADA

**COAHUILA**
SALTILLO

**COLIMA**
COLIMA
MANZANILLO

**DISTRITO FEDERAL**
BOSQUES
GUADALUPE INN
MINERVA
VALLE

**ESTADO DE MÉXICO**
METEPEC
TLALNEPANTLA

**GUANAJUATO**
CELAYA
IRAPUATO
LEÓN

**JALISCO**
GUADALAJARA

**MICHOACÁN**
LÁZARO CÁRDENAS
MORELIA

**NUEVO LEÓN**
MONTERREY

**PUEBLA**
PUEBLA

**QUERÉTARO**
QUERÉTARO

**SAN LUIS POTOSÍ**
SAN LUIS POTOSÍ

**SONORA**
HERMOSILLO

**TAMAULIPAS**
ALTAMIRA
TAMPICO

**VERACRUZ**
VERACRUZ
CÓRDOBA

**YUCATÁN**
MÉRIDA

"LA HONESTIDAD DE
NUESTROS CLIENTES
NOS DISTINGUE"

AUT. SHCP D09V41-B-C-8893-DEL-26-12-68

Mexico City, December 13, 2007.


Carlos A. Perez
Managing Director
Wachovia Bank, N.A.

Dear Carlos:

I hereby ratify the main issues discussed during our telephone conversation of earlier today:

1.    MAJAPARA acknowledges its indebtedness with Wachovia and is doing all things necessary to repay it as soon as practicable.

2.    The debt arose as a result of the abrupt cancellation of the operating lines that Wachovia had for many years granted to MAJAPARA. Reasonable notice would have enabled us to replace Wachovia's lines with lines from some other bank.

3.    The lines granted by Wachovia to MAJAPARA were, in turn, allocated to MAJAPARA's clients. We are in the process of recovering those funds, but our clients also require a reasonable period to replace such lines.

4.    We understand that Wachovia finds it unpleasant to have these items reported as past due, and are willing to secure our debt with shares of stock of MAJAPARA (we could also consider an option to capitalize such debt).

5.    MAJAPARA is a leading PLD institution, with over 15,000 clients, over 500 employees and a market value of approximately $70,000,000 dollars, which is more than sufficient to secure its debt with Wachovia.

6.    We must together find a win-win solution for both Wachovia and MAJAPARA. The business could lose its market value should Wachovia take action to preclude MAJAPARA's operations. The closed business would only be worth $10 million dollars, resulting in losses for both Wachovia and MAJAPARA.


We appreciate your understanding in light of the inconvenience and reiterate our willingness to together find a prompt solution to this problem.

Sincerely,

Jorge Ortiz Muñoz
CEO

State of Connecticut ⎫
⎬ ss
County of Fairfield ⎭

## AFFIDAVIT OF ACCURACY OF TRANSLATION

The undersigned, Gabriela Garate-Konstantinovic, hereby declares, under penalty of perjury that:

1.   I am an attorney duly qualified to practice law in the jurisdiction of Mexico;

2.   I am a native Spanish speaker. I also have full command of the English language, acquired through my academic education, professional experience and over fifteen years of residence in the United States;

3.   I am a recognized translator, from English into Spanish and *vice versa*, of all types of legal and financial documents. I have translated, from Spanish into English, the letter dated December 13, 2007, from Jorge Ortiz Muñoz to Carlos A. Perez. To the best of my knowledge and understanding, based upon 1 and 2 above, the English version of such document is a true, complete and correct translation of the Spanish version thereof.

IN WITNESS WHEREOF, I have affixed my signature onto this instrument on this 17th day of January, 2008.

**GENERAL LAW OF ANCILLARY CREDIT ORGANIZATIONS AND ACTIVITIES**

(As most recently amended on 06/28/2007)

**TITLE FIVE
On the Ancillary Credit Activities**

**CHAPTER I
On the habitual and professional purchase and sale of currencies**

Article 82.- Those corporations which are granted the authorization referred to in Article 81 of this Law shall be designated as foreign exchange bureaus, shall be organized in accordance with the General Law of Commercial Corporations and shall be subject to the following requirements:

I.      Their corporate purpose shall consist, exclusively, in the habitual and professional execution of the following transactions:

a)      Purchase or collection of on-demand instruments denominated and payable in foreign currency, drawn upon financial institutions, without limit per document;

b)      Sale of on-demand instruments denominated in foreign currency, drawn by foreign exchange bureaus against domestic credit institutions, foreign branches and agencies thereof, or foreign banks;

c)      Purchase and sale of foreign currencies through bank account transfers;

d)      Those referred to in Article 81–A of this Law, and

e)      Those others as the Central Bank of Mexico may authorize through generally applicable rules.

