UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
                                                           :
WACHOVIA BANK, National Association,                       :
                                                           :
                                    Plaintiff,             :   07 Civ. 11230 (BSJ)(RLE)
                                                           :
                - against -                                :
                                                           :
                                                           :
                                                           :
 CASA DE CAMBIO MAJAPARA S.A. DE C.V.                      :
 A/K/A MAJAPARA CASA DE CAMBIO S.A. DE                     :
 C.V.,                                                     :
                                                           :
                                                           :
                                    Defendant.             :
                                                           :
----------------------------------------------------------------------X


**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO TRANSFER**



                         TANNENBAUM HELPERN
                         SYRACUSE & HIRSCHTRITT LLP
                               900 Third Avenue
                               New York, NY  10022
                               Tel: (212) 508-6743


                         SPERLING & SLATER, P.C.
                               55 West Monroe Street, Suite 3200
                               Chicago, Illinois  60603
                               Tel: (312) 641-3200


                         *Attorneys for Casa de Cambio
                         Majapara S.A. de C.V.*

[825985-2]

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

     A.     Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

     B.     The Parties and Their Dispute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

     A.     This Action Not Only "Might Have Been Brought" in Illinois – It
             Was Brought There. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

     B.     Rather Than Choose One Forum, Wachovia Chose Two and Intends
             To Proceed in Two . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

     C.     Jurisdictional Concerns Warrant Proceeding in Illinois . . . . . . . . . . . . . .   6

     D.     The Convenience of the Parties and Witnesses and the Interest of
             of Justice Warrant Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

          1.     Convenience of witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

          2.     Location of relevant documents and ease of access to sources
               of proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

          3.     Convenience of the parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

          4.     Locus of operative facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

          5.     Availability of process to compel attendance of unwilling
               witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

          6.     Relative means of the parties . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

          7.     Forum's familiarity with the governing law . . . . . . . . . . . . . . . .   12

          8.     Weight accorded plaintiff's choice of forum .. . . . . . . . . . . . . . .   13

          9.     Trial efficiency and the interests of justice . . . . . . . . . . . . . . . . .   13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

ii

## TABLE OF AUTHORITIES

**Cases**

*Chong v. Healthtronics, Inc,*
 No. CV-06-1287, 2007 WL 1836831 (E.D.N.Y. June 20, 2007) . . . . . . . . . . . . . .  13-14

*Curtis v. Beatrice Foods Co.,*
 481 F.Supp. 1275 (S.D.N.Y. 1980), *aff'd,* 633 F.2d 203 (2d Cir. 1980) . . . . . . . .  12-13

*KPMG Consulting, Inc. v. LSQ II, LLC,*
 No. 01 CIV 11422 (SAS), 2002 WL 1543907 (S.D.N.Y. July 12, 2002) . . . . . . .  13

*MK Systems, Inc. v. Schmidt,*
 No. 04 Civ. 8106 RWS, 2005 WL 590665 (S.D.N.Y. Mar. 10, 2005) . . . . . . . . .  7

*Netzky v. Fiedler,*
 No. 00 C 4652, 2001 WL 521396  (N.D.Ill. May 15, 2001) . . . . . . . . . . . . . . . .  7, 9

*Smith v. American Gen. Life and Acc. Ins. Co., Inc.,*
 337 F.3d 888 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Taunus Corp. v. City of New York,*
 279 F. Supp. 2d 305 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 6

*U.S. Ship Management, Inc. v. Maersk Line, Ltd.,*
 357 F. Supp. 2d 924 (E.D. Va. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5-6

**Statutes**

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Fed. R. Civ. P. 44.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Fed. R. Civ. P. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

735 ILCS 5/4-101, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

NY CPLR § 6201*, et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

[825985-2]

## INTRODUCTION

This motion to transfer is necessary because Plaintiff Wachovia Bank, N.A. ("Wachovia") initiated two emergency *ex parte* actions on the *same day,* against the *same party*, on the basis of the *same allegations*, making the *same claims*, and seeking substantially the *same relief*. In the interests of judicial efficiency and fairness, Defendant Casa de Cambio Majapara S.A. de C.V. ("Majapara") seeks to have this case transferred to the U.S. District Court for the Northern District of Illinois, the court to which the case Wachovia filed in Illinois state court has been removed. Whatever the reason for Wachovia's duplicative filings, the simple fact is that it makes little sense for the same plaintiff to proceed in two places against the same defendant, on the basis of the same allegations, making the same claims, and seeking substantially the same relief.

