UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WACHOVIA BANK, N.A.,                              :
                                                  :
                              Plaintiff,          :    No. 07 Civ. 11230 (BSJ)(RLE)
                                                  :
                                                  :    **AFFIDAVIT OF**
            - against -                           :    **CELIZA P. BRAGANCA**
                                                  :
CASA de CAMBIO MAJAPARA de C.V., a/k/a            :
MAJAPARA CASA de CAMBIO S.A. de C.V.             :
                                                  :
                              Defendant           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


STATE OF ILLINOIS          )
                           ) ss.:
COUNTY OF COOK             )

            CELIZA P. BRAGANCA, being duly sworn, deposes and says:

            1.      I am a member of Sperling & Slater, counsel for plaintiff Casa de Cambio

Majapara de C.V. ("Majapara") in this matter.  As such, I am fully familiar with the facts and

circumstances as set forth herein.  I make this affidavit on the basis of personal knowledge

gained from a review of my firm's file on this matter, information supplied by my client, and my

participation in the circumstances and events detailed herein.

            2.      Annexed hereto as Exhibit A is a copy of the Amended Complaint in this action,

filed by Wachovia Bank, N.A. ("Wachovia").

            3.      Annexed hereto as Exhibit B is a copy of the Complaint filed in the Circuit Court

of Cook County, Illinois, Case No. 2007L13958 (the "Illinois Action") by Wachovia.

[826009-1]

4.    Annexed hereto as Exhibit C is a copy of the Declaration of Carlos A. Perez, a Managing Director at Wachovia, filed in the present action and in the Illinois Action.

5.    Annexed hereto as Exhibit D is a copy of the Joint Initial Status Report, filed in the Illinois Action on January 23, 2008.

6.    Annexed hereto as Exhibit E is a letter from Carlos A. Perez of Wachovia to Carlos Acosta of Majapara, dated December 6, 2007.

7.    Annexed hereto as Exhibit F is a letter from Jorge Ortiz Munoz of Majapara to Carlos A. Perez of Wachovia, dated December 13, 2007, with English translation and Affidavit of Accuracy of Translation.

8.    Annexed hereto as Exhibit G is the Declaration of Miguel Meza Rousseau, Treasurer of Majapara, with exhibits, filed in the present action on January 22, 2008.

9.    Annexed hereto as Exhibit H is a document printed from the "WACHOVIA.COM" website, entitled "Company Facts."

10.    Annexed hereto as Exhibit I is a document identifying Majapara assets, produced to Wachovia on January 11, 2008.

11.    Annexed hereto as Exhibit J is a document printed from the "USCOURTS.GOV" website on January 31, 2008, entitled "U.S. District Court – Judicial Caseload Profile."

12.    Annexed hereto as Exhibit K is Wachovia's Motion for Remand filed on February 6, 2007 in the Illinois Action.

[826009-1]

13.     No prior application for the same or similar relief has been made in this matter.

CELIZA P. BRAGANÇA

Sworn to before me this
7th day of February, 2008

Notary Public

Official Seal
Jeanne L. Gilbert
Notary Public State of Illinois
My Commission Expires 02/18/2011

3

[826009-1]

# EXHIBIT A

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

**ORIGINAL**

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

WACHOVIA BANK, NATIONAL ASSOCIATION,      :

                     Plaintiff,      :

    - against -      :

CASA DE CAMBIO MAJAPARA S.A. de C.V a/k/a      :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,

                     Defendant.      :

-------------------------------------------------------------------X

    07 Civ. 11230 (BSJ)(RLE)


    **AMENDED COMPLAINT**

       Plaintiff, Wachovia Bank, National Association ("Wachovia"), by its attorneys, Reed

Smith LLP, as and for its complaint against the defendant Case de Cambio Majapara S.A. de

C.V. a/k/a Majapara Casa de Cambio S.A. de C.V. ("Majapara"), alleges as follows:

**PRELIMINARY STATEMENT**

       1.     This action arises from Majapara's misappropriation of over $38 million (US$) of

Wachovia's money relating to a series of foreign exchange spot transactions between the parties.

Foreign exchange spot transactions, due to their frequency, the speed at which the transactions

are agreed and closed, and the manner in which funds are simultaneously exchanged, are

founded upon trust. Majapara, however, abused that trust -- a trust that was established through

years of currency trading with Wachovia -- to plunder more than $38 Million from Wachovia.

And this is not a mere renege on a multi-million dollar transaction wherein Majapara returned

Wachovia's property when it realized it could not complete the foreign currency exchange.

Subsequent conversations with Majapara make apparent that it never intended to honor its commitments but, instead, had decided to wrongfully keep Wachovia's money and abscond with it. In these after-the-fact conversations, Majapara admitted to Wachovia that it was illiquid, that it had engaged in illicit activities in relation to its foreign exchange transactions and threatened that, if Wachovia took any steps to enforce its rights, Wachovia's judgment would be uncollectible. Through this action, Wachovia seeks a judgment against Majapara, in an amount not less than $24,711,845.00, plus prejudgment interest.

## VENUE/JURISDICTION

2.      This Court has personal jurisdiction over Majapara pursuant to CPLR §§ 301 and 302(a) as Majapara has been transacting business in this State since 2000, the transactions being sued upon herein occurred in the State of New York, and defendant breached the parties' agreement here in New York by failing to wire the required funds, as agreed, to Wachovia's New York account. Defendant has also contractually agreed to be sued in this jurisdiction.

3.      Venue in this district is proper under 28 U.S.C. § 1391(a).

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action involves a controversy that exceeds $75,000, exclusive of interests and costs, and involves a citizen of a State and a citizen of a foreign state.

## PARTIES

5.      Wachovia is a national banking association, organized under the laws of the United States, with its principal place of business in Charlotte, North Carolina. Wachovia maintains offices in New York.

6.      Upon information and belief, Majapara is a Mexican corporation with its principal place of business in Mexico City, Mexico.

2

## FACTS COMMON TO ALL COUNTS

### The Majapara Relationship With Wachovia

7.      In the late 1990's, Majapara and First Union National Bank ("First Union"), a predecessor to Wachovia, agreed to enter into foreign exchange transactions together. In these transactions, Majapara would agree to purchase from First Union a certain amount of one currency in exchange for Majapara selling to First Union a certain amount of another currency at the applicable exchange rate.

8.      In order to facilitate Majapara and First Union entering into these currency exchange transactions, on or about April 6, 2000, Majapara and First Union entered into a First Union Online FX Subscription Agreement (the "FX Subscription Agreement"), a copy of which is attached hereto as Exhibit A. Pursuant to the FX Subscription Agreement, Majapara was permitted to execute foreign exchange transactions electronically with First Union through First Union's foreign exchange website. This, however, was not the exclusive method for the parties to enter into these foreign exchange spot transactions. This FX Subscription Agreement is governed by New York law. See Exhibit A, ¶ 6.

9.      Effective April 1, 2002, Wachovia merged into and under the charter of First Union with the resulting title of Wachovia Bank, National Association. As a result of the merger, First Union changed its name to Wachovia Bank, National Association.

10.     In some of the foreign exchange transactions between Majapara and Wachovia, Wachovia would deliver currency to Majapara on the same day that Majapara transferred another currency into a Majapara account held at Wachovia's New York Branch ("Majapara NY Account"). Wachovia would then debit the currency from the Majapara NY Account. The authorization for this procedure was documented in a December 10, 2003 letter (in Spanish)

3

from Majapara to Wachovia Bank, a copy of which is attached as Exhibit B, which reads (as translated into English): "In relation to the transactions done with yourselves through Online FX; we authorize you to debit and credit our account number NY2000192304201 held with yourselves." In or about March 2006, Majapara signed a Debit and Netting Agreement that gave Wachovia the same authority to credit and debit the same Majapara NY Account held at Wachovia's New York Branch. A copy of this document is attached as Exhibit C.

**The Foreign Exchange Transactions At Issue**

11.     On or about December 5, 2007, Majapara and Wachovia agreed to a series of seven (7) transactions, all of which were to settle on December 7, 2007, whereby Wachovia would deliver an aggregate 26 million Euros to Majapara and Majapara would deliver an aggregate $38,132,700 to Wachovia. In a departure from the process described in paragraph 10 above, on these transactions, Majapara agreed to transfer dollars directly to a Wachovia account located in New York. Six (6) of the transactions were executed on Wachovia's foreign exchange internet website. One (1) of the transactions was executed over the telephone. Copies of the confirmations for these transactions are attached hereto as Exhibit D.

12.     Pursuant to these seven (7) foreign exchange agreements, on December 7, 2007, Wachovia delivered 26 million Euros to Majapara. Majapara failed to deliver the agreed upon $38,132,700.00 to Wachovia, as required, on December 7, 2007.

13.     On or about December 11, 2007, the General Director of Majapara admitted that Majapara had been obligated to provide the agreed upon currency to Wachovia.

14.     Wachovia was able to secure $13,420,155, which was in Majapara's accounts at Wachovia, but has not been able to recover the remaining amount Wachovia is owed. Some of the amount recovered represents conditional credit that may be subject to reduction by reason of

return of the items (in this case, checks) for which this credit was given (see Paragraph 15 below).

15.     Majapara also maintains five (5) U.S. dollar accounts at Wachovia. As to each of these accounts, Wachovia has contingent residual exposure to cover returned items in the federal check clearing program. Majapara is obligated to reimburse Wachovia for these amounts, but has now stated it is unable to and will not meet its financial obligations. This liability has averaged $3.3 million per month for the last several months.

16.     By opening an account at Wachovia, Majapara agreed to Wachovia's Terms & Conditions for Global Financial Institutions, which, under its terms, is governed by and construed in accordance with the laws of New York and pursuant to which, Majapara agreed to submit to the jurisdiction of the courts located in Manhattan, New York.

## COUNT I

### (Breach of Contract)

17.     Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

18.     As set forth above, Wachovia entered into a series of currency exchange agreements with Majapara.

19.     Majapara breached those agreements by failing to deliver the currency as agreed upon by the parties.

20.     Wachovia has fulfilled its obligations under the agreements.

21.     As a result of Majapara's breaches, Wachovia has suffered damage in the amount of not less than $24,711,845.00, plus interest.

5

## COUNT II

### (Promissory Estoppel – Alternate Count)

22.    Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

23.    In the event it is found that no oral or written contract existed between Majapara and Wachovia in relation to the seven (7) foreign exchange spot transactions at issue here, equity requires Majapara to pay Wachovia not less than $24,711,845.00 in return for accepting currency from Wachovia.

24.    Majapara promised to deliver certain currency to Wachovia in return for Wachovia delivering certain currency to Majapara.

25.    In reliance on Majapara's agreement to deliver certain currency to Wachovia, Wachovia delivered approximately $38 million worth of currency to Majapara.

26.    Wachovia has requested the funds from Majapara.

27.    To date Majapara has not provided the required currency to Wachovia.

28.    Wachovia, however, has been able to obtain certain Majapara funds and offset the amount owed by $13,420,155.00 (subject to reduction for the reasons set forth in Paragraph 14 of the recitals above).

29.    Wachovia has no adequate remedy at law.

30.    As a result, Majapara has been unjustly enriched to the detriment of Wachovia.

## COUNT III

### (Unjust Enrichment – Alternate Count)

31.    Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

32.    In the event it is found that no oral or written contract existed between Majapara and Wachovia in relation to the seven (7) foreign exchange transactions at issue here, equity

would still require Majapara to pay Wachovia an amount not less than $24,711,845.00 in return for accepting currency from Wachovia.

33.    Majapara promised to deliver certain currency to Wachovia in return for Wachovia delivering certain currency to Majapara.

34.    In reliance on Majapara's agreement to deliver certain currency to Wachovia, Wachovia delivered approximately $38 million worth of currency to Majapara.

35.    Majapara did not deliver any currency to Wachovia.

36.    Wachovia, however, has been able to obtain certain Majapara funds and offset the amount owed by $13,420,155.00 (subject to reduction for the reasons set forth in Paragraph 14 of the recitals above).

37.    Wachovia requested that Majapara deliver the currency it is owed.

38.    To date, Majapara has neither delivered the required currency to Wachovia, nor returned return the currency Wachovia sent to it.

39.    Majapara has unjustly retained this benefit to the detriment of Wachovia.

40.    Majapara's retention of this benefit violates fundamental principles of justice, equity and good conscience.

41.    Wachovia has no adequate remedy at law.

## COUNT IV

### (Fraud)

42.    Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

43.    As set forth above, on or about December 5, 2007 Majapara and Wachovia entered into a series of seven (7) currency exchange transactions.

44.     Pursuant to the parties' agreement, in exchange for the receipt of 26 million Euros from Wachovia, Majapara agreed to deliver $38,132,700 to Wachovia.

45.     Upon information and belief, at the time Majapara entered into the December 5, 2007 agreement it knew it was illiquid and insolvent and incapable of performing its obligations under the parties' agreement.

46.     Notwithstanding its knowledge, Majapara represented to Wachovia that it would deliver $38,132,700.00 (US$) to Wachovia to settle the transactions. Upon information and belief, at the time of the transaction, Majapara knew it would not deliver the required currency and was acting under a present intent to deceive Wachovia and abscond with its funds. Its representations to Wachovia were false and materially misleading.

47.     Majapara's fraudulent intent was confirmed in conversations Wachovia subsequently had with representatives of Majapara.

48.     For example, on or about December 13, 2007, Carlos A. Perez, a Managing Director of Wachovia, spoke with Jorge Ortiz, the Chairman and CEO of Majapara by telephone, and Mr. Ortiz acknowledged that Majapara, prior to settlement of the transactions, knew that it was experiencing "a liquidity crisis."

49.     When Mr. Perez confronted Mr. Ortiz concerning the transaction and the illegality of Majapara's actions, Mr. Ortiz responded, "I recognize that I have done something that is not permitted."

50.     Overall, due to Majapara's "liquidity crisis" and other impermissible activities relating to its currency transactions, Majapara did not have sufficient funds to complete the exchange with Wachovia. Majapara nonetheless accepted Wachovia's funds, knowing that it would be incapable of repaying the funds to Wachovia.

51.     Majapara then claimed to have used some or all of the Wachovia funds to engage in impermissible lending transactions and otherwise dissipated the assets received from Wachovia, all the while failing to fulfill its immediate obligations to transfer over $38 million to Wachovia.

52.     Wachovia entered into the transactions and delivered 26 million Euros to Majapara in reasonable reliance upon Majapara's representations that it was going to deliver the requisite currency.

53.     As a result of Majapara's fraud, Wachovia has been damaged in an amount to be determined at trial, but not less than $24,711,845.00.

## COUNT V

### (Breach of Contract/Anticipatory Breach)

54.     Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

55.     As set forth above, Majapara also maintains five (5) US dollar accounts at Wachovia. Under these accounts, Wachovia has contingent residual exposure to cover returned items in the federal check clearing program -- this contingent liability is a continuing concern.  In this regard, Wachovia is entitled to immediate reimbursement from Majapara for the amounts Wachovia is required to pay out.

56.     Over the last several months, this liability has averaged $3.3 million per month.

57.     So far this month, Wachovia has already had to cover certain residual liabilities for which Majapara, in breach of its agreements with Wachovia, has not reimbursed Wachovia. As a result, Majapara breached the parties' agreement and is indebted to Wachovia.

58.     Additionally, Majapara has already stated to Wachovia that it is illiquid and unable to satisfy its obligations owed to Wachovia.  Accordingly, Majapara has anticipatorily

9

breached its agreements with Wachovia by stating it will not be immediately reimbursing Wachovia for these obligations now or when they come due.

59.    Wachovia has performed all of its obligations under its agreements with Majapara.

60.    Consequently, Wachovia has been damaged by Majapara's breach of the parties' agreement and will continue to be damaged by Majapara's anticipatory breach of the parties' agreement in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment as follows:

(i)    On the First, Second, Third, and Fourth Causes of Action, monetary damages in an amount to be determined at trial, but not less than $24,711,845.00, plus prejudgment interest;

(ii)    On the Fifth Cause of Action, monetary damages in an amount to be determined at trial, plus prejudgment interest;

(iii)    An award of costs, expenses and attorneys fees attendant to this action; and

(iii)    Such other further and different relief as this Court deems just and proper.

Dated:    New York, New York
          December 17, 2007

REED SMITH LLP

By: _____
         Scott S. McKessy (SM-5479)
         Casey Laffey (CL-1483)
         599 Lexington Avenue
         New York, NY 10022
         (212) 521-5400

*Attorneys for Plaintiff*
*Wachovia Bank, National Association*

10

# Exhibit

# A



## FIRST UNION ONLINE FX SUBSCRIPTION AGREEMENT

This First Union Online FX Subscription Agreement (*"Agreement"*) sets forth the terms and conditions on which the party identified on the signature page hereof as the Subscriber (*"Subscriber"*) may execute foreign exchange transactions with First Union National Bank (*"FUNB"*) over the Internet (*"Online Transactions"*) through FUNB's foreign exchange website currently operating at http://www.firstunion.com/capitalmarkets/fx (*"FX Website"*). This Agreement is not intended to preclude the parties from entering into foreign exchange transactions with each other in any other manner. Subject to the terms and conditions of this Agreement, Subscriber and FUNB agree as follows:

### 1. Internet Access

In order for Subscriber to communicate with FUNB through the FX Website, Subscriber shall be responsible for (i) arranging its own access to the Internet through such providers of telephonic, wireless, and/or Internet access services as it deems necessary or desirable, and (ii) all costs and expenses associated with such services, including connection charges. FUNB shall not be responsible for any acts or omissions of any of such Subscriber's service providers in the course of transmitting, receiving, handling or storing communications between Subscriber and FUNB or otherwise.

### 2. FX Website Access

(a) In order for Subscriber to communicate with FUNB through the FX Website, one or more of Subscriber's officers or employees designated by Subscriber (each, a *"User"*) will be issued a unique digital certificate (*"Digital Certificate"*) to be stored on the web browser of a personal computer intended to be used by the User to carryout his/her functions for Subscriber, together with a User identification number (*"ID"*) and a unique personal password (*"Password"*). Each Digital Certificate is unique to the User, and if a User wishes to use more than one computer or browser to access the FX Website, the User must request an additional Digital Certificate for each such computer or browser. FUNB reserves the right to limit the number of Digital Certificates issued to Subscriber and its Users. Subscriber agrees that, before any User is provided with any Digital Certificate, that User will have (i) requested from the First Union National Bank Certificate Authority (*"FunbCA"*), and completed the process necessary to receive, a Digital Certificate (including the use of "shared secrets" with FUNB and any other security measures which the FunbCA may require to validate the User's identity) and (ii) accepted the terms and conditions of the Digital Certificate Documents. *"Digital Certificate Documents"* means the First Union National Bank Certificate Authority Subscriber Agreement (*"FunbCA Subscriber Agreement"*), which is presented to and agreed to by User during the online Digital Certificate application process, and each document that the FunbCA Subscriber Agreement incorporates by reference. The Digital Certificate Documents will govern each Digital Certificate and its use and be binding upon the Subscriber and that User in his/her individual capacity, and for that purpose the term "Subscriber" in the FunbCA Subscriber Agreement will be deemed to refer to each of the Subscriber and the User, respectively. This Agreement is the "Master Agreement" referred to in the FunbCA Subscriber Agreement. Nothing in this Agreement is intended to supersede, modify, limit, or restrict anything contained in the Digital Certificate Documents, and in the event of any inconsistency between the provisions of this Agreement relating to the Digital Certificate and the provisions of the Digital Certificate Documents, the FunbCA Subscriber Agreement will prevail. The rights and obligations of Subscriber and FUNB under this Agreement and the Online Transactions (or any other transactions between the parties) are not conditioned on either party's compliance with anything contained in the Digital Certificate Documents.

(b) Subscriber acknowledges that, after a User has received a Digital Certificate, Password and ID from the FunbCA, anyone who uses the Digital Certificate belonging to that User together with that User's Password and ID will be able to access and use the FX Website on behalf of Subscriber as contemplated by this Agreement. Accordingly, Subscriber shall not allow anyone to use a Digital Certificate, Password or ID belonging to a User other than the User who has received the same from the FunbCA. Subscriber hereby authorizes FUNB to deliver a temporary password to each User for the initial login to the FX Website for the purposes of applying for a Digital Certificate and to establish a permanent Password and ID. The Subscriber shall inform FUNB immediately when a User is no longer authorized to use the FX Website. Subscriber shall be solely responsible for controlling, and preventing any unauthorized use of, each Digital Certificate, Password and ID, and Subscriber shall be liable for any and all Online Transactions and account debits, credits and transfers resulting from, or occurring in response to, any electronic transmission, instruction, signal, entry or other communication to FUNB through the FX Website made using any Digital Certificate, Password and ID, whether or not it was authorized by Subscriber, was initiated by a User or resulted from an error in entering any information or command, and all such communications shall be deemed to have been sent by Subscriber for purposes of this Agreement.

(c) FUNB reserves the right, at any time and from time to time, for any reason or no reason, and without notice, to upgrade, modify, suspend, discontinue, or terminate the FX Website or to revoke any Digital Certificate, Password or ID, or to deny Subscriber and its Users access to the FX Website or any part thereof, and the respective rights and obligations of Subscriber and FUNB under the Online Transactions (or any other transactions between the parties) shall not be impaired or otherwise affected by such action. In addition, FUNB may require Subscriber to replace or erase any Digital Certificate or change any Password or ID at any time.

1

**3. Procedures for Entering into Online Transactions**

(a) To initiate any Online Transaction with FUNB through the FX Website, Subscriber must make certain entries regarding the financial particulars of the proposed Online Transaction on the appropriate screen displays of the FX Website in accordance with instructions provided in FUNB's "Online FX User's Guide", including currency codes, currency amounts, and the side of the currency exchange Subscriber is taking. It shall be the responsibility of Subscriber that each User will have received, read and understood the Online FX User's Guide prior to that User using the FX Website. FUNB reserves the right to revise or replace the Online FX User's Guide without Subscriber's consent by delivering to Subscriber a copy of the revision or replacement.