For purposes of the provisions contained in this chapter, foreign currency shall mean the currencies referred to in the first paragraph of Article 13 of the Organic Law of the Central Bank of Mexico.

II.      Their corporate bylaws shall state that in the pursuit of its corporate purposes the corporation shall adhere to the provisions contained in this Law and to all other applicable provisions; and

III.      (Revoked).

IV.      (Revoked).

## LEY GENERAL DE ORGANIZACIONES Y ACTIVIDADES AUXILIARES DEL CRÉDITO

(Última actualización 28/06/2007)

### TITULO QUINTO
### De las Actividades Auxiliares del Crédito

### CAPITULO I
### De la compra venta habitual y profesional de divisas

Artículo 82.- Las sociedades anónimas a quienes se otorgue la autorización a que se refiere el Artículo 81 de esta Ley, se denominarán casas de cambio y deberán organizarse con arreglo a la Ley General de Sociedades Mercantiles y ajustarse a los siguientes requisitos:

I.      Que su objeto social sea exclusivamente la realización, en forma habitual y profesional, de las operaciones siguientes:

a)      Compra o cobranzas de documentos a la vista denominados y pagaderos en moneda extranjera, a cargo d e entidades financieras, sin límite por documento;

b)      Venta de documentos a la vista y pagaderos en moneda extranjera que las casas de cambio expidan a cargo de instituciones de crédito del país, sucursales y agencias en el exterior de estas últimas, o bancos del exterior;

c)      Compra y venta de divisas mediante transferencias de fondos sobre cuentas bancarias;

d)      Las señaladas en el Artículo 81 -A de esta Ley, y

e)      Las demás que autorice el Banco de México, mediante disposiciones de carácter general.

Para efectos de lo previsto en este capítulo, por divisas se entenderán las mencionadas en el primer párrafo del Artículo 13 de la Ley Orgánica del Banco de México.

II.      En los estatutos sociales deberá indicarse que en la realización de su objeto, la sociedad deberá ajustarse a lo previsto en la presente Ley y a las demás disposiciones aplicables; y

III.      (Se deroga).

IV.      (Se deroga).

State of Connecticut ⎫
⎬ ss
County of Fairfield ⎭

## AFFIDAVIT OF ACCURACY OF TRANSLATION

The undersigned, Gabriela Garate-Konstantinovic, hereby declares, under penalty of perjury that:

1.    I am an attorney duly qualified to practice law in the jurisdiction of Mexico;

2.    I am a native Spanish speaker. I also have full command of the English language, acquired through my academic education, professional experience and over fifteen years of residence in the United States;

3.    I am a recognized translator, from English into Spanish and *vice versa*, of all types of legal and financial documents. I have translated, from Spanish into English, the text, as currently in effect, of Article 82 of the General Law of Ancillary Credit Organizations and Activities of Mexico. To the best of my knowledge and understanding, based upon 1 and 2 above, the English version of such legal provision is a true, complete and correct translation of the Spanish version thereof.

IN WITNESS WHEREOF, I have affixed my signature onto this instrument this 22nd day of January, 2008.

## RULES APPLICABLE TO THE TRANSACTIONS CONDUCTED BY FOREIGN EXCHANGE BUREAUS

**I.    DEFINITIONS.**

For purposes of the foregoing Rules, the following terms shall have the following meanings:

...

Exchange Bureaus: Those legal entities authorized to operate as such pursuant to the General Law of Ancillary Credit Organizations and Activities.

Banking Business Days: Those days which are banking days in both Mexico and the location or locations set for the delivery of the Foreign Currencies or Precious Metal Coins subject matter of a given transaction.

Foreign Currencies: The Dollar of the United States of America and any other foreign currency freely and immediately transferrable and convertible thereinto.

Precious Metal Coins: Those gold and silver coins minted and issued as directed by the Central Bank of Mexico pursuant to the Monetary Law, as well as those domestic pieces previously considered as coins.