Thus, these two cases should proceed in the same district – the Northern District of Illinois. The Northern District of Illinois is the more appropriate forum because of the jurisdictional concerns highlighted by Wachovia's state court filing, the convenience of the parties and witnesses, and the interest of justice.

## BACKGROUND

### A.    Procedural History

On December 14, 2007, Wachovia, a national banking association with its principal place of business in Charlotte, North Carolina, simultaneously brought suit against Majapara, a Mexican corporation with its principal place of business in Mexico City, Mexico in this Court and in Illinois state court (in Chicago). Wachovia asserted jurisdiction in this Court on the basis of diversity jurisdiction, while Majapara removed the Illinois state court action to the United States District Court for the Northern District of Illinois, where it is now pending as case no. 08

CV 170, also on the basis of diversity.  The complaints in both the New York and the Illinois

actions are based upon the same factual allegations, and allege the same five causes of action

against Majapara: breach of contract, promissory estoppel (in the alternative), unjust enrichment

(also in the alternative), fraud, and anticipatory breach of contract.  The Illinois complaint also

purports to name an additional defendant, JOM Corporation of Illinois ("JOM Illinois"), and to

allege an additional cause of action (alter ego liability) against that defendant. Copies of the New

York and Illinois complaints are attached to the Affidavit of Celiza P. Braganca ("Aff.") for the

Court's reference as Exhibits A and B.[1]

In initiating both cases, Wachovia sought *ex parte* prejudgment relief against Majapara in

both Illinois and New York.  Wachovia sought orders of attachment in both cases, and injunctive

relief in this New York action.  The Illinois state court granted Wachovia's request for an order

of attachment on December 14 (and subsequently issued a TRO that Wachovia allowed to lapse

after ten days).  After issuing an Order to Show Cause on December 14, this Court on December

20 issued an Order of Attachment which, among other things, ordered that certain Majapara bank

accounts be attached, and provided that Majapara be "enjoined and restrained from transferring,

selling, pledging, assigning or otherwise disposing of any of its assets."  Majapara has moved in

this Court to vacate the Order of Attachment; to have the funds subject to that attachment order

(and other funds that Wachovia took from Majapara's accounts with Wachovia) placed into the

Court's registry; and to increase the undertaking/bond that Wachovia must provide.

---

[1]  Wachovia amended its complaint in this New York action on December 17, and a copy of the amended complaint is provided herewith for the sake of efficiency.  The amendment pertains only to Wachovia's mistake in failing to identify Majapara by its proper legal name.

2

On February 6, 2008, Wachovia filed a Motion for Remand in the Illinois Action. Aff., Exh. K. Majapara's response to both the New York and Illinois complaints is currently due February 14.

### B.    The Parties and Their Dispute

Wachovia is a national banking association organized under the laws of the United States, with its principal place of business in Charlotte, North Carolina. N.Y. Am. Cmplt., Aff., Exh. A, ¶ 5; Ill. Cmplt., Aff., Exh. B, ¶ 3. Wachovia has offices in New York, Illinois, and Mexico City, Mexico. Carlos Perez Decl., Aff., Exh. C, ¶ 16. Majapara is a Mexican corporation with its principal place of business in Mexico City, Mexico, and no offices in the United States. N.Y. Am. Cmplt., Aff., Exh. A. ¶ 6.