(b) When the requisite entries have been made to initiate an Online Transaction, then the FX Website will display an exchange rate for the proposed Online Transaction ("*Exchange Rate*"), subject to a time-out function. Subscriber may accept or reject the Exchange Rate by making the appropriate entry on the FX Website before it is timed-out, or otherwise reject the Exchange Rate by allowing it to be timed-out. By entering its acceptance of the Exchange Rate before it is timed-out, Subscriber will be deemed to have made an offer to FUNB for the proposed Online Transaction at that Exchange Rate. Upon FUNB's issuance through the FX Website of a deal confirmation number for that Online Transaction, FUNB will be deemed to have accepted such offer and a contract for such Online Transaction shall be deemed to have been entered into by Subscriber and FUNB. If FUNB does not issue a confirmation number for the proposed Online Transaction through the FX Website, Subscriber's offer to enter into the proposed Online Transaction shall be deemed rejected and no contract for the proposed Online Transaction will have been formed. The FX Website Records shall be conclusive and binding on the parties with respect to the foregoing. "*FX Website Records*" means the books and records of FUNB (in electronic form or otherwise) as they relate to the FX Website, including any stored on or generated by any computer system, hardware or software or any other system, facility or service on which the FX Website directly or indirectly operates ("*Operating System*"), whether such Operating System is owned by FUNB or by any independent contractor or supplier engaged by FUNB (or an affiliate of FUNB) in order for the FX Website to operate ("*System Supplier*").

(c) Once a confirmation number for an Online Transaction has been issued by FUNB through the FX Website, Subscriber may not (i) withdraw, cancel, or amend its offer for that Online Transaction, or (ii) without the prior written consent of FUNB, amend the terms of that Online Transaction. Subscriber acknowledges that a confirmation number may be issued instantly when an Exchange Rate has been accepted, and that Online Transactions bind it as principal for its own account.

(d) Exchange Rates quoted to Subscriber may be different from those which FUNB may quote to any of its other customers, and no representation or warranty is made that any Exchange Rate is the best price available to Subscriber. FUNB reserves the right at any time, without notice, to not quote an Exchange Rate to Subscriber, or to not issue a confirmation number, for any proposed Online Transaction for any reason or no reason.

**4. Terms and Conditions of Online Transactions**

(a) The terms and conditions of each Online Transaction entered into by FUNB and Subscriber shall be evidenced by this Agreement and the FX Website Records. In addition, if Subscriber and FUNB are parties to any agreement governing any foreign exchange transactions (including any ISDA Master Agreement published by the International Swaps and Derivatives Association, Inc.), then this Agreement shall be supplemental to that agreement, and the Online Transactions shall be subject to its terms and conditions (except when they are contrary to the provisions hereof, this Agreement will govern, and for that purpose any procedures for executing or confirming transactions specified in that other agreement shall be disregarded with respect to the Online Transactions).

(b) Each Online Transaction involves the Subscriber's purchase from FUNB of one currency ("*Bought Currency*") in exchange for Subscriber's sale to FUNB of another currency ("*Sold Currency*") at the applicable exchange rate. For each Online Transaction, Subscriber shall deliver to FUNB the required amount of Sold Currency on the date the parties enter into that Online Transaction regardless of the value date specified for that Online Transaction. Upon FUNB's receipt of the required amount of Sold Currency, FUNB shall deliver to Subscriber the required amount of Bought Currency on the value date of that Online Transaction. For each Online Transaction, the delivery of any currency to either party shall be made to a reasonably acceptable bank account as such party shall have specified in delivery instructions for that Online Transaction either (i) on the FX Website, or (ii) if not so specified, then by written notice.

(c) If the delivery of any Bought Currency or Sold Currency cannot be made because the value date of the relevant Online Transaction is not a day on which banks in the relevant place of receipt settle foreign exchange in the relevant currency, the value date thereof shall be the next following day on which such settlement can be made. In addition, whenever the same currency is due by both parties on the same day under two or more foreign exchange transactions (whether or not any is an Online Transaction), then the delivery obligations of the parties on that day in that currency for those foreign exchange transactions will be discharged automatically, and if one party's delivery obligation in that currency would have been greater, replaced by an obligation of such party to deliver the difference to the other party.

2

(d) Subscriber acknowledges that currency exchange rates are highly volatile and impossible to predict, that the value of a currency relative to another currency can rise and fall substantially over short periods, that Subscriber understands those risks and the consequences of entering into the Online Transactions through the FX Website (whether financial, accounting, tax, legal, or otherwise) based upon its own evaluation of the Online Transactions or upon the advice of its professional advisors, that neither FUNB nor any of its affiliates is acting as an agent, broker, advisor or fiduciary of, or a joint venturer with, Subscriber in any respect in connection with the Online Transactions or the FX Website, regardless of whether FUNB acts as an advisor or fiduciary to Subscriber on other matters or provides Subscriber from time to time with market information, views or recommendations.

## 5. Confidentiality & Restriction on Use

(a) Subscriber acknowledges that the FX Website, the Operating System and all programs, files, data or other information stored, contained, or operating at, in or through, the FX Website or Operating System are the exclusive property of FUNB or a System Supplier, that other foreign exchange customers of FUNB will be using the FX Website to conduct their own transactions with FUNB, and that Subscriber agrees for the respective benefits of FUNB and each System Supplier that neither Subscriber nor any User will (i) access or use the FX Website or the Operating System for any purpose other than as a facility through which Online Transactions may be conducted; (ii) alter or interfere with the FX Website, the Operating System or any of the programs, files, data or other information stored, contained, or operating at, in or through, the FX Website or the Operating System; (iii) sell any information obtained from or through the FX Website or the Operating System, including any Exchange Rate; (iv) use any such information for any purpose other than to consider, evaluate, propose, enter into, review or otherwise conduct Online Transactions, or (v) disclose any such information to any third party, except Subscriber may make any such disclosure (1) to Associated Persons, (2) as required by law, or (3) pursuant to any legal or regulatory process, action or proceeding, whether Subscriber is responding thereto or has initiated the same to protect its interests or enforce its rights. "Associated Persons" means the affiliates, directors, officers, employees, agents, advisors, auditors, attorneys, and regulators of Subscriber and those of its affiliates.

(b) Subscriber further acknowledges and agrees that any Operating System owned by a System Supplier may capture any or all data generated by any electronic transmission, instruction, signal, entry or other communication to FUNB through the FX Website, that therefore such System Supplier will have access to information concerning Subscriber's Online Transactions and its FX Website activities, and that such System Supplier is authorized to disclose any or all data captured by the Operating System provided it does so without disclosing the names of FUNB's customers.

## 6. General Terms

This Agreement shall be binding upon and inure to the exclusive benefit of the parties hereto and their respective successors and permitted assigns, shall be governed by the law (and not the law of conflicts) of the State of New York, may be amended only by written agreement of the parties, and except as otherwise provided herein, is the entire agreement and understanding of the parties as to its subject matter. Rights and remedies hereunder are cumulative and not exclusive of any available either by law or under any other written agreement between the parties; any failure or delay in exercising any right or remedy is not a waiver thereof; a single or partial exercise of any right or remedy will not preclude any further exercise thereof; and any purported transfer of rights or obligations under this Agreement without the other party's written consent is void.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date hereof. This Agreement is dated as of April 6, 2000

FIRST UNION NATIONAL BANK

By: _Alicia Rodriguez_
Name: Alicia Rodriguez
Title: Assistant Vice President

SUBSCRIBER:
CASA DE CAMBIO MAJAPARA SA DE CV
[NAME OF PARTY]

By: _____
Name:
Title:

3

# Exhibit
# B

DEC-11-2007 16:09 FROM:                          TO:97043830575              P.8/13



México D.F. A 10 DE DICIEMBRE DEL 2003.

**WACHOVIA BANK**

**AT'N: WALLY**

EN RELACION A LAS OPERACIONES QUE PACTAMOS CON USTEDES
TRAVES DEL ONLINE-FX; LES AUTORIZAMOS A CARGAR Y ABONAR
NUESTRA   CUENTA   EN   USD   NUMERO   NY2000192304201  QUE
MANTENEMOS CON USTEDES .

AGRADECEMOS SU ATENCION.

**CASA DE CAMBIO MAJAPARA SA DE CV**

DEC-10-2003 11:40AM   FAX:              ID:WACHOVIA        PAGE:001   R=96%

# Exhibit C

## Debit and Netting Authorization

This Debit and Netting Authorization applies to all Exchange Transactions between the undersigned ("Customer") and Wachovia Bank, N.A. ("Wachovia") and is effective upon the execution and delivery hereof by the undersigned Customer.

"Exchange Transactions" are any of the following transactions (present or future) between Customer and Wachovia (whether denominated in U.S. dollars or any other currency): interest rate swap transactions; interest rate option transactions (including any interest rate caps, collars or floors); spot or forward foreign exchange transactions; currency swap transactions; currency and interest rate swap transactions; cross-currency interest rate swap transactions; currency option transactions; any similar transactions, whether the settlement thereof is by an exchange of currencies, a payment in one currency (U.S. dollars or another currency), or otherwise; and any transactions which are either combinations of, or options on or relating to, any of the foregoing.

Account Debits & Credits. Customer hereby authorizes Wachovia to credit and debit each of the bank account(s) identified on the next page hereof or on additional pages attached hereto (each, an "Account") in the name of Customer for the purpose of: (1) crediting amounts due Customer from Wachovia under Exchange Transactions, and (2) paying amounts due Wachovia from Customer under Exchange Transactions. Customer agrees to review all such debits and credits made by Wachovia as reflected on Customer's monthly account statements and to promptly notify Wachovia in writing if Customer believes any error has been made in debiting or crediting an Account, or in failing to debit or credit an Account. In the case of any error, Wachovia shall, promptly after receiving such notice, correct such error by debiting or crediting an Account, as appropriate, in an amount equal to the difference between the amount, if any, incorrectly debited or credited and the correct amount to have been debited or credited. For any such debits, this authorization:

(i) is a right granted to, and not an obligation or duty imposed upon or undertaken by, Wachovia (except to correct amounts debited or credited in error), and it shall continue to be Customer's responsibility to meet all of its payment obligations to Wachovia under Exchange Products as and when the same shall become due, either by having sufficient funds in the time available in its accounts for debiting by Wachovia to cover such obligations or by making payments directly to Wachovia to cover such obligations as and when they become due, in either case without Wachovia being under any obligation whatsoever to notify Customer of any insufficiency of funds in any of Customer's accounts; and

(ii) shall continue in effect until such time as Wachovia receives written notice from Customer of termination of such debit authorization, provided that for any debits made prior to Wachovia's receipt of such notice, such authorizations and agreements shall survive such termination, provided further that if at any time Wachovia credits an Account in error, Wachovia shall continue to have the right to debit an Account for the amount credited in error.

Settlement Netting. In order to reduce the payment and settlement risks associated with multiple transactions, Customer agrees that if amounts due are due in the same currency (whether U.S. dollars or another currency) would be due by both parties in respect of the same payment or settlement date under two or more Exchange Transactions, Wachovia is authorized at any time and from time to time to net those amounts with the effect that the payment or settlement obligations of Customer and Wachovia in that currency will be discharged automatically for those Exchange Transactions, and if one party's payment or settlement obligation in that currency would have been greater, replaced by an obligation of such party to pay or deliver the difference to the other party on the relevant payment or settlement date. This netting authorization shall remain in effect for so long as any Exchange Transactions are outstanding and may not be amended or rescinded except with Wachovia's written consent.

Authorized and agreed:

Customer:    CASA DE CAMBIO MAJAPARA SA DE CV
             (Print Full Name of Corporation/Partnership/Limited Liability Company/Individual)

By:          _____                              (Affix Seal Here)
             (Signature)

             Name of person signing:   CARLOS ORTIZ MUÑOZ
                                        (Print or type name)

             Title or position:   DIRECTOR DE OPERACIONES
                                   (Print or type title)

Date:        Wednesday 08th 2006

(ACCOUNT(S) ARE IDENTIFIED ON NEXT PAGE OR ON ADDITIONAL PAGES)

DEC-11-2007 16:09 FROM:                                  TO:97043830575            P.6/13

03-09-06   02:10pm   From-Wachovia Bank, N.A.        704-374-2872     T-516  P.006/006  F-960

## Debit and Netting Authorization (continued)

Account(s) authorized to be debited and credited by Wachovia for Exchange Transactions:

Name of Bank:                 WACHOVIA BANK

Bank Account Number:          2000192304201

9 Digit ABA Routing Number:   026005092

Name on Bank Account:         CASA DE CAMBIO MAJAPARA SA DE CV

Signatures:
                              (All owners of account must sign)

Name of Bank:

Bank Account Number:

9 Digit ABA Routing Number:

Name on Bank Account:

Signatures:
                              (All owners of account must sign)

Name of Bank:

Bank Account Number:

9 Digit ABA Routing Number:

Name on Bank Account:

Signatures:
                              (All owners of account must sign)

Name of Bank:

Bank Account Number:

9 Digit ABA Routing Number:

Name on Bank Account:

Signatures:
                              (All owners of account must sign)

(IF ADDITIONAL ACCOUNT(S), ATTACH ADDITIONAL PAGES USING SAME FORMAT)

PAGE 6/6 * RCVD AT 3/9/2006 1:28:32 PM [Eastern Standard Time] * SVR:CLTFAXBS04/12 * DNIS:7150082 * CSID:704 374 2872 * DURATION (mm-ss):01-48

# Exhibit
# D

12/17/07 10:53 AM

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                    Date:              December 11, 2007
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal              Deal Source:         EFOREX

Deal Number:                          8348101
Sequence Number:                      0

Trade Date:                           December 05, 2007
Value Date:                           December 07, 2007

MAJAPARA CASA DE CAMBIO - MEXICO buys:    2,000,000.00      EUR
MAJAPARA CASA DE CAMBIO - MEXICO sells:   2,934,400.00      USD
Rate:                                     1.46720000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:      2,000,000.00       EUR
                        Account Name:      BAYERISCHE LANDESBK-MUNICH,
                                           GERMANY

                        Account Number:
                        Payment Method:    By Outgoing Wire Payment
                        Pay To:            BAYERISCHE HYPO-UND VEREINSBANK AG
                                           MUNICH GERMANY
                                           MUNICH GERMANY
                        Account:           /DE10700202705803611035
                        For Account Of:    MAJAPARA CASA DE CAMBIO SA DE CV
                        Intermediary Bank:
                        Sender to Receiver Information:



                        Detailed Information:
                                           BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:      2,934,400.00       USD
                        Account number:    PHILNY
                        Payment Method:    By Incoming International Payment
                        Pay to:            WACHOVIA BANK N.A.-NEW YORK

---

**Notify Wachovia Immediately If Not In Agreement:**

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.



**WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                           Date:          December 11, 2007
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal                   Deal Source:              EFOREX

    Deal Number:                                         8347911
    Sequence Number:                                     0

    Trade Date:                                          December 05, 2007
    Value Date:                                          December 07, 2007

    MAJAPARA CASA DE CAMBIO - MEXICO buys:               5,000,000.00          EUR
    MAJAPARA CASA DE CAMBIO - MEXICO sells:              7,332,500.00          USD
    Rate:                                                1.46650000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:          5,000,000.00          EUR
                Account Name:          BAYERISCHE LANDESBK-MUNICH,
                                      GERMANY

                Account Number:
                Payment Method:        By Outgoing Wire Payment
                Pay To:                BAYERISCHE HYPO-UND VEREINSBANK AG
                                        MUNICH GERMANY
                                        MUNICH GERMANY
                Account:               /DE10700202705803611035
                For Account Of:        MAJAPARA CASA DE CAMBIO SA DE CV
                Intermediary Bank:
                Sender to Receiver Information:

                Detailed Information:
                                    BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:          7,332,500.00          USD
                Account number:        PHILNY
                Payment Method:        By Incoming International Payment
                Pay to:                WACHOVIA BANK N.A.-NEW YORK

---

Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.



**WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:

December 11, 2007

Wachovia confirms the following:Spot Deal

Deal Source:          EFOREX

Deal Number:                     8347951
Sequence Number:                 0

Trade Date:                      December 05, 2007
Value Date:                      December 07, 2007

MAJAPARA CASA DE CAMBIO - MEXICO buys:      1,000,000.00      EUR
MAJAPARA CASA DE CAMBIO - MEXICO sells:     1,466,500.00      USD
Rate:                                       1.46650000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:        1,000,000.00      EUR
                          Account Name:     BAYERISCHE LANDESBK-MUNICH,
                                            GERMANY
                          Account Number:
                          Payment Method:   By Outgoing Wire Payment
                          Pay To:           BAYERISCHE HYPO-UND VEREINSBANK AG
                                            MUNICH GERMANY
                                            MUNICH GERMANY
                          Account:          /DE10700202705803611035
                          For Account Of:   MAJAPARA CASA DE CAMBIO SA DE CV
                          Intermediary Bank:
                          Sender to Receiver Information:


                          Detailed Information:
                                            BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:        1,466,500.00      USD
                          Account number:   PHILNY
                          Payment Method:   By Incoming International Payment
                          Pay to:           WACHOVIA BANK N.A.-NEW YORK

Notify Wachovia Immediately If Not In Agreement:

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:                    December 12, 2007

Wachovia confirms the following:Spot Deal

Deal Source:             EFOREX

| | |
|---|---|
| Deal Number: | 8348101 |
| Sequence Number: | 0 |
| | |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |
| | |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 2,000,000.00          EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 2,934,400.00          USD |
| Rate: | 1.46720000 |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:       2,000,000.00      EUR
                         Account Name:     BAYERISCHE LANDESBK-MUNICH,
                                           GERMANY

                         Account Number:
                         Payment Method:   By Outgoing Wire Payment
                         Pay To:           BAYERISCHE HYPO-UND VEREINSBANK AG
                                           MUNICH GERMANY
                                           MUNICH GERMANY
                         Account:          /DE10700202705803611035
                         For Account Of:   MAJAPARA CASA DE CAMBIO SA DE CV
                         Intermediary Bank:
                         Sender to Receiver Information:


                         Detailed Information:
                                           BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:       2,934,400.00      USD
                         Account number:   PHILNY
                         Payment Method:   By Incoming International Payment
                         Pay to:           WACHOVIA BANK N.A.-NEW YORK

| Notify Wachovia Immediately If Not In Agreement: |
|---|

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.



Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:                     December 11, 2007

Wachovia confirms the following:Spot Deal                     Deal Source:           EFOREX

| | |
|---|---|
| Deal Number: | 8347764 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 5,000,000.00   EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 7,333,000.00   USD |
| Rate: | 1.46660000 |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:     5,000,000.00     EUR
                       Account Name:    BAYERISCHE LANDESBK-MUNICH,
                                        GERMANY

                       Account Number:
                       Payment Method:   By Outgoing Wire Payment
                       Pay To:           BAYERISCHE HYPO-UND VEREINSBANK AG
                                         MUNICH GERMANY
                                         MUNICH GERMANY
                       Account:          /DE10700202705803611035
                       For Account Of:   MAJAPARA CASA DE CAMBIO SA DE CV
                       Intermediary Bank:
                       Sender to Receiver Information:




                       Detailed Information:
                                         BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:     7,333,000.00      USD
                       Account number:   PHILNY
                       Payment Method:   By Incoming International Payment
                       Pay to:           WACHOVIA BANK N.A.-NEW YORK

---

**Notify Wachovia Immediately If Not In Agreement:**

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:          December 11, 2007

Wachovia confirms the following:Spot Deal          Deal Source:          DIRECT

| | |
|---|---|
| Deal Number: | 8347811 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |

| | | |
|---|---|---|
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 5,000,000.00 | EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 7,338,000.00 | USD |
| Rate: | 1.46760000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

| | | |
|---|---|---|
| Wachovia Delivers: | 5,000,000.00 | EUR |
| | Account Name: | BAYERISCHE LANDESBK-MUNICH, GERMANY |
| | Account Number: | |
| | Payment Method: | By Outgoing Wire Payment |
| | Pay To: | BAYERISCHE HYPO-UND VEREINSBANK AG MUNICH GERMANY MUNICH GERMANY |
| | Account: | /DE10700202705803611035 |
| | For Account Of: | MAJAPARA CASA DE CAMBIO SA DE CV |
| | Intermediary Bank: | |
| | Sender to Receiver Information: | |

| | | |
|---|---|---|
| | Detailed Information: | |
| | | BO CASA DE CAMBIO MAJAPARA SA DE CV |
| Wachovia Receives: | 7,338,000.00 | USD |
| | Account number: | PHILNY |
| | Payment Method: | By Incoming International Payment |
| | Pay to: | WACHOVIA BANK N.A.-NEW YORK |

---

**Notify Wachovia Immediately If Not In Agreement:**

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.



Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                           Date:           December 11, 2007
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal                 Deal Source:          EFOREX

| | |
|---|---|
| Deal Number: | 8347860 |
| Sequence Number: | 0 |

| | | |
|---|---|---|
| Trade Date: | December 05, 2007 | |
| Value Date: | December 07, 2007 | |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 3,000,000.00 | EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 4,398,300.00 | USD |
| Rate: | 1.46610000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

| | | |
|---|---|---|
| Wachovia Delivers: | 3,000,000.00 | EUR |
| | Account Name: | BAYERISCHE LANDESBK-MUNICH, GERMANY |
| | Account Number: | |
| | Payment Method: | By Outgoing Wire Payment |
| | Pay To: | BAYERISCHE HYPO-UND VEREINSBANK AG MUNICH GERMANY MUNICH GERMANY |
| | Account: | /DE10700202705803611035 |
| | For Account Of: | MAJAPARA CASA DE CAMBIO SA DE CV |
| | Intermediary Bank: | |
| | Sender to Receiver Information: | |

| | | |
|---|---|---|
| | Detailed Information: | |
| | | BO CASA DE CAMBIO MAJAPARA SA DE CV |
| Wachovia Receives: | 4,398,300.00 | USD |
| | Account number: | PHILNY |
| | Payment Method: | By Incoming International Payment |
| | Pay to: | WACHOVIA BANK N.A.-NEW YORK |

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

    



Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:                December 12, 2007

Wachovia confirms the following:Spot Deal                Deal Source:            EFOREX

Deal Number:                            8348032
Sequence Number:                        0

Trade Date:                             December 05, 2007
Value Date:                             December 07, 2007

MAJAPARA CASA DE CAMBIO - MEXICO buys:   9,775.17        USD
MAJAPARA CASA DE CAMBIO - MEXICO sells:  11,000.00       CHF
Rate:                                    1.12530000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:       9,775.17              USD
                         Account Name:
                         Account Number:
                         Payment Method:
                         Pay To:

                         Account:
                         For Account Of:
                         Intermediary Bank:
                         Sender to Receiver Information:

                         Detailed Information:

Wachovia Receives:       11,000.00             CHF
                         Account number:
                         Payment Method:
                         Pay to:               Wachovia Bank, N.A.