Purchase and Sale Transactions: Those by means of which Foreign Exchange Bureaus purchase or sell Foreign Currencies or Precious Metal Coins.

...

**3.    CHARACTERISTICS OF THE PURCHASE AND SALE TRANSACTIONS.**

3.1    PURCHASE AND SALE TRANSACTIONS.

In all Purchase and Sale Transactions carried out by Foreign Exchange Bureaus in respect of domestic currency or Foreign Currencies, and all exchanges of Precious Metal Coins, the delivery of such Foreign Currencies or Precious Metal Coins and their consideration shall occur not later than two Business Banking Days following the date of the relevant transaction.

...

3.4    DEFERRED DELIVERY OF FOREIGN CURRENCIES AND THEIR CONSIDERATION.

In connection with their Purchase and Sale Transactions, Foreign Exchange Bureaus may agree to defer the delivery of the Foreign Currencies or Precious Metal Coins and their consideration, provided that both parts of the transaction must be settled not later than two Business Banking Days following the date of the relevant transaction.

...

**REGLAS A LAS QUE DEBERAN SUJETARSE LAS CASAS DE CAMBIO EN SUS OPERACIONES**

**I.    DEFINICIONES.**

Para efectos de las presentes Reglas se entenderá por:

...

Casas de Cambio: A las personas morales autorizadas para operar como tales en términos de la Ley General de Organizaciones y Actividades Auxiliares del Crédito.

Días Hábiles Bancarios: A los días que sean hábiles bancarios tanto en los Estados Unidos Mexicanos, como en la o las plazas en las que se entreguen o reciban las Divisas o los Metales Finos Amonedados, objeto de la operación.

Divisas: A los dólares de los Estados Unidos de América, así como a cualquier otra moneda extranjera libremente transferible y convertible inmediatamente a la moneda citada.

Metales Finos Amonedados: Aquellas monedas en oro y plata cuya acuñación y emisión determine el Banco de México, de acuerdo con lo previsto en la Ley Monetaria, así como aquellas piezas nacionales que hubieren tenido el carácter de monedas.

Operación de Compraventa: Aquellas mediante las cuales las Casas de Cambio compran o venden Divisas o Metales Finos Amonedados.

...

**3.    CARACTERISTICAS DE LAS OPERACIONES DE COMPRAVENTA.**

3.1    <u>OPERACIONES DE COMPRAVENTA</u>.

En las Operaciones de Compraventa que las Casas de Cambio realicen contra moneda nacional o contra Divisas y de permuta de Metales Finos Amonedados, la entrega de las Divisas o la de los Metales Finos Amonedados y la de su contravalor, deberá llevarse a cabo a más tardar dos Días Hábiles Bancarios después de la concertación de la operación correspondiente.

...

3.4    <u>ENTREGA DIFERIDA DE LAS DIVISAS Y SU CONTRAVALOR</u>.

Las Casas de Cambio podrán pactar que, en la realización de sus Operaciones de Compraventa, las Divisas o Metales Finos Amonedados, y su contravalor, se entreguen diferidamente, sin perjuicio que la liquidación de ambas partes de la operación debe efectuarse a más tardar dos Días Hábiles Bancarios después de la fecha de concertación de la propia operación de que se trate.

...

State of Connecticut }
                     } ss
County of Fairfield  }

## AFFIDAVIT OF ACCURACY OF TRANSLATION

The undersigned, Gabriela Garate-Konstantinovic, hereby declares, under penalty of perjury that:

1. I am an attorney duly qualified to practice law in the jurisdiction of Mexico;

2. I am a native Spanish speaker. I also have full command of the English language, acquired through my academic education, professional experience and over fifteen years of residence in the United States;

3. I am a recognized translator, from English into Spanish and *vice versa*, of all types of legal and financial documents. I have translated, from Spanish into English, certain Definitions as well as Sections 3.1 and 3.4 of the Rules Applicable to the Transactions Conducted by Foreign Exchange Bureaus, issued by the Central Bank of Mexico, as currently in effect. To the best of my knowledge and understanding, based upon 1 and 2 above, the English version of such legal provisions is a true, complete and correct translation of the Spanish version thereof.

IN WITNESS WHEREOF, I have affixed my signature onto this instrument this 22nd day of January, 2008.