As reflected in Wachovia's two complaints, until December 5, 2007, Majapara had a foreign exchange and banking relationship with Wachovia (and its predecessor, First Union) that extended back more than ten years. N.Y. Am. Cmplt., Aff., Exh. A, ¶¶ 7-10; Ill. Cmplt., Aff., Exh. B, ¶¶ 9-11.[2] On that day, Majapara, as part of its ordinary business with Wachovia, entered into certain foreign exchange ("FX") transactions totaling about $38 million. As in the past, Majapara intended when entering into these transactions to settle them two days later (in this case on December 7). After the close of business on December 5, 2007, however, Wachovia abruptly and without any notice at all terminated its business relationship with Majapara.

Nevertheless, as set forth in Wachovia's two complaints and its motions for *ex parte* prejudgment attachments and injunctions, Wachovia claimed that "Majapara … never intended to honor its commitments but, instead, had decided to wrongfully keep Wachovia's money and

---

[2]    In referring the Court to Wachovia's pleadings and other papers, Majapara does not, of course, admit to the truth of the various specific allegations set forth therein. As noted, Majapara's answer or other response to the complaints is currently due February 14.

3

abscond with it." N.Y. Am. Cmplt., Aff., Exh. A, ¶ 1; Ill. Cmplt., Aff., Exh. B, ¶ 2. As set forth in more detail in Majapara's Motion to Vacate the Order of Attachment, Wachovia withheld from this Court and the Illinois state court the fact that Majapara's inability to repay Wachovia was occasioned by Wachovia's own action – the precipitous and abrupt termination of its business relationship with Majapara *after* the December 5 FX transactions were entered into. That fact puts Majapara's failure to make its payment to Wachovia on December 7th in a different light. Rather than disclose this key fact to the Courts, Wachovia made conclusory allegations that Majapara never intended to repay Wachovia for the December 5 transactions – which is plainly inconsistent with Majapara's longstanding business dealings with Wachovia. Wachovia also failed to inform the Courts that on the day of these alleged fraudulent FX transactions and the day after, Majapara paid to Wachovia almost $80 million to settle prior FX transactions. Mem. in Support of Mot. to Vacate, at 5-8, and exhibits thereto. As a result of Wachovia's abrupt termination of its FX banking relationship with Majapara and its actions in wrongfully obtaining injunctions and attachments on the basis of unfounded and baseless allegations, Majapara's business now lies in ruins.

[825985-2]

## ARGUMENT

The question now before the Court is where Wachovia's claims and Majapara's counterclaims should be adjudicated. For the reasons set forth below, Majapara respectfully submits that the federal court in Chicago, Illinois is the proper venue.

### A.    This Action Not Only "Might Have Been Brought" in Illinois – It Was Brought There.

Section 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought*." 28 U.S.C. § 1404(a) (emphasis added). Since Wachovia itself brought the same action in Illinois against Majapara that it has brought here, there is no dispute as to whether this action "might have been brought" in Illinois.

### B.    Rather than Choose One Forum, Wachovia Chose Two and Intends to Proceed in Two.

When a plaintiff chooses one forum in which to bring his claim, courts accord some degree of deference to that choice. When a plaintiff simultaneously files the same case in multiple fora, rather than choosing one forum, no such deference is due.[3] Here, Wachovia has not only filed multiple cases, but has represented that it intends to pursue both actions simultaneously. Thus, any preference of forum expressed by Wachovia should not be accorded any deference. *See, e.g., U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd*. 357 F. Supp. 2d 924, 936-937 (E.D.Va. 2005) ("[Plaintiff] has already filed related actions in … other fora [thereby]

---

[3]    Thus, the Court need not resolve which case was the "first filed" in the course of deciding this motion to transfer. *See, e.g., Taunus Corp. v. City of New York*, 279 F. Supp. 2d 305, 308 (S.D.N.Y. 2003) (when plaintiff filed duplicative complaints on the same day in two courts, the court "need not address … technical arguments about which case qualifies as 'first filed.'") (citations omitted).

[825985-2]

inviting an inference of forum shopping.  Thus … plaintiff's chosen forum should be accorded

little weight…." – granting motion to transfer).