Notify Wachovia Immediately If Not In Agreement:

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:                December 12, 2007

Wachovia confirms the following:Spot Deal                Deal Source:                REUTERS

Deal Number:                         2598310
Sequence Number:                     0

Trade Date:                          December 05, 2007
Value Date:                          December 07, 2007

MAJAPARA CASA DE CAMBIO - MEXICO buys:    103,124.86    USD
MAJAPARA CASA DE CAMBIO - MEXICO sells:   116,000.00    CHF
Rate:                                     1.12485000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:     103,124.86    USD
                       Account Name:
                       Account Number:
                       Payment Method:
                       Pay To:

                       Account:
                       For Account Of:
                       Intermediary Bank:
                       Sender to Receiver Information:

                       Detailed Information:

Wachovia Receives:     116,000.00    CHF
                       Account number:
                       Payment Method:
                       Pay to:            Wachovia Bank, N.A.

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:                    December 12, 2007

Wachovia confirms the following:Spot Deal            Deal Source:            EFOREX

Deal Number:                    8347914
Sequence Number:                0

Trade Date:                     December 05, 2007
Value Date:                     December 07, 2007

MAJAPARA CASA DE CAMBIO - MEXICO buys:      7,000.00        CHF
MAJAPARA CASA DE CAMBIO - MEXICO sells:     6,218.90        USD
Rate:                                       1.12560000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:       7,000.00        CHF
                         Account Name:
                         Account Number:
                         Payment Method:
                         Pay To:


                         Account:
                         For Account Of:
                         Intermediary Bank:
                         Sender to Receiver Information:




                         Detailed Information:


Wachovia Receives:       6,218.90        USD
                         Account number:
                         Payment Method:
                         Pay to:          Wachovia Bank, N.A.

---

Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

# EXHIBIT B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2007L13958 |
| v. ) | |
| ) | |
| CASA DE CAMBIO MAJAPARA S.A. de C.V., ) | |
| a.k.a. Majapara Casa de Cambio S.A. de C.V., ) | |
| and JOM CORPORATION OF ILLINOIS ) | |
| ) | |
| Defendants, ) | |
| ) | |
| Harris N.A., a National Association, ) | |
| ) | |
| Garnishee. ) | |

**COMPLAINT**

Plaintiff Wachovia Bank, N.A. ("Wachovia") brings this action against Defendants Casa de Cambio Majapara S.A. de C.V. a.k.a. Majapara Casa De Cambio S.A. de C.V. ("Majapara") and JOM Corporation of Illinois ("JOM"). As grounds therefore, Plaintiff states as follows:

**PRELIMINARY STATEMENT**

1.     This action arises from Majapara's misappropriation of over $38 million (US$) of Wachovia's money relating to a series of foreign exchange spot transactions between the parties. Foreign exchange spot transactions, due to their frequency, the speed at which the transactions are agreed and closed, and the manner in which funds are simultaneously exchanged, are founded upon trust. Majapara, however, abused that trust -- a trust that was established through years of currency trading with Wachovia -- to plunder more than $38 Million from Wachovia.

2.     Majapara's action was not a mere renege on a multi-million dollar transaction wherein Majapara returned Wachovia's property when it realized it could not complete the foreign currency exchange. Subsequent conversations with Majapara make it apparent that

Majapara never intended to honor its commitments but, instead, had decided to wrongfully keep

Wachovia's money and abscond with it. In these after-the-fact conversations, Majapara admitted

to Wachovia that, at the time it accepted Wachovia's funds, Majapara was illiquid, that it had

engaged in illicit activities in relation to its foreign exchange transactions, and threatened that, if

Wachovia took any steps to enforce its rights, Wachovia's judgment would be uncollectible.

Through this action for breach of contract, promissory estoppel, unjust enrichment, fraud, and

alter ego liability, Wachovia seeks a judgment against Majapara and JOM Corporation of Illinois

(as alter ego of Majapara) for $24,711,845 (the amount of Wachovia's loss less offsets currently

obtained), plus prejudgment interest and costs.

## PARTIES AND JURISDICTION

3.     Plaintiff Wachovia is a national banking association with its principal place of

business in Charlotte, North Carolina. Wachovia has offices in Illinois.

4.     Upon information and belief, Defendant Majapara is a Mexican corporation with its

principal place of business in Mexico City, Mexico. Upon information and belief, Defendant

Majapara utilizes a bank account at a Chicago branch of Harris N.A. to transact business and it

transacts business in Illinois on a continuous and systematic basis. Further, upon information

and belief, Defendant Majapara transacts business on a continuous and systematic basis through

an alter ego, Defendant JOM Corporation of Illinois ("JOM"), which is or was an Illinois

corporation with its principal place of business at 3506 W. 26th Street in Chicago, Illinois.

5.     Upon information and belief, JOM voluntarily dissolved on or about December 29,

2006, but still transacts business. Upon information and belief, JOM transacts business as

Majapara.

6.     Upon information and belief, Garnishee Harris N.A. ("Harris Bank") is an Illinois

-2-

national banking association with its principal place of business in Chicago, Illinois.

7.    Jurisdiction is appropriate in this case pursuant to 735 ILCS 5/2-209.

8.    Venue is appropriate in this case pursuant to 735 ILCS 5/2-101 because Defendant JOM is an Illinois corporation who, upon information and belief, has or had its principal place of business in Cook County and part of the transactions herein arose in Cook County.

## FACTS COMMON TO ALL COUNTS

### The Majapara Relationship With Wachovia

9.    Starting in or about 1998, Majapara and First Union National Bank ("First Union"), a predecessor to Wachovia, agreed to enter into foreign exchange transactions together. In these transactions, Majapara would agree to purchase from First Union a certain amount of one currency in exchange for Majapara selling to First Union an equivalent amount of another currency at the applicable exchange rate.

10.    In order to facilitate Majapara and First Union entering into these currency exchange transactions, on or about April 6, 2000, Majapara and First Union entered into a First Union Online FX Subscription Agreement (the "FX Subscription Agreement"), a copy of which is attached hereto as Exhibit A. Pursuant to the FX Subscription Agreement, Majapara was permitted to execute foreign exchange transactions with First Union electronically through First Union's foreign exchange website. This, however, was not the exclusive method for the parties to enter into foreign exchange spot transactions.

11.    Effective April 1, 2002, Wachovia merged into and under the charter of First Union with the resulting title of Wachovia Bank, National Association. As a result of the merger, First Union changed its name to Wachovia Bank, National Association. As a result of the merger, the FX Subscription Agreement was assigned to Plaintiff Wachovia.

– 3 –

**The Foreign Exchange Transactions At Issue**

12.    On or about December 5, 2007, Majapara and Wachovia agreed to a series of seven
(7) transactions, all of which were to settle on December 7, 2007, whereby Wachovia would
deliver an aggregate of 26 million Euros to Majapara and Majapara would deliver an aggregate
of $38,132,700 to Wachovia.  These transactions required Majapara to transfer dollars directly to
Wachovia at a Wachovia-owned New York account.  Six (6) of the transactions were executed
on Wachovia's foreign exchange internet website.  One (1) of the transactions was executed over
the telephone.  Copies of the confirmations for these transactions are attached hereto as Exhibit
B.

13.    Pursuant to these seven (7) foreign exchange agreements, on December 7, 2007,
Wachovia sent 26 million Euros to Majapara.  Majapara failed to deliver the agreed upon
$38,132,700.00 to Wachovia, as required, on December 7, 2007.

14.    On or about December 13, 2007, the General Director of Majapara admitted that
Majapara is obligated to provide the agreed upon currency to Wachovia.

15.    Despite its failure to pay Wachovia for the over $38 million worth of Euros that
Wachovia sent to Majapara, Majapara tried to place additional trades with Wachovia on
December 7, 2007, knowing that it could not cover such additional trades or its existing
obligation to deliver the dollars.  Wachovia was able to stop such additional trades from being
executed.

16.    Moreover, on December 11, 2007, after refusing to pay Wachovia over $38 million
for the exchange, Majapara sought to drain an account held at Wachovia by attempting to
transfer over $9 million out of that account.

17.  By opening an account at Wachovia, Majapara agreed to Wachovia's Terms & Conditions for Global Financial Institutions, which, under its terms, grants Wachovia setoff rights.  See Terms and Conditions, attached hereto as Exhibit C.  Through its setoff rights, Wachovia was able to secure $13,420,155, which came into Majapara's accounts at Wachovia, but has not been able to recover the remaining amount Wachovia is owed.  Some of the amount recovered represents conditional credit that may be subject to reduction by reason of return of items (in this case, checks) for which this credit was given (see next Paragraph).

18.  Majapara also maintains five (5) U.S. dollar accounts at Wachovia.  As to each of these accounts, Wachovia has contingent residual exposure to cover returned items in the federal check clearing program.  Majapara is obligated to reimburse Wachovia for these amounts, but has now stated it is unable to and will not meet its financial obligations.  This liability has averaged $3.3 million per month for the last several months.

## JOM Is The Alter Ego Of Majapara

19.  JOM is or was an Illinois corporation which, upon information and belief, had its principal place of business in Chicago, Illinois.

20.  Illinois Secretary of State records show that JOM was voluntarily dissolved on or about December 29, 2006.  A copy of the Secretary of State records is attached hereto as Exhibit D.

21.  Upon information and belief, JOM and Majapara have common officers and/or directors.

22.  Upon information and belief, "JOM" stands for "Jorge Ortiz Munoz," who is Majapara's Chairman and CEO.

-5-

23.    Upon information and belief, JOM and Majapara have one or more common owners and/or JOM is a subsidiary of Majapara.

24.    According to the Illinois Secretary of State records, JOM used the Assumed Name of "Majapara-Chicago."

25.    Although JOM was dissolved approximately a year ago, upon information and belief, it is still engaging in business.

26.    In fact, in October and November 2007, JOM (a dissolved corporation according to Illinois Secretary of State records) transferred $5,615,666 from its Harris Bank account (entitled, upon information and belief, "JOM Corp of Illinois DBA Majapara-Chicago) directly to a Majapara account at Wachovia.

27.    Documentation reflecting one such recent transfer from JOM to Majapara is attached at Exhibit E.

28.    Upon information and belief, JOM is an alter ego of Majapara and JOM's assets, accordingly, can be utilized to satisfy Majapara's debts to Wachovia.

## COUNT I

### (Breach of Contract Against Majapara)

29.    Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

30.    As set forth above, Wachovia entered into a series of currency exchange agreements with Majapara.

31.    Majapara breached those agreements by failing to deliver the currency as agreed upon by the parties.

32.    Wachovia has fulfilled its obligations under the agreements.

33.   As a result of Majapara's breaches, Wachovia has suffered damage in the amount of not less than $24,711,845.00, plus interest, plus the amount of any contingent residual exposure as set forth in Paragraph 18 above.

## COUNT II

### (Promissory Estoppel Against Majapara – Alternate Count)

34.   Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

35.   In the event it is found that no oral or written contract existed between Majapara and Wachovia in relation to the seven (7) foreign exchange spot transactions at issue here, equity intervenes, creating the necessary consideration to support an agreement requiring Majapara to pay Wachovia not less than $24,711,845 in return for accepting currency from Wachovia.

36.   Majapara promised to deliver certain currency to Wachovia in return for Wachovia delivering certain currency to Majapara.

37.   In reliance on Majapara's agreement to deliver certain currency to Wachovia, Wachovia delivered approximately $38 million worth of currency to Majapara.

38.   Wachovia has requested the funds from Majapara.

39.   To date Majapara has not provided the required currency to Wachovia.

40.   Wachovia, however, has been able to obtain certain Majapara funds and offset the amount owed by $13,420,155 (subject to reduction for the reasons set forth in Paragraph 18 above).

41.   Wachovia has no adequate remedy at law.

42.   As a result, Majapara has been unjustly enriched to the detriment of Wachovia.

## COUNT III

### (Unjust Enrichment Against Majapara – Alternate Count)

43.   Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

44.   In the event it is found that no oral or written contract existed between Majapara and Wachovia in relation to the seven (7) foreign exchange transactions at issue here, equity would still require Majapara to pay Wachovia an amount not less than $24,711,845 in return for accepting currency from Wachovia.

45.   Majapara promised to deliver certain currency to Wachovia in return for Wachovia delivering certain currency to Majapara.

46.   In reliance on Majapara's agreement to deliver certain currency to Wachovia, Wachovia delivered approximately $38 million worth of currency to Majapara.

47.   Majapara did not deliver any currency to Wachovia.

48.   Wachovia, however, has been able to obtain certain Majapara funds and offset the amount owed by $13,420,155 (subject to reduction for the reasons set forth in Paragraph 18 above).

49.   Wachovia requested that Majapara deliver the currency it is owed.

50.   To date, Majapara has neither delivered the required currency to Wachovia, nor returned return the currency Wachovia sent to it.

51.   Majapara has unjustly retained this benefit to the detriment of Wachovia.

52.   Majapara's retention of this benefit violates fundamental principles of justice, equity and good conscience.

53.   Wachovia has no adequate remedy at law.

## COUNT IV

### (Fraud Against Majapara)

54. Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

55. As set forth above, on or about December 5, 2007, Majapara and Wachovia entered into a series of seven (7) currency exchange transactions.

56. Pursuant to the parties' agreement, in exchange for the delivery of 26 million Euros from Wachovia, Majapara agreed to deliver $38,132,700 (US$) to Wachovia.

57. Upon information and belief, at the time Majapara entered into the December 5, 2007 agreement and at the time it accepted Wachovia's funds, it knew it was illiquid and insolvent and incapable of performing its obligations under the parties' agreement.

58. Notwithstanding its knowledge, Majapara represented to Wachovia that it would deliver $38,132,700.00 (US$) to Wachovia to settle the transactions. Upon information and belief, at the time of the transactions, Majapara knew it would not deliver the required currency and was acting under a present intent to deceive Wachovia and abscond with its funds. Its representations to Wachovia were false and materially misleading. In forwarding the funds to Majapara, Wachovia had the right to rely on Majapara's representations.

59. Majapara's fraudulent intent was confirmed in conversations Wachovia subsequently had with representatives of Majapara.

60. For example, on or about December 13, 2007, Carlos A. Perez, a Managing Director of Wachovia, spoke with Jorge Ortiz Munoz, the Chairman and CEO of Majapara by telephone, and Mr. Ortiz acknowledged that Majapara, prior to settlement of the transactions, knew that it was experiencing "a liquidity crisis." Mr. Ortiz stated that Majapara had received Wachovia's Euros and lent the money to third parties. When Mr. Perez confronted Mr. Ortiz

– 9 –

concerning the transaction and the illegality of Majapara's actions since, as a Casa de Cambio, under Mexican law Majapara is not permitted to make loans, Mr. Ortiz responded, "I recognize that I have done something that is not permitted."

61.   Due to Majapara's "liquidity crisis" and other impermissible activities relating to its currency transactions, Majapara did not have sufficient funds to complete the exchange with Wachovia.   Majapara nonetheless accepted Wachovia's funds, knowing that it would be incapable of repaying the funds to Wachovia.

62.   Majapara then claimed to have used some or all of the Wachovia funds to engage in impermissible lending transactions and otherwise dissipated the assets received from Wachovia, all the while failing to fulfill its immediate obligation to transfer over $38 million to Wachovia.

63.   Wachovia entered into the transactions and delivered 26 million Euros to Majapara in reasonable reliance upon Majapara's representations that it was going to deliver the requisite currency.

64.   As a result of Majapara's fraud, Wachovia has been damaged in an amount to be determined at trial, but not less than $24,711,845.

## COUNT V

## (Breach of Contract/Anticipatory Repudiation  Against Majapara)

65.   Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

66.   As set forth above, Majapara maintains five (5) US dollar accounts at Wachovia. Under these accounts, Wachovia has contingent residual exposure to cover returned items in the federal check clearing program -- this contingent liability is a continuing concern.  In this regard, Wachovia is entitled to immediate reimbursement from Majapara for the amounts Wachovia is required to pay out.

67. Over the last several months, this liability has averaged $3.3 million per month.

68. So far this month, Wachovia has already had to cover certain residual liabilities for which Majapara, in breach of its agreements with Wachovia, has not reimbursed Wachovia. As a result, Majapara breached the parties' agreement and is indebted to Wachovia.

69. Additionally, Majapara has already stated to Wachovia that it is illiquid and unable to satisfy its obligations owed to Wachovia. Accordingly, Majapara has anticipatorily breached and/or repudiated its agreements with Wachovia by stating it will not be immediately reimbursing Wachovia for these obligations now or when they come due.

70. Wachovia has performed all of its obligations under its agreements with Majapara.

71. Consequently, Wachovia has been damaged by Majapara's breach of the parties' agreement and will continue to be damaged by Majapara's anticipatory breach of the parties' agreement in an amount to be determined at trial.

## COUNT VI

### (Alter Ego Liability Against JOM)

72. Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

73. Upon information and belief, there is a such unity of interest and ownership between Majapara and JOM that the separate corporate personalities should no longer be recognized.

74. Adherence to the fiction of separate corporate existence would sanction fraud or promote injustice upon creditors, such as Wachovia.

75. Upon information and belief, JOM is the alter ego of Majapara.

76. As the alter ego of Majapara, JOM is liable to Wachovia for Majapara's liability to Wachovia under this Complaint.

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants Majapara and JOM and for an order as follows:

(i)     On the First, Second, Third, and Fourth Causes of Action, monetary damages in an amount to be determined at trial, but not less than $24,711,845.00, plus prejudgment interest;

(ii)     On the Fifth Cause of Action, monetary damages in an amount to be determined at trial, plus prejudgment interest;

(iii)     On the Sixth Cause of Action, monetary damages, plus prejudgment interest, against JOM under Counts One through Five to the same extent as Majapara as the alter ego of Majapara;

(iv)     Punitive damages in connection with the Fraud account against both defendants;

(v)     An award of costs, expenses and attorneys' fees attendant to this action; and

(vi)     Such other and further relief as this Court deems just and proper.

Dated: December 17, 2007

Respectfully submitted,
WACHOVIA BANK, N.A.
Plaintiff,

By: _____
One of Its Attorneys

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000
Firm I.D. # 43456
Attorneys for Plaintiff

- 12 -

# EXHIBIT C

Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WACHOVIA BANK, National Association,    :

          Plaintiff,    :

      - against -    :                 Civil Action No. __

MAJAPARA CASA DE CAMBIO S.A. de C.V.,    :

          Defendants.    :
------------------------------------------------------------X

## DECLARATION OF CARLOS A. PEREZ

Carlos A. Perez, declares as follows:

1.    I am the Managing Director, Americas Group, Global Financial Institutions & Trade Services for Wachovia Bank, National Association ("Wachovia"). I am fully familiar with the facts set forth herein, and submit this declaration pursuant to 28 U.S.C. §1746, in support of Wachovia's instant application for the award of a pre-judgment attachment and temporary restraints.

### Introduction

2.    This is a case that arises out of foreign exchange spot transactions involving more than $70 million (US$) in currency being exchanged between Wachovia and defendant Majapara Casa De Cambio S.A. de C.V. ("Majapara"). The gist of the transaction was that Wachovia would deliver to Majapara 26 million Euros and in exchange Majapara would deliver more than $38 million (US$) to Wachovia's account here in New York. Wachovia delivered the 26 million Euros to Majapara's account, but Majapara never delivered the $38-plus million (US$) to

Wachovia. Not only did Majapara renege on the agreed upon transactions, but it then absconded with Wachovia's money. Thereafter, Majapara admitted to Wachovia that it was now illiquid, that it has engaged in illegal loans in relation to its foreign exchange transactions, and if Wachovia took any steps to enforce their rights, Wachovia would not recover a single dollar. As a result, Wachovia now commences this action to recover the money wrongfully taken by Majapara, as well as make the instant application for pre-judgment attachment of certain Majapara assets believed to be located here in New York.

3.     The instant application should be granted because Majapara is a non-domiciliary, has admitted it is illiquid, engaged in inappropriate business activities, and indicated that if Wachovia commences any action Majapara will ensure Wachovia will not be able to recover upon its judgment. Plus, there is an exceedingly strong likelihood that Wachovia will succeed on its claims herein: the deal was to exchange currencies – Wachovia did; Majapara did not.

## Foreign Currency Exchanges

4.     Wachovia provides a platform for its customers to trade foreign currencies. The amounts swapped are usually in significant amounts and the off-setting exchanges are done simultaneously. Foreign Exchange contracts are trading contracts that involve minimum documentation. It is the nature of foreign exchange contracts that each counterparty must transmit funds trusting the other to do so simultaneously. Such contracts therefore involve a great deal of trust on each side. A party to a foreign exchange transaction who fails to settle as required is thereby rendered untrustworthy and not deemed suitable for further transactions of this nature. Should such information become public, this party would be unable to engage in such transactions with any substantial institution. Given that foreign exchange is the foundation of Majapara's business, it would not have defaulted under its contract absent substantial economic difficulties, and its default is likely to spell its doom.

## The Majapara Relationship With Wachovia

5.      Majapara is a Mexican corporation and does not maintain any offices in New York. Majapara is in the business of retail and wholesale foreign exchange.