### C.    Jurisdictional Concerns Warrant Proceeding in Illinois.

Wachovia brought the same claims against Majapara in two different jurisdictions – *state*

court in Illinois and *federal* court in New York.  (As noted above, Majapara removed the Illinois

case to federal court in Chicago.)  The appropriate course in such a circumstance is to proceed

with the case originally filed in state court (here, the Illinois action), so as to preserve any right

on Wachovia's part to proceed in state court.  This issue was specifically addressed in *Taunus*

*Corp. v. City of New York*, 279 F. Supp. 2d 305 (S.D.N.Y. 2003).  There the plaintiff filed

essentially identical complaints, one in state court and one in federal court.  *Id*. at 308.  The

state-court case was removed to federal court.  *Id*.  In deciding which case should proceed, the

federal court presiding over both held that the proper course was to proceed with the case

originally filed in state court.  *Id*.  The court held that proceeding in this manner would "better

preserve the right of plaintiffs to proceed in state court should this court or a court of appeals

dismiss or remand for lack of subject matter jurisdiction."  *Id*.

This holding of *Taunus* applies with full force here, where the procedural posture is very

much the same as that in the *Taunus* case.  Wachovia filed a motion for remand the Illinois

Action to state court on February 6, 2008.  Thus, there is always a possibility that, even on

appeal, the Illinois case could be remanded to state court.  *See, e.g., Smith v. Am. Gen. Life and*

*Acc. Ins. Co., Inc*., 337 F.3d 888, 892 (7th Cir. 2003) ("This court has an independent obligation

to satisfy itself that federal subject matter jurisdiction exists before proceeding to the merits in

any case…." – finding lack of diversity jurisdiction, vacating judgment and instructing district

court to remand to state court).

6

**D.    The Convenience of the Parties and Witnesses and the Interest of Justice Warrant Transfer.**

The factors to be evaluated in deciding a section 1404(a) transfer motion collectively weigh in favor of transferring this case to the Northern District of Illinois.  The factors to be considered include the following:  (1) the convenience of witnesses; (2) the location of relevant documents and the ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *MK Sys., Inc. v. Schmidt*, No. 04 Civ. 8106 RWS, 2005 WL 590665 at *4 (S.D.N.Y. Mar. 10, 2005) (granting motion to transfer case to another federal district where overlapping case was pending).  "There is no rigid formula for balancing the factors outlined above, and no single one of them is determinative."  *Id*.  (citations omitted).  In this case, the foregoing factors call for granting Majapara's motion to transfer.

**1. Convenience of witnesses**

Witnesses in this matter are to be found in various places in the U.S. and abroad, including Chicago, thereby making Chicago a more central and convenient location for this litigation.  *See, e.g., Netzky v. Fiedler*, No. 00 C 4652, 2001 WL 521396 at *3 (N.D. Ill. May 15, 2001) (retaining case, "[g]iven Chicago's central location").  While there may be a few peripheral witnesses located in the New York area, the majority of potential witnesses are located in Mexico.

Majapara's party witnesses are located in Mexico City, as is Juanita Gomez, the authorized representative of Wachovia in Mexico City, who was one of two Wachovia employees responsible for Majapara's business.  Perez Decl. ¶16, Aff., Exh. C.  For those

7

[825985-2]

witnesses in Mexico City, it is more convenient to travel to Chicago than to New York. Majapara anticipates calling various officers and employees of Majapara as witnesses, including Jorge Ortiz Muñoz, Majapara's chairman, Carlos Acosta, Majapara's managing director, to whom Wachovia's termination letter was addressed, and Miguel Meza Rousseau, who has already submitted an affidavit to the Court. *See, e.g.,* N.Y. Am. Cmplt., Aff., Exh. A, ¶¶ 48-49 (alleging contents of conversation between Mr. Ortiz and Wachovia's Mr. Perez); Ill. Cmplt., Aff., Exh. B, ¶¶ 60-61 (same); termination letter, Aff., Exh. E; Aff., Dec. 13 letter of Ortiz to Perez, Exh. F; Aff., Declaration of Miguel Meza Rousseau, Exh. G.  Not only is Wachovia's Mexican representative (Juanita Gomez) located in Mexico City, but other individuals in Wachovia's Mexico City office may have information relevant to this case.