6.      In the late 1990's, Majapara and First Union National Bank ("First Union") (a predecessor to Wachovia) agreed to enter into foreign exchange transactions. As mentioned above, in these transactions, Majapara would agree to purchase from First Union a certain amount of one currency in exchange for Majapara selling to First Union an equivalent amount of another currency at the applicable exchange rate.

7.      In order to facilitate these exchange transactions, on or about April 6, 2000, Majapara and First Union entered into a First Union Online FX Subscription Agreement ("FX Subscription Agreement"), a copy of which is attached to the Complaint as Exhibit A. Pursuant to this FX Subscription Agreement, Majapara was permitted to execute foreign exchange transactions with First Union electronically through First Union's foreign exchange website. The FX Subscription Agreement was not the parties' exclusive method for entering into foreign exchange transactions.

8.      In 2002, First Union and Wachovia merged.

9.      In some of the foreign exchange transactions between Majapara and Wachovia, Wachovia would deliver currency to Majapara to an account designated by Majapara. On that same day, Majapara would transfer the agreed upon counter-currency into a Majapara account maintained by Wachovia in New York (the "Majapara NY Account"). Upon the opening of the Majapara NY Account, Wachovia's Terms & Conditions For Global Financial Institutions ("Wachovia's Terms & Conditions"), amongst other documents, governed all of the parties'

business relationships and dealings. A copy of Wachovia's Terms & Conditions is annexed hereto as Exhibit A.

10.    Wachovia would then debit the currency from the Majapara NY Account. The authorization for this procedure was documented in a December 10, 2003 letter, in Spanish, from Majapara to Wachovia. A copy of which is attached to the Complaint as Exhibit B. I speak and read Spanish fluently and the note translates as: "In relation to the transactions done with yourselves through Online FX; we authorize you to debit and credit our account number NY2000192304201 held with yourselves."

11.    In or about March 2006, Majapara signed a Debit and Netting Agreement that gave Wachovia the same authority to credit and debit the same Majapara Account. A copy of this document is attached to the Complaint as Exhibit C.

### The Foreign Exchange Transactions At Issue

12.    On or about December 5, 2007, Majapara and Wachovia agreed to do a series of seven (7) transactions, all of which were to be settled on December 7, 2007. Six (6) of those transactions were executed on Wachovia's foreign exchange internet website. One (1) of the transactions was executed through an interface system operated by Reuters to which both Majapara and Wachovia have access. A copy of wire transfer confirmations for each of these transactions is attached to the Complaint as Exhibit D. As detailed on those confirmations, Majapara was to deliver all of the counter-currency (US$) into its Majapara NY Account. Wachovia was to then simply debit that New York account.

13.    Pursuant to the parties' agreement, the seven (7) foreign exchange transactions were to close on December 7, 2007. Accordingly, on December 6, 2007, Wachovia sent 30,300,000 Euros, $112,900.03 and 7,000 Swiss Francs to Majapara's account in Munich,

- 4 -

Germany. Even though they had just entered into the deals the prior day (December 5, 2007),

Majapara did not deliver the agreed upon $38,737,100, 127,000 Swiss Francs and $6,218.90 to

Wachovia, as required, so that the transactions could settle on December 7, 2007.

14.    To date, Majapara has not transferred any amount owed pursuant to these

exchange transactions.

15.    On December 11, 2007, however, as was its right under Wachovia's Terms &

Conditions, Wachovia was able to secure, as an offset to the debt owed, $9,460,000 Majapara

attempted to transfer out of Wachovia to a Majapara account located in Citibank in New York.

Accordingly, the total debt owed by Majapara to Wachovia is reduced based upon this offset.

Wachovia was also able to secure an additional $3,960,155.00 in offset funds against the amount

owed by Majapara. The total debt owed from those transactions is $24,711.845.00.

### Majapara Is Illiquid And Intends to Frustrate Wachovia's Recovery Herein

16.    After Majapara defaulted, my department made contact with Majapara to demand

payment and to get an explanation why it did not pay Wachovia as it was required to do. On

Thursday, December 13, 2007, at approximately 9:52 am Eastern, I spoke by telephone with

Jorge Ortiz, Majapara's Chairman and CEO. I know Mr. Ortiz well and have met with him and

spoken to him many times. I was joined in the telephone call by Juanita Gomez, a Vice

President in my group who is our Mexico representative.

17.    I asked Mr. Ortiz in our call what Majapara did with Wachovia's money. Mr.

Ortiz acknowledged and admitted that Majapara was obligated to provide the agreed upon

currency to Wachovia and owed Wachovia over $30 million. He then stated that Majapara had

received Wachovia's Euros and used them for other purposes because it was experiencing "a

liquidity crisis."

18.     I then asked him if he lent the money to third parties. He said "yes." I said,

"That's not legal." He said: "I recognize that we have done something that is not permitted" --

Majapara is a Mexican "Casa de Cambio," a company in the business of currency exchange,

such as exchanging Mexican pesos for dollars, and as such, under Mexican law, is not permitted

to make loans.

19.     I then asked Mr. Ortiz when Majapara would be able to repay Wachovia. He said

that he "needed time to collect the money from others who he had lent Wachovia's money to."

He said Majapara "would need two months to collect." Based on this conversation, it is my

belief that Majapara engaged in a fraud with respect to the foreign exchange spot transactions

Majapara engaged in with Wachovia. Due to its "liquidity crisis," Majapara did not have

sufficient funds to complete the exchange with Wachovia and to engage in the other lending or

other activities.

20.     Based upon Majapara's recent statements, it knew of its condition prior to the

Wachovia transactions closing, but, nonetheless, accepted Wachovia's funds, knowing that it

would not have the funds to repay Wachovia at the close. Majapara then used Wachovia's funds

to engage in illegal lending transactions and otherwise dissipated the assets received from

Wachovia, all the while failing to fulfill its immediate obligations to transfer over $38 million to

Wachovia.

21.     Mr. Ortiz told me that if Wachovia took legal action against Majapara, Wachovia

would end up with nothing.

### New York Bank Accounts

22.     Being the relationship manager for Majapara, I am aware of a bank account

Majapara maintains (or did maintain) at Citibank located in New York City. The account

- 6 -

number is 36254838. I also have a good faith belief that Majapara maintains (or maintained) bank accounts at other banks in New York as well. Those banks are JP Morgan Chase and Bayerische Hypo- und Vereinsbank, AG.

### Undertaking

23.    Wachovia stands ready to secure a bond (or any other acceptable undertaking to the Court) in an amount set by this Court. Wachovia respectfully requests that the amount of any undertaking be set upon identification of the actual amount to be attached and then in a reasonable amount.

24.    No prior application for the relief requested herein has been made to this or any Court

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of December, 2007.

Carlos A. Perez



ELENA PEREZ CAPIRO
MY COMMISSION # DD 705363
EXPIRES: August 15, 2011
Bonded Thru Notary Public Underwriters

- 7 -

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**CASA DE CAMBIO MAJAPARA S.A. de C.V., a.k.a.** )<br>**Majapara Casa de Cambio S.A. de C.V.** and **JOM** )<br>**CORPORATION OF ILLINOIS,** )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>**Harris N.A., a National Association,** )<br>)<br>Garnishee. ) | Case No. 08 CV 170<br><br>Honorable Amy J. St. Eve |

**JOINT INITIAL STATUS REPORT**

Plaintiff Wachovia Bank, National Association ("Wachovia") and Defendant Casa de Cambio Majapara S.A. de C.V. ("Majapara") hereby submit this Joint Initial Status Report.

1.    The Nature of the Case

    A.    The Attorneys of Record

Plaintiff Wachovia Bank, National Association ("Wachovia") is represented by Barry S. Rosen (lead trial attorney), Michael D. Richman and Michael S. Leib of Reed Smith LLP.

Defendant Casa de Cambio Majapara S.A. de C.V. ("Majapara") is represented by Celiza P. Bragança (lead trial attorney) and Thomas D. Brooks of Sperling & Slater, P.C.

In the Circuit Court of Cook County case, Robert C. Samko of Robert C. Samko P.C. filed a "special and limited appearance" on behalf of JOM Corporation (as opposed to JOM Corporation of Illinois), and represented to the Court that JOM Corp. is "the sole successor in interest to JOM Corporation of Illinois". Wachovia does not concede the accuracy of this representation.

Harris N.A., as garnishee, has not filed an appearance.

B.    The basis for federal jurisdiction

On January 8, 2008, Defendant Majapara filed a Notice of Removal in this Court asserting federal jurisdiction based upon the following:

> 8.    Defendant hereby removes this case pursuant to 28 U.S.C. §§ 1441(a) and 1331, and 12 U.S.C. § 632, in that this is a suit (i) of a civil nature at common law or in equity to which Wachovia, which is organized under the laws of the United States, is a party; and (ii) arising out of transactions involving international or foreign banking, or out of other international or foreign financial operations, and as such is deemed to arise under the laws of the United States.

> 9.    Defendant hereby removes this case pursuant to 28 U.S.C. §§ 1441(b) and 1332, in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

Wachovia does not concede the accuracy of these statements.  Further, by filing this Joint Statement, Wachovia does not waive its right, and expressly reserves its right, to file a motion for remand.

C.    The nature of the claims asserted in the complaint

Wachovia's claims (this subsection is solely the views of Wachovia)

Wachovia asserts that Majapara misappropriated over $38 million (US$).  On or about December 5, 2007, Majapara and Wachovia agreed to a series of seven (7) foreign exchange transactions, all of which were to settle on December 7, 2007, whereby Wachovia would deliver an aggregate of 26 million Euros to Majapara and Majapara would deliver an aggregate of $38,132,700 to Wachovia.  On December 7, 2007, Wachovia sent 26 million Euros to Majapara, but Majapara failed to deliver the agreed upon $38,132,700 to Wachovia, as required.  According to its set-off rights, Wachovia was able to secure $13,420,155, which came into Majapara's accounts at Wachovia, but has not been able to recover the remaining amount Wachovia is owed.  Wachovia brings claims of breach of contract, promissory estoppel (alternate count), unjust enrichment (alternate count), and fraud for $24,711,845, as well as a claim of breach of contract/anticipatory repudiation for Majapara's failure to repay Wachovia for covering returned items in a federal check clearing program.  Wachovia also brings an alter ego liability claim against JOM Corporation of Illinois seeking to hold it liable to Wachovia for Majapara's liability to Wachovia under the Complaint.[1]

---

[1] [Wachovia's position] In the Notice of Removal, Defendant Majapara states that, in the state court, "plaintiff filed a motion to add JOM as a defendant that was not, in fact, granted." This statement is not accurate.  A copy of the Order granting Wachovia's Motion for Leave to Add JOM Corporation of Illinois as a defendant to the caption of the case can be found in the attachments to the Notice of Removal.  For convenience sake, a copy of the Order is attached hereto as Exhibit A.

In the Circuit Court of Cook County, Wachovia secured an Order for Attachment (not a temporary restraining order or preliminary injunction) against:

> "Any and all bank accounts or other property of any kind upon which Majapara Casa de Cambio S.A. de C.V. has an interest that is held at, maintained by, or in the custody or possession of Harris N.A. (d/b/a Harris Bank), including but not limited to Account Number 2004919, up to a total aggregate amount of $12.5 million (US$)."

<u>Majapara's view (this subsection is solely the view of Majapara)</u>

Majapara intends to assert counterclaims for damages arising out of, *inter alia*, Wachovia's wrongful conduct in abruptly terminating Majapara without notice and its wrongful conduct in knowingly or recklessly making unfounded and untrue accusations that Majapara engaged in fraud, had stolen Wachovia funds, and intended to move funds out of Wachovia's reach.

Despite the fact that Majapara had been a customer in good standing with Wachovia for over ten years, Wachovia abruptly cut off Majapara's foreign exchange (FX) banking relationship. Wachovia did not cut off Majapara because of anything Majapara did, but for reasons completely unrelated to Majapara. As a result of this abrupt termination of its FX account, Majapara required additional time to settle FX transactions with Wachovia.

Despite knowing that it was Wachovia's abrupt termination of its FX business relationship with Majapara that caused Majapara to be unable to settle the $38 million in transactions with Wachovia, Wachovia sought *ex parte* injunctions and attachments from two Courts – alleging that Majapara had engaged in fraud and theft. On December 14, 2007, Wachovia sought *ex parte* prejudgment relief from both the Circuit Court of Cook County and the U.S. District Court for the Southern District of New York. Thus, Majapara was subjected to prejudgment injunctions and attachments without having the opportunity to inform either Court of important facts demonstrating that Wachovia's accusations were, and are, simply not true.

Majapara intends to file counterclaims seeking to recover damages of over $100 million that Majapara suffered as a result of Wachovia's wrongful conduct.

    D.    <u>State the major legal and factual issues in the case</u>

<u>Wachovia's view (solely the view of Wachovia)</u>

Wachovia believes there are no legal or factual issues in relation to Majapara's liability to Wachovia, and, in fact, Majapara has admitted to Wachovia in writing that it is liable to pay Wachovia. Wachovia expects its entitlement to punitive damages to be an issue in the case, although it will not know until Majapara answers the Complaint. As for JOM Corporation of Illinois' liability for alter ego liability, Wachovia expects discovery to focus on JOM Corporation of Illinois' alleged merger into JOM Corp., as well as JOM Corporation of Illinois' exact relationship with Majapara. Additional legal and factual issues may become apparent after the Defendants answer the Complaint.

Majapara's view (solely the view of Majapara)

Majapara is in the process of preparing counterclaims and a response to Wachovia's complaint. *See* Majapara's view under Section C above.

E.    The relief sought

Relief already obtained by Wachovia

Majapara's position (solely the view of Majapara)

Wachovia has already obtained an *ex parte* prejudgment order of attachment from the Circuit Court of Cook County. (Wachovia obtained additional *ex parte* prejudgment relief from the U.S. District Court for the Southern District of New York including a preliminary injunction against Majapara (a Mexican company with no operations in the United States) and another order of attachment.) Wachovia obtained its Illinois order of attachment of a Majapara account at Harris Bank without notice to Majapara.

In addition to obtaining an *ex parte* order of attachment from the Circuit Court of Cook County, Wachovia also obtained (on December 17) an *ex parte* TRO against JOM Corporation of Illinois, an entity that no longer exists as a result of a statutory merger in 2006 with JOM Corporation. JOM Corporation is not a defendant in this action. On December 20, Wachovia consented to the Court entering an order specifying that the TRO did not apply to JOM Corporation. On December 27, the Court entered an Order providing that the TRO was no longer in effect as a result of Wachovia's electing not to seek a preliminary injunction hearing.

On December 14, in the New York action, Wachovia obtained an "Order to Show Cause" providing that, "pending the hearing and determination of this motion, Majapara, shall be and hereby is enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing any of its assets." Wachovia was not entitled to such relief as, among other things, Majapara is a Mexican corporation located in Mexico City, Mexico with no operations whatsoever in the United States and Wachovia seeks only monetary damages. Wachovia subsequently obtained an order of attachment with an injunction from the Court at a December 20 show-cause hearing. Majapara was not present at the show-cause hearing because it had not received notice that the date was changed from December 21 to 20. Thus, the Court entered an Order of Attachment prepared by Wachovia's counsel which, among other things, made findings that Wachovia had a cause of action "for a money judgment;" ordered that certain Majapara bank accounts be attached; and provided that Majapara be "enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing of any of its assets." Majapara also has learned that Wachovia has obtained a freeze of its bank account with the Royal Bank of Canada on the basis of this prejudgment order.

Wachovia's position (solely the view of Wachovia)

Wachovia obtained an ex parte prejudgment order of attachment from the Circuit Court of Cook County. The ex parte order of attachment was obtained against all bank accounts or other property of any kind upon which Casa de Cambio Majapara S.A. de C.V. "has an interest that is held at, maintained by, or in the custody or possession of Harris N.A. (d/b/a Harris Bank) . . .."

- 4 -

In addition to obtaining an ex parte order of attachment from the Circuit Court of Cook County, on December 17, Wachovia moved to add JOM Corporation of Illinois as a Defendant. This Motion was granted and JOM Corporation of Illinois was added as a defendant to the case. See Exhibit A hereto. As such, JOM Corporation of Illinois is a defendant in this case. On December 17, Wachovia also obtained an ex parte TRO against JOM Corporation of Illinois. On December 20, Wachovia consented to the Court entering an order specifying that the TRO "does not apply to JOM Corp. or its assets." On December 27, since Wachovia decided not seek a preliminary injunction against JOM Corporation of Illinois, the Court entered an Order providing that the TRO expired at the close of business on December 27.

On December 14, in the Southern District of New York action, Wachovia obtained an "Order to Show Cause" providing that, "pending the hearing and determination of this motion, Majapara, shall be and hereby is enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing any of its assets." Wachovia subsequently obtained an order of attachment from the New York federal court at a December 20 show-cause hearing. Majapara was not present at the show cause hearing, which date was changed by the Court from December 21st to December 20th. Wachovia provided Majapara with notice of the court-initiated change in the date of the hearing. On December 20, the SDNY District Court entered an Order of Attachment which, among other things, ordered that certain Majapara bank accounts be attached, and which provided that Majapara be "enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing of any of its assets."

## Additional relief Wachovia seeks (solely the view of Wachovia)

Wachovia is seeking $24,711,845, as well as any amounts Majapara has failed to repay Wachovia for covering returned items in a federal check clearing program, plus punitive damages, fees and costs.

## Relief Majapara seeks (solely the view of Majapara)

Majapara intends to seek damages of more than $100 million as a result of Wachovia's continuing course of wrongful conduct in abruptly cutting off its banking relationship with Majapara for reasons completely unrelated to Majapara, then engaging in a campaign of accusing Majapara of engaging in fraud and theft. Once Wachovia made these accusations, however baseless they are, there was no possibility that Majapara could obtain a replacement bank, nor continue in operation. Thus, Majapara will seek to recover for the substantial injuries that Wachovia inflicted upon Majapara, including the loss of Majapara's entire business, attorneys' fees, punitive damages, and other relief.

- 5 -

2.    Pending Motions and Case Plan

    A.    Pending Motions

        There are no pending motions in this Illinois action.  On January 22, 2008, Majapara filed a motion to vacate the Order of Attachment entered by the District Court for the Southern District of New York, which, according to Majapara, seeks to have the injunction vacated, the attachment vacated, and the funds subject to attachment, along with the almost $14 million that Wachovia took from Majapara's bank account as "setoffs," be placed in the Court registry pending the outcome of the two actions.

        **Additional statement made by Wachovia:**  By filing this Joint Statement, Plaintiff Wachovia does not waive its right, and expressly reserves its right, to file a motion for remand.

        **Additional statement made by Majapara:**  By filing this Joint Statement, Majapara does not waive any rights or defenses it may have.

    B.    Discovery Plan

Wachovia's position

        As Defendants have yet to respond to the Complaint, and since Wachovia expressly reserves its right to file a motion for remand, there is no way for Wachovia to know what the full range of issues are or how long discovery might take.  As such, Wachovia requests that the Court not set a discovery schedule until after Defendants respond to the Complaint and the Court rules on any motion for remand.

Majapara's position

        As this Illinois action, along with the parallel action in the District Court for the Southern District of New York, was initiated by Wachovia on an emergency basis with *ex parte* motions for temporary restraining orders and orders of attachment, Majapara proposes the following schedule:

        All discovery (both fact and expert discovery) will be completed by July 31, 2008.

        All dispositive motions will be filed by August 15, 2008.

    C.    Trial

        1.    Plaintiff Wachovia has not requested a jury trial.  The time for Majapara to request a jury trial has not yet passed.

        2.    Length of Trial

        **Wachovia's position:**  Wachovia cannot estimate the length of this trial until it receives Majapara's Answer to the Complaint.  As to claims stated in the Complaint itself, Wachovia believes the trial is likely to take 2-3 days, but the estimated length of the trial is likely to increase once Wachovia receives the counterclaims Majapara states it intends to assert.

Majapara's position: The trial in this matter will likely take 5-7 days in order to account for counterclaims that Majapara intends to assert in its responsive pleading.

3.     When the case is likely to be ready for trial.

Wachovia's position: For the reasons stated above, and due to the early stage of this case, Wachovia is not in a position to estimate when the case may be ready for trial. Wachovia will be in a better position to estimate when this case will be ready for trial after it receives Wachovia's Answer and the counterclaims it states it plans to file.

Majapara's position: Majapara objects to Wachovia now seeking delay in a case that it initiated with motions for *ex parte* prejudgment relief in two Courts on December 14. As this action, along with the New York action, was initiated by Wachovia's request for emergency relief, Majapara proposes that pretrial memoranda be filed by December 15, 2008, at which time the parties will be ready to proceed to trial.

D.     The parties do not consent unanimously to proceed before a Magistrate Judge.

E.     Status of Settlement Discussions

Wachovia's position: Representatives from Wachovia and Majapara discussed this matter prior to Wachovia filing actions in Illinois and New York. Since these actions have been filed, no settlement discussions have occurred. Both parties are willing to participate in a settlement conference, although Wachovia believes such a settlement conference would be premature given that Majapara has yet to file an Answer and the counterclaims it states it intends to file.

Majapara's position: Because Wachovia obtained *ex parte* emergency attachment and injunctive relief from both the Circuit Court of Cook County, Illinois, and the U.S. District Court in the Southern District of New York before Majapara was even aware of this action, Majapara was not given any opportunity to engage in any pre-filing settlement discussions with Wachovia. Majapara is willing to participate in a settlement conference at the Court's convenience.

Dated: January 23, 2008

s/Michael S. Leib
Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000

Counsel for Plaintiff Wachovia Bank, N.A.

s/Celiza P. Braganca
Celiza P. Bragança
Thomas D. Brooks
SPERLING & SLATER, P.C.
55 W. Monroe, Suite 3200
Chicago, IL 60603
(312) 641-3200

Counsel for Casa de Cambio Majapara S.A. de C.V.