Nor is Wachovia's Carlos Perez located in New York – but rather in Miami, Florida.  Mr. Perez is the managing director of Wachovia's Americas Group.  Mr. Perez is the person who signed and delivered (along with Ms. Gomez) the Wachovia letter terminating Majapara as a client, who discussed the termination with Majapara's representatives (as was Ms. Gomez), and who submitted declarations in connection with both cases filed by Wachovia**.**  Termination letter, Aff., Exh. E; Perez Decl., Aff, Exh. C.

Chicago is also home to potential third-party witnesses of Harris Bank, which has its place of business in Chicago.  Because Harris Bank had done foreign exchange business with Majapara for many years, Majapara had a bank account at Harris Bank – which is the account that Wachovia sought to have, and had, attached.  Thus, Harris may also have information pertinent to the attachment and the propriety of Wachovia's actions in obtaining the attachment. Harris Bank's role, and its location in Chicago, militate in favor of proceeding in Illinois.

8

Third-party witnesses are further discussed under factor 5, below, to which we refer the Court. Since Wachovia's principal place of business is in North Carolina, and employees from its Miami and Mexico City offices were involved in terminating its relationship with Majapara, we anticipate there will be party and third-party witnesses in those jurisdictions.

### 2. Location of relevant documents and ease of access to sources of proof

As with witnesses, the relevant documents are located, for the most part, in places other than Illinois and New York. Majapara's documents are located in Mexico City, and Wachovia's are, on information and belief, variously located in (1) Mexico City, where Wachovia has a branch that dealt with Majapara (at which Juanita Gomez is based); (2) Miami, where Carlos Perez has his office; (3) Charlotte, North Carolina, where Wachovia's headquarters are located; (4) New York, where Majapara had an account with Wachovia from which Wachovia seized $13.4 million after terminating Majapara, and several other bank accounts; and (5) Illinois, where Majapara maintained a bank account with Harris Bank. With respect to third-party documents, as discussed below under factor 5 (subpoena power over third parties), third parties with relevant information likely exist in a variety of locales, including Chicago, and mostly outside New York.

### 3. Convenience of the parties

As discussed above under factors 1 and 2 (convenience of witnesses, and location of documents), given the location of the parties' offices, the location of employee witnesses, and the location of documents, Chicago is a more central and convenient forum for the cases to proceed. *See, e.g., Netzky*, 2001 WL 521396 at *3. Further confirming this fact is the location of the parties' counsel in this litigation. Wachovia's lead counsel in both this case and the Illinois case is the Reed Smith firm, which has offices in both Chicago and New York. Thus, Wachovia

is in an equally good position to litigate this dispute in either forum. By contrast, Majapara's

lead counsel, the Sperling & Slater firm, is located only in Chicago. While Majapara has, of

necessity, for the moment also retained local counsel in New York, the significant added cost

and logistics (travel, etc.) involved for Majapara to proceed in New York is an important factor

weighing in favor of transfer – particularly given Majapara's diminished means at the hands of

Wachovia. (*See* factor 6 below.)

### 4. Locus of operative facts

The locus of operative facts in this case is primarily in Mexico. One important party

witness, Carlos Perez, is located in Miami. Again, Wachovia's termination of Majapara on

December 5, from which ensued Wachovia's wrongful efforts to attach and enjoin Majapara's

assets, took place in Mexico City when representatives of Wachovia showed up unannounced on

Majapara's doorstep to deliver the termination letter. Thus far Majapara has no information as

to whether anyone at Wachovia's headquarters was involved in the decision to cease doing

foreign exchange business with non-U.S. businesses. *See also, e.g.*, factor 5, below re third

parties to be found in various locations.