# EXHIBIT E

Wachovia Bank, N.A.
International Division
Wachovia Financial Center
200 South Biscayne Blvd., 12ᵗʰ Floor
FL6079
Miami, FL 33131



WACHOVIA

December 6, 2007

Casa de Cambio Majapara S.A. de C.V.
Lago Margarita No. 16
Colonia Granada
C.P. 11520
México, D.F.

Attention: Carlos Acosta

Dear Mr. Acosta:

As part of the ongoing review and re-evaluation of our long-term global strategy, Wachovia Bank, National Association ("Wachovia") has determined to cease providing correspondent banking services to exchange companies outside the United States.   It is with sincere regret that I must advise you that effective January 4, 2008 (the "Termination Date") Wachovia will close out all business relationships with Casa de Cambio Majapara S.A. de C.V.(hereinafter "you" or "your").

Wachovia and I wish to thank you for your loyalty during our business relationship and wish you continued commercial success.

You receive some or all of the below products and services, to the extent these apply to your current business with Wachovia, we wish to advise you of the following:

Cash letters and checks sent for Final Credit Service or Collection received after December 13, 2007 will be returned. Checks presented for payment (against your account) during the period from the date of this letter up to the Termination Date ("Interim Period") will be paid up to the amount of the collected funds available in your account. Any checks presented after the Termination Date will be returned, "account closed". This notice also includes drafts and checks drawn under any controlled disbursement arrangement with Wachovia. So that your customers encounter minimal impact, we strongly urge you to cease drawing drafts effective immediately but in any event to stop this activity as quickly as possible. Your existing credit lines with Wachovia have been cancelled. Any current outstanding utilized credit will remain in place until it has come to maturity. Wachovia does not waive any rights, however, to demand payment in the event of an event of default or other event that permits Wachovia to demand early payment.

Outgoing funds transfers will be honored up until December 27, 2007 however Wachovia suggests you begin to redirect activity as soon as possible in order avoid any confusion. Please refrain from making any further deposits and funds transfers after this date.

Bulk Cash deposits will not be accepted or collected after December 20, 2007.

Pursuant to Wachovia's Terms and Conditions for Global Financial Institutions, you will receive any finally collected and available balance in your Wachovia account(s) within a reasonable period of time after the account(s) is closed. Your representative will work with you during the Interim Period to determine outstanding drafts, checks, wires, etc. that would require funds in your accounts for payment.   This will enable Wachovia to have a good estimate of the amount to hold in the account pending item presentation and payment.

After a reasonable time, any funds remaining in your account will be forwarded to you in the form of an official check at the address of record or, if you prefer, via wire transfer.  Please advise us, as soon as possible, regarding your preference for final payout of remaining balances.

As a result of this closure notification, Wachovia respectfully requests that you immediately remove all references to it as a correspondent service provider from your website or other external communications.

Should you have any questions, you may contact me at (305) 7896902.


Sincerely,

Carlos A. Perez
Managing Director
Americas Group
Global Financial Institutions and Trade Services

# EXHIBIT F

Mexico City, December 13, 2007.

Carlos A. Perez
Managing Director
Wachovia Bank, N.A.

Dear Carlos:

I hereby ratify the main issues discussed during our telephone conversation of earlier today:

1.  MAJAPARA acknowledges its indebtedness with Wachovia and is doing all things necessary to repay it as soon as practicable.
2.  The debt arose as a result of the abrupt cancellation of the operating lines that Wachovia had for many years granted to MAJAPARA. Reasonable notice would have enabled us to replace Wachovia's lines with lines from some other bank.
3.  The lines granted by Wachovia to MAJAPARA were, in turn, allocated to MAJAPARA's clients. We are in the process of recovering those funds, but our clients also require a reasonable period to replace such lines.
4.  We understand that Wachovia finds it unpleasant to have these items reported as past due, and are willing to secure our debt with shares of stock of MAJAPARA (we could also consider an option to capitalize such debt).
5.  MAJAPARA is a leading PLD institution, with over 15,000 clients, over 500 employees and a market value of approximately $70,000,000 dollars, which is more than sufficient to secure its debt with Wachovia.
6.  We must together find a win-win solution for both Wachovia and MAJAPARA. The business could lose its market value should Wachovia take action to preclude MAJAPARA's operations. The closed business would only be worth $10 million dollars, resulting in losses for both Wachovia and MAJAPARA.

We appreciate your understanding in light of the inconvenience and reiterate our willingness to together find a prompt solution to this problem.

Sincerely,

Jorge Ortiz Muñoz
CEO



México D.F. a 13 de diciembre de 2007.

Carlos A. Perez
Managing Director
Wachovia Bank, N.A.

Estimado Carlos:

Me permito confirmarte los principales puntos expresados en nuestra conversación telefónica de hoy:

1.- MAJAPARA reconoce el adeudo que tiene con Wachovia y esta haciendo todo lo necesario para liquidarlo a la mayor brevedad posible.

2.- El origen del adeudo es la cancelación intempestiva de las líneas de operación que durante años Wachovia concedió a MAJAPARA. Un plazo razonable nos hubiera permitido sustituir las líneas de Wachovia por la de algún otro banco.

3.- La líneas que Wachovia otorgaba a MAJAPARA eran a su vez otorgadas a los clientes de MAJAPARA. Estamos recuperando esos recursos, pero los clientes a su vez requieren un plazo razonable para sustituir sus líneas.

4.- Entendemos que para Wachovia es incómodo tener esas partidas en deudores, y estamos en disposición de garantizar el adeudo con acciones de MAJAPARA (incluso se puede considerar la opción de capitalizar el adeudo).

5.- MAJAPARA es una institución líder en PLD con mas de 15,000 clientes y mas de 500 empleados, su valor de mercado es de aproximadamente 70'0000,000 de dólares por lo que garantiza sobradamente el adeudo con Wachovia.

6.- Es necesario encontrar juntos una solución ganar-ganar para Wachovia y MAJAPARA. El negocio puede perder su valor de mercado si Wachovia emprende acciones tendientes a impedir la operación de MAJAPARA. El negocio cerrado valdría solamente 10 millones de dólares, con el consiguiente quebranto tanto para Wachovia como para MAJAPARA.

Agradecemos su comprensión por los inconvenientes causados y reiteramos nuestra disposición para encontrar juntos una pronta solución a este problema.

Atentamente

Jorge Ortiz Muñoz
CEO



17 DIC 2007

RECIBIDO

State of Connecticut ⎫
⎬ ss
County of Fairfield ⎭

### AFFIDAVIT OF ACCURACY OF TRANSLATION

The undersigned, Gabriela Garate-Konstantinovic, hereby declares, under penalty of perjury that:

      1.    I am an attorney duly qualified to practice law in the jurisdiction of Mexico;

      2.    I am a native Spanish speaker. I also have full command of the English language, acquired through my academic education, professional experience and over fifteen years of residence in the United States;

      3.    I am a recognized translator, from English into Spanish and *vice versa*, of all types of legal and financial documents. I have translated, from Spanish into English, the letter dated December 13, 2007, from Jorge Ortiz Muñoz to Carlos A. Perez. To the best of my knowledge and understanding, based upon 1 and 2 above, the English version of such document is a true, complete and correct translation of the Spanish version thereof.

IN WITNESS WHEREOF, I have affixed my signature onto this instrument on this 17th day of January, 2008.

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WACHOVIA BANK, N.A., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 Civ. 11230 (BSJ)(RLE) |
| v. | ) | |
| | ) | |
| MAJAPARA CASA de | ) | |
| CAMBIO S.A. de C.V., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF MIGUEL MEZA ROUSSEAU

1.      I, Miguel Meza Rousseau, am competent to provide this declaration, have

personal knowledge of the facts set forth herein, and solemnly affirm the truth of this declaration.

2.      I am the Treasurer (Director of the Treasury) for Majapara Casa de Cambio, S.A.

de C.V. (hereinafter "Majapara"). Majapara maintains an account with Plaintiff Wachovia Bank

identified by the number 2000192304201. In the regular course of business at Majapara, we

obtain information about the Majapara account at Wachovia Bank through a Wachovia Bank

website.

4.      On or about January 4, 2008, I directed Guadalupe Pavon Aguirre, a Majapara

employee under my supervision, to obtain from the website of Wachovia Bank reports of all the

payments of funds that Majapara made to Wachovia Bank on December 5, 2007 and December

6, 2007. Exhibits A and B to this Declaration are the documents obtained by Guadalupe Pavon

Aguirre from Wachovia Bank's website.

4.      Exhibit A shows payments that Majapara made to Wachovia Bank on December

Page 1 of 2

5, 2007. The Wachovia Bank reports contained in Exhibit A show that Majapara paid to Wachovia in total $38,241,035 on December 5, 2007. Those payments to Wachovia Bank were made in order to settle total foreign exchange transactions of $38,241,035 that Majapara had entered into with Wachovia Bank on December 3, 2007.

     5.    Exhibit B shows payments that Majapara made to Wachovia Bank on December 6, 2007. The Wachovia Bank reports contained in Exhibit B show that Majapara paid to Wachovia in total $39,101,850 on December 6, 2007. Those payments to Wachovia Bank were made in order to settle foreign exchange transactions of $39,101,850 that Majapara had entered into with Wachovia Bank on December 4, 2007.

I declare under penalty of perjury under the laws the United States of America that the foregoing is true and correct.

Executed in Mexico City, Mexico on January 15, 2008.

_____
Miguel Meza Rousseau

_____
Carlos De Luna Santoyo
Witness

# EXHIBIT A

Wachovia

WACHOVIA HOME | LOGOUT



**Information Reporting**

Home        Payments        Information
                            Reporting

CYBERBANK REPORTS
CYBER INQUIRY

## Cyber Inquiry
### Transaction Details

⚙ Help

:: current day

:: account balance

:: account balance
   history

:: overdraft information

:: investment balance
   history

:: credit interest
   information

:: account postings by
   date

:: account postings
   search

:: inquiry search

:: inquiry status

:: update existing inquiry

:: list of inquiry updates

:: create inquiry
   message

:: trade,export collect
   search

:: fcs search

:: user log search

Display

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-1 | Our Reference: | F61205824852000A |
| Amount: | USD 7,329,500.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: |
|---|
| CYBERPAY |
| MSG_TYPE                       BANK TRANSFER |
| MSG_HEADER |
| PDM                 NO |
| TRAN_ID             C0000000000001606211 |
| LGR_ID              601 |
| PRINCIPAL_DEBIT_ACCOUNT    2000192304201 |
| CUSTOMER_REFERENCE    WACHFX-DEC5-1 |
| TXN_TYPE            BT |
| LATE_CYCLE_IND          N |
| MSG_CONTENT |
| PRINCIPAL_DEBIT_ACCOUNT    20001923Q4201 |
| TRANSFER_CURRENCY_CODE    USD |
| TRANSFER_AMOUNT     7329500 |
| VALUE_DATE          20071205 |
| TXN_TYPE            BT |
| CUSTOMER_REFERENCE    WACHFX-DEC5-1 |
| ENTERED_ON          20071205 |
| COMPANY_ID          44968532 |
| FX_RATE             1 |
| FX_CONTRACT_ID |
| BASE_CURRENCY       USD |
| BASE_AMOUNT         7329500 |
| USD_EQUIVALENT_AMOUNT    7329500 |
| CHARGES |
| ORDER_INST_NAME     BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1    MEXICO CITY |
| ORDER_INST_ADDRESS2 |
| ORDER_INST_ADDRESS3 |
| INT_BANK_ROUTE_TYPE |
| INT_BANK_TYPE_ID |
| INT_BANK_ACCOUNT |
| INT_BANK_NAME |
| INT_BANK_ADDRESS1 |
| INT_BANK_ADDRESS2 |
| INT_BANK_ADDRESS3 |
| ACCOUNT_WITH_INST_ROUTE_TYPE SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID  PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT |
| ACCOUNT_WITH_INST_NAME    WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 NEW YORK |
| BENE_BANK_ROUTE_TYPE    SWIFT BIC |

Wachovia                                                                                    Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ¡END OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                                            Page 1 of 2

 **Information Reporting**

WACHOVIA HOME | LOGOUT

Home    Payments    Information
                    Reporting

CYBERBANK REPORTS
CYBER INQUIRY

:: current day
:: account balance
:: account balance
   history
:: overdraft information
:: investment balance
   history
:: credit interest
   information
:: account postings by
   date
:: account postings
   search
:: inquiry search
:: inquiry status
:: update existing inquiry
:: list of inquiry updates
:: create inquiry
   message
:: trade.export collect
   search
:: fcs search
:: user log search

## Cyber Inquiry
### Transaction Details

@ Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-2 | Our Reference: | F61205824853000A |
| Amount: | USD 4,398,300.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 00000000000001606212 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC5-2 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 4398300 |
| VALUE_DATE | 20071205 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC5-2 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44966532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 4398300 |
| USD_EQUIVALENT_AMOUNT | 4398300 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia                                                                  Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| yEND OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia                                                                      Page 1 of 2

  **Information Reporting**

WACHOVIA HOME | LOGOUT

Home     Payments     Information Reporting

CYBERBANK REPORTS
CYBER INQUIRY

**Cyber Inquiry**
**Transaction Details**

☉ Help

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade,export collect search
- fca search
- user log search

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-3 | Our Reference: | F61205824854000A |
| Amount: | USD 4,399,200.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| POM | NO |
| TRAN_ID | 000000000001606222 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC5-3 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 4399200 |
| VALUE_DATE | 20071205 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC5-3 |
| ENTERED_ON | 20071205 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 4399200 |
| USD_EQUIVALENT_AMOUNT | 4399200 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia                                                                Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ¶END OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia

WACHOVIA HOME | LOGOUT

  **Information Reporting**

| Home | Payments | Information Reporting |

CYBERBANK REPORTS
CYBER INQUIRY

:: current day

:: account balance

:: account balance history

:: overdraft information

:: investment balance history

:: credit interest information

:: account postings by date

:: account postings search

:: inquiry search

:: inquiry status

:: update existing inquiry

:: list of inquiry updates

:: create inquiry message

:: trade.export collect search

:: fcs search

:: user log search

## Cyber Inquiry
### Transaction Details

**?** Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-4 | Our Reference: | F61205824B55000A |
| Amount: | USD 2,930,400.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 0000000000001606227 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC5-4 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 2930400 |
| VALUE_DATE | 20071205 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC5-4 |
| ENTERED_ON | 20071205 |
| COMPANY_ID | 44966532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 2930400 |
| USD_EQUIVALENT_AMOUNT | 2930400 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ŷEND OF MESSAGEŝ | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information  |  Privacy  |  Security

Wachovia



WACHOVIA HOME | LOGOUT

Information Reporting

Home    Payments    Information Reporting

CYBERBANK REPORTS
CYBER INQUIRY

## Cyber Inquiry
### Transaction Details

≋ Help

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade,export collect search
- fcs search
- user log search

Display

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | **MAJAPARA CASA DE CAMBIO S.A.** | |
| Your Reference: | WACHFX-DEC5-5 | Our Reference: | F61205824856000A |
| Amount: | USD 7,330,500.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 000000000001606230 |
| LGR_ID | 801 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC5-5 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 7330500 |
| VALUE_DATE | 20071205 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC5-5 |
| ENTERED_ON | 20071205 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 7330500 |
| USD_EQUIVALENT_AMOUNT | 7330500 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

04/01/2008

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ¡END OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia

  **Information Reporting**

WACHOVIA HOME | LOGOUT

Home     Payments     Information Reporting

**CYBERBANK REPORTS**
**CYBER INQUIRY**

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade.export collect search
- fcs search
- user log search

## Cyber Inquiry
### Transaction Details

⚙ Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-6 | Our Reference: | F61205824857000A |
| Amount: | USD 8,067,950.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 00000000000001606231 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC5-6 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 8067950 |
| VALUE_DATE | 20071205 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC5-6 |
| ENTERED_ON | 20071205 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 8067950 |
| USD_EQUIVALENT_AMOUNT | 8067950 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia                                                                                  Page 2 of 2

| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
|---|---|
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | . |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ¡END OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia

Page 1 of 2

  **Information Reporting**

Home     Payments     Information Reporting

WACHOVIA HOME | LOGOUT

CYBERBANK REPORTS
CYBER INQUIRY

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade.export collect search
- fcs search
- user log search

## Cyber Inquiry
### Transaction Details

❓Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC3-10 | Our Reference: | F51203993155000A |
| Amount: | USD 43,690.04 | Date: | 03-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: |
|---|
| CYBERPAY |
| MSG_TYPE    BANK TRANSFER |
| MSG_HEADER |
| PDM    NO |
| TRAN_ID    0000000000001698254 |
| LGR_ID    601 |
| PRINCIPAL_DEBIT_ACCOUNT    2000192304201 |
| CUSTOMER_REFERENCE    WACHFX-DEC3-10 |
| TXN_TYPE    BT |
| LATE_CYCLE_IND    N |
| MSG_CONTENT |
| PRINCIPAL_DEBIT_ACCOUNT    2000192304201 |
| TRANSFER_CURRENCY_CODE    USD |
| TRANSFER_AMOUNT    43690.04 |
| VALUE_DATE    20071203 |
| TXN_TYPE    BT |
| CUSTOMER_REFERENCE    WACHFX-DEC3-10 |
| ENTERED_ON    20071203 |
| COMPANY_ID    44968532 |
| FX_RATE    1 |
| FX_CONTRACT_ID |
| BASE_CURRENCY    USD |
| BASE_AMOUNT    43690.04 |
| USD_EQUIVALENT_AMOUNT    43690.04 |
| CHARGES |
| ORDER_INST_NAME    BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1    MEXICO CITY |
| ORDER_INST_ADDRESS2 |
| ORDER_INST_ADDRESS3 |
| INT_BANK_ROUTE_TYPE |
| INT_BANK_TYPE_ID |
| INT_BANK_ACCOUNT |
| INT_BANK_NAME |
| INT_BANK_ADDRESS1 |
| INT_BANK_ADDRESS2 |
| INT_BANK_ADDRESS3 |
| ACCOUNT_WITH_INST_ROUTE_TYPE SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID    PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT |
| ACCOUNT_WITH_INST_NAME    WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1    INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2    NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3    NEW YORK |
| BENE_BANK_ROUTE_TYPE    SWIFT BIC |

Wachovia                                                                    Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | CAD PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071203152626 |
| ¡END OF MESSAGE! | |

| Payment Execution: | |
|---|---|
| Pay Via: | |
| Book Transfer | |
| | |
| Sent To: | |
| WACHOVIA BANK, N.A. | |
| CHARLOTTE, NORTH CAROLINA US | |
| | |
| Originating Bank: | |
| MAJAPARA CASA DE CAMBIO S.A. | |
| MEXICO, D.F. MEXICO MX | |
| | |
| Originator: | |
| BO CASA DE CAMBIO MAJAPARA SA | |
| MEXICO CITY | |

© Legal Information | Privacy | Security

https://commercial2.wachovia.com/mwintl10/mwintl10?action=TxnDetail                04/01/2008

Wachovia

  **Information Reporting**

WACHOVIA HOME | LOGOUT

Home          Payments       Information
                             Reporting

CYBERBANK REPORTS
CYBER INQUIRY

:: current day

:: account balance

:: account balance
   history

:: overdraft information

:: investment balance
   history

:: credit interest
   information

:: account postings by
   date

:: account postings
   search

:: inquiry search

:: inquiry status

:: update existing inquiry

:: list of inquiry updates

:: create inquiry
   message

:: trade,export collect
   search

:: fcs search

:: user log search

## Cyber Inquiry
### Transaction Details

⊚ Help

### Display

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-7 | Our Reference: | F61205824858000A |
| Amount: | USD 3,665,250.00 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: |
|---|

```
CYBERPAY
MSG_TYPE              BANK TRANSFER
MSG_HEADER
PDM              NO
TRAN_ID          0000000000001606235
LGR_ID           601
PRINCIPAL_DEBIT_ACCOUNT   2000192304201
CUSTOMER_REFERENCE        WACHFX-DEC5-7
TXN_TYPE         BT
LATE_CYCLE_IND       N
MSG_CONTENT
  PRINCIPAL_DEBIT_ACCOUNT   2000192304201
  TRANSFER_CURRENCY_CODE    USD
  TRANSFER_AMOUNT           3665250
  VALUE_DATE                20071205
  TXN_TYPE         BT
  CUSTOMER_REFERENCE        WACHFX-DEC5-7
  ENTERED_ON                20071205
  COMPANY_ID                44966532
  FX_RATE          1
  FX_CONTRACT_ID
  BASE_CURRENCY             USD
  BASE_AMOUNT               3665250
  USD_EQUIVALENT_AMOUNT     3665250
  CHARGES
  ORDER_INST_NAME           BO CASA DE CAMBIO MAJAPARA SA
  ORDER_INST_ADDRESS1       MEXICO CITY
  ORDER_INST_ADDRESS2
  ORDER_INST_ADDRESS3
  INT_BANK_ROUTE_TYPE
  INT_BANK_TYPE_ID
  INT_BANK_ACCOUNT
  INT_BANK_NAME
  INT_BANK_ADDRESS1
  INT_BANK_ADDRESS2
  INT_BANK_ADDRESS3
  ACCOUNT_WITH_INST_ROUTE_TYPE    SWIFT BIC
  ACCOUNT_WITH_INST_TYPE_ID   PNBPUS3NNYC
  ACCOUNT_WITH_INST_ACCOUNT
  ACCOUNT_WITH_INST_NAME      WACHOVIA BANK, N.A.
  ACCOUNT_WITH_INST_ADDRESS1  INTERNATIONAL BRANCH
  ACCOUNT_WITH_INST_ADDRESS2  NEW YORK
  ACCOUNT_WITH_INST_ADDRESS3  NEW YORK
  BENE_BANK_ROUTE_TYPE    SWIFT BIC
```