### 5. Availability of process to compel attendance of unwilling witnesses

Given the subpoena power available under Rule 45, neither the New York federal court

nor the Illinois court is a superior forum. Generally speaking, the categories of third-party

witnesses whose information may be needed include the following:

- Recipients of the orders of attachment/injunction: Wachovia attached assets at banks in both Illinois and New York. Both this Court and the Northern District of Illinois are able to compel witnesses from these banks to produce documents and appear to give testimony.

- Other members of the financial services industry in the U.S. and Mexico: In the wake of its termination by Wachovia, Majapara made efforts to continue conducting its business with others in the financial services industry, including Harris Bank, which is

[825985-2]

headquartered in Chicago.  These entities may possess information relevant to the litigation.  Moreover, Majapara is concerned about the extent to which Wachovia may have excessively published the allegations it made against Majapara in the connection with both cases.  Majapara has no reason to believe that this Court has superior subpoena power over any third parties with information relevant to such claims.

▪ Former employees of Majapara:  As a result of Wachovia's actions, over 600 Majapara employees in Mexico lost their jobs.  Obtaining documents and testimony from these former employees will require the same process regardless of whether the case proceeds in Illinois or New York.

▪ Other:  While it is not feasible, at this early stage of the litigation, to anticipate all third parties from whom testimony might be needed, other possibilities include former employees of Wachovia with pertinent knowledge.  Wachovia's principal place of business is in North Carolina, and personnel from its Miami and Mexico City offices, and perhaps others, have been involved in this dispute, and likely reside in those areas, which are outside both New York and Illinois.

### 6. Relative means of the parties

The disparity between the parties' relative means is significant.  Wachovia Corporation reports having assets worth $782.9 billion, and stockholders' equity of $76.9 billion.  *See*, Company Facts from Wachovia.com website, Aff., Exh. H.  As Majapara has informed Wachovia already, as of December 31, 2007, Majapara had assets of 134,667,104 pesos, which is less than 13 million U.S. dollars.  *See* identification of Majapara assets produced to Wachovia on Jan. 11, 2008, Aff., Exh. I. Moreover, as a result of Wachovia's seizure of Majapara's funds from its accounts at Wachovia,[4] obtaining attachment of millions of dollars in bank accounts in Illinois and New York, and obtaining an injunction affecting other assets of Majapara by accusing Majapara of fraud and theft, Majapara's "means" to defend itself and pursue its counterclaims are sorely limited.

Given the great disparity in the parties' means – brought on in no small part by Wachovia's actions – this factor weighs in favor of transfer to Illinois.  As the discussion of the

---

[4]  N.Y. Am. Cmplt. ¶ 14, Aff., Exh. A.

11

previous five factors reflects, proceeding in Illinois will result in little, if any, added cost for Wachovia, which is in a better position to absorb any such costs, in any event. Indeed, since Wachovia intends to proceed with both lawsuits in parallel, cost appears to not be an issue for Wachovia. But even if cost were a concern to Wachovia, transferring this matter to Illinois will produce substantial cost savings for Majapara – not to mention serve the interests of judicial efficiency.

### 7. Forum's familiarity with the governing law

Whichever court presides over this dispute will have an opportunity to apply the law of various jurisdictions. For example, Wachovia sought and obtained orders of attachment under both the Illinois and New York attachment statutes, which differ in various respects. *See , e.g.*, 735 ILCS 5/4-101, *et seq.*; NY CPLR § 6201*, et seq.* Majapara contends that the attachments were improper, is in the process of seeking to vacate them, and presently intends to bring counterclaims against Wachovia, thus likely bringing the law of both states further into play.