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| [END OF MESSAGE] | |

| Payment Execution: | |
|---|---|
| Pay Via: | |
| Book Transfer | |
| | |
| Sent To: | |
| WACHOVIA BANK, N.A. | |
| CHARLOTTE, NORTH CAROLINA US | |
| | |
| Originating Bank: | |
| MAJAPARA CASA DE CAMBIO S.A. | |
| MEXICO, D.F. MEXICO MX | |
| | |
| Originator: | |
| BO CASA DE CAMBIO MAJAPARA SA | |
| MEXICO CITY | |

© Legal Information | Privacy | Security

Wachovia

Page 1 of 2

 **Information Reporting**

WACHOVIA HOME | LOGOUT

Home      Payments      Information Reporting

CYBERBANK REPORTS
CYBER INQUIRY

:: current day

:: account balance

:: account balance history

:: overdraft information

:: investment balance history

:: credit interest information

:: account postings by date

:: account postings search

:: inquiry search

:: inquiry status

:: update existing inquiry

:: list of inquiry updates

:: create inquiry message

:: trade.export collect search

:: tcs search

:: user log search

## Cyber Inquiry
### Transaction Details

@ Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC5-8 | Our Reference: | F61205824859000A |
| Amount: | USD 76,245.18 | Date: | 05-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: |
|---|
| CYBERPAY |
| MSG_TYPE          BANK TRANSFER |
| MSG_HEADER |
| PDM          NO |
| TRAN_ID          000000000001606237 |
| LGR_ID          601 |
| PRINCIPAL_DEBIT_ACCOUNT     2000192304201 |
| CUSTOMER_REFERENCE     WACHFX-DEC5-8 |
| TXN_TYPE          BT |
| LATE_CYCLE_IND          N |
| MSG_CONTENT |
| PRINCIPAL_DEBIT_ACCOUNT     2000192304201 |
| TRANSFER_CURRENCY_CODE     USD |
| TRANSFER_AMOUNT     76245.18 |
| VALUE_DATE          20071205 |
| TXN_TYPE          BT |
| CUSTOMER_REFERENCE     WACHFX-DEC5-8 |
| ENTERED_ON          20071205 |
| COMPANY_ID          44968532 |
| FX_RATE          1 |
| FX_CONTRACT_ID |
| BASE_CURRENCY          USD |
| BASE_AMOUNT          76245.18 |
| USD_EQUIVALENT_AMOUNT     76245.18 |
| CHARGES |
| ORDER_INST_NAME     BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1     MEXICO CITY |
| ORDER_INST_ADDRESS2 |
| ORDER_INST_ADDRESS3 |
| INT_BANK_ROUTE_TYPE |
| INT_BANK_TYPE_ID |
| INT_BANK_ACCOUNT |
| INT_BANK_NAME |
| INT_BANK_ADDRESS1 |
| INT_BANK_ADDRESS2 |
| INT_BANK_ADDRESS3 |
| ACCOUNT_WITH_INST_ROUTE_TYPE SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID  PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT |
| ACCOUNT_WITH_INST_NAME     WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1  INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 NEW YORK |
| BENE_BANK_ROUTE_TYPE     SWIFT BIC |

Wachovia

| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
|---|---|
| BENE_BANK_ACCOUNT | 2000191765725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | AUD PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205143235 |
| ¡END OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

# EXHIBIT B

Wachovia



**Information Reporting**

WACHOVIA HOME | LOGOUT

Home    Payments    Information Reporting

CYBERBANK REPORTS
CYBER INQUIRY

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade,export collect search
- fcs search
- user log search

## Cyber Inquiry
### Transaction Details

⊛ Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-1 | Our Reference: | F61205842320000A |
| Amount: | USD 7,375,000.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 000000000001611652 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-1 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 7375000 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-1 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 7375000 |
| USD_EQUIVALENT_AMOUNT | 7375000 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000181755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071208155055 |
| ¡END OF MESSAGE! | |

| Payment Execution: |
|---|
| **Pay Via:** |
| Book Transfer |
| |
| **Sent To:** |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| **Originating Bank:** |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| **Originator:** |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia

WACHOVIA HOME | LOGOUT

  **Information Reporting**

Home    Payments    Information Reporting

CYBERBANK REPORTS
CYBER INQUIRY

:: current day
:: account balance
:: account balance history
:: overdraft information
:: investment balance history
:: credit interest information
:: account postings by date
:: account postings search
:: inquiry search
:: inquiry status
:: update existing inquiry
:: list of inquiry updates
:: create inquiry message
:: trade,export collect search
:: fcs search
:: user log search

## Cyber Inquiry
**Transaction Details**

@Help

Display

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-2 | Our Reference: | F61206842321000A |
| Amount: | USD 7,376,500.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 00000000000001611655 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-2 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 7376500 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-2 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 7376500 |
| USD_EQUIVALENT_AMOUNT | 7376500 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia                                                          Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFRENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206155055 |
| ÿEND OF MESSAGE! | |

| Payment Execution: | | |
|---|---|---|
| Pay Via: | | |
| Book Transfer | | |
| | | |
| Sent To: | | |
| WACHOVIA BANK, N.A. | | |
| CHARLOTTE, NORTH CAROLINA US | | |
| | | |
| Originating Bank: | | |
| MAJAPARA CASA DE CAMBIO S.A. | | |
| MEXICO, D.F. MEXICO MX | | |
| | | |
| Originator: | | |
| BO CASA DE CAMBIO MAJAPARA SA | | |
| MEXICO CITY | | |

© Legal Information | Privacy | Security

Wachovia

WACHOVIA HOME | LOGOUT

 **Information Reporting**

Home    Payments    Information Reporting

CYBERBANK REPORTS
CYBER INQUIRY

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade,export collect search
- fcs search
- user log search

**Cyber Inquiry**
**Transaction Details**

⊕ Help

Display

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-3 | Our Reference: | F51206842322000A |
| Amount: | USD 4,427,700.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 00000000000001611559 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-3 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 4427700 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-3 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44888532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 4427700 |
| USD_EQUIVALENT_AMOUNT | 4427700 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206155055 |
| [END OF MESSAGE] | |

| Payment Execution: | |
|---|---|
| Pay Via: | |
| Book Transfer | |
| | |
| Sent To: | |
| WACHOVIA BANK, N.A. | |
| CHARLOTTE, NORTH CAROLINA US | |
| | |
| Originating Bank: | |
| MAJAPARA CASA DE CAMBIO S.A. | |
| MEXICO, D.F. MEXICO MX | |
| | |
| Originator: | |
| BO CASA DE CAMBIO MAJAPARA SA | |
| MEXICO CITY | |

© Legal Information | Privacy | Security

Wachovia

WACHOVIA HOME | LOGOUT

  Information Reporting

Home    Payments    Information Reporting

**CYBERBANK REPORTS**
**CYBER INQUIRY**

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade.export collect search
- fcs search
- user log search

## Cyber Inquiry
### Transaction Details

Display

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-4 | Our Reference: | F61205842326000A |
| Amount: | USD 5,902,800.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

⊙ Help

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 000000000001611705 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-4 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 5902800 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-4 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 5902800 |
| USD_EQUIVALENT_AMOUNT | 5902800 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206159055 |
| [END OF MESSAGE] | |

| Payment Execution: |
|---|
| **Pay Via:** |
| Book Transfer |
| |
| **Sent To:** |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| **Originating Bank:** |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| **Originator:** |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information | Privacy | Security

Wachovia

 

WACHOVIA HOME | LOGOUT

**Information Reporting**

Home    Payments    Information Reporting

CYBERBANK REPORTS
CYBER INQUIRY

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade.export collect search
- fes search
- user log search

**Cyber Inquiry**
**Transaction Details**

     Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-4 | Our Reference: | F61206842326000A |
| Amount: | USD 5,902,800.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

Original Payment Instructions:

| | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 000000000001611705 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-4 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 5902800 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-4 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44966532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 5902800 |
| USD_EQUIVALENT_AMOUNT | 5902800 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUSSCHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206155055 |
| )END OF MESSAGE( | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information  |  Privacy  |  Security

Wachovia

  **Information Reporting**

WACHOVIA HOME | LOGOUT

Home    Payments    Information
Reporting

CYBERBANK REPORTS
CYBER INQUIRY

## Cyber Inquiry
### Transaction Details

⊘Help

- current day
- account balance
- account balance history
- overdraft information
- investment balance history
- credit interest information
- account postings by date
- account postings search
- inquiry search
- inquiry status
- update existing inquiry
- list of inquiry updates
- create inquiry message
- trade.export collect search
- fcs search
- user log search

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-5 | Our Reference: | F6120684232323000A |
| Amount: | USD 5,904,000.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 0000000000001611659 |
| LGR_ID | 601 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-5 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 5904000 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-5 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44988532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 5904000 |
| USD_EQUIVALENT_AMOUNT | 5904000 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia                                                              Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205155055 |
| ¡END OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK. N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information  |  Privacy  |  Security

Wachovia

  **Information Reporting**

Home          Payments          Information
                                 Reporting

**CYBERBANK REPORTS**
**CYBER INQUIRY**

≡ current day

≡ account balance

≡ account balance
  history

≡ overdraft information

≡ investment balance
  history

≡ credit interest
  information

≡ account postings by
  date

≡ account postings
  search

≡ inquiry search

≡ inquiry status

≡ update existing inquiry

≡ list of inquiry updates

≡ create inquiry
  message

≡ trade,export collect
  search

≡ fcs search

≡ user log search

## Cyber Inquiry
### Transaction Details

🔵 Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | MAJAPARA CASA DE CAMBIO S.A. | |
| Your Reference: | WACHFX-DEC6-6 | Our Reference: | F61206842324000A |
| Amount: | USD 2,950,200.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

[ Generate New Inquiry ]

| Original Payment Instructions: |
|---|
| CYBERPAY |
| MSG_TYPE          BANK TRANSFER |
| MSG_HEADER |
| PDM          NO |
| TRAN_ID          00000000000001611670 |
| LGR_ID          801 |
| PRINCIPAL_DEBIT_ACCOUNT     2000192304201 |
| CUSTOMER_REFERENCE          WACHFX-DEC6-6 |
| TXN_TYPE          BT |
| LATE_CYCLE_IND          N |
| MSG_CONTENT |
| PRINCIPAL_DEBIT_ACCOUNT     2000192304201 |
| TRANSFER_CURRENCY_CODE     USD |
| TRANSFER_AMOUNT          2950200 |
| VALUE_DATE          20071206 |
| TXN_TYPE          BT |
| CUSTOMER_REFERENCE          WACHFX-DEC6-6 |
| ENTERED_ON          20071206 |
| COMPANY_ID          44968532 |
| FX_RATE          1 |
| FX_CONTRACT_ID |
| BASE_CURRENCY          USD |
| BASE_AMOUNT          2950200 |
| USD_EQUIVALENT_AMOUNT     2950200 |
| CHARGES |
| ORDER_INST_NAME          BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1          MEXICO CITY |
| ORDER_INST_ADDRESS2 |
| ORDER_INST_ADDRESS3 |
| INT_BANK_ROUTE_TYPE |
| INT_BANK_TYPE_ID |
| INT_BANK_ACCOUNT |
| INT_BANK_NAME |
| INT_BANK_ADDRESS1 |
| INT_BANK_ADDRESS2 |
| INT_BANK_ADDRESS3 |
| ACCOUNT_WITH_INST_ROUTE_TYPE SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID  PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT |
| ACCOUNT_WITH_INST_NAME     WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 NEW YORK |
| BENE_BANK_ROUTE_TYPE     SWIFT BIC |

Wachovia

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071206155055 |
| [END OF MESSAGE] | |

| Payment Execution: | | |
|---|---|---|
| **Pay Via:** | | |
| Book Transfer | | |
| | | |
| **Sent To:** | | |
| WACHOVIA BANK, N.A. | | |
| CHARLOTTE, NORTH CAROLINA US | | |
| | | |
| **Originating Bank:** | | |
| MAJAPARA CASA DE CAMBIO S.A. | | |
| MEXICO, D.F. MEXICO MX | | |
| | | |
| **Originator:** | | |
| BO CASA DE CAMBIO MAJAPARA SA | | |
| MEXICO CITY | | |

© Legal Information | Privacy | Security

Wachovia

WACHOVIA HOME | LOGOUT

  **Information Reporting**

Home          Payments          Information
                                  Reporting

**CYBERBANK REPORTS**
**CYBER INQUIRY**

≈ current day

≈ account balance

≈ account balance
   history

≈ overdraft information

≈ investment balance
   history

≈ credit interest
   information

≈ account postings by
   date

≈ account postings
   search

≈ inquiry search

≈ inquiry status

≈ update existing inquiry

≈ list of inquiry updates

≈ create inquiry
   message

≈ trade/export collect
   search

≈ fcs search

≈ user log search

## Cyber Inquiry
### Transaction Details

@ Help

**Display**

| | | | |
|---|---|---|---|
| Account Number: | 2000192304201 | **MAJAPARA CASA DE CAMBIO S.A.** | |
| Your Reference: | WACHFX-DEC6-7 | Our Reference: | F6120584232S000A |
| Amount: | USD 5,165,650.00 | Date: | 06-Dec-2007 |
| DR/CR: | Debit | Type: | INTL BOOK TRANSFER DR |

Generate New Inquiry

| Original Payment Instructions: | |
|---|---|
| CYBERPAY | |
| MSG_TYPE | BANK TRANSFER |
| MSG_HEADER | |
| PDM | NO |
| TRAN_ID | 000000000001611672 |
| LGR_ID | 801 |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| CUSTOMER_REFERENCE | WACHFX-DEC6-7 |
| TXN_TYPE | BT |
| LATE_CYCLE_IND | N |
| MSG_CONTENT | |
| PRINCIPAL_DEBIT_ACCOUNT | 2000192304201 |
| TRANSFER_CURRENCY_CODE | USD |
| TRANSFER_AMOUNT | 5165650 |
| VALUE_DATE | 20071206 |
| TXN_TYPE | BT |
| CUSTOMER_REFERENCE | WACHFX-DEC6-7 |
| ENTERED_ON | 20071206 |
| COMPANY_ID | 44968532 |
| FX_RATE | 1 |
| FX_CONTRACT_ID | |
| BASE_CURRENCY | USD |
| BASE_AMOUNT | 5165650 |
| USD_EQUIVALENT_AMOUNT | 5165650 |
| CHARGES | |
| ORDER_INST_NAME | BO CASA DE CAMBIO MAJAPARA SA |
| ORDER_INST_ADDRESS1 | MEXICO CITY |
| ORDER_INST_ADDRESS2 | |
| ORDER_INST_ADDRESS3 | |
| INT_BANK_ROUTE_TYPE | |
| INT_BANK_TYPE_ID | |
| INT_BANK_ACCOUNT | |
| INT_BANK_NAME | |
| INT_BANK_ADDRESS1 | |
| INT_BANK_ADDRESS2 | |
| INT_BANK_ADDRESS3 | |
| ACCOUNT_WITH_INST_ROUTE_TYPE | SWIFT BIC |
| ACCOUNT_WITH_INST_TYPE_ID | PNBPUS3NNYC |
| ACCOUNT_WITH_INST_ACCOUNT | |
| ACCOUNT_WITH_INST_NAME | WACHOVIA BANK, N.A. |
| ACCOUNT_WITH_INST_ADDRESS1 | INTERNATIONAL BRANCH |
| ACCOUNT_WITH_INST_ADDRESS2 | NEW YORK |
| ACCOUNT_WITH_INST_ADDRESS3 | NEW YORK |
| BENE_BANK_ROUTE_TYPE | SWIFT BIC |

Wachovia                                                                                          Page 2 of 2

| | |
|---|---|
| BENE_BANK_TYPE_ID | PNBPUS3CHFX |
| BENE_BANK_ACCOUNT | 2000191755725 |
| BENE_BANK_IBAN | |
| BENE_BANK_NAME | WACHOVIA BANK, N.A. |
| BENE_BANK_ADDRESS1 | FUNDS MANAGEMENT GROUP |
| BENE_BANK_ADDRESS2 | ***NO 3RD PARTY CREDITS*** |
| BENE_BANK_ADDRESS3 | CHARLOTTE, NC |
| BENE_BANK_REFERENCE | EUR PYMT |
| BANK_TO_BANK_LINE1 | |
| BANK_TO_BANK_LINE2 | |
| BANK_TO_BANK_LINE3 | |
| BANK_TO_BANK_LINE4 | |
| BANK_TO_BANK_LINE5 | |
| BANK_TO_BANK_LINE6 | |
| TRANSMISSION_DATE | 20071205155055 |
| ÿEND OF MESSAGE! | |

| Payment Execution: |
|---|
| Pay Via: |
| Book Transfer |
| |
| Sent To: |
| WACHOVIA BANK, N.A. |
| CHARLOTTE, NORTH CAROLINA US |
| |
| Originating Bank: |
| MAJAPARA CASA DE CAMBIO S.A. |
| MEXICO, D.F. MEXICO MX |
| |
| Originator: |
| BO CASA DE CAMBIO MAJAPARA SA |
| MEXICO CITY |

© Legal Information  |  Privacy  |  Security

# EXHIBIT H



Home | Customer Service | Contact Us | Lo

Search Tips | Buscar en el sitio en español

■ Personal Finance   ■ Wealth Management   ■ Small Business   ■ Corporate & Institutional

Home > About Wachovia > Company Information > Company Facts

**Company Information**
Company Facts
Company History
Company Locations
Officers & Directors
Commitment to Diversity
Environmental Stewardship
News Room
Doing Business with Wachovia
Community Involvement
Careers
Investor Relations
Merger Information
Customer Service

**Related Links**
Investor Relations
Debt Ratings
Merger & Investment Hist

**About Wachovia Customer Service**
About Wachovia Contacts
About Wachovia FAQs
Site Map
Search

# COMPANY FACTS

*As of December 31, 2007*

| | |
|---|---|
| **Assets:** | $782.9 billion |
| **Total Deposits:** | $449.1 billion |
| **Stockholders' Equity:** | $76.9 billion |
| **Headquarters:** | Wachovia Corporation<br>301 South College Street, Suite 4000<br>One Wachovia Center<br>Charlotte, North Carolina 28288-0013<br>(704) 374-6161 |
| **Investor Relations:** | 301 South College Street<br>One Wachovia Center NC 0206<br>Charlotte, North Carolina 28288 |
| **Ranking:** | Fourth largest bank holding company in the United States based on assets. Third largest U.S. full-service brokerage firm based on client assets. |
| **Financial Services:** | Full financial services through offices in 21 states - Alabama, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Kansas, Maryland, Mississippi, Nevada, New Jersey, New York, North Carolina, Pennsylvania, South Carolina, Tennessee, Texas, Virginia—plus Washington, D.C. Full-service retail brokerage with offices nationwide through Wachovia Securities LLC. Other national businesses include investment banking products and services in selected corporate and institutional sectors globally, mortgage lending, and auto dealer finance. In addition, global services are provided through more than 40 international offices. |
| **Customers:** | 13 million households and businesses; 14.1 million online product and service enrollments; 4.7 million active online customers. |
| **Employees:** | 122,000 |
| **Financial Centers:** | Personal service and advice through 3,400 financial centers and more than 1,500 retail brokerage offices. These staffs include 17,900 registered representatives. |

| | |
|---|---|
| **ATMs:** | Convenient access to 5,100 automated teller machines. |
| **Toll-Free Banking:** | Wachovia: (800) 922-4684 |
| **Online Services:** | Banking - wachovia.com<br>Brokerage - wachoviasec.com<br>Investment products and services -<br>evergreeninvestments.com‡ |
| **Products & Services:** | Complete banking services, retail brokerage services, asset management, wealth management, and innovative products for individual customers. Financial expertise in treasury services, corporate and investment banking, and international banking for business customers. Also offer credit and check card products, trust services, auto dealer finance, mortgage banking, and home equity lending. |
| **Key Subsidiaries:** | Wachovia Bank, N.A., Wachovia Mortgage, Wachovia Securities, LLC, Wachovia Capital Markets, LLC |

**Management:**

| | |
|---|---|
| G. Kennedy Thompson | Chairman, President and CEO |
| Thomas J. Wurtz | Chief Financial Officer |

| | |
|---|---|
| **Stock:** | 2.0 billion shares of common stock outstanding. Stock trades on the New York Stock Exchange under the WB symbol. |
| **Capital:** | Exceeded all 2007 regulatory guidelines (estimated)<br><br>Tier 1: 7.2% (4% minimum)<br>Total: 11.5% (8% minimum)<br>Leverage: 6.1% (3-5% minimum) |
| **Asset Quality:** | Loans written off as losses as a percent of average loans: less than 1% (0.41%). Nonperforming assets as a percent of loans and leases: 1.10%. |
| **Debt Rating:** | Senior debt rated Aa3 by Moody Investor Service, AA- by Standard & Poor's and AA- by Fitch. |
| **History:** | The former Wachovia (founded in 1879 in Winston, NC) and First Union (founded in 1908 in Charlotte, NC) merged on September 1, 2001, to create Wachovia Corporation. Wachovia (pronounced wa-KO-vee-yah) is the latinized form of the name Wachau, which was given to the tract of land in the Piedmont region of North Carolina settled by Moravians in 1753. The name honored the settlers' connections to the Wachau Valley along the Danube River. |
| **Media Contact:** | Mary Eshet |

Corporate Media Relations Manager
(704) 374-2138

**Investor Contact:**        Alice Lehman
Managing Director of Investor Relations
(704) 374-2137

**Note:** Updated January 22, 2008

✉ Email This Page        🖨 Printer Friendly Version

Wachovia common stock trades on the New York Stock Exchange (NYSE) with the ticker symbol WB. Before the September 1, 2001, merger of First Union and the former Wachovia, the common stock traded on the NYSE as FTU.

Information on this site dated after September 1, 2001, is provided under the Wachovia name, while historical information dated before September 1, 2001, is provided under the First Union name. Please note that historical information may have become out of date and should not be considered current. Wachovia does not undertake any obligation to update the information as a result of new information or subsequent developments. In addition, any forward-looking information is subject to various risks and uncertainties that could cause actual results to differ materially from expectations. Factors that could cause results to differ from expectations may be found in Wachovia's reports filed with the SEC.