Wachovia has also alleged that Majapara violated Mexican law by lending money to its customers[5] – an allegation which Majapara disputes. Since the allegation is an aspect of Wachovia's purported fraud claim against Majapara (*see* N.Y. Am. Cmplt. Ct. IV, ¶ 51, Aff., Exh. A; Ill. Cmplt. Ct. IV, ¶ 62, Aff., Exh. B), the Court will also need to apply Mexican law in resolving this matter – and any federal district court is equally qualified to do so. *See, e.g.,* Fed. R. Civ. P. 44.1 (providing for district courts to determine law of foreign countries); *Curtis v. Beatrice Foods Co.*, 481 F. Supp. 1275, 1285 *et seq.* (S.D.N.Y. 1980), *aff'd*, 633 F.2d 203 (2d Cir. 1980). Thus, the Illinois court is equally capable of applying the law of Mexico, and there is no impediment to its applying the law of New York to the extent that it will need to do so in

---

[5]   Perez Decl. ¶ 18, Aff., Exh. C.

[825985-2]

resolving this matter.  *See, e.g., KPMG Consulting, Inc. v. LSQ II, LLC*, No. 01 CIV 11422

(SAS), 2002 WL 1543907 at *5 (S.D.N.Y. July 12, 2002) ("[F]ederal courts are deemed capable

of applying the substantive law of other states.").

### 8. Weight accorded plaintiff's choice of forum

As already discussed, by simultaneously filing against Majapara cases in two different

jurisdictions based on the *same allegations*, making the *same claims*, and seeking substantially

the *same relief*, Wachovia has pointedly avoided making a choice of forum.  Therefore, any

claim it makes to a "choice" of forum should be accorded no weight, and if anything its actions

should be disfavored as forum-shopping.

### 9. Trial efficiency and the interests of justice

Given the indisputable overlap between the two cases, and their similar procedural

posture, Majapara submits that the interests of efficiency and justice are best served by allowing

them to proceed together on one track to one result, rather than on multiple tracks to possibly

inconsistent results.  *See, e.g., KPMG Consulting,* 2002 WL 1543907 at *5 ("Concurrent

proceedings in Florida and this Court would needlessly waste judicial resources and hamper

timely adjudication in both courts, as the parties, witnesses, subject matter and many of the

factual disputes are virtually identical." – transferring case).  Indeed, once the case is transferred

to the Northern District of Illinois, it can be expected to reach a resolution sooner than it could in

this district, which has a more congested docket.  *See* Aff., Ex. J (Federal Court Management

Statistics data showing, *inter alia*, (i) judges in this district having more than twice as many (716

vs. 351) pending cases as those in the Northern District of Illinois, and accordingly (ii) civil

cases having a significantly longer median disposition time in this district (8.3 months) as

compared to the Northern District of Illinois (6.5 months)); *Chong v. Healthtronics, Inc.*, No.

[825985-2]

CV-06-1287 (SJF) (MLO), 2007 WL 1836831 at *15 (E.D.N.Y. June 20, 2007) (granting motion

to transfer based, in part, on similar differences between two districts' dockets).

<u>CONCLUSION</u>

     Because Wachovia has intentionally filed the two cases on the same day, based on the

same allegations, with the same claims, seeking the same relief, it has failed to make *any* choice

of a forum.  Further supporting this is Wachovia's expressed intention to proceed with both cases

in parallel – again making no choice of forum – heedless of the waste of the resources of the

Court and the parties.  A far better solution is to transfer this matter to the United States District

Court for the Northern District of Illinois, where Wachovia has already filed the same claims that

it has here, and where jurisdictional concerns, and the interests of efficiency and justice, are in

this instance better served.

February 7, 2008

                    Respectfully submitted,

                    TANNENBAUM HELPERN
                    SYRACUSE & HIRSCHTRITT LLP


                    By:    /s/ Vincent J. Syracuse__
                          One of Its Attorneys

                    Vincent J. Syracuse
                    David A. Pellegrino
                    George F. du Pont

                    900 Third Avenue
                    New York, NY 10022
                    Tel: (212) 508-6743
                    Fax: (212) 202-7516
                    *Counsel for Defendant Casa de Cambio*
                     *Majapara S.A. de C.V.*

[825985-2]

Of Counsel:
Celiza P. Bragança
(*pro hac vice* motion to be made at hearing)
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Tel:  (312) 641-3200
Fax:  (312) 641-6492

[825985-2]