‡ Products and services provided by affiliates or subsidiaries of Wachovia Corporation. See specific product and service pages for details.

Text Only
About Wachovia | Privacy | Security | Legal | Careers | M
© 2008 Wachovia Corporation. All rights reserved.

# EXHIBIT I

## "ANALISIS DE LA DISTRIBUCIÓN DE RECURSOS FINANCIEROS"
### FECHA DEL REPORTE AL CIERRE DE OPERACIONES DEL 31 DE DICIEMBRE DE 2007

| CONCEPTO | IMPORTES M.N. | |
|---|---|---|
| | PARCIAL | TOTAL |
| **CAJA** | | 17,971,390 |
| MONEDA NACIONAL | 4,182,343 | |
| DIVISAS | 13,590,691 | |
| ORO Y PLATA | 198,356 | |
| | | |
| **BANCOS** | | 55,951,256 |
| MONEDA NACIONAL | 25,102,241 | |
| MONEDA EXTRANJERA | 30,849,015 | |
| SBC BANCOMER MEX | 0 | 0 |
| | | |
| **INVERSIONES** | | |
| MONEDA NACIONAL | | |
| MONEDA EXTRANJERA | | |
| **REMESAS(enviadas a)** | | 0 |
| BANCOS DEL PAIS | 0 | |
| BANCOS DEL EXTRANJERO | 0 | |
| | | |
| **REMESAS(enviadas a)** | | |
| CANADA | 6,000 | 65,513 |
| | | |
| **DOCTOS. DE COBRO INMEDIATO** | | 1,205,749 |
| MONEDA NACIONAL | 148 | |
| MONEDA EXTRANJERA | 1,205,601 | |

Majapara 0003

## "ANALISIS DE LA DISTRIBUCIÓN DE RECURSOS FINANCIEROS"
### FECHA DEL REPORTE AL CIERRE DE OPERACIONES DEL 31 DE DICIEMBRE DE 2007

| CONCEPTO | IMPORTES M.N. | |
|---|---|---|
| | PARCIAL | TOTAL |
| 110,415.12 | | |
| | | |
| *TRANSFERENCIAS PENDIENTES DE RECIBIR* | | |
| | | |
| *OPERACIONES PENDIENTES DE RECIBIR* | | |
| | | |
| *OTROS (ESPECIFICAR CONCEPTO)* | | |
| | | |
| | | |
| **TOTAL RECURSOS LIQUIDOS** | | 75,193,908 |
| | | |
| | | |
| *DEUDORES TLALNEPANTLA USD* | 6,155,144 | 67,206,788 |
| *DEUDORES QUERETARO USD* | 1,599,106 | 17,460,316 |
| *PARTIDAS PENDIENTES BANCOS SUCS MN (POR COBRAR)* | | 50,000,000 |
| | | |
| *OTROS ACTIVOS* | | *134,667,104* |
| | | |
| *ACTIVOS FIJOS* | | *57,626,608* |
| | | |
| | | |
| MENOS: | | |
| | | |
| *GIROS EN TRANSITO* | | |
| *BANCOS USD* | 15,755,593 | 172,032,173 |
| *BANCO EUR* | 488,418 | 7,827,477 |
| *BANCO CND* | 102,510 | 1,133,197 |
| *BANCO GBP* | 4,342 | 93,988 |
| *BANCO CHF* | 25,124 | 242,891 |
| | | |
| *CHEQUES A CARGO DE BANCOS USD* | | |

## "ANALISIS DE LA DISTRIBUCIÓN DE RECURSOS FINANCIEROS"
### FECHA DEL REPORTE AL CIERRE DE OPERACIONES DEL 31 DE DICIEMBRE DE 2007

| CONCEPTO | IMPORTES M.N. | |
|---|---|---|
| | PARCIAL | TOTAL |
| CHEQUES A CARGO DE BANCOS DEL PAIS | | |
| DOCTOS. VENDIDOS A CONSIGNACION | | |
| TRANSFERENCIAS PENDIENTES DE PAGO A CLIENTES | USD 12,602,739.52 | 137,606,792 |
| WACHOVIA BANK | USD 22,000,000 | 240,213,600 |
| ZIONS BANK 1,650,000 DOLARES | USD 1,650,000 | 18,016,020 |
| OTROS (ESPECIFICAR CONCEPTO) | | |
| Luiquidacion personal | | 40,000,000 |
| TOTAL OBLIGACIONES INMEDIATAS | | 617,166,139 |
| MARGEN O (FALTANTE DE RECURSOS) MONEDA NACIONAL | | -349,678,520 |

# EXHIBIT J

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **ILLINOIS NORTHERN** | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 8,093 | 9,056 | 10,584 | 11,126 | 11,135 | 10,957 | | |
| | Terminations | | 8,255 | 8,805 | 11,461 | 10,888 | 10,709 | 10,319 | | |
| | Pending | | 7,711 | 7,914 | 7,706 | 8,699 | 8,587 | 8,271 | | |
| | % Change in Total Filings | Over Last Year | | -10.6 | | | | | 78 | 6 |
| | | Over Earlier Years | | | -23.5 | -27.3 | -27.3 | -26.1 | 92 | 7 |
| | Number of Judgeships | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| | Vacant Judgeship Months** | | 5.7 | 12.0 | 9.6 | 22.1 | 17.8 | 3.3 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 367 | 412 | 481 | 505 | 506 | 498 | 66 | 5 |
| | | Civil | 330 | 369 | 437 | 461 | 459 | 470 | 46 | 4 |
| | | Criminal Felony | 26 | 34 | 32 | 38 | 39 | 28 | 90 | 7 |
| | | Supervised Release Hearings** | 11 | 9 | 12 | 6 | 8 | - | 78 | 6 |
| | Pending Cases | | 351 | 360 | 350 | 395 | 390 | 376 | 61 | 4 |
| | Weighted Filings** | | 443 | 485 | 512 | 526 | 525 | 503 | 43 | 4 |
| | Terminations | | 375 | 400 | 521 | 495 | 487 | 469 | 66 | 5 |
| | Trials Completed | | 11 | 13 | 12 | 12 | 14 | 15 | 86 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 13.9 | 12.9 | 10.3 | 9.9 | 10.3 | 9.9 | 87 | 7 |
| | | Civil** | 6.5 | 6.9 | 5.9 | 5.5 | 5.5 | 5.6 | 7 | 2 |
| | From Filing to Trial** (Civil Only) | | 26.4 | 27.0 | 28.4 | 26.0 | 26.0 | 26.3 | 51 | 5 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 500 | 388 | 337 | 442 | 461 | 485 | | |
| | | Percentage | 7.4 | 5.6 | 5.0 | 5.6 | 6.0 | 6.4 | 61 | 6 |
| | Average Number of Felony Defendants Filed Per Case | | 1.8 | 1.9 | 1.9 | 1.7 | 1.7 | 1.6 | | |
| | Jurors | Avg. Present for Jury Selection | 45.07 | 51.46 | 39.36 | 45.57 | 43.63 | 39.43 | | |
| | | Percent Not Selected or Challenged | 30.9 | 36.9 | 31.0 | 37.3 | 34.8 | 36.7 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7265 | 112 | 175 | 631 | 42 | 110 | 1401 | 977 | 565 | 496 | 1490 | 39 | 1227 |
| Criminal* | 576 | 1 | 161 | 44 | 63 | 140 | 60 | 23 | 12 | 17 | 5 | 18 | 32 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| **NEW YORK SOUTHERN** | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | 12,201 | 12,945 | 12,422 | 12,321 | 13,937 | 12,783 | | |
| | Terminations | 11,339 | 11,346 | 11,471 | 10,780 | 12,618 | 11,247 | | |
| | Pending | 20,047 | 19,302 | 17,638 | 17,275 | 16,198 | 15,818 | | |
| | % Change in Total Filings — Over Last Year | | -5.8 | | | | | 56 | 5 |
| | % Change in Total Filings — Over Earlier Years | | | -1.8 | -1.0 | -12.5 | -4.6 | 59 | 2 |
| Number of Judgeships | | 28 | 28 | 28 | 28 | 28 | 28 | | |
| Vacant Judgeship Months** | | 2.0 | 6.3 | 8.8 | 33.3 | 15.8 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS — Total | 435 | 462 | 444 | 441 | 498 | 457 | 43 | 3 |
| | FILINGS — Civil | 385 | 409 | 388 | 381 | 441 | 420 | 21 | 3 |
| | FILINGS — Criminal Felony | 34 | 40 | 44 | 47 | 48 | 37 | 87 | 6 |
| | FILINGS — Supervised Release Hearings** | 16 | 13 | 12 | 13 | 9 | - | 64 | 5 |
| | Pending Cases | 716 | 689 | 630 | 617 | 579 | 565 | 8 | 2 |
| | Weighted Filings** | 501 | 551 | 527 | 513 | 539 | 560 | 28 | 3 |
| | Terminations | 405 | 405 | 410 | 385 | 451 | 402 | 55 | 3 |
| | Trials Completed | 13 | 15 | 16 | 17 | 15 | 15 | 71 | 3 |
| MEDIAN TIMES (months) | From Filing to Disposition — Criminal Felony | 16.7 | 14.5 | 11.9 | 11.8 | 13.3 | 12.3 | 93 | 6 |
| | From Filing to Disposition — Civil** | 8.3 | 8.8 | 8.1 | 8.4 | 8.3 | 7.2 | 23 | 1 |
| | From Filing to Trial** (Civil Only) | 25.7 | 22.0 | 26.8 | 22.6 | 23.0 | 24.4 | 48 | 1 |
| OTHER | Civil Cases Over 3 Years Old** — Number | 3,107 | 2,652 | 1,656 | 1,312 | 1,230 | 1,585 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 18.4 | 16.7 | 11.6 | 9.2 | 9.2 | 12.1 | 89 | 6 |
| | Average Number of Felony Defendants Filed Per Case | 1.7 | 1.9 | 1.7 | 1.5 | 1.5 | 1.6 | | |
| | Jurors — Avg. Present for Jury Selection | 96.33 | 99.86 | 88.01 | 82.96 | 83.28 | 73.12 | | |
| | Jurors — Percent Not Selected or Challenged | 60.4 | 62.0 | 53.1 | 54.8 | 61.9 | 53.2 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 10793 | 230 | 767 | 1147 | 88 | 38 | 945 | 2257 | 1622 | 835 | 1374 | 66 | 1424 |
| Criminal* | 943 | 5 | 269 | 170 | 111 | 225 | 29 | 28 | 11 | 24 | 24 | 9 | 38 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\** See "Explanation of Selected Terms."

# EXPLANATION OF SELECTED TERMS

## Vacant Judgeship Months

"Vacant judgeship months" is the total number of months that vacancies occurred in any judgeship position in a circuit or district. On September 30, 2006, a total of 31 vacancies existed in the district courts, and 14 vacancies existed in the U.S. courts of appeals (excluding the Federal Circuit).

## Visiting Judge Activity

Court profiles for both the courts of appeals and district courts reflect only caseloads within the circuit/district; the profiles do not address visiting judge activity in other circuits/districts. Detailed data on visiting judge activity can be found in Tables V-1 and V-2 of *Judicial Business of the United States Courts.*

## Supervised Release Hearings

Beginning with *2002 Federal Court Management Statistics,* data on hearings on violations of supervised release are included in the district court profiles. These hearings, which are conducted when defendants violate the terms of supervised release, can result in the modification of conditions or the revocation of supervised release. In addition to providing data for the category of supervised release hearings filed per authorized judgeship, data on supervised release hearings are included in the totals for overall filings and terminations, filings and terminations per authorized judgeship, and weighted filings per authorized judgeship. These changes to the district court profiles were approved by the Judicial Conference Subcommittee on Judicial Statistics.

## Weighted Filings

Weighted filings statistics account for the different amounts of time district judges require to resolve various types of civil and criminal actions. The federal Judiciary has employed techniques for assigning weights to cases since 1946. In 2004, the Judicial Resources Committee of the Judicial Conference of the United States approved a new civil and criminal case weighting system proposed by the Federal Judicial Center. On a national basis, weighted filings did not change significantly after the implementation of the new case weights. More than two-thirds of all district courts saw their weighted filings change by 10 percent or less. Average civil cases or criminal defendants each receive a weight of approximately 1.0; for more time-consuming cases, higher weights are assessed (e.g., a death-penalty habeas corpus case is assigned a weight of 12.89); and cases demanding relatively little time from judges receive lower weights (e.g., a defaulted student loan case is assigned a weight of 0.031). Probation revocation hearings (both evidentiary and non-evidentiary) are included as part of the weighted filings statistics. For comparative analysis in this report, the totals for weighted civil and criminal filings for prior years have been revised based on the new case weighting system. The weighted totals for criminal defendants include reopenings and transfers. Data on civil cases arising by reopening, remand, and transfer to the district by order of the Judicial Panel on Multidistrict Litigation are not included among the totals for weighted filings.

## Median Times: Civil

"Median times" are the median time intervals between the filing of cases and their disposition. Civil median times exclude data for civil cases involving land condemnation, prisoner petitions, deportation reviews, recovery of overpayments, and enforcements of judgments. Because courts can quickly process cases involving the recovery of overpayments (which primarily address veterans' benefits) and enforcements of judgments (which primarily address student loans), including data on these cases would shorten the civil median times for some courts to the point of giving an inaccurate impression of the time usually required to process a case in the federal courts.

## Median Times: From Filing to Trial

The median time for civil cases from filing to trial is calculated from the date a case was filed to the date trial began. For any reopened civil case resulting in a second completed trial, the median time remains based on the original filing date and the date the trial was completed.

## Civil Cases Over Three Years Old

Data for cases pending three years or more may not match those presented in the Civil Justice Reform Act (CJRA) reports because the profiles presented herein include data for cases on appeal in other courts (i.e., the Supreme Court, courts of appeals, other district courts, and state courts), whereas the CJRA reporting guidelines exclude such data. From 2000 to 2005, data for the Eastern District of Michigan included between 10,000 and 14,000 silicone breast implant cases assigned to one district judge that technically were pending, but effectively were stayed pending the resolution of an appeal in a related bankruptcy matter. On October 6, 2005, an order dismissed the 14,000 breast implant cases pursuant to the *In re Dow Corning Corporation* Bankruptcy Joint Amended Plan of Reorganization which went into effect on June 1, 2004. Since 1999, the three-year-old civil pending caseload in the Middle District of Louisiana has included more than 7,000 cases related to oil refinery explosions. For comparative purposes, any statistical average should exclude these cases.

## Civil and Criminal Felony Filings by Nature of Suit/Offense

Prior to 2005, alphabetical codes corresponded to different offenses and natures of suit. Therefore, data for 2005 and thereafter are not comparable to data for earlier years.

# EXHIBIT K

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION,      ) | |
|        ) | |
|       Plaintiff,       ) | |
|        ) | |
|    v.        ) | |
|        ) | |
| CASA DE CAMBIO MAJAPARA S.A. de C.V., a.k.a.  ) | |
| Majapara Casa de Cambio S.A. de C.V. and JOM  ) | Case No. 08 CV 170 |
| CORPORATION OF ILLINOIS,    ) | |
|        ) | Honorable Amy J. St. Eve |
|       Defendant,      ) | |
|        ) | |
| and        ) | |
|        ) | |
| Harris N.A., a National Association,    ) | |
|        ) | |
|       Garnishee.      ) | |

## PLAINTIFF'S MOTION FOR REMAND

Plaintiff Wachovia Bank, National Association ("Wachovia"), pursuant to 28 U.S.C. § 1447(c), hereby moves this Court for an Order remanding this case back to the Circuit Court of Cook County. In support of this Motion, Wachovia states as follows:

## INTRODUCTION

It is well settled that <u>all</u> defendants must expressly consent to removal in writing within thirty days of the first defendant being served process. Here, however, while there are two defendants, Casa de Cambio Majapara S.A. de C.V. a.k.a. Majapara Casa de Cambio S.A. de C.V. Majapara ("Majapara") and JOM Corporation of Illinois, only Majapara has filed a Notice of Removal. Majapara explains the failure of JOM Corporation of Illinois to expressly join in the removal in writing by asserting that JOM Corporation of Illinois is a "[n]ominal defendant." According to Majapara's Notice of Removal, "[w]hile JOM [Corporation of Illinois] is listed in the case caption, Majapara understands that plaintiff filed a motion to add JOM [Corporation of Illinois] as a defendant that was not, in fact, granted."

On December 17, 2007, however, Judge Alexander P. White of the Circuit Court of Cook County expressly granted Wachovia's Motion to add JOM Corporation of Illinois as a defendant to the caption of the case. In fact, Judge White's Order adding JOM Corporation of Illinois is included in the exhibit to Majapara's Notice of Removal. On the same day Judge White entered this Order, Wachovia filed its Complaint naming JOM Corporation of Illinois as a defendant, with substantive allegations that JOM Corporation of Illinois is an alter ego of Majarpara and, therefore, is liable to Wachovia to the same extent as is Majapara. As such, JOM Corporation of Illinois is not a nominal defendant and the failure of <u>all</u> defendants to join in the removal <u>in writing</u> within thirty days of the first defendant being served is fatal to Majapara's attempt to remove this case.

The case should be remanded back to Circuit Court of Cook County.

## FACTS

**A.    After The Parties Enter Into A Series Of Foreign Exchange Spot Transactions, Majapara Accepts 26 Million Euros From Wachovia Without Delivering the Agreed Upon $38 Million To Wachovia In Return**

On December 17, 2007, Wachovia filed a Complaint in the Circuit Court of Cook County, alleging that Majapara owes it over $24 million. As alleged in the Complaint, on December 5, 2007, Majapara and Wachovia agreed to a series of seven foreign exchange spot transactions, all of which were to settle on December 7, 2007. (Compl. ¶ 12.) These transactions required Wachovia to deliver an aggregate of 26 million Euros to Majapara in return for Majapara delivering an aggregate of $38,132,700 (US$) to Wachovia. (<u>Id.</u>)

In conformance with its obligations, on December 7, 2007, Wachovia sent 26 million Euros to Majapara. (Compl. ¶ 13.) Majapara, however, failed to deliver the agreed upon $38,132,700 to Wachovia as required by the parties' agreement, and to this date, Majapara has made absolutely no payment of any kind to Wachovia. (<u>Id.</u>) In fact, as alleged in the Complaint,

Majapara accepted the 26 million Euros with no intention of sending the corresponding $38 million to Wachovia and, after the fact, informed Wachovia that Majapara had used Wachovia's funds to make loans to third parties. (Compl. ¶¶ 57-60.) In addition, Majapara tried to place additional trades with Wachovia on December 7, 2007, knowing that it could not cover such additional trades or its existing obligation to deliver the dollars to Wachovia. (Id. ¶ 15.) Moreover, on December 11, 2007, Majapara tried to drain a Majapara account held at Wachovia by attempting to transfer over $9 million out of that account. (Id. ¶ 16.) Wachovia was able to prevent that from taking place and, after exercising certain set-off rights it had, Wachovia is still owed more than $24,711,845. (Id. ¶¶ 17, 33.) Wachovia, in its Complaint, has asserted claims against Majapara for breach of contract, promissory estoppel, unjust enrichment, fraud and breach of contract/anticipatory repudiation. (Id. ¶¶ 29-71.)

**B.    Wachovia Is Given Leave To Add JOM Corporation Of Illinois As A Defendant**

On December 17, 2007, Wachovia was given leave to add JOM Corporation of Illinois as a defendant. (See 12/17/07 Order, attached hereto as Exhibit A.) Leave was needed because Wachovia had commenced the case on December 14, 2007, not through the filing of a Complaint, but rather through the filing of an affidavit and a Motion seeking an Order for Attachment against any assets of Majapara at Harris Bank, which Motion was granted. Since leave to add JOM Corporation of Illinois as a defendant to the caption of the case was granted, the initial Complaint filed on December 17, 2007 included JOM Corporation of Illinois as a defendant. Wachovia asserted a claim for alter ego liability against JOM Corporation of Illinois, a company with common owners and officers/directors with Majapara that was doing business as "Majapara-Chicago," seeking to hold JOM Corporation of Illinois liable for Majapara's liability to Wachovia.

At the same time it filed its Complaint, Wachovia also sought and obtained a temporary restraining order against JOM Corporation of Illinois, restricting JOM Corporation of Illinois from "transferring or otherwise dissipating or removing in any fashion any monies, assets or property in its possession, custody or control up to the amount of $25 million (US$)." On December 19, 2007, however, JOM Corporation moved to vacate the TRO. According to JOM Corporation, "[i]n December 2006, JOM Corporation of Illinois was merged into JOM Corporation of Texas." (Motion to Vacate, at 2.) In fact, in its Motion, JOM Corporation unilaterally changed the caption of the case to reflect the defendant as "JOM Corporation," rather than "JOM Corporation of Illinois."[1] On December 20, 2007 at 9:15 a.m., the parties appeared before the Court. (See Notice of Motion, attached hereto as Exhibit B.) At that time, counsel for JOM Corporation represented to the Court that, "the sole successor in interest to JOM Corporation of Illinois is JOM Corp., a Texas Corporation, through a statutory merger in 2006." (See 12/20/07 Order, attached hereto as Exhibit C.)

Importantly, Wachovia did not voluntarily dismiss JOM Corporation of Illinois from the case, nor was any motion to dismiss JOM Corporation of Illinois filed. Later that afternoon, Robert C. Samko of Robert C. Samko P.C. filed an appearance with the Court on behalf of JOM Corporation and checked the box stating that he was representing "Defendant." (See Appearance, attached hereto as Exhibit D.)

---

[1] The next day, on December 20, 2007, Wachovia filed its own Motion to Modify the TRO in light of certain information it had obtained from Harris Bank on December 19, 2007, which showed that, in late-May 2006, a request was made of Harris Bank to change the name on JOM Corporation of Illinois' Harris Bank account from JOM Corporation of Illinois to JOM Corporation as a result of an alleged decision on the part of JOM Corporation of Illinois and/or JOM Corp. to "aggregate and consolidate all of its operations into JOM Corp." (See Motion to Modify TRO.)

C.   **Majapara Removes The Case, But JOM Corporation Of Illinois Does Not Join In That Removal**

On January 8, 2008, Majapara filed a Notice of Removal.  (<u>See</u> Notice of Removal (without exhibits), attached hereto as Exhibit E.)  Neither JOM Corporation of Illinois, nor JOM Corporation, as the claimed sole successor in interest to JOM Corporation of Illinois, signed the Notice of Removal or has filed any paper indicating that it joins in the Notice of Removal.

<u>**ARGUMENT**</u>

I.   **BECAUSE ALL DEFENDANTS DID NOT JOIN IN THE REMOVAL IN WRITING, MAJAPARA'S NOTICE OF REMOVAL IS DEFECTIVE**

Under 28 U.S.C. § 1446(a), to remove a case:

> [a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . ..

Importantly, the Seventh Circuit has held that, "[a] petition for removal fails unless <u>all</u> defendants join it." <u>Roe v. O'Donohue</u>, 38 F.3d 298, 301 (7th Cir. 1994) (citations omitted; emphasis added), <u>overruled on other grounds by</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999).  The Seventh Circuit has also held that, "[t]o 'join' a motion is to support it *in writing*." <u>Roe</u>, 38 F.3d at 301 (emphasis added).  In other words, while all defendants do not need to sign the notice of removal, each defendant must communicate his or her consent to the removal in writing.  <u>Id.</u>; <u>Martin v. Harshbarger</u>, No. 94 C 1210, 1994 WL 86020, at *2 (N.D. Ill. Mar. 14, 1994).  Further, since 28 U.S.C. § 1446(b) provides that a notice of removal must be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief," courts have held that all defendants must consent in writing within thirty days of when the first defendant is served with the complaint.  <u>Id.</u> (citations omitted).

Here, JOM Corporation of Illinois did not sign Majapara's Notice of Removal, nor did it file its own joinder. In fact, JOM Corporation of Illinois has not even filed an appearance in the federal action. And while Majapara did state in its Notice of Removal that it had spoken to JOM Corporation of Texas' counsel (JOM Corporation allegedly being the successor in interest to JOM Corporation of Illinois), and that "to the extent consent is needed, JOM Texas consents to the removal of this action," (Ex. E, Notice of Removal ¶ 6 n.1), the fact remains that neither JOM Corporation of Illinois nor its alleged sole successor-in-interest, JOM Corporation, has filed anything in writing indicating its consent to Majapara's removal.[2] Since JOM Corporation of Illinois was served on December 17, 2007, the thirty-day deadline for <u>all</u> defendants to indicate, <u>in</u> <u>writing</u>, their consent to join in the Notice of Removal has long passed.

Further, the fact that Majapara removed not only on diversity grounds, but also on federal question grounds pursuant to 28 U.S.C. § 1441(b) (federal question jurisdiction) and 12 U.S.C. § 632, does not compel a different result. Section 632 provides that certain claims involving international banking or other international financial operations "shall be deemed to arise under the laws of the United States," and provides that "any defendant . . . may, at any time before trial thereof, remove such suit from a State court . . . ***following the procedure for the removal of causes otherwise provided by law***." 12 U.S.C. § 632 (emphasis added). Although, to counsel's knowledge, no court in this District has addressed whether Section 632 requires all defendants to consent to removal in writing within thirty days of the first defendant being served, given the explicit language of the statute requiring defendants removing to "follow[] the procedures for the

---

[2] While JOM Corporation alleged in the state court that it is the sole successor in interest to JOM Corporation of Illinois through a statutory merger, neither JOM Corporation nor Majapara has provided Wachovia or this Court with any evidence proving this merger. In any case, if such a merger did take place, JOM Corporation, as the sole successor in interest to JOM Corporation of Illinois and as the party appearing as a "defendant" in the state court action, was required to file a written joinder to the Notice of Removal within thirty days of JOM Corporation of Illinois having been served. It failed to do this.

removal of causes otherwise provided by law," the requirements of 28 U.S.C. §§ 1441 and 1446 must be followed for Section 632 removal to be effective.  This is particularly true considering that removal statutes are strictly construed and "doubts should be resolved against removal." Roe, 38 F.3d at 304; Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. . . . Any doubt regarding jurisdiction should be resolved in favor of the states. . . ., and the burden of establishing federal jurisdiction falls on the party seeking removal.") (citations omitted); Fields v. Jay Henges Enters., Inc., No. 06-323-GPM, 2006 WL 1875457, at *1 (S.D. Ill. June 30, 2006) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. . . . Put another way, there is a strong presumption in favor of remand.") (citations omitted).

The case of Ponce Federal Bank, FSB v. Instituto Medico Del Norte, Inc., 643 F. Supp. 424 (D.P.R. 1986) is instructive.  In Ponce, a defendant attempted removal pursuant to Section 632.  The defendant, however, did not file its notice of removal within thirty days of service and all defendants did not join in the petition.  Noting that "removal statutes should be strictly construed and all doubts should be resolved against removal," the Ponce court held that, since there is "no legislative history on this matter, we must presume that absent a clearer intention of Congress to the contrary, Section 632 was intended to parallel . . . the general removal statute." Id. at 426.   Since the removal statutes located at 28 U.S.C. §§ 1441 and 1446 have been found to require all defendants to consent in writing to removal and to do so within thirty days, the court found that these requirements are applicable to cases brought under Section 632.  Id.; see also Dibidale of La., Inc. v. First Nat'l Bank of Houma, No. 90-4784, 1991 WL 40326, at *1-2 (E.D. La. Mar. 21, 1991) (holding that, because Section 632 requires defendants to follow "the

procedure for removal of causes otherwise provided by law," the thirty-day deadline included in

Section 1446 applies to cases removed under Section 632).[3]

      Given the fact that <u>all</u> defendants did not consent in writing to the removal within thirty

days of the first defendant being served, Majapara's attempt to remove this case is defective.  <u>See</u>

<u>Fields</u>, 2006 WL 1875457, at *2 ("[a] defendant seeking removal must strictly comply with all

the statutory requirements, and where there is doubt as to whether the requirements have been

satisfied, the case should be remanded.") (citation omitted).

## II.      JOM CORPORATION OF ILLINOIS IS NOT A "NOMINAL DEFENDANT"

      Majapara tries to avoid the rule requiring all defendants to consent in writing within thirty

days by alleging in the Notice of Removal that JOM Corporation of Illinois is a "nominal

defendant."  Under the relevant case law, nominal parties do not need to consent to or join in a

notice of removal.  <u>See</u> <u>Franke v. Heartland Express, Inc.</u>, No. 00 C 5222, 2001 WL 436214, at

*1 (N.D. Ill. Apr. 27, 2001).  But "the burden of alleging and proving that a co-defendant is a

nominal party rests with the removing party."  <u>Id</u>.  And, here, Majapara has failed to meet this

burden.

      In the Notice of Removal, Majapara claims that JOM Corporation of Illinois is a nominal

defendant because, in the state court, Wachovia "filed a motion to add JOM as a defendant that

---

[3] While one court found that the language "any defendant" in Section 632 means that all defendants do not need to consent in writing to removal pursuant to Section 632, (<u>see</u> <u>Wenzoski v. Citicorp</u>, 480 F. Supp. 1056, 1058 (N.D. Cal. 1979)), and another court found that the language "at any time before trial," in Section 632 means the thirty-day deadline for removing an action does not apply to cases removed pursuant to Section 632, (<u>see</u> <u>Hill v. Citicorp</u>, 804 F. Supp. 514, 515-16 (S.D.N.Y. 1992)), those cases are poorly reasoned.  By requiring defendants to follow "the procedures for the removal of causes otherwise provided by law," Congress, in enacting Section 632, incorporated all the general removal requirements, including the requirement for all defendants to consent in writing to removal and the thirty-day deadline. Since the Seventh Circuit has stated that removal statutes must be interpreted narrowly and that any doubt as to the validity of removal should be resolved in favor of remanding the action, (<u>see</u> <u>Doe</u>, 985 F.2d at 911), absent a clear indication of Congressional intent to eliminate these general removal procedures, these procedures must be followed.

was not, in fact, granted." (See Notice of Motion ¶ 6.) This is incorrect. JOM Corporation of Illinois was added as a defendant, The Complaint specifically named JOM Corporation of Illinois as a defendant, and the Illinois court granted leave to plaintiffs to include JOM Corporation of Illinois as a defendant in the case caption. (See Ex. A, 12/17/07 Order.) Further, the Seventh Circuit has explained that:

> A "nominal defendant" is a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation. A nominal defendant holds the subject matter of the litigation "in a subordinate or possessory capacity as to which there is no dispute." . . . . Because the nominal defendant is a "trustee, agent, or depositary," . . . who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection. The court needs to order the nominal defendant to turn over funds to the prevailing party when the dispute between the parties is resolved. A nominal defendant is not a real party in interest, however, because he has no interest in the subject matter litigated. His relation to the suit is merely incidental and "it is of no moment [to him] whether the one or the other side in [the] controversy succeed[s]."

SEC v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991) (citations omitted). Here, JOM Corporation of Illinois' relationship to the case is not "merely incidental" and, therefore, Majapara has not, and cannot, meet its burden of showing JOM Corporation of Illinois is a "nominal defendant."

As such, JOM Corporation of Illinois, or JOM Corporation as its sole successor in interest, was required to consent **in writing** to removal. Given that Majapara failed to secure such written consent prior to the expiration of the thirty-day deadline, Majapara's Notice of Removal is defective.[4]

                                  \*     \*     \*     \*

---

[4] If Section 632 were found not to apply to this case, the Notice of Removal would also be defective to the extent JOM Corporation of Illinois still exists as 28 U.S.C. § 1441 forbids removal solely on diversity grounds where one of the defendants is a citizen of the state in which the action was brought.

**WHEREFORE**, for the reasons stated herein, Plaintiff Wachovia Bank, National Association requests that the Court remand this action back to the Circuit Court of Cook County, and grant such other and further relief as the Court deems just and proper.

Dated: February 6, 2008

              Respectfully submitted,
              ***WACHOVIA BANK, N.A.***.
              Plaintiff,


        By:_____ s/ Michael S. Leib _____
              One of Its Attorneys

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois  60606-7507
(312) 207-1000

Attorneys for Plaintiff Wachovia Bank, N.A.


CHILIB-2155860.2

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2008, I electronically filed the foregoing documents:

**NOTICE OF MOTION, AND PLAINTIFF'S MOTION FOR REMAND**

with the Clerk of the Court using the CM/ECF.  I also certify that the following documents are being served this day on all counsel of record identified below via the methods indicated below.

Celiza P. Braganca
Thomas D. Brooks
Sperling & Slater, P.C.
55 West Monroe Street
Suite 3200
Chicago, IL 60603
cbraganca@sperling-law.com
312-641-6492 (fax)
312-641-3200 (telephone)

Via transmission of Notices of
Electronic Filing generated by
CM/ECF.

Robert C. Samko
Robert C. Samko P.C.
100 West Monroe Street
19th Floor
Chicago, IL 60603
prsamko@hotmail.com
312-332-3612 (fax)
312-236-7060 (telephone)

Via U.S. Mail.

                        s/ Michael S. Lieb
                        Michael S. Lieb

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 South Wacker Drive
Chicago, Illinois  60606-7507
(312) 207-1000

Attorneys for Plaintiff Wachovia Bank, N.A.

# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

WACHOVIA BANK,                          )
NATIONAL ASSOCIATION,                   )
                                        )
          *Plaintiff*,                  )
                                        )    Case No. 07L13958
          v.                            )
                                        )
MAJAPARA CASA DE CAMBIO S.A. de C.V.,   )
a Mexican corporation,                  )
                                        )
          *Defendant*,                  )
                                        )
HARRIS N.A., an Illinois corporation,   )
                                        )
          *Garnishee*.                  )

## ORDER

    Plaintiff coming before the Court on its Emergency Motion for Leave to Add Defendant
and the Court being advised in the premises, **IT IS HEREBY ORDERED:**

    Plaintiff's Motion is GRANTED.  JOM Corporation of Illinois is added as a defendant to
the caption of the case.

*The return date of Jan 11, 2008 on the Order For Attachment and Summons is stricken and the return date is now January 10, 2008 at 9:30 a.m.*

Dated: December 17, 2007

ENTER: _____
                                         Judge

*A preliminary injunction on Plaintiff's Emergency Motion for Entry of Ex Parte TRO is set for December 27, 2007 at 11:15 am. against JOM corp of Illinois The Court waives any requirement for bond; no bond is required on Plaintiff's Motion for TRO.*

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois  60606-7507
(312) 207-1000
Firm I.D. # 43456



ENTERED
JUDGE ALEXANDER P. WHITE - 0241

DEC 17 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

- 3 -

# Exhibit B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Wachovia Bank,                          )
                                        )
                    Plaintiff,          )
                                        )
        vs.                             )        No. 07 CH 13958
                                        )        Judge Alexander White
Majapara Casa de Cambio, S.A. de CV     )
et al.,                                 )
                    Defendants.         )
                                        EMERGENCY
                                    NOTICE OF MOTION

To:     Mr. Barry Rosen
        Reed Smith LLP
        10 S. Wacker Drive
        Chicago, IL  60606

        On December 20, 2007, at 9:15 a.m., or as soon thereafter as counsel may be heard, I shall appear
before the honorable judge Alexander White presiding in courtroom 2503, Richard J. Daley Center,
Chicago, IL, or any judge presiding in his stead, and present the Defendant's, JOM Corporation, Motion
to Vacate Order, a copy of which is served upon you.

Robert C. Samko, P.C.                        Attorney for Defendant
100 W. Monroe Street, Ste. 1900              Chicago, IL  60603
312-236-7060                                 Attorney No.  70287


                        PROOF OF SERVICE BY DELIVERY

        I, Robert C. Samko, the attorney certify that I caused to be served upon  the above addressees at
the above addresses a copy of this notice and motion by personal service before 5 p.m. on December
19, 2007, with proper postage prepaid.
        Under penalties provided by law pursuant to 735 ILCS Sec.5/ 1-109, I certify that the statements
set forth herein are true and correct.
                                        Date: December 19, 2007.

# Exhibit C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

WACHOVIA BANK, NATIONAL ASSOCIATION, )
                                      )
          Plaintiff,                 )
                                      )    Case No. 2007L13958
          v.                        )
                                      )
CASA DE CAMBIO MAJAPARA S.A. de C.V.,    )
a.k.a. Majapara Casa de Cambio S.A. de C.V.,    )
and JOM CORPORATION OF ILLINOIS        )
                                      )
          Defendant,                )
                                      )
Harris N.A., a National Association,          )
                                      )
          Garnishee.              )

## <u>ORDER MODIFYING TEMPORARY RESTRAINING ORDER</u>

This Cause coming on to be heard on Plaintiff's Emergency Motion to Modify

Temporary Restraining Order the Court being fully advised in the premises, IT IS

HEREBY ORDERED:

       1.      Plaintiff's Motion is GRANTED;

       2.      The Temporary Restraining Order dated December 17, 2007 against
Defendant JOM Corporation of Illinois is hereby modified to include an additional
sentence at the end of Paragraph 2, which reads as follows:

     "This Temporary Restraining Order applies only to JOM Corporation of Illinois; the
     Court hereby expressly states that the Temporary Restraining Order does not apply to
     JOM Corp. or its assets, *or to Jom Corp. as the surviving corporation of a
merger with Jom Corporation of Illinois.*

Dated: December 20, 2007

3. *Jom Corp's Motion To Vacate Ex Parte Temporary Restraining
Order entered in this case on December 17, 2007, is withdrawn.*

*Counsel for Plaintiff and for*       ENTER: _____
*Jom Corp. having appeared, and*                     Judge
*ounsel for Jom Corp. having represented*
*that the sole successor in interest to*
*Jom Corporation of Illinois is Jom Corp.,*
*a Texas Corporation, through a statutory merger in 2006,*

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois  60606-7507
(312) 207-1000
Firm I.D. # 43456

# Exhibit D

(Rev. 4/12/01)  CCL 0530

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Wachovia Bank
_____
                                    **Plaintiff**

                    v.

Casa de Cambio Majapara
_____
                                    **Defendant**

No. 2007 L 13958

Calendar: _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION
07 DEC 20  PM 2:57

## APPEARANCE

☐ **GENERAL APPEARANCE**  0900 - APPEARANCE - FEE PAID; 0909 - APPEARANCE - NO FEE;
                          0904 - APPEARANCE FILED - FEE WAIVED
☑ **SPECIAL AND LIMITED APPEARANCE**  0905 - SPECIAL APPEARANCE - FEE PAID
                          0906 - SPECIAL APPEARANCE - NO FEE

☐ **JURY DEMAND**  1900 - APPEARANCE & JURY DEMAND FEE PAID; 1909 APPEARANCE & JURY DEMAND NO FEE

**The undersigned enters the appearance of:**  ☐ **Plaintiff**  ☑ **Defendant**

JOM Corporation
_____
                    **(INSERT LITIGANT'S NAME)**

_____
                                    **SIGNATURE**

☑ **INITIAL COUNSEL OF RECORD**    ☐ **PRO SE**

☐ **ADDITIONAL APPEARANCE**    ☐ **SUBSTITUTE APPEARANCE**

A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.

| **ATTORNEY** | **PRO SE** |
|---|---|
| NAME: Robert C. Samko, P.C. | NAME: _____ |
| ATTORNEY FOR: JOM Corporation | ADDRESS: _____ |
| ADDRESS: 100 W. Monroe Street  #1900 | CITY/STATE/ZIP: _____ |
| CITY/STATE/ZIP: Chicago, IL  60603 | TELEPHONE: _____ |
| TELEPHONE: 312/236-7060 | INSURANCE COMPANY: _____ |
| INSURANCE COMPANY: _____ | ATTORNEY NUMBER  99500 |
| ATTORNEY NUMBER: 70287 | |

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# Exhibit E

**FILED**

**JANUARY 8, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 170**

| | |
|---|---|
| WACHOVIA BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. |
| | ) |
| CASA DE CAMBIO MAJAPARA S.A. de C.V., | ) |
| and JOM CORPORATION OF ILLINOIS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JUDGE ST. EVE**
**MAGISTRATE JUDGE COLE**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and 12 U.S.C. § 632, Defendant Casa de Cambio Majapara S.A. de C.V. ("Majapara") hereby files this Notice of Removal of the action pending in the Circuit Court of Cook County, County Department, Law Division (the "State Court Action") from the Cook County Circuit Court to the United States District Court for the Northern District of Illinois. In support of removal, Majapara states as follows:

1.     This action was commenced by Plaintiff's filing a complaint in the Circuit Court of Cook County, Illinois on December 14, 2007. This Notice of Removal is being filed within 30 days after the receipt by the Defendant of a copy of the pleading setting forth the claim for relief upon which such action or proceeding is based. Thus, this Notice of Removal is timely.

2.     Pursuant to 28 U.S.C. § 1446, the documents attached as Exhibit A constitute all of the process and pleadings that defendant has received in this action.

3.     Defendant has not answered the State Court Action nor has the time to answer or otherwise plead expired.

4.    Plaintiff, Wachovia Bank, N.A. ("Wachovia"), is a national banking association with its principal place of business in Charlotte, North Carolina.

5.    Defendant Majapara is a Mexican corporation with its principal place of business in Mexico City, Mexico.

6.    Nominal defendant JOM Corporation of Illinois ("JOM"), now dissolved, was a corporation organized under the laws of the State of Illinois that had its principal place of business in San Diego, California.    While JOM is listed in the case caption, Majapara understands that plaintiff filed a motion to add JOM as a defendant that was not, in fact, granted.[1]

7.    Wachovia's Complaint in the State Court Action purports to allege six causes of action:    breach of contract, promissory estoppel, unjust enrichment, fraud and breach of contract/anticipatory repudiation (all against Majapara), and alter ego liability (against JOM). Wachovia claims millions of dollars in damages in connection with these purported causes of action.

8.    Defendant hereby removes this case pursuant to 28 U.S.C. §§ 1441(a) and 1331, and 12 U.S.C. § 632, in that this is a suit (i) of a civil nature at common law or in equity to which Wachovia, which is organized under the laws of the United States, is a party; and (ii) arising out of transactions involving international or foreign banking, or out of other international or foreign financial operations, and as such is deemed to arise under the laws of the United States.

---

[1] JOM merged into JOM Corporation of Texas ("JOM Texas") in 2006. Counsel for Majapara has conferred with representatives of JOM Texas, and to the extent consent is needed, JOM Texas consents to the removal of this action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois. JOM Texas is a corporation organized under the laws of the State of Texas that has its principal place of business in San Diego, California.

2

9.      Defendant hereby removes this case pursuant to 28 U.S.C. §§ 1441(b) and 1332, in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

10.     Defendants do not waive any right to contest personal jurisdiction or service by filing this Notice of Removal. *See, e.g., Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995).

11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this notice will hereafter be filed with the Clerk for the Circuit Court of Cook County, Illinois and served on all parties to this lawsuit.

WHEREFORE, defendant Casa de Cambio Majapara S.A. de C.V. respectfully removes the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

January 8, 2008                         Respectfully submitted,

                                        CASA DE CAMBIO MAJAPARA S.A. de C.V.

                                        By:   /s/ Celiza P. Bragança
                                              One of its attorneys

                                              Celiza P. Braganca
                                              Thomas D. Brooks
                                              SPERLING & SLATER, P.C.
                                              55 West Monroe Street, Suite 3300
                                              Chicago, Illinois 60603
                                              312/641-3200

3

## CERTIFICATE OF SERVICE

I, Celiza P. Bragança, certify that I caused a true and correct copy of the foregoing *Notice of Removal*, to be served upon:

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois 60606

Robert C. Samko, P.C.
100 West Monroe Street, Suite 1900
Chicago, Illinois 60603

via Messenger this 8th day of January, 2008.


_____/s/ Celiza P. Bragança_____