Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WACHOVIA BANK, National Association,      :
                                          :      07 Civ. 11230 (BSJ)(RLE)
                    Plaintiff,            :
                                          :
          - against -                     :      **DECLARATION**
                                          :      **OF SCOTT S. MCKESSY**
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,     :
                                          :
                    Defendant.            :
------------------------------------------------------------X

　　　　I, SCOTT S. MCKESSY, hereby declare under penalty of perjury, pursuant to 28

U.S.C. § 1746, that the following is true and correct:

　　　　1.　　I am a member of the law firm of Reed Smith LLP, attorneys for

Wachovia Bank, National Association ("Wachovia"), the plaintiff in this action.  I submit

this Declaration in support of Wachovia's instant application for an order declaring that

defendant Casa de Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de Cambio S.A.

de C.V. ("Majapara") is in contempt of this Court's Orders, dated December 14, 2007

and January 8, 2008.

### Introduction

　　　　2.　　This is a simple case where two entities agreed to exchange equal amounts

of currency:  Wachovia did; Majapara did not.  As a result, Wachovia commenced the

within action.  In response to Wachovia's applications to this Court, this Court issued various orders, *inter alia*, prohibiting Majapara from transferring any of its assets prior to the Court's hearing on Wachovia's application for an order of attachment and requiring Majapara to disclose all of its assets.  Majapara, however, failed to comply with this Court's December 14, 2007 order by allowing more than $60 million to flow out of its account here in New York <u>after</u> having received this Court's prohibitions from doing so. Majapara also failed to disclose all of its assets as required by this Court.

3.    To this end, on Friday, December 14, 2007, Wachovia commenced the within action against Majapara.  At that same time, it made an application to this Court, brought by Order to Show Cause, for a prejudgment order of attachment.  The Court signed that order, set December 21, 2007 as the return date for that application and issued a temporary restraining order prohibiting Majapara, pending the hearing and determination of Wachovia's application for an order of attachment, from transferring any of its assets.  The December 14th Order was received by Majapara on December 17th.  Upon the hearing date of the order of attachment, which was advanced by this Court to December 20th, the Court granted Wachovia's application.  Majapara received this Order on December 21st.

4.    Pursuant to this Court's Order, dated December 21, 2007, providing for, *inter alia*, expedited third-party discovery, Wachovia served interrogatories upon various banks in New York believed to have assets belonging to Majapara – one of those banks was Citibank here in New York City.  In response to those interrogatories, Citibank provided a letter detailing the closing-day balances for the Majapara account at Citibank from December 14, 2007 through January 2, 2007, as well as the December 2007 account

statement for Majapara's Citibank account. Those responses revealed that, as of the close of business on December 17th, Majapara had more than $14.5 million in its Citibank account here in New York; and that between December 17th and December 20th, the date of the attachment hearing, more than $60 million had been transferred out of that account. And, ultimately, by January 2, 2008, that account had been further drained down to less than $2,500.

5.    The December 14th order also required Majapara to provide a detailed list of all of its assets. It never did. This Court then, by endorsed letter, dated January 8, 2008, again directed Majapara to make this disclosure pursuant to the Court's prior directive. Majapara chose to ignore this Court's second mandate as well. In this regard, based upon a review of Majapara's "responses," as well as other information available, Wachovia has discovered that Majapara has failed to provide a full disclosure of all of its assets.

6.    Indeed, on January 12, 2008, Wachovia requested that Majapara represent that it is in full compliance with this Court's orders. To date, however, Majapara has failed to provide Wachovia with any such representation – the reason why, unfortunately, is now clear.

7.    Accordingly, Wachovia respectfully requests that Majapara be held in contempt for its violation of this Court's clear prohibitions; be compelled to deposit into Court an amount sufficient to satisfy Wachovia's claims; be compelled to compensate Wachovia for its attorney's fees incurred in making the instant application; be compelled to provide a full and complete verified disclosure of all of its assets (including, but not limited to, its accounts receivables), along with copies of Majapara's audited and

unaudited financial statements covering the last six months (including, but not limited to, those statements Majapara used in connection with its pending motion to vacate); be compelled to provide documents relevant to the Euros transferred pursuant to the underlying spot transactions (including, but not limited to, the names, addresses, and account numbers of each entity or individual receiving any of the Euros transferred in connection with the spot transactions underlying this action); be compelled to produce Jorge Ortiz, at the offices of Reed Smith, 599 Lexington Avenue, New York, New York, for immediate deposition regarding Majapara's assets, financial condition, and conduct since December 14, 2007; and for such other further and different relief as this Court deems just and proper.

## Factual Background

8.      This case arises out of foreign exchange spot transactions involving Wachovia's delivery to Majapara of approximately 26 million Euros in exchange for Majapara delivering more than $38 million (USD$) to Wachovia.  As detailed in Wachovia's pleading, Wachovia delivered the 26 million Euros to Majapara's account, but Majapara never delivered the $38-plus million (US$) to Wachovia – Majapara then absconded with Wachovia's money.  Majapara admits that it owes Wachovia this money. A copy of Majapara's December 13, 2007 letter, along with a certified translation, is annexed to the accompanying Compendium of Exhibits as Exhibit A.

9.      Thereafter, on December 14, 2007, Wachovia commenced the within action against Majapara for breach of various agreements and for fraud.  See Amended Complaint, Exh. B.[1]

---

[1]      All references to exhibits are to those annexed to and incorporated into the accompanying Compendium of Exhibits.

**This Court's Orders**

10.    On the same date that Wachovia commenced the within action, Wachovia also made an application to this Court, brought by Order to Show Cause, for an order granting it prejudgment attachment. The Court signed that order on December 14, 2007 and set a hearing date for the application for an order of attachment (the "December 14 Order"). A copy of the December 14 Order is annexed as Exhibit C. Included in the December 14 Order was a clear prohibition against Majapara, pending a hearing and determination of its application, from, *inter alia*, transferring any of its assets:

> IT IS FURTHER ORDERED THAT, pending the hearing and determination of this motion, Majapara, shall be and hereby is enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing of any of its assets.

11.    The December 14 Order specifically referenced the Majapara account (by account number) held by Citibank here in New York. The December 14 Order also required Majapara to disclose all of its assets no later than three (3) business days after service of the December 14 Order.

12.    At the hearing on Wachovia's application for prejudgment attachment, this Court issued an order granting that application (the "December 20 Order"). A copy of the December 20 Order is annexed as Exhibit D.

13.    The Court issued a further order on December 21, 2007, authorizing Wachovia to serve interrogatories upon third parties regarding assets they may possess belonging to Majapara (the "December 21 Order"). A copy of the December 21, 2007 Order is annexed as Exhibit E. Accordingly, on December 21, 2007, Wachovia served a set of interrogatories upon Citibank. A copy of the Interrogatories is annexed as Exhibit F.

14.    Thereafter, on January 8, 2008, this Court again ordered Majapara to make a full disclosure of all of its assets (the "January 8 Order").  A copy of the January 8 Order is annexed as Exhibit G.

## Majapara Had Notice of This Court's Restraints

15.    Majapara had notice of this Court's December 14 Order.  First, pursuant to the December 14 Order, Wachovia served a copy of that order, along with the underlying papers and pleadings, upon Majapara via overnight delivery, registered mail, and first class mail.  A copy of the Certificate of Service is annexed as Exhibit H.  As detailed by the FEDEX tracking receipt, the December 14 Order and other papers were received by Majapara on December 17, 2007.   A copy of the FedEx tracking receipt is annexed as Exhibit I.

16.    Second, Majapara's Chicago counsel (Celiza Braganca), who has indicated she will be making an application to be admitted *pro hac vice* in this action, represented to me that Majapara had a representative in the Southern District Courthouse on the afternoon of Friday, December 21, 2007.  Majapara's recent filing with this Court confirms Majapara's presence here on that date.  Meaning, if true, Majapara had notice and actual knowledge of this Court's orders earlier that week -- how else could it have had a representative in Court on that Friday?

## Majapara's Contempt

17.    Based upon Majapara's conduct since the inception of this action, Majapara has violated two of this Court's directives:  allowing the transfer of more than $60 million out of its Citibank account despite its knowledge of this Court's prohibition against any such transfers during the relevant time period; and failing to provide full

disclosure of its assets, despite TWO orders of this Court.  This conduct should not be countenanced.

**a.      More Than $60 Million Is Transferred
Out Of Majapara's Account Here In New
York During the Week of December 17th**

18.      As mentioned earlier, pursuant to this Court's December 14 Order, Majapara was restrained from, *inter alia*, transferring any of its assets.  Wachovia has learned, however, that Majapara has been doing just that since December 17th.

19.      In response to Wachovia's service of interrogatories upon Citibank, pursuant to the December 21 Order, Citibank provided a letter response, dated January 4, 2008, which detailed the closing-day's balance for the Majapara account located at Citibank.  A copy of Citibank's letter is annexed as Exhibit K.  As detailed in that response, the Majapara account held at Citibank has been steadily drained of funds since December 17, 2007.

20.      As of the close-of-business on December 17, 2007, there was a balance of more than $14.5 million in that account.  As of the close-of-business on December 20, 2007, there was less than $2 million.  Indeed, the transfer of funds out of Majapara's New York account continued through at least January 2, 2008, when there was less than $2,500 in that account.  The following is the breakdown of the account balance as of the close of business on the indicated business day:

December 14, 2007 -- $9,611,625.47

December 17, 2007 -- $14,524,695.14

December 18, 2007 -- $677,307.14

December 19, 2007 -- $2,108,108.21

December 20, 2007 -- $1,941,412.62

December 21, 2007 -- $1,843,715.44

December 24, 2007 -- $1,304,545.72

December 26, 2007 -- $1,026,172.08

December 27, 2007 -- $869, 483.07

December 28, 2007 -- $815,423.60

December 31, 2007 -- $708,970.71

January 2, 2008      -- $2,453.39

Exh. K.

21.    But these figures do not accurately reflect the true volume of funds that Majapara was removing from this account. In response to Wachovia's service of Interrogatories, Citibank produced Majapara's December 2007 account statement. Based upon a review of that statement, Majapara, in violation of the December 14 Order's prohibition, allowed more than $60 million in intra-day credits to be transferred out of the account. A copy of the December 2007 account statement is annexed as Exhibit L.

22.    This significant transfer of assets out of Majapara's Citibank account here in New York was the very thing the clear and unambiguous preliminary restraints ordered by this Court's December 14 Order were to prevent. So now, instead of having been able to attach funds sufficient to satisfy claims Majapara concedes it owes, Wachovia is left with an account that had less than $2,500 as of January 2, 2008 – if even that remains. Indeed, during the time period of December 17, 2007 through December 20, 2007 – the period covered by the December 14 Order prohibitions – more than $60 million was removed from this account. With Majapara having received the December 14 Order on

8

December 17th and the December 14 Order specifically referencing Majapara's Citibank

account, Majapara's transfer of significant funds from its account at Citibank (frustrating

Wachovia's recovery) is outrageous, demonstrates a wanton disrespect for this Court's

order, and warrants holding Majapara in contempt of this Court's clear order.

**b. Majapara Has Failed To Provide Full Disclosure Of Its Assets**

23.     In addition to ignoring this Court's prohibition on transfer of assets,

Majapara also failed to provide a full disclosure of its assets as this Court has already

TWICE directed.

24.     The December 14 Order also provided, and was clear in its mandate, that

Majapara provide Wachovia, within three business days after service of the December 14

Order, a detailed list of all of its assets and where they are located.  Despite having

received this directive on December 17, 2007, Majapara never complied with this order.

25.     Indeed, not until this Court issued a second order directing Majapara to

provide this information that Majapara purported to produce the required information.

Upon review of these "disclosures", the information provided is blatantly insufficient.  A

copy of Majapara's disclosures is annexed as Exhibit M.

26.     To begin with, none of the accounts disclosed identify their location.  I am

told that a Mexican corporation may hold US$ denominated accounts in Mexico:

consequently, the location of the assets listed on document "Majapara 0004" can be

located somewhere in the United States, in Mexico, or, possibly, elsewhere.  Also, the list

of bank accounts is incomplete.  For example, as detailed in the Amended Complaint,

Majapara has five accounts with Wachovia (Amended Complaint ¶¶ 15, 55):  "Majapara

0004" only indicates Majapara has one with Wachovia.  What other undisclosed accounts

has Majapara chosen to omit from its list of assets?

27.    Further, where is the disclosure of Majapara's assets other than bank accounts and real property?  For example, Majapara, in its letter of December 13th, states that Majapara has extended credit to a number of third parties.  See Exh. A.  Where is the listing and identification of any of these entities or these receivables?  Additionally, in the letter from JOM Corp. (Jorge Ortiz Munoz's company), JOM Corp. claimed that it made significant purchases of currency from Majapara.  A copy of JOM Corp.'s letter is annexed as Exhibit J.  Indeed, JOM Corp. submitted documents in connection with the Illinois State Court action that represented that as of May 31, 2007, JOM Corp. owed Majapara as much as $827,836.  A copy of the relevant portions of JOM Corp.'s disclosures is annexed as Exhibit N.  Where is there any disclosure of this account receivable?

28.    And these are just the items Wachovia is able to show now (without any discovery from Majapara).  What else is being hidden?  Why does Majapara feel it can disregard this Court's orders?  This may explain why Majapara disclosures were not accompanied by a certification of compliance.  Again, the games Majapara is playing with this litigation and with this Court's orders should not be allowed to continue.

**c.  Request To Confirm Compliance With Court Orders Ignored**

29.    On January 12, 2008, after having received Majapara's purported "asset disclosures," Wachovia requested that Majapara confirm that it was in full compliance with this Court's orders.  A copy of this request is annexed as Exhibit O.  To date, Majapara has chosen to ignore that request and remains silent as to Majapara's compliance with this Court's orders.

30.    Wachovia now knows why.

### Remedy Requested

31.    Based upon Majapara's conduct in this action, and complete disregard for this Court's orders, Wachovia respectfully requests that its instant application to hold Majapara in contempt be granted and that the following relief awarded:  Majapara be directed to: (1) deposit into Court an amount sufficient to satisfy Wachovia's claims against Majapara; (b) compensate Wachovia for its attorney's fees incurred in making the instant application; (c) provide a full and complete verified disclosure of all of its assets (including, but not limited to, its accounts receivables), along with copies of Majapara's audited and unaudited financial statements covering the last six months (including, but not limited to, whatever financial statements Majapara used in connection with its pending motion to vacate, claiming to have been a $90 million going concern as of December 31, 2007); (d) provide documents relevant to the Euros transferred pursuant to the underlying spot transactions (including, but not limited to, the names, addresses, and account numbers of each entity or individual that received any of the Euros transferred in connection with the underlying spot transactions); and (e) produce Jorge Ortiz, at the offices of Reed Smith, 599 Lexington Avenue, New York, New York, for immediate deposition regarding Majapara's assets, financial condition, and conduct since December 14, 2007, along with such other further and different relief as this Court deems just and proper.

Executed this 11th day of February, 2008.

_____
SCOTT S. MCKESSY

Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WACHOVIA BANK, National Association,                           :

                                           :      07 Civ. 11230 (BSJ)(RLE)

            Plaintiff,                                       :

        - against -                                         :

                                             :

CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a:
MAJAPARA CASA DE CAMBIO S.A. de C.V.,        :

                                           :

            Defendant.                                       :
-----------------------------------------------------------------X

## COMPENDIUM OF EXHIBITS IN SUPPORT OF
## PLAINTIFF'S MOTION FOR AN ORDER DECLARING
## DEFENDANT IN CONTEMPT OF COURT

### Part I of III

**REED SMITH LLP**
599 Lexington Avenue, 29th Floor
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff*
*Wachovia Bank, National Association*

EXHIBIT

| | |
|---|---|
| A | Defendant's December 13, 2007 letter to Plaintiff, along with certified translation. |
| B | Plaintiff's Amended Complaint dated December 17, 2007. |
| C | December 14, 2007 Order. |
| D | December 20, 2007 Order of Attachment. |
| E | December 21, 2007 Order. |
| F | Plaintiff's Interrogatories Directed to Third Party Garnishee Citibank, N.A. dated December 21, 2007. |
| G | January 8, 2008 Order. |
| H | Certificate of Service dated December 17, 2007. |
| I | Federal Express Tracking Receipt. |
| J | December 19, 2007 fax from JOM Corp. to Reed Smith LLP. |
| K | January 4, 2008 letter from Citibank, N.A. to Reed Smith LLP. |

Dated:    New York, New York
          February 11, 2008

REED SMITH LLP

By: _____
       Scott S. McKessy (SM-5479)
       Casey D. Laffey (CL-1483)
    599 Lexington Avenue
    New York, New York 10022
    Tel. (212) 521-5400
    Fax. (212) 521-5450

*Attorneys for Plaintiff*
*Wachovia Bank, National Association*

# EXHIBIT A

[Letterhead]
Majapara
Exchange Bank

Mexico City, December 13, 2007

Main office
[Contact information]

[List of branch offices]

**Carlos A. Perez**
**Managing Director**
**Wachovia Bank, N.A.**

Dear Carlos:

I would like to confirm the main points of the phone conversation we had today:

1.  MAJAPARA acknowledges the debt it owes Wachovia and is doing everything it can to pay that debt as quickly as possible.
2.  That debt originated from the unexpected cancelation of the operating lines that Wachovia provided MAJAPARA for many years.  A reasonable time period would have allowed us to replace the lines provided by Wachovia with lines from another bank.
3.  The lines that Wachovia provided MAJAPARA were in turn provided to MAJAPARA's clients.  We are recovering those funds, but our clients, in turn, need a reasonable time period to replace those lines.
4.  We understand that it is undesirable for Wachovia to have that debt, and we are prepared to guarantee it with MAJAPARA shares (we would even consider the option of capitalizing the debt).
5.  MAJAPARA is a leader in the field of PLD, and the bank has more than 15,000 clients and more than 500 employees.  It has a market value of approximately $70,000,000 [source: 70,0000,000] so it is more than capable of guaranteeing the debt owed Wachovia.
6.  Together we need to find a win-win solution for Wachovia and MAJAPARA.  The business could lose market value if Wachovia takes actions that impede MAJAPARA's operations.  Shut down, the business would only be worth $10 million, leading to losses for both Wachovia and MAJAPARA.

We appreciate your understanding of the inconveniences that have arisen, and we reiterate our desire to work together to find a prompt solution to this problem.

Sincerely

[signature]

[illegible]
ISO
9001: 2000 certified

Jorge Ortiz Muñoz
CEO

Our Clients' Honesty
Sets Us Apart

Dec-17-07  07:03pm  From-LEGAL DIVISION FUNB          7043630353          T-697  P.02/02  F-809

Mexico D.F. a 13 de diciembre de 2007.

Carlos A. Perez
Managing Director
Wachovia Bank, N.A.

Estimado Carlos:

Me permito confirmarte los principales puntos expresados en nuestra conversación telefónica de hoy:

1.- MAJAPARA reconoce el adeudo que tiene con Wachovia y esta haciendo todo lo necesario para liquidarlo a la mayor brevedad posible.

2.- El origen del adeudo es la cancelación intempestiva de las líneas de operación que durante años Wachovia concedió a MAJAPARA. Un plazo razonable nos hubiera permitido sustituir las líneas de Wachovia por la de algún otro banco.

3.- La líneas que Wachovia otorgaba a MAJAPARA eran a su vez otorgadas a los clientes de MAJAPARA. Estamos recuperando esos recursos, pero los clientes a su vez requieren un plazo razonable para sustituir sus líneas.

4.- Entendemos que para Wachovia es incómodo tener esas partidas en deudores y estamos en disposición de garantizar el adeudo con acciones de MAJAPARA (incluso se puede considerar la opción de capitalizar el adeudo).

5.- MAJAPARA es una institución líder en PLD con mas de 15,000 clientes y mas de 500 empleados, su valor de mercado es de aproximadamente 70'0000,000 de dólares por lo que garantiza sobradamente el adeudo con Wachovia.

6.- Es necesario encontrar juntos una solución ganar-ganar para Wachovia y MAJAPARA. El negocio puede perder su valor de mercado si Wachovia emprende acciones tendientes a impedir la operación de MAJAPARA. El negocio cerrado valdría solamente 10 millones de dólares, con el consiguiente quebranto tanto para Wachovia como para MAJAPARA.

Agradecemos su comprensión por los inconvenientes causados y reiteramos nuestra disposición para encontrar juntos una pronta solución a este problema.

Atentamente

Jorge Ortiz Muñoz
CEO



# TRANSPERFECT

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Anne Lutz, hereby certify that the document "December 13, 2007 letter from Jorge Ortiz Munoz to Carlos A. Perez" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Anne Lutz

Sworn to before me this
January 21, 2008

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 2011

Stamp, Notary Public

# EXHIBIT B

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

**ORIGINAL**

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                         :

WACHOVIA BANK, NATIONAL ASSOCIATION,    :    07 Civ. 11230 (BSJ)(RLE)
                         :

             Plaintiff,            :

    - against -                   :    **AMENDED COMPLAINT**

CASA DE CAMBIO MAJAPARA S.A. de C.V a/k/a    :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,    :

             Defendant.        :

                         :
-------------------------------------------------------------------X

       Plaintiff, Wachovia Bank, National Association ("Wachovia"), by its attorneys, Reed

Smith LLP, as and for its complaint against the defendant Case de Cambio Majapara S.A. de

C.V. a/k/a Majapara Casa de Cambio S.A. de C.V. ("Majapara"), alleges as follows:

### PRELIMINARY STATEMENT

    1.      This action arises from Majapara's misappropriation of over $38 million (US$) of

Wachovia's money relating to a series of foreign exchange spot transactions between the parties.

Foreign exchange spot transactions, due to their frequency, the speed at which the transactions

are agreed and closed, and the manner in which funds are simultaneously exchanged, are

founded upon trust. Majapara, however, abused that trust -- a trust that was established through

years of currency trading with Wachovia -- to plunder more than $38 Million from Wachovia.

And this is not a mere renege on a multi-million dollar transaction wherein Majapara returned

Wachovia's property when it realized it could not complete the foreign currency exchange.

Subsequent conversations with Majapara make apparent that it never intended to honor its commitments but, instead, had decided to wrongfully keep Wachovia's money and abscond with it. In these after-the-fact conversations, Majapara admitted to Wachovia that it was illiquid, that it had engaged in illicit activities in relation to its foreign exchange transactions and threatened that, if Wachovia took any steps to enforce its rights, Wachovia's judgment would be uncollectible. Through this action, Wachovia seeks a judgment against Majapara, in an amount not less than $24,711,845.00, plus prejudgment interest.

### VENUE/JURISDICTION

2.    This Court has personal jurisdiction over Majapara pursuant to CPLR §§ 301 and 302(a) as Majapara has been transacting business in this State since 2000, the transactions being sued upon herein occurred in the State of New York, and defendant breached the parties' agreement here in New York by failing to wire the required funds, as agreed, to Wachovia's New York account. Defendant has also contractually agreed to be sued in this jurisdiction.

3.    Venue in this district is proper under 28 U.S.C. § 1391(a).

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action involves a controversy that exceeds $75,000, exclusive of interests and costs, and involves a citizen of a State and a citizen of a foreign state.

### PARTIES

5.    Wachovia is a national banking association, organized under the laws of the United States, with its principal place of business in Charlotte, North Carolina. Wachovia maintains offices in New York.

6.    Upon information and belief, Majapara is a Mexican corporation with its principal place of business in Mexico City, Mexico.

## FACTS COMMON TO ALL COUNTS

### The Majapara Relationship With Wachovia

7.      In the late 1990's, Majapara and First Union National Bank ("First Union"), a predecessor to Wachovia, agreed to enter into foreign exchange transactions together.  In these transactions, Majapara would agree to purchase from First Union a certain amount of one currency in exchange for Majapara selling to First Union a certain amount of another currency at the applicable exchange rate.

8.      In order to facilitate Majapara and First Union entering into these currency exchange transactions, on or about April 6, 2000, Majapara and First Union entered into a First Union Online FX Subscription Agreement (the "FX Subscription Agreement"), a copy of which is attached hereto as Exhibit A.  Pursuant to the FX Subscription Agreement, Majapara was permitted to execute foreign exchange transactions electronically with First Union through First Union's foreign exchange website.  This, however, was not the exclusive method for the parties to enter into these foreign exchange spot transactions.  This FX Subscription Agreement is governed by New York law.  See Exhibit A, ¶ 6.

9.      Effective April 1, 2002, Wachovia merged into and under the charter of First Union with the resulting title of Wachovia Bank, National Association.  As a result of the merger, First Union changed its name to Wachovia Bank, National Association.

10.      In some of the foreign exchange transactions between Majapara and Wachovia, Wachovia would deliver currency to Majapara on the same day that Majapara transferred another currency into a Majapara account held at Wachovia's New York Branch ("Majapara NY Account").  Wachovia would then debit the currency from the Majapara NY Account.  The authorization for this procedure was documented in a December 10, 2003 letter (in Spanish)

from Majapara to Wachovia Bank, a copy of which is attached as Exhibit B, which reads (as translated into English): "In relation to the transactions done with yourselves through Online FX; we authorize you to debit and credit our account number NY2000192304201 held with yourselves." In or about March 2006, Majapara signed a Debit and Netting Agreement that gave Wachovia the same authority to credit and debit the same Majapara NY Account held at Wachovia's New York Branch. A copy of this document is attached as Exhibit C.

**The Foreign Exchange Transactions At Issue**

11.    On or about December 5, 2007, Majapara and Wachovia agreed to a series of seven (7) transactions, all of which were to settle on December 7, 2007, whereby Wachovia would deliver an aggregate 26 million Euros to Majapara and Majapara would deliver an aggregate $38,132,700 to Wachovia. In a departure from the process described in paragraph 10 above, on these transactions, Majapara agreed to transfer dollars directly to a Wachovia account located in New York. Six (6) of the transactions were executed on Wachovia's foreign exchange internet website. One (1) of the transactions was executed over the telephone. Copies of the confirmations for these transactions are attached hereto as Exhibit D.

12.    Pursuant to these seven (7) foreign exchange agreements, on December 7, 2007, Wachovia delivered 26 million Euros to Majapara. Majapara failed to deliver the agreed upon $38,132,700.00 to Wachovia, as required, on December 7, 2007.

13.    On or about December 11, 2007, the General Director of Majapara admitted that Majapara had been obligated to provide the agreed upon currency to Wachovia.

14.    Wachovia was able to secure $13,420,155, which was in Majapara's accounts at Wachovia, but has not been able to recover the remaining amount Wachovia is owed. Some of the amount recovered represents conditional credit that may be subject to reduction by reason of

return of the items (in this case, checks) for which this credit was given (see Paragraph 15 below).

15.     Majapara also maintains five (5) U.S. dollar accounts at Wachovia.  As to each of these accounts, Wachovia has contingent residual exposure to cover returned items in the federal check clearing program.  Majapara is obligated to reimburse Wachovia for these amounts, but has now stated it is unable to and will not meet its financial obligations.  This liability has averaged $3.3 million per month for the last several months.

16.     By opening an account at Wachovia, Majapara agreed to Wachovia's Terms & Conditions for Global Financial Institutions, which, under its terms, is governed by and construed in accordance with the laws of New York and pursuant to which, Majapara agreed to submit to the jurisdiction of the courts located in Manhattan, New York.

<u>COUNT I</u>

<u>(Breach of Contract)</u>

17.     Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

18.     As set forth above, Wachovia entered into a series of currency exchange agreements with Majapara.

19.     Majapara breached those agreements by failing to deliver the currency as agreed upon by the parties.

20.     Wachovia has fulfilled its obligations under the agreements.

21.     As a result of Majapara's breaches, Wachovia has suffered damage in the amount of not less than $24,711,845.00, plus interest.

## COUNT II

### (Promissory Estoppel – Alternate Count)

22.     Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

23.     In the event it is found that no oral or written contract existed between Majapara and Wachovia in relation to the seven (7) foreign exchange spot transactions at issue here, equity requires Majapara to pay Wachovia not less than $24,711,845.00 in return for accepting currency from Wachovia.

24.     Majapara promised to deliver certain currency to Wachovia in return for Wachovia delivering certain currency to Majapara.

25.     In reliance on Majapara's agreement to deliver certain currency to Wachovia, Wachovia delivered approximately $38 million worth of currency to Majapara.

26.     Wachovia has requested the funds from Majapara.

27.     To date Majapara has not provided the required currency to Wachovia.

28.     Wachovia, however, has been able to obtain certain Majapara funds and offset the amount owed by $13,420,155.00 (subject to reduction for the reasons set forth in Paragraph 14 of the recitals above).

29.     Wachovia has no adequate remedy at law.

30.     As a result, Majapara has been unjustly enriched to the detriment of Wachovia.

## COUNT III

### (Unjust Enrichment – Alternate Count)

31.     Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

32.     In the event it is found that no oral or written contract existed between Majapara and Wachovia in relation to the seven (7) foreign exchange transactions at issue here, equity

would still require Majapara to pay Wachovia an amount not less than $24,711,845.00 in return for accepting currency from Wachovia.

33.    Majapara promised to deliver certain currency to Wachovia in return for Wachovia delivering certain currency to Majapara.

34.    In reliance on Majapara's agreement to deliver certain currency to Wachovia, Wachovia delivered approximately $38 million worth of currency to Majapara.

35.    Majapara did not deliver any currency to Wachovia.

36.    Wachovia, however, has been able to obtain certain Majapara funds and offset the amount owed by $13,420,155.00 (subject to reduction for the reasons set forth in Paragraph 14 of the recitals above).

37.    Wachovia requested that Majapara deliver the currency it is owed.

38.    To date, Majapara has neither delivered the required currency to Wachovia, nor returned return the currency Wachovia sent to it.

39.    Majapara has unjustly retained this benefit to the detriment of Wachovia.

40.    Majapara's retention of this benefit violates fundamental principles of justice, equity and good conscience.

41.    Wachovia has no adequate remedy at law.

## COUNT IV

### (Fraud)

42.    Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

43.    As set forth above, on or about December 5, 2007 Majapara and Wachovia entered into a series of seven (7) currency exchange transactions.

44.    Pursuant to the parties' agreement, in exchange for the receipt of 26 million Euros from Wachovia, Majapara agreed to deliver $38,132,700 to Wachovia.

45.    Upon information and belief, at the time Majapara entered into the December 5, 2007 agreement it knew it was illiquid and insolvent and incapable of performing its obligations under the parties' agreement.

46.    Notwithstanding its knowledge, Majapara represented to Wachovia that it would deliver $38,132,700.00 (US$) to Wachovia to settle the transactions.  Upon information and belief, at the time of the transaction, Majapara knew it would not deliver the required currency and was acting under a present intent to deceive Wachovia and abscond with its funds.  Its representations to Wachovia were false and materially misleading.

47.    Majapara's fraudulent intent was confirmed in conversations Wachovia subsequently had with representatives of Majapara.

48.    For example, on or about December 13, 2007, Carlos A. Perez, a Managing Director of Wachovia, spoke with Jorge Ortiz, the Chairman and CEO of Majapara by telephone, and Mr. Ortiz acknowledged that Majapara, prior to settlement of the transactions, knew that it was experiencing "a liquidity crisis."

49.    When Mr. Perez confronted Mr. Ortiz concerning the transaction and the illegality of Majapara's actions, Mr. Ortiz responded, "I recognize that I have done something that is not permitted."

50.    Overall, due to Majapara's "liquidity crisis" and other impermissible activities relating to its currency transactions, Majapara did not have sufficient funds to complete the exchange with Wachovia.  Majapara nonetheless accepted Wachovia's funds, knowing that it would be incapable of repaying the funds to Wachovia.

51.     Majapara then claimed to have used some or all of the Wachovia funds to engage in impermissible lending transactions and otherwise dissipated the assets received from Wachovia, all the while failing to fulfill its immediate obligations to transfer over $38 million to Wachovia.

52.     Wachovia entered into the transactions and delivered 26 million Euros to Majapara in reasonable reliance upon Majapara's representations that it was going to deliver the requisite currency.

53.     As a result of Majapara's fraud, Wachovia has been damaged in an amount to be determined at trial, but not less than $24,711,845.00.

## COUNT V

### (Breach of Contract/Anticipatory Breach)

54.     Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

55.     As set forth above, Majapara also maintains five (5) US dollar accounts at Wachovia. Under these accounts, Wachovia has contingent residual exposure to cover returned items in the federal check clearing program -- this contingent liability is a continuing concern.  In this regard, Wachovia is entitled to immediate reimbursement from Majapara for the amounts Wachovia is required to pay out.

56.     Over the last several months, this liability has averaged $3.3 million per month.

57.     So far this month, Wachovia has already had to cover certain residual liabilities for which Majapara, in breach of its agreements with Wachovia, has not reimbursed Wachovia. As a result, Majapara breached the parties' agreement and is indebted to Wachovia.

58.     Additionally, Majapara has already stated to Wachovia that it is illiquid and unable to satisfy its obligations owed to Wachovia.  Accordingly, Majapara has anticipatorily

breached its agreements with Wachovia by stating it will not be immediately reimbursing Wachovia for these obligations now or when they come due.

59.    Wachovia has performed all of its obligations under its agreements with Majapara.

60.    Consequently, Wachovia has been damaged by Majapara's breach of the parties' agreement and will continue to be damaged by Majapara's anticipatory breach of the parties' agreement in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment as follows:

(i)    On the First, Second, Third, and Fourth Causes of Action, monetary damages in an amount to be determined at trial, but not less than $24,711,845.00, plus prejudgment interest;

(ii)    On the Fifth Cause of Action, monetary damages in an amount to be determined at trial, plus prejudgment interest;

(iii)    An award of costs, expenses and attorneys fees attendant to this action; and

(iii)    Such other further and different relief as this Court deems just and proper.

Dated:    New York, New York
         December 17, 2007

                    REED SMITH LLP


                    By: _____
                          Scott S. McKessy (SM-5479)
                          Casey Laffey (CL-1483)
                        599 Lexington Avenue
                        New York, NY 10022
                        (212) 521-5400

                        *Attorneys for Plaintiff*
                        *Wachovia Bank, National Association*

# Exhibit
# A

12/17/07 10:52 AM



## FIRST UNION ONLINE FX SUBSCRIPTION AGREEMENT

This First Union Online FX Subscription Agreement ("*Agreement*") sets forth the terms and conditions on which the party identified on the signature page hereof as the Subscriber ("*Subscriber*") may execute foreign exchange transactions with First Union National Bank ("*FUNB*") over the Internet ("*Online Transactions*") through FUNB's foreign exchange website currently operating at http://www.firstunion.com/capitalmarkets/fx ("*FX Website*"). This Agreement is not intended to preclude the parties from entering into foreign exchange transactions with each other in any other manner. Subject to the terms and conditions of this Agreement, Subscriber and FUNB agree as follows:

### 1. Internet Access

In order for Subscriber to communicate with FUNB through the FX Website, Subscriber shall be responsible for (i) arranging its own access to the Internet through such providers of telephonic, wireless, and/or Internet access services as it deems necessary or desirable, and (ii) all costs and expenses associated with such services, including connection charges. FUNB shall not be responsible for any acts or omissions of any of such Subscriber's service providers in the course of transmitting, receiving, handling or storing communications between Subscriber and FUNB or otherwise.

### 2. FX Website Access

(a) In order for Subscriber to communicate with FUNB through the FX Website, one or more of Subscriber's officers or employees designated by Subscriber (each, a "*User*") will be issued a unique digital certificate ("*Digital Certificate*") to be stored on the web browser of a personal computer intended to be used by the User to carryout his/her functions for Subscriber, together with a User identification number ("*ID*") and a unique personal password ("*Password*"). Each Digital Certificate is unique to the User, and if a User wishes to use more than one computer or browser to access the FX Website, the User must request an additional Digital Certificate for each such computer or browser. FUNB reserves the right to limit the number of Digital Certificates issued to Subscriber and its Users. Subscriber agrees that, before any User is provided with any Digital Certificate, that User will have (i) requested from the First Union National Bank Certificate Authority ("FunbCA"), and completed the process necessary to receive, a Digital Certificate (including the use of "shared secrets" with FUNB and any other security measures which the FunbCA may require to validate the User's identity) and (ii) accepted the terms and conditions of the Digital Certificate Documents. "*Digital Certificate Documents*" means the First Union National Bank Certificate Authority Subscriber Agreement ("FunbCA Subscriber Agreement"), which is presented to and agreed to by User during the online Digital Certificate application process, and each document that the FunbCA Subscriber Agreement incorporates by reference. The Digital Certificate Documents will govern each Digital Certificate and its use and be binding upon the Subscriber and that User in his/her individual capacity, and for that purpose the term "Subscriber" in the FunbCA Subscriber Agreement shall be deemed to refer to each of the Subscriber and the User, respectively. This Agreement is the "Master Agreement" referred to in the FunbCA Subscriber Agreement. Nothing in this Agreement is intended to supersede, modify, limit, or restrict anything contained in the Digital Certificate Documents, and in the event of any inconsistency between the provisions of this Agreement relating to the Digital Certificate and the provisions of the Digital Certificate Documents, the FunbCA Subscriber Agreement will prevail. The rights and obligations of Subscriber and FUNB under this Agreement and the Online Transactions (or any other transactions between the parties) are not conditioned on either party's compliance with anything contained in the Digital Certificate Documents.

(b) Subscriber acknowledges that, after a User has received a Digital Certificate, Password and ID from the FunbCA, anyone who uses the Digital Certificate belonging to that User together with that User's Password and ID will be able to access and use the FX Website on behalf of Subscriber as contemplated by this Agreement. Accordingly, Subscriber shall not allow anyone to use a Digital Certificate, Password or ID belonging to a User other than the User who has received the same from the FunbCA. Subscriber hereby authorizes FUNB to deliver a temporary password to each User for the initial login to the FX Website for the purposes of applying for a Digital Certificate and to establish a permanent Password and ID. The Subscriber shall inform FUNB immediately when a User is no longer authorized to use the FX Website. Subscriber shall be solely responsible for controlling, and preventing any unauthorized use of, each Digital Certificate, Password and ID, and Subscriber shall be liable for any and all Online Transactions and account debits, credits and transfers resulting from, or occurring in response to, any electronic transmission, instruction, signal, entry or other communication to FUNB through the FX Website made using any Digital Certificate, Password and ID, whether or not it was authorized by Subscriber, was initiated by a User or resulted from an error in entering any information or command, and all such communications shall be deemed to have been sent by Subscriber for purposes of this Agreement.

(c) FUNB reserves the right, at any time and from time to time, for any reason or no reason, and without notice, to upgrade, modify, suspend, discontinue, or terminate the FX Website or to revoke any Digital Certificate, Password or ID, or to deny Subscriber and its Users access to the FX Website or any part thereof, and the respective rights and obligations of Subscriber and FUNB under the Online Transactions (or any other transactions between the parties) shall not be impaired or otherwise affected by such action. In addition, FUNB may require Subscriber to replace or erase any Digital Certificate or change any Password or ID at any time.

1

**3. Procedures for Entering into Online Transactions**

(a) To initiate any Online Transaction with FUNB through the FX Website, Subscriber must make certain entries regarding the financial particulars of the proposed Online Transaction on the appropriate screen displays of the FX Website in accordance with instructions provided in FUNB's "Online FX User's Guide", including currency codes, currency amounts, and the side of the currency exchange Subscriber is taking. It shall be the responsibility of Subscriber that each User will have received, read and understood the Online FX User's Guide prior to that User using the FX Website. FUNB reserves the right to revise or replace the Online FX User's Guide without Subscriber's consent by delivering to Subscriber a copy of the revision or replacement.

(b) When the requisite entries have been made to initiate an Online Transaction, then the FX Website will display an exchange rate for the proposed Online Transaction ("*Exchange Rate*"), subject to a time-out function. Subscriber may accept or reject the Exchange Rate by making the appropriate entry on the FX Website before it is timed-out, or otherwise reject the Exchange Rate by allowing it to be timed-out. By entering its acceptance of the Exchange Rate before it is timed-out, Subscriber will be deemed to have made an offer to FUNB for the proposed Online Transaction at that Exchange Rate. Upon FUNB's issuance through the FX Website of a deal confirmation number for that Online Transaction, FUNB will be deemed to have accepted such offer and a contract for such Online Transaction shall be deemed to have been entered into by Subscriber and FUNB. If FUNB does not issue a confirmation number for the proposed Online Transaction through the FX Website, Subscriber's offer to enter into the proposed Online Transaction shall be deemed rejected and no contract for the proposed Online Transaction will have been formed. The FX Website Records shall be conclusive and binding on the parties with respect to the foregoing. "*FX Website Records*" means the books and records of FUNB (in electronic form or otherwise) as they relate to the FX Website, including any stored on or generated by any computer system, hardware or software or any other system, facility or service on which the FX Website directly or indirectly operates ("*Operating System*"), whether such Operating System is owned by FUNB or by any independent contractor or supplier engaged by FUNB (or an affiliate of FUNB) in order for the FX Website to operate ("*System Supplier*").

(c) Once a confirmation number for an Online Transaction has been issued by FUNB through the FX Website, Subscriber may not (i) withdraw, cancel, or amend its offer for that Online Transaction, or (ii) without the prior written consent of FUNB, amend the terms of that Online Transaction. Subscriber acknowledges that a confirmation number may be issued instantly when an Exchange Rate has been accepted, and that Online Transactions bind it as principal for its own account.

(d) Exchange Rates quoted to Subscriber may be different from those which FUNB may quote to any of its other customers, and no representation or warranty is made that any Exchange Rate is the best price available to Subscriber. FUNB reserves the right at any time, without notice, to not quote an Exchange Rate to Subscriber, or to not issue a confirmation number, for any proposed Online Transaction for any reason or no reason.

**4. Terms and Conditions of Online Transactions**

(a) The terms and conditions of each Online Transaction entered into by FUNB and Subscriber shall be evidenced by this Agreement and the FX Website Records. In addition, if Subscriber and FUNB are parties to any agreement governing any foreign exchange transactions (including any ISDA Master Agreement published by the International Swaps and Derivatives Association, Inc.), then this Agreement shall be supplemental to that agreement, and the Online Transactions shall be subject to its terms and conditions (except when they are contrary to the provisions hereof, this Agreement will govern, and for that purpose any procedures for executing or confirming transactions specified in that other agreement shall be disregarded with respect to the Online Transactions).

(b) Each Online Transaction involves the Subscriber's purchase from FUNB of one currency ("*Bought Currency*") in exchange for Subscriber's sale to FUNB of another currency ("*Sold Currency*") at the applicable exchange rate. For each Online Transaction, Subscriber shall deliver to FUNB the required amount of Sold Currency on the date the parties enter into that Online Transaction regardless of the value date specified for that Online Transaction. Upon FUNB's receipt of the required amount of Sold Currency, FUNB shall deliver to Subscriber the required amount of Bought Currency on the value date of that Online Transaction. For each Online Transaction, the delivery of any currency to either party shall be made to a reasonably acceptable bank account as such party shall have specified in delivery instructions for that Online Transaction either (i) on the FX Website, or (ii) if not so specified, then by written notice.

(c) If the delivery of any Bought Currency or Sold Currency cannot be made because the value date of the relevant Online Transaction is not a day on which banks in the relevant place of receipt settle foreign exchange in the relevant currency, the value date thereof shall be the next following day on which such settlement can be made. In addition, whenever the same currency is due by both parties on the same day under two or more foreign exchange transactions (whether or not any is an Online Transaction), then the delivery obligations of the parties on that day in that currency for those foreign exchange transactions will be discharged automatically, and if one party's delivery obligation in that currency would have been greater, replaced by an obligation of such party to deliver the difference to the other party.

2

(d) Subscriber acknowledges that currency exchange rates are highly volatile and impossible to predict, that the value of a currency relative to another currency can rise and fall substantially over short periods, that Subscriber understands those risks and the consequences of entering into the Online Transactions through the FX Website (whether financial, accounting, tax, legal, or otherwise) based upon its own evaluation of the Online Transactions or upon the advice of its professional advisors, that neither FUNB nor any of its affiliates is acting as an agent, broker, advisor or fiduciary of, or a joint venturer with, Subscriber in any respect in connection with the Online Transactions or the FX Website, regardless of whether FUNB acts as an advisor or fiduciary to Subscriber on other matters or provides Subscriber from time to time with market information, views or recommendations.

5. Confidentiality & Restriction on Use

(a) Subscriber acknowledges that the FX Website, the Operating System and all programs, files, data or other information stored, contained, or operating at, in or through, the FX Website or Operating System are the exclusive property of FUNB or a System Supplier, that other foreign exchange customers of FUNB will be using the FX Website to conduct their own transactions with FUNB, and that Subscriber agrees for the respective benefits of FUNB and each System Supplier that neither Subscriber nor any User will (i) access or use the FX Website or the Operating System for any purpose other than as a facility through which Online Transactions may be conducted; (ii) alter or interfere with the FX Website, the Operating System or any of the programs, files, data or other information stored, contained, or operating at, in or through, the FX Website or the Operating System; (iii) sell any information obtained from or through the FX Website or the Operating System, including any Exchange Rate; (iv) use any such information for any purpose other than to consider, evaluate, propose, enter into, review or otherwise conduct Online Transactions, or (v) disclose any such information to any third party, except Subscriber may make any such disclosure (1) to Associated Persons, (2) as required by law, or (3) pursuant to any legal or regulatory process, action or proceeding, whether Subscriber is responding thereto or has initiated the same to protect its interests or enforce its rights. "Associated Persons" means the affiliates, directors, officers, employees, agents, advisors, auditors, attorneys, and regulators of Subscriber and those of its affiliates.

(b) Subscriber further acknowledges and agrees that any Operating System owned by a System Supplier may capture any or all data generated by any electronic transmission, instruction, signal, entry or other communication to FUNB through the FX Website, that therefore such System Supplier will have access to information concerning Subscriber's Online Transactions and its FX Website activities, and that such System Supplier is authorized to disclose any or all data captured by the Operating System provided it does so without disclosing the names of FUNB's customers.

6. General Terms

This Agreement shall be binding upon and inure to the exclusive benefit of the parties hereto and their respective successors and permitted assigns, shall be governed by the law (and not the law of conflicts) of the State of New York, may be amended only by written agreement of the parties, and, except as otherwise provided herein, is the entire agreement and understanding of the parties as to its subject matter. Rights and remedies hereunder are cumulative and not exclusive of any available either by law or under any other written agreement between the parties; any failure or delay in exercising any right or remedy is not a waiver thereof; a single or partial exercise of any right or remedy will not preclude any further exercise thereof; and any purported transfer of rights or obligations under this Agreement without the other party's written consent is void.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date hereof. This Agreement is dated as of APRIL 6, 2000

FIRST UNION NATIONAL BANK

By: _Alicia Rodriguez_

Name: Alicia Rodriguez
Title: Assistant Vice President

SUBSCRIBER:
CASA DE CAMBIO MAJAPARA SA DE CV
[NAME OF PARTY]

By: _____

Name:
Title:

3

# EXHIBIT B

# Exhibit

# B



México D.F. A 10 DE DICIEMBRE DEL 2003.

## WACHOVIA BANK

AT'N: WALLY

EN RELACION A LAS OPERACIONES QUE PACTAMOS CON USTEDES A TRAVES DEL ONLINE-FX; LES AUTORIZAMOS A CARGAR Y ABONAR NUESTRA CUENTA EN USD NUMERO NY20001923[4201 QUE MANTENEMOS CON USTEDES .

AGRADECEMOS SU ATENCION.

CASA DE CAMBIO MAJAPARA SA DE CV

# Exhibit C

# Debit and Netting Authorization

This Debit and Netting Authorization applies to all Exchange Transactions between the undersigned ("Customer") and Wachovia Bank, N. A. ("Wachovia") and is effective upon the execution and delivery hereof by the undersigned Customer.

"Exchange Transactions" are any of the following transactions (present or future) between Customer and Wachovia (whether denominated in U.S. dollars or any other currency): interest rate swap transactions; interest rate option transactions (including any interest rate caps, collars or floors); spot or forward foreign exchange transactions; currency swap transactions; currency and interest rate swap transactions; cross-currency interest rate swap transactions; currency option transactions; any similar transactions, whether the settlement thereof is by an exchange of currencies, a payment in one currency (U.S. dollars or another currency), or otherwise; and any transactions which are either combinations of, or options on or relating to, any of the foregoing.

**Account Debits & Credits.** Customer hereby authorizes Wachovia to credit and debit each of the bank account(s) identified on the next page hereof or on additional pages attached hereto (each, an "Account") in the name of Customer for the purpose of: (1) crediting amounts due Customer from Wachovia under Exchange Transactions, and (2) paying amounts due Wachovia from Customer under Exchange Transactions. Customer agrees to review all such debits and credits made by Wachovia as reflected on Customer's monthly account statements and to promptly notify Wachovia in writing if Customer believes any error has been made in debiting or crediting an Account, or in failing to debit or credit an Account. In the case of any error, Wachovia shall, promptly after receiving such notice, correct such error by debiting or crediting an Account, as appropriate, in an amount equal to the difference between the amount, if any, incorrectly debited or credited and the correct amount to have been debited or credited. For any such debits, this authorization:

   (i) is a right granted to, and not an obligation or duty imposed upon or undertaken by, Wachovia (except to correct amounts debited or credited in error), and it shall continue to be Customer's responsibility to meet all of its payment obligations to Wachovia under Exchange Products as and when the same shall become due, either by having sufficient funds at the time available in its accounts for debiting by Wachovia to cover such obligations or by making payments directly to Wachovia to cover such obligations as and when they become due, in either case without Wachovia being under any obligation whatsoever to notify Customer of any insufficiency of funds in any of Customer's accounts; and

   (ii) shall continue in effect until such time as Wachovia receives written notice from Customer of termination of such debit authorization, provided that for any debits made prior to Wachovia's receipt of such notice, such authorizations and agreements shall survive such termination, provided further that if at any time Wachovia credits an Account in error, Wachovia shall continue to have the right to debit an Account for the amount credited in error.

**Settlement Netting.** In order to reduce the payment and settlement risks associated with multiple transactions, Customer agrees that if amounts due in the same currency (whether U.S. dollars or another currency) would be due by both parties in respect of the same payment or settlement date under two or more Exchange Transactions, Wachovia is authorized at any time and from time to time to net those amounts with the effect that the payment or settlement obligations of Customer and Wachovia in that currency will be discharged automatically for those Exchange Transactions, and if one party's payment or settlement obligation in that currency would have been greater, replaced by an obligation of such party to pay or deliver the difference to the other party on the relevant payment or settlement date. This netting authorization shall remain in effect for so long as any Exchange Transactions are outstanding and may not be amended or rescinded except with Wachovia's written consent.

Authorized and agreed:

Customer:    CASA DE CAMBIO MAJAPARA SA DE CV
             (Print Full Name Of Corporation, Partnership/Limited Liability Company/Individual)

By:          _____                          (Affix Seal Here)
             (Signature)

             Name of person signing:    CARLOS ORTIZ MUÑOZ
                                        (Print or type name)

             Title or position:    DIRECTOR DE OPERACIONES
                                    (Print or type title)

Date:        Wednesday 08th 2006

## (ACCOUNT(S) ARE IDENTIFIED ON NEXT PAGE OR ON ADDITIONAL PAGES)

DEC-11-2007 16:09 FROM:                                    TO:97043830575          P.6/13

03-09-06    02:10pm    From-Wachovia Bank, N.A.        704-374-2872    T-515  P.006/006  F-950

## Debit and Netting Authorization (continued)

Account(s) authorized to be debited and credited by Wachovia for Exchange Transactions:

Name of Bank:                **WACHOVIA BANK**

Bank Account Number:         2000197304201

9 Digit ABA Routing Number:  026005092

Name on Bank Account:        CASA DE CAMBIO MAJAPARA SA DE CV

Signatures:
                             (All owners of account must sign)

Name of Bank:

Bank Account Number:

9 Digit ABA Routing Number:

Name on Bank Account:

Signatures:
                             (All owners of account must sign)

Name of Bank:

Bank Account Number:

9 Digit ABA Routing Number:

Name on Bank Account:

Signatures:
                             (All owners of account must sign)

Name of Bank:

Bank Account Number:

9 Digit ABA Routing Number:

Name on Bank Account:

Signatures:
                             (All owners of account must sign)

(IF ADDITIONAL ACCOUNT(S), ATTACH ADDITIONAL PAGES USING SAME FORMAT)

PAGE 6/6 * RCVD AT 3/9/2006 1:28:32 PM [Eastern Standard Time] * SVR:CLTFAXBS04/12 * DNIS:7150082 * CSID:704 374 2872 * DURATION (mm-ss):01-48

# Exhibit

# D

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                    Date:              December 11, 2007
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal                    Deal Source:              EFOREX

    Deal Number:                              8348101
    Sequence Number:                          0

    Trade Date:                               December 05, 2007
    Value Date:                               December 07, 2007
    MAJAPARA CASA DE CAMBIO - MEXICO buys:    2,000,000.00        EUR
    MAJAPARA CASA DE CAMBIO - MEXICO sells:   2,934,400.00        USD
    Rate:                                     1.46720000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:        2,000,000.00       EUR
             Account Name:       BAYERISCHE LANDESBK-MUNICH,
                            GERMANY

             Account Number:
             Payment Method:    By Outgoing Wire Payment
             Pay To:            BAYERISCHE HYPO-UND VEREINSBANK AG
                            MUNICH GERMANY
                            MUNICH GERMANY
             Account:           /DE10700202705803611035
             For Account Of:    MAJAPARA CASA DE CAMBIO SA DE CV
             Intermediary Bank:
             Sender to Receiver Information:

             Detailed Information:

                       BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:        2,934,400.00       USD
             Account number:    PHILNY
             Payment Method:    By Incoming International Payment
              Pay to:            WACHOVIA BANK N.A.-NEW YORK

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.



 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:                December 11, 2007

Wachovia confirms the following:Spot Deal                Deal Source:                EFOREX

| | |
|---|---|
| Deal Number: | 8347911 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 5,000,000.00        EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 7,332,500.00        USD |
| Rate: | 1.46650000 |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

| | | |
|---|---|---|
| Wachovia Delivers: | 5,000,000.00 | EUR |
| | Account Name: | BAYERISCHE LANDESBK-MUNICH, GERMANY |
| | Account Number: | |
| | Payment Method: | By Outgoing Wire Payment |
| | Pay To: | BAYERISCHE HYPO-UND VEREINSBANK AG MUNICH GERMANY MUNICH GERMANY |
| | Account: | /DE10700202705803611035 |
| | For Account Of: | MAJAPARA CASA DE CAMBIO SA DE CV |
| | Intermediary Bank: | |
| | Sender to Receiver Information: | |

| | | |
|---|---|---|
| | Detailed Information: | |
| | | BO CASA DE CAMBIO MAJAPARA SA DE CV |
| Wachovia Receives: | 7,332,500.00 | USD |
| | Account number: | PHILNY |
| | Payment Method: | By Incoming International Payment |
| | Pay to: | WACHOVIA BANK N.A.-NEW YORK |

---

## Notify Wachovia Immediately If Not In Agreement:

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                              Date:          December 11, 2007
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal                    Deal Source:           EFOREX

| | | |
|---|---|---|
| Deal Number: | 8347951 | |
| Sequence Number: | 0 | |
| Trade Date: | December 05, 2007 | |
| Value Date: | December 07, 2007 | |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 1,000,000.00 | EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 1,466,500.00 | USD |
| Rate: | 1.46650000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

| | | |
|---|---|---|
| Wachovia Delivers: | 1,000,000.00 | EUR |
| | Account Name: | BAYERISCHE LANDESBK-MUNICH, GERMANY |
| | Account Number: | |
| | Payment Method: | By Outgoing Wire Payment |
| | Pay To: | BAYERISCHE HYPO-UND VEREINSBANK AG MUNICH GERMANY MUNICH GERMANY |
| | Account: | /DE10700202705803611035 |
| | For Account Of: | MAJAPARA CASA DE CAMBIO SA DE CV |
| | Intermediary Bank: | |
| | Sender to Receiver Information: | |

| | | |
|---|---|---|
| | Detailed Information: | |
| | | BO CASA DE CAMBIO MAJAPARA SA DE CV |
| Wachovia Receives: | 1,466,500.00 | USD |
| | Account number: | PHILNY |
| | Payment Method: | By Incoming International Payment |
| | Pay to: | WACHOVIA BANK N.A.-NEW YORK |

| Notify Wachovia Immediately If Not In Agreement: |
|---|

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.



Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                    Date:          December 12, 2007
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal               Deal Source:              EFOREX

    Deal Number:                              8348101
    Sequence Number:                          0

    Trade Date:                               December 05, 2007
    Value Date:                               December 07, 2007

    MAJAPARA CASA DE CAMBIO - MEXICO buys:    2,000,000.00        EUR
    MAJAPARA CASA DE CAMBIO - MEXICO sells:   2,934,400.00        USD
    Rate:                                     1.46720000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:       2,000,000.00      EUR
                         Account Name:     BAYERISCHE LANDESBK-MUNICH,
                                           GERMANY

                         Account Number:
                         Payment Method:   By Outgoing Wire Payment
                         Pay To:           BAYERISCHE HYPO-UND VEREINSBANK AG
                                           MUNICH GERMANY
                                           MUNICH GERMANY
                         Account:          /DE10700202705803611035
                         For Account Of:   MAJAPARA CASA DE CAMBIO SA DE CV
                         Intermediary Bank:
                         Sender to Receiver Information:


                         Detailed Information:
                                           BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:       2,934,400.00      USD
                         Account number:   PHILNY
                         Payment Method:   By Incoming International Payment
                         Pay to:           WACHOVIA BANK N.A.-NEW YORK

┌──────────────────────────────────────────────────────────────────┐
│  Notify Wachovia Immediately If Not In Agreement:                  │
└──────────────────────────────────────────────────────────────────┘

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

**WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:        December 11, 2007

Wachovia confirms the following:Spot Deal

Deal Source:        EFOREX

| | | |
|---|---|---|
| Deal Number: | 8347764 | |
| Sequence Number: | 0 | |
| Trade Date: | December 05, 2007 | |
| Value Date: | December 07, 2007 | |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 5,000,000.00 | EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 7,333,000.00 | USD |
| Rate: | 1.46660000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:      5,000,000.00      EUR
                        Account Name:     BAYERISCHE LANDESBK-MUNICH,
                                          GERMANY

                        Account Number:
                        Payment Method:   By Outgoing Wire Payment
                        Pay To:           BAYERISCHE HYPO-UND VEREINSBANK AG
                                          MUNICH GERMANY
                                          MUNICH GERMANY
                        Account:          /DE10700202705803611035
                        For Account Of:   MAJAPARA CASA DE CAMBIO SA DE CV
                        Intermediary Bank:
                        Sender to Receiver Information:

                        Detailed Information:
                                          BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:      7,333,000.00      USD
                        Account number:   PHILNY
                        Payment Method:   By Incoming International Payment
                        Pay to:           WACHOVIA BANK N.A.-NEW YORK

---

**Notify Wachovia Immediately If Not In Agreement:**

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:     December 11, 2007

Wachovia confirms the following:Spot Deal

Deal Source:          DIRECT

| | |
|---|---|
| Deal Number: | 8347811 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |

| | | |
|---|---|---|
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 5,000,000.00 | EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 7,338,000.00 | USD |
| Rate: | 1.46760000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

| Wachovia Delivers: | 5,000,000.00 | EUR |
|---|---|---|
| | Account Name: | BAYERISCHE LANDESBK-MUNICH, GERMANY |
| | Account Number: | |
| | Payment Method: | By Outgoing Wire Payment |
| | Pay To: | BAYERISCHE HYPO-UND VEREINSBANK AG MUNICH GERMANY MUNICH GERMANY |
| | Account: | /DE10700202705803611035 |
| | For Account Of: | MAJAPARA CASA DE CAMBIO SA DE CV |
| | Intermediary Bank: | |
| | Sender to Receiver Information: | |

| | Detailed Information: | |
|---|---|---|
| | | BO CASA DE CAMBIO MAJAPARA SA DE CV |
| Wachovia Receives: | 7,338,000.00 | USD |
| | Account number: | PHILNY |
| | Payment Method: | By Incoming International Payment |
| | Pay to: | WACHOVIA BANK N.A.-NEW YORK |

## Notify Wachovia Immediately If Not In Agreement:

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.



Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                           Date:          December 11, 2007
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal                    Deal Source:              EFOREX

    Deal Number:                          8347860
    Sequence Number:                      0

    Trade Date:                           December 05, 2007
    Value Date:                           December 07, 2007
    MAJAPARA CASA DE CAMBIO - MEXICO buys:    3,000,000.00        EUR
    MAJAPARA CASA DE CAMBIO - MEXICO sells:   4,398,300.00        USD
    Rate:                                 1.46610000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:        3,000,000.00        EUR
                          Account Name:       BAYERISCHE LANDESBK-MUNICH,
                                              GERMANY

                          Account Number:
                          Payment Method:     By Outgoing Wire Payment
                          Pay To:             BAYERISCHE HYPO-UND VEREINSBANK AG
                                              MUNICH GERMANY
                                              MUNICH GERMANY
                          Account:            /DE10700202705803611035
                          For Account Of:     MAJAPARA CASA DE CAMBIO SA DE CV
                          Intermediary Bank:
                          Sender to Receiver Information:




                          Detailed Information:
                                              BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:        4,398,300.00        USD
                          Account number:     PHILNY
                          Payment Method:     By Incoming International Payment
                          Pay to:             WACHOVIA BANK N.A.-NEW YORK

┌─────────────────────────────────────────────────────────────────────────┐
│ Notify Wachovia Immediately If Not In Agreement:                          │
└─────────────────────────────────────────────────────────────────────────┘

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO          Date:          December 12, 2007
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal          Deal Source:          EFOREX

| | |
|---|---|
| Deal Number: | 8348032 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 9,775.17     USD |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 11,000.00     CHF |
| Rate: | 1.12530000 |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:          9,775.17          USD
                           Account Name:
                           Account Number:
                           Payment Method:
                           Pay To:


                           Account:
                           For Account Of:
                           Intermediary Bank:
                           Sender to Receiver Information:




                           Detailed Information:


Wachovia Receives:          11,000.00          CHF
                           Account number:
                           Payment Method:
                           Pay to:          Wachovia Bank, N.A.

┌─────────────────────────────────────────────────────────────┐
│ Notify Wachovia Immediately If Not In Agreement: │
└─────────────────────────────────────────────────────────────┘

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:                    December 12, 2007

Wachovia confirms the following:Spot Deal          Deal Source:          REUTERS

| | |
|---|---|
| Deal Number: | 2598310 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |

| | | |
|---|---|---|
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 103,124.86 | USD |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 116,000.00 | CHF |
| Rate: | 1.12485000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:       103,124.86           USD
                         Account Name:
                         Account Number:
                         Payment Method:
                         Pay To:


                         Account:
                         For Account Of:
                         Intermediary Bank:
                         Sender to Receiver Information:




                         Detailed Information:


Wachovia Receives:       116,000.00           CHF
                         Account number:
                         Payment Method:
                         Pay to:               Wachovia Bank, N.A.

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.

Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                    Date:              December 12, 2007
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal                    Deal Source:              EFOREX

| | |
|---|---|
| Deal Number: | 8347914 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |

| | | |
|---|---|---|
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 7,000.00 | CHF |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 6,218.90 | USD |
| Rate: | 1.12560000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:        7,000.00            CHF
                          Account Name:
                          Account Number:
                          Payment Method:
                          Pay To:

                          Account:
                          For Account Of:
                          Intermediary Bank:
                          Sender to Receiver Information:

                          Detailed Information:

Wachovia Receives:        6,218.90            USD
                          Account number:
                          Payment Method:
                          Pay to:                Wachovia Bank, N.A.

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

# EXHIBIT C

JUDGE JONES

Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WACHOVIA BANK, National Association,    :
                                        :
                        Plaintiff,      :          Civil Action No. ___
                                        :
              - against -               :          **ORDER TO SHOW CAUSE**
                                        :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,   :
                                        :
                        Defendants.     :
-------------------------------------------------------------X

        Upon reading and filing the Declaration of Carlos A. Perez, dated December 13,

2007, the Declaration of Scott S. McKessy, dated December 13, 2007, and the exhibits

annexed thereto, the accompanying Memorandum of Law, the Complaint dated

December 14, 2007, and all the prior pleadings and proceedings had herein, and there

having been no prior motion for the relief requested herein; it is hereby

        **ORDERED,** that defendant Majapara Casa De Cambio S.A. de C.V.

("Majapara") show cause before this Court, in Courtroom 18B at the United States

Courthouse, 500 Pearl Street, New York, New York 10007, on the 21st day of

December, 2007, at 10:00 a m, why an Order of attachment should not be entered in this

action, pursuant to Fed. R. Civ. P. 64, directing the United States Marshal, or other

appropriate Federal or State Law Enforcement Agent, to levy within his or her

jurisdiction upon such property in which Majapara has an interest and upon such debts

owing to Majapara as will satisfy $24,711,845.00, plus interest, costs, and the Marshal's

fees and expenses, including but not limited to, the monies being maintained and to be

maintained at the following bank accounts:

> Citibank, N.A.
> 399 Park Avenue
> New York, NY 10043
> (account number 36254838)
>
> JP Morgan Chase Bank, N.A.
> 270 Park Avenue
> New York, NY 10017
> (account number unknown)
>
> Bayerische Hypo- und Vereinsbank, AG
> 150 East 42nd St.
> New York, NY 10017
> (account number unknown)

along with such other and further relief as the Court may deem just, proper, or equitable.

   **IT IS FURTHER ORDERED THAT,** pending the hearing and determination of

this motion, Majapara, shall be and hereby is enjoined and restrained from transferring,

selling, pledging, assigning or otherwise disposing of any of its assets.

   **IT IS FURTHER ORDERED THAT,** Majapara shall produce a detailed list of

the aforementioned assets and debts, including a description and location of each asset

and debt owed to it, to plaintiff's counsel no later than three (3) business days after

service of this Order upon Majapara as set forth below.

   **IT IS FURTHER ORDERED THAT,** pursuant to Fed. R. Civ. P. 64 and CPLR

§ 6212(b), Plaintiff shall be required to post a bond, security or undertaking in the

amount of $ *1,000,000.* within *7* days of execution of this Order.

         *(one million dollars)*

**IT IS FURTHER ORDERED THAT**, service of a copy of this Order along with all the supporting papers via overnight mail and certified mail upon Majapara at its office located at Grecia No. 64, Colonia San Alvaro, Mexico City, C.P. 02090, Mexico, on or before December 15, 2007, be deemed good and sufficient service thereof.

**IT IS FURTHER ORDERED THAT**, Majapara shall serve answering papers, if any, so as to be received by plaintiff's counsel, Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022, Attention: Scott S. McKessy, Esq. on or before December 18, 2007, by 3:00 p.m.

**IT IS FURTHER ORDERED THAT**, Plaintiff shall serve reply papers, if any, on or before December 19, 2007 by _5:00 pm_ upon Majapara.

Dated: New York, New York
December 14, 2007

ISSUED: _____

SO ORDERED:

_____
United States District Judge

# EXHIBIT D

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                  :

WACHOVIA BANK, NATIONAL ASSOCIATION,    :    07 Civ. 11230 (BSJ)(RLE)

                      Plaintiff,               :

                                    :

         - against -                :    **ORDER OF**

                                    :    **ATTACHMENT**

CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a    :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,    :

                                    :

                  Defendant.          :

                                    :
------------------------------------------------------------------------X

       Plaintiff Wachovia Bank, National Association ("Wachovia") having moved, by

Order to Show Cause dated December 14, 2007, and Order to Show Cause dated

December 17, 2007, pursuant to Fed. R. Civ. P. 64, and those motions having come on to

be heard and considered by the Court,

       Now, upon the reading and filing of the Summons and Complaint dated

December 14, 2007, the Amended Summons and Amended Complaint dated December

17, 2007, the Declaration of Carlos A. Perez dated December 13, 2007, the Declaration

of Scott S. McKessy dated December 13, 2007, the Declaration of Carlos A. Perez dated

December 16, 2007, the Declaration of Scott S. McKessy dated December 17, 2007,

along with all exhibits annexed thereto, the accompanying Memorandum of Law dated

December 13, 2007, and the motion having come on to be heard on December 21, 2007,

and due deliberation having been had, and

It appearing from the Amended Complaint and Declarations submitted by

Wachovia that Wachovia has a cause of action for a money judgment against defendant

Casa De Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de Cambio S.A. de C.V.

("Majapara") for $24,810,975.00 with interest from December 7, 2007, and that it is

probable that Wachovia will succeed on the merits and recover that sum from Majapara

exceeding all counterclaims of which Wachovia is aware, and it is further appearing that

Wachovia is entitled to an order of attachment against the property of Majapara on the

grounds that: (a) Majapara is a non-domiciliary foreign corporation not qualified to do

business in the state under CPLR § 6201(1); and (b) Majapara intends to remove assets

from Wachovia's reach with the intention of frustrating the enforcement of an eventual

judgment in favor of Wachovia under CPLR § 6201(3); and that the amount to be secured

by this order of attachment, including any interest, costs, and fees and expenses to be paid

to the United States Marshal, or other appropriate Federal or State Law Enforcement

Agent, totals $ ~~at least~~ *24,810,975* , and that Wachovia has furnished the undertaking

required by law.

Now, on motion of Wachovia, it is hereby,

**ORDERED** that Wachovia's motions, dated December 14, 2007 and December

17, 2007, are granted, and it is further

**ORDERED** that Wachovia's undertaking is fixed in the sum of $1,000,000.00,

which all or part may be paid to Majapara for costs and damages, including reasonable

attorney's fees, that Majapara may sustain by reason of the attachment if Majapara

recovers judgment or it is finally decided that Wachovia was not entitled to an attachment

of Majapara's property, and the balance of the undertaking is conditioned upon

Wachovia's payment to the United States Marshal, or other appropriate Federal or State

Law Enforcement Agent, all of his/her allowable fees, and it is further

   **ORDERED** that the United States Marshal, or other appropriate Federal or State

*or by a licensed process server as retained by plaintiff's counsel*

Law Enforcement Agent, shall levy within his/her jurisdiction, at any time before final

judgment, upon such property in which Majapara has an interest and upon such debts

owing to Majapara as will satisfy $ *at least* 24,810,975.⁰⁰ the amount of Wachovia's

demand, together with probable interest, costs, and the fees owed to the United States

Marshal, or other appropriate Federal or State Law Enforcement Agent; including but not

limited to, the monies being maintained and to be maintained at the following banks:

      Citibank, N.A.
      399 Park Avenue
      New York, NY 10043
      (account number 36254838)

      JP Morgan Chase Bank, N.A.
      270 Park Avenue
      New York, NY 10017
      (account number unknown)

      Bayerische Hypo- und Vereinsbank, AG
      150 East 42nd St.
      New York, NY 10017
      (account number unknown)

      Deutsche Bank
      60 Wall Street
      New York, NY 10005
      (account number unknown)

      Standard Chartered Bank
      One Madison Avenue
      New York, NY 10010
      (account number unknown)

and it is further,                                                            *but not less than*

**ORDERED** that pending the levy and seizure of an amount equal to

$24,810,975. by the United States Marshal, or other appropriate Federal or State

Law Enforcement Agent, Majapara shall be and hereby is enjoined and restrained from

transferring, selling, pledging, assigning or otherwise disposing of any of its assets.

**IT IS FURTHER ORDERED THAT**, service of a copy of this Order via

overnight mail and registered mail upon Majapara at its office located at Grecia No. 64,

Colonia San Alvaro, Mexico City, C.P. 02090, Mexico, on or before December *21*, 2007,

be deemed good and sufficient service thereof.

Dated: New York, New York
     December *20* 2007

                       SO ORDERED:

                       _____
                       United States District Judge

# EXHIBIT E

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                      :
WACHOVIA BANK, NATIONAL ASSOCIATION,                  :      07 Civ. 11230 (BSJ)(RLE)
                                                      :
                    Plaintiff,                        :
                                                      :
        - against -                                   :      **ORDER**
                                                      :
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a            :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,                :
                                                      :
                    Defendant.                        :
                                                      :
------------------------------------------------------------X

        Now, upon application by plaintiff Wachovia Bank, National Association

("Wachovia") on December 20, 2007, and upon reading this Court's Order of Attachment

dated December 20, 2007, it is

        **ORDERED** that Wachovia shall be entitled to serve Interrogatories upon any

bank, financial institution, or other third party (the "Garnishees") located in New York

for purposes of gathering information on any assets in the name of defendant Casa de

Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de Cambio S.A. de C.V.

("Majapara") or any debts due and owing to Majapara.

        **IT IS FURTHER ORDERED** that responses to such Interrogatories are to be

served by the Garnishees so as to be received by counsel for Wachovia, Reed Smith LLP,

599 Lexington Avenue, New York, NY 10022, Attn: Scott S. McKessy, within three (3)

business days of Wachovia's personal service of such Interrogatories upon the

Garnishees.

**IT IS FURTHER ORDERED** that Wachovia shall be entitled to serve its First

Set of Interrogatories and First Request for the Production of Documents upon Majapara

by overnight mail, with responses to such discovery to be served so as to be received by

counsel for Wachovia within four (4) business days of Wachovia's service of such

discovery via overnight delivery upon Majapara.

Dated: New York, New York
       December 21, 2007

                        SO ORDERED:

                        _____
                        United States District Judge

# EXHIBIT F

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WACHOVIA BANK, NATIONAL ASSOCIATION,               :
                                                   :
                        Plaintiff,                 :        07 Civ. 11230 (BSJ)(RLE)
                                                   :
        - against -                                :
                                                   :
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a         :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,              :
                                                   :
                        Defendant.                 :
-----------------------------------------------------------------------X

### PLAINTIFF'S INTERROGATORIES
### DIRECTED TO THIRD PARTY GARNISHEE CITIBANK, N.A.

**PLEASE TAKE NOTICE** that plaintiff Wachovia National Association

("Wachovia"), by its attorneys, Reed Smith LLP, hereby demands, pursuant to the Order

of the Honorable Barbara S. Jones, dated December 21, 2007 (a copy of which is

attached), that third party garnishee Citibank, N.A. answer, under oath and in writing, the

following interrogatories so as to be received by counsel for Wachovia within three (3)

business days.

### DEFINITION/INSTRUCTIONS

1.      "You" or "your institution" refers to Citibank, N.A. and all of its past or

present parents, subsidiaries, divisions, affiliates, officers, directors, executives,

attorneys, accountants, agents, consultants, representatives, and any and all persons or entities acting or purporting to act for or on its behalf.

2.    "Majapara" shall mean Casa De Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de Cambio S.A. de C.V. and all of its past or present parents, subsidiaries, divisions, affiliates, officers, directors, executives, attorneys, accountants, agents, consultants, representatives, and any and all persons or entities acting or purporting to act for or on its behalf.

## INTERROGATORIES

1.    Identify any and all bank accounts maintained at your institution by Majapara or in the name of Majapara, the specific account numbers of such accounts, and the amounts maintained in such accounts as of the close of business on each and every business day from December 14, 2007 to the date of service of your Answers to these Interrogatories.

2.    Identify any and all indebtedness due or to become due from you to Majapara and the nature, amount, and due date of such indebtedness.

3.    Identify any other property in your possession, custody, or control belonging to Majapara or in which Majapara has an interest and describe the property including the amount of money in any bank accounts at close of business on each and every day from December 14, 2007 to the date of service of your Answers to these Interrogatories.

4.    If any property or other assets that belonged to Majapara which were in your possession custody, custody, or control were transferred from your possession, custody, or control since December 14, 2007, identify the property or asset transferred,

the date of the transfer, and location of the individual, entity, or location to which it was

transferred to.

Dated:     New York, New York
           December 21, 2007

                                    REED SMITH LLP


                                    By: _____
                                         Scott S. McKessy
                                         Casey D. Laffey
                                    599 Lexington Avenue
                                    New York, New York 10022
                                    Tel. (212) 521-5400

                                    *Attorneys for Plaintiff*
                                    *Wachovia Bank, National Association*


TO:     Citibank, N.A.
        Attn: Legal Department
        399 Park Avenue
        New York, NY 10043

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WACHOVIA BANK, NATIONAL ASSOCIATION, :  07 Civ. 11230 (BSJ)(RLE)

    Plaintiff,       :

 - against -         :   **ORDER**

CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a :
MAJAPARA CASA DE CAMBIO S.A. de C.V., :

    Defendant.      :
                :
------------------------------------------------------------X

   Now, upon application by plaintiff Wachovia Bank, National Association

("Wachovia") on December 20, 2007, and upon reading this Court's Order of Attachment

dated December 20, 2007, it is

   **ORDERED** that Wachovia shall be entitled to serve Interrogatories upon any

bank, financial institution, or other third party (the "Garnishees") located in New York

for purposes of gathering information on any assets in the name of defendant Casa de

Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de Cambio S.A. de C.V.

("Majapara") or any debts due and owing to Majapara.

   **IT IS FURTHER ORDERED** that responses to such Interrogatories are to be

served by the Garnishees so as to be received by counsel for Wachovia, Reed Smith LLP,

599 Lexington Avenue, New York, NY 10022, Attn: Scott S. McKessy, within three (3)

business days of Wachovia's personal service of such Interrogatories upon the

Garnishees.

**IT IS FURTHER ORDERED** that Wachovia shall be entitled to serve its First

Set of Interrogatories and First Request for the Production of Documents upon Majapara

by overnight mail, with responses to such discovery to be served so as to be received by

counsel for Wachovia within four (4) business days of Wachovia's service of such

discovery via overnight delivery upon Majapara.

Dated: New York, New York
        December 21, 2007

SO ORDERED:

_____
United States District Judge

# EXHIBIT G

# ReedSmith

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450

**Scott S. McKessy**
Direct Phone: 212.521.5421
Email: smckessy@reedsmith.com

January 7, 2008



**VIA FACSIMILE**

Honorable Barbara S. Jones
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 620
New York, New York 10007

Re:     Wachovia Bank, National Association v. Casa de Cambio Majapara S.A. de C.V. et al.,
        07 Civ. 11230 (BSJ)(RLE)

Dear Judge Jones:

My firm represents Wachovia Bank National Association ("Wachovia") in the above-referenced action. This past Friday afternoon, I was first contacted by the firm of Sperling & Slater who informed me that it would be appearing in this action on behalf of the defendant Majapara Casa De Cambio a/k/a Casa de Cambio Majapara. Majapara's counsel asked if Wachovia objected to a thirty-day extension of time to respond to the amended complaint, to which I indicated I needed to speak with my client and would revert. Before I had an opportunity to get back to Majapara's counsel regarding my client's position, its local counsel sent this Court a letter requesting an extension of time to respond to the complaint. Please be advised that Wachovia does not object to this extension of time.

Now that counsel has appeared in this action, however, Wachovia respectfully requests that Majapara's counsel acknowledge and represent that Majapara is complying with this Court's various orders of December 14th (as modified by this Court's Order of December 17th), December 20th and December 21st. Specifically, we request that Majapara be compelled to provide the information this Court ordered Majapara to produce in the December 14th Order (which was originally due on December 19th but which has never been supplied) no later than this Friday, January 11, 2008 (*i.e.* provide a detailed description, including location, of each asset and debt owed to Majapara).

Respectfully submitted,

*Scott McKessy*

Scott S. McKessy

*Application Granted. Majapara
is directed to provide the
requested information no later
than 1/11/08.*

**SO ORDERED**
Dated: *Barbara S. Jones*
        **BARBARA S. JONES**
        **U.S.D.J.**
        1/8/07

SSM/bt

cc:     All Counsel (via facsimile)

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ BEIJING ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

r e e d s m i t h . c o m

NYLIB-468497 1

# EXHIBIT H

Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WACHOVIA BANK, National Association,          :

                                  Plaintiff,          :          07 Civ. 11230(BSJ)(RLE)

                        - against -          :

CASA DE CAMBIO MAJAPARA S.A. de C.V.          :
a/k/a MAJAPARA CASA DE CAMBIO S.A. de C.V.,          :

                                  Defendants.          :
------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I, **Casey D. Laffey**, hereby certify that on the 14th day of December 2007, I
caused true and correct copies of the foregoing documents:

      (a)     Summons in a Civil Action dated December 14, 2007;

      (b)     Complaint dated December 14, 2007;

      (c)     Civil Cover Sheet dated December 13, 2007;

      (d)     Wachovia Bank, National Association's Statement Pursuant to
             Fed. R. Civ. P 7.1 dated December 13, 2007;

      (e)     Individual Practices of Judge Barbara S. Jones;

      (f)     Individual Practices of Magistrate Judge Ronald L. Ellis;

      (g)     Order to Show Cause dated December 14, 2007;

      (h)     Declaration of Carlos A. Perez dated December 13, 2007 with
             exhibits thereto;

      (i)     Declaration of Scott S. McKessy dated December 13, 2007; and

      (j)     Memorandum of Law in Support of Plaintiff's Application for a
             Temporary Restraining Order and Pre-Judgment Order of
             Attachment.

to be served upon:

**Case de Cambio Majapara S.A. de C.V.**
**a/k/a Majapara Casa de Cambio S.A. de C.V.**
**Grecia No. 64**
**Colonia San Alvaro, Mexico City, C.P. 02090, Mexico**

by: (i) depositing true copies thereof enclosed in a securely sealed, properly addressed
wrapper into the custody of the overnight delivery service for overnight delivery; (ii)
depositing true copies thereof enclosed in a securely sealed, properly addressed fully
postpaid Registered Mail wrapper in an official depository under the exclusive care and
custody of the United States Postal Service within the City, County and State of New
York; and (iii) depositing true copies thereof enclosed in a securely sealed, properly
addressed fully postpaid First Class Mail wrapper in an official depository under the
exclusive care and custody of the United States Postal Service within the City, County
and State of New York.

Dated:  December 17, 2007
        New York, New York

Casey D. Laffey (CL-1483)

# EXHIBIT I

Track Shipments/FedEx Kinko's Orders
## Detailed Results

 Quick Help



| Tracking number | 852879165921 | Delivered to | Guard/Security Station |
| Signed for by | V.MARTINEZ | Service type | Priority Pak |
| Ship date | Dec 14, 2007 | Weight | 1.3 lbs. |
| Delivery date | Dec 17, 2007 12:39 PM | | |
| Status | Delivered | | |
| Signature image available | No | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Dec 17, 2007 | 12:39 PM | Delivered | | |
| | 11:22 AM | On FedEx vehicle for delivery | NAUCALPAN MX | |
| Dec 15, 2007 | 10:02 PM | Delivery exception | NAUCALPAN MX | Package at station, arrived after courier dispatch |
| | 10:02 PM | At local FedEx facility | NAUCALPAN MX | |
| | 1:15 PM | Int'l shipment release | TOLUCA MX | |
| | 12:29 PM | In transit | TOLUCA MX | Package available for clearance |
| | 12:29 PM | At dest sort facility | TOLUCA MX | |
| | 2:37 AM | Departed FedEx location | MEMPHIS, TN | |
| | 1:03 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Dec 14, 2007 | 11:56 PM | Departed FedEx location | NEWARK, NJ | |
| | 9:57 PM | Left origin | NEW YORK, NY | |
| | 8:53 PM | Picked up | NEW YORK, NY | |

| Signature proof | E-mail results | Track more shipments/orders |

### Subscribe to tracking updates (optional)

Your Name: [            ]          Your E-mail Address: [            ]

| E-mail address | Language | | Exception updates | Delivery updates |
|---|---|---|---|---|
| [        ] | English ▼ | | ☐ | ☐ |
| [        ] | English ▼ | | ☐ | ☐ |
| [        ] | English ▼ | | ☐ | ☐ |
| [        ] | English ▼ | | ☐ | ☐ |

Select format: ● HTML   ○ Text   ○ Wireless
Add personal message:
Not available for Wireless or non-English characters.

RETAIN THIS COPY FOR YOUR RECORDS

/0037/0250/0030055234/5

# FedEx Express® International Air Waybill
For FedEx services worldwide

**1 From**  Please print and press hard.

Date 9-14-07  Sender's FedEx Account Number  1979-1125-5

Sender's Name  CASEY D. Laffey  Phone  212 521-5400

Company  REED SMITH LLP

Address  599 LEXINGTON AVE FL 28

City  NEW YORK  State/Province  NY  ZIP/Postal Code

Country  USA

**2 To**

Recipient's Name  Maya para Casa De Cambio SA. de C.V.

Company

Address  Grecia No. 64

Address  Colonia San Alvaro

City  Mexico  State/Province  Mexico City  ZIP/Postal Code  C.P. 62090  Country  Mexico

Recipient's Tax/ID number for Customs purposes
e.g., GST/RFC/VAT/EIN, or locally required

**3 Shipment Information**

Total Packages  1

Total Weight  lbs.  kg

Commodity Description  Court Documents (COMPLETE IN ENGLISH)

Total Declared Value for Carriage  Value for Customs (Specify Currency) $10  Total Value for Customs (REQUIRED)

**4 Express Package Service**  Packages up to 150 lbs./68 kg

- [X] FedEx Intl. Priority
- [ ] FedEx Intl. First

**5 Packaging**

- [ ] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other
- [ ] FedEx 10kg Box*
- [ ] FedEx 25kg Box*

**6 Special Handling**

- [ ] HOLD at FedEx Location
- [ ] SATURDAY Delivery

**7a Payment**  Bill transportation charges to:

- [X] Sender  Acct. No. in Section 1 will be billed.
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check/Cheque

FedEx Acct. No.
Credit Card No.

**7b Payment**  Bill duties and taxes to:

- [ ] Recipient
- [ ] Third Party

FedEx Acct. No.

**8 Your Internal Billing Reference**  82250 600001

**9 Required Signature**

Sender's Signature

**FedEx Tracking Number**  8528 7916 5921

For Completion Instructions, see back of fifth page.

Try online shipping at fedex.com.

Questions? Visit our Web site at fedex.com.
Or in the U.S., call 1.800.247.4747. Outside the U.S., call your local FedEx office.

500  0402

Sender's Copy

# EXHIBIT J



**JOM CORP.**

8684 Ave. de la Fuente, Suite 16
San Diego, CA 92154

## FAX COVER SHEET

No. of pages including cover sheet: 3

December 19, 2007

**To:**    Reed Smith LLP, (212)-521-5450

**From:**    PRISCILLA NJUGUNA, Compliance Officer, JOM Corp.

**Re:**    **Wachovia Bank, North America vs. Majapara, JOM Corp.
(U.S. District Court for the Southern District of New York)
hearing scheduled for Friday**

**Notes:**

Please forward the enclosed letter to the attorney handling the case captioned above to forward to Wachovia.

Please call me if you have any questions.

**Phone 619.661.5232    Fax 619.661.5277    Fax 1.877.566.3291**
priscillanjuguna@jomcorporation.com

**************************PRIVATE AND CONFIDENTIAL***************************
Aviso Legal: Este mensaje y sus anexos son privados y confidenciales, si usted recibe este mensaje por error del remitente, le agradeceremos ignorarlo y eliminar el mensaje y sus anexos, así como evitar su copia y difusión.
Legal Warning: This message and its attachments are confidential. If you have received this message by mistake, please ignore it and destroy it and its attachments and do not copy or distribute any of its contents.

 **MAS: MAJAPARA SERVICES**
www.jomcorporation.com

8684 Av. De La Fuente, Suite 16
San Diego, CA 92154

December 18, 2007

Attn: Mark Treanor
Senior Executive Vice President
and General Counsel
Wachovia Corporation
301 South College Street Suite 4000
One Wachovia Center
Charlotte, North Carolina 28288-0013

### RE: LITIGATION INVOLVING MAJAPARA OF MEXICO IN WHICH JOM CORP. IS NAMED AS CO-DEFENDANT

Dear Mr. Treanor:

This letter is being written by JOM Corporation of Texas to elaborate on its relationship with MAJAPARA of Mexico and establish that it is an entirely separate entity from MAJAPARA of Mexico and thus cannot rightly be named in litigation concerning MAJAPARA of Mexico.

#### JOM Corp. Background

JOM Corp. of Texas (JOM Corp.) is an incorporated and registered money service business (MSB) that began its operations in 1998 as three independent companies:
1) JOM Corp. of Illinois incorporated in January 27, 1998, operating in California and Illinois;
2) JOM Corp. of New Mexico incorporated in August 31, 1998, operating in New Mexico and South Carolina; and
3) JOM Corp. of Texas, operating in Texas, Arizona, North Carolina, Arkansas and Oklahoma.

In 2005 JOM Corporation of New Mexico merged with JOM Corp. of Texas. In January of 2005, to enhance transparency, clear governance, and a lineal corporate structure, JOM Corp. of Illinois was rendered inactivate and its operations in California were suspended (originally licensed in California since July 2001) in anticipation of being sold. However, the company did not sell and opted to re-organize leading to the appointment of Luis V. Echeverria as President and Chief Executive Officer of JOM Corporation.

In April 2005 JOM Corp. re-applied for a Money Transmitter License in California and established its corporate headquarters in San Diego. In addition, JOM Corporation of Illinois merged with JOM Corporation of Texas in 2006. On January 20, 2006, the State of California granted JOM Corp. license number 2241 with permission to operate as a money remitter in California. Administrative functions have since been centralized in San Diego and operational functions have been centralized in Mexico City.

As a money service business, ninety five percent of JOM Corp.'s customer base is for money transmissions to beneficiaries in Mexico. The remaining five percent of our customer beneficiary base is distributed among beneficiaries in the Caribbean, Central America and South America specifically

1

JOM Corp. of Texas

8684 Av. De La Fuente, Suite 16
San Diego, CA 92154

into its Harris Bank account to pay for pesos purchased from MAJAPARA by making wire transfers to MAJAPARA's Wachovia account.

With the exception of the common ownership of MAJAPARA and JOM Corp. by Jorge Ortiz, the Chairman of JOM Corp.'s Board of Directors, and JOM Corp.'s daily purchase of pesos from MAJAPARA, JOM Corp. is a wholly independent corporation. There are no common operations, no commingled funds, no shared transactions and/or governance of these two separate legal entities.

By naming JOM Corp. as co-defendant in a case Wachovia Bank, North America, has with MAJAPARA, you are drawing in an independent corporation into another company's litigation. JOM Corp. concentrates forty percent of the funds held in trust from our customers in our Harris Bank account. By freezing JOM Corp.'s Harris Bank account, Wachovia is causing JOM Corp.'s operations to cease which has resulted in irreparable damage to our business. JOM Corp. considers Wachovia's actions against JOM Corp. to be unfounded, irresponsible, and very serious.

Accordingly, because JOM Corp. has no shared responsibilities, no inter-company operations other than the payment for pesos, no shared lines of credit, no shared expenses, and no inter-company accounting with MAJAPARA all legal matters affecting MAJAPARA must be resolved exclusively with MAJAPARA and cannot be resolved either in law or in equity at JOM Corp.'s expense. We demand that Wachovia and Harris Bank immediately cease their actions against JOM Corp.'s Harris Bank account and that Wachovia immediately advise Harris Bank of the true relationship between JOM Corp. and MAJAPARA to repair JOM Corp.'s relationship with Harris Bank. Given the enormous damage already inflicted on JOM Corp. because of Wachovia's actions, we demand the immediate removal of the freeze on JOM Corp.'s account to prevent complete irreversibility of the damage already done.

Should you require further clarification of the matters discussed above, please contact the undersigned at your earliest convenience.

Thank you for your time.

Sincerely,

Luis V. Echeverria
President and Chief Executive Officer
JOM Corp.

Encls.

3

Phone (619) 661 - 5232            Fax (619) 661 - 5277

# EXHIBIT K

**Office of the General Counsel**   388 Greenwich Street
17th Floor
New York, NY 10013



January 4, 2008

**Via Fax (212) 521-5450**
**And Overnight Mail**
Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

     Re:    Wachovia Bank, NA v. Casa de Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de
           Cambio S.A.de C.V.
           <u>Case # 07 Civ. 11230 (BSJ) (RLE)</u>

Dear Mr. McKessy:

     Please accept this correspondence as a response to Plaintiff's Interrogatories, dated December 21,
2007, Directed to Third Party Garnishee Citibank N.A.

     Please be advised that Citibank N.A. maintains account number 36254838 in the name of Casa de
Cambio Majapara SA de C.V.  As of yesterday, the adjusted available balance in this account was
$2,453.39.

     The daily adjusted available balances for the above account for the time period as requested,
December 14, 2007 to the present, is below.

| | |
|---|---|
| 12/14/07 | $ 9,611,625.47 |
| 12/15/07 | $ 9,611,625.47 |
| 12/16/07 | $ 9,611,625.47 |
| 12/17/07 | $14,524,695.14 |
| 12/18/07 | $    677,307.14 |
| 12/19/07 | $ 2,108,108.21 |
| 12/20/07 | $ 1,941,412.62 |
| 12/21/07 | $ 1,843,715.44 |
| 12/22/07 | $ 1,843,715.44 |
| 12/23/07 | $ 1,843,715.44 |

| 12/24/07 | $ 1,304,545.72 |
| 12/25/07 | $ 1,304,545.72 |
| 12/26/07 | $ 1,026,172.08 |
| 12/27/07 | $   869,483.07 |
| 12/28/07 | $   815,423.60 |
| 12/29/07 | $   815,423.60 |
| 12/30/07 | $   815,423.60 |
| 12/31/07 | $   708,970.71 |
| 01/01/08 | $   708,970.71 |
| 01/02/08 | $     2,453.39 |

Upon request, Citibank will provide a copy of the December 2007 statement for account number 36254838.

Further, upon information and belief, Citibank has not identified any other property in its possession, custody or control belonging to or in which Casa de Cambio Majapara SA de C.V. has an interest.

Thank you and do not hesitate to contact me should you wish to discuss further.

Very truly yours,

Rebecca J. Nelson
Office of the General Counsel

Tel 212-816-4416
Fax 646-688-1945
rebecca.j.nelson@citigroup.com

Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WACHOVIA BANK, National Association,                    :
                                                        :    07 Civ. 11230 (BSJ)(RLE)
                            Plaintiff,                  :
                                                        :
            - against -                                 :
                                                        :
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a:
MAJAPARA CASA DE CAMBIO S.A. de C.V.,                   :
                                                        :
                            Defendant.                  :
------------------------------------------------------------X


**COMPENDIUM OF EXHIBITS IN SUPPORT OF
PLAINTIFF'S MOTION FOR AN ORDER DECLARING
<u>DEFENDANT IN CONTEMPT OF COURT</u>**


**Part II of III**


**REED SMITH LLP**
599 Lexington Avenue, 29th Floor
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff*
*Wachovia Bank, National Association*

EXHIBIT

L                              Defendant's December 2007 Citibank Account Statements


Dated:       New York, New York
             February 11, 2008

                                      REED SMITH LLP


                              By:_____
                                      Scott S. McKessy (SM-5479)
                                      Casey D. Laffey (CL-1483)
                              599 Lexington Avenue
                              New York, New York 10022
                              Tel. (212) 521-5400
                              Fax. (212) 521-5450

                              *Attorneys for Plaintiff*
                              *Wachovia Bank, National Association*

# EXHIBIT L

Exhibit "L" is too voluminous to attach.  Available for inspection at the offices of Reed Smith LLP.

Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

WACHOVIA BANK, National Association,              :
                                                  :        07 Civ. 11230 (BSJ)(RLE)
                    Plaintiff,                    :
                                                  :
         - against -                              :
                                                  :
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a:
MAJAPARA CASA DE CAMBIO S.A. de C.V.,             :
                                                  :
                    Defendant.                    :

-------------------------------------------------------------X

## COMPENDIUM OF EXHIBITS IN SUPPORT OF
## PLAINTIFF'S MOTION FOR AN ORDER DECLARING
## DEFENDANT IN CONTEMPT OF COURT

### Part III of III

**REED SMITH LLP**
599 Lexington Avenue, 29th Floor
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff*
*Wachovia Bank, National Association*

EXHIBIT

M                    Defendant's Asset Disclosures.

N                    Excerpts of Financial Documents Submitted by Defendant in
                     Connection With Illinois State Court action.

O                    January 12, 2008 e-mail from counsel for Plaintiff to counsel for
                     Defendant.

Dated:    New York, New York
          February 11, 2008

                                   REED SMITH LLP

                           By: _____
                                   Scott S. McKessy (SM-5479)
                                   Casey D. Laffey (CL-1483)
                              599 Lexington Avenue
                              New York, New York 10022
                              Tel. (212) 521-5400
                              Fax. (212) 521-5450

                              *Attorneys for Plaintiff*
                              *Wachovia Bank, National Association*

# EXHIBIT M

Majapara 0001

**CASA DE CAMBIO MAJAPARA, SA DE CV**
**BANK BALANCE TO DECEMBER 31, 2007**
**(NATIONAL CURRENCY)**

| BANK | | ACCOUNT | BALANCE DEBIT | CREDIT |
|------|---|---------|-------|--------|
| **CORPORATE** | | | | |
| BANCOMER NCE | 1 | 0442942933 | 44,424 | |
| BBV EXPENSES | 2 | 0150126306 | 314,234 | |
| BBV NCE | 3 | 0150126829 | 191,410 | |
| | | TOTAL AMOUNT | 550,068 | 0 |
| **MORELIA** | | | | |
| BANCOMER | 4 | 442943255 | 10,000 | |
| BANORTE | 5 | 877008029 | 7,931 | |
| BILBAO VIZCAYA | 6 | 0105315093 | 11,360 | |
| | | TOTAL AMOUNT | 29,291 | 0 |
| **GUADALAJARA** | | | | |
| BANCOMER GUADALAJARA | 7 | 442943069 | 2,191 | |
| BANORTE | 8 | 112010773 | 52,804 | |
| BANAMEX | 9 | 3210005235 | 80,045 | |
| INVERLAT | 10 | 5093252 | 93,602 | |
| BANCO DE COMERCIO INTERIOR | 11 | 2581116 | 9,504 | |
| BANAMEX | 12 | 432110786 | 7,710 | |
| | | TOTAL AMOUNT | 245,856 | 0 |

Majapara 0001

**CASA DE CAMBIO MAJAPARA, SA DE CV**
**BANK BALANCE TO DECEMBER 31, 2007**
**(NATIONAL CURRENCY)**

| BANK | | ACCOUNT | BALANCE | |
|---|---|---|---|---|
| | | | DEBIT | CREDIT |
| **COLIMA** | | | | |
| BBV BANCOMER | 13 | 0151516914 | 5,998 | |
| | | TOTAL AMOUNT | 5,998 | 0 |
| **VALLE ROJA** | | | | |
| BANCOMER | 15 | 0134538749 | 6,117 | |
| BANAMEX VALLE | 16 | 6095914223 | 171,032 | |
| | | TOTAL AMOUNT | 177,148 | 0 |
| **TLALNEPANTLA** | | | | |
| BANCOMER | 17 | 0442942917 | 146,612 | |
| BANAMEX | 18 | 183697701 | 3,074 | |
| BBV BANCOMER | 19 | 108111766 | 161,317 | |
| | | TOTAL AMOUNT | 311,003 | 0 |
| **AZUL** | | | | |
| BANCOMER (RETAIL) | 20 | 0442942909 | 94,022 | |
| BANAMEX | 21 | 2613664370 | 790 | |
| | | TOTAL AMOUNT | 94,813 | 0 |
| **HIDALGO** | | | | |

Majapara 0001

## CASA DE CAMBIO MAJAPARA, SA DE CV
## BANK BALANCE TO DECEMBER 31, 2007
## (NATIONAL CURRENCY)

| BANK | | ACCOUNT | DEBIT | BALANCE CREDIT |
|------|---|---------|-------|-------|
| BBV BANCOMER TULANCINGO | 22 | 448246300 | 5,817 | |
| BBV BANCOMER IXMIQUILPAN | 23 | 448245347 | 5,942 | |
| BBV BANCOMER ZIMAPAN | 24 | 448245479 | 4,413 | |
| BBV BSNCOMER HUICHAPAN | 25 | 453158691 | 5,471 | |
| BBV BANCOMER TASQUILLO | 26 | 452875659 | 5,898 | |
| BBV BANCOMER ADMON | 27 | 448245339 | 5,005 | |
| BBV BANCOMER PACHUCA GRAL | 28 | 452920131 | 5,814 | |
| BBV BANCOMER APASEO | 29 | 453785610 | 4,934 | |
| BBV BANCOMER TECOZAUTLA | 31 | 134608720 | 5,853 | |
| BBV BANCOMER SN FELIPE GTO 2 | 32 | 141496050 | 0 | |
| BANORTE TAMAZUNCHALE | 33 | 27046266 | 0 | |
| BANORTE OJUELOS | 34 | 871009732 | 0 | |
| BBV BANCOMER TAMAZUNCHALE | 35 | 102843471 | 3,094 | |
| BBV BANCOMER QUERETARO | 36 | 104658191 | 4,116 | |
| BBV BANCOMER CHAPULHUACAN | 37 | 108870799 | 5,332 | |
| BBV BANCOMNER JACALA HGO. | 39 | 454752473 | 4,042 | |
| | | TOTAL AMOUNT | 65,731 | 0 |

| TREASURY OPERATIONS AND EXCHANGES | | | | |
|------|---|---------|-------|-------|
| INVERLAT | 40 | 4570588 | 513,313 | |
| BANAMEX | 41 | 3746393 | 11,074 | |

Majapara 0001

**CASA DE CAMBIO MAJAPARA, SA DE CV**
**BANK BALANCE TO DECEMBER 31, 2007**
**(NATIONAL CURRENCY)**

| BANK | | ACCOUNT | DEBIT | BALANCE CREDIT |
|---|---|---|---|---|
| BBV BANCOMER | 42 | 0442942925 | 143,860 | |
| BANORTE | 43 | 9660631 | 1,085,553 | |
| BANCOMER | 44 | 0442942992 | 3,850,504 | |
| BILBAO VIZCAYA | 45 | 0182765012 | 184,352 | |
| BANCO DEL BAJIO | 46 | 9706701014 | 71,434 | |
| BANCA AFIRME | 47 | 128404015 | 8,107,268 | |
| IXE BANCO S.A | 48 | 0011189347 | 7,928 | |
| BANCA MIFEL | 49 | 849201 | 177 | |
| BANAMEX | 50 | 118275696 | 0 | |
| BANCOMER HUB | 51 | 0147014597 | 4,881 | |
| BAJIO BRILLANTE | 52 | 3970671001 | 3,742 | |
| BANSI | 53 | 00097177066 | 49,957 | |
| BANSI EXECUTIVE | 54 | 00097183651 | 181,394 | |
| BANCO VE | 55 | 00000004774 | 2,416 | |
| BANORTE PAYMENTS | 56 | 0130082608 | 82,928 | |
| SCOTIA BANK PAYMENTS | 57 | 00103691934 | 23,760 | |
| BANAMEX TEF MAJUSA | 58 | 59724382 | 32,183 | |
| BANAMEX PAYMENTS | 59 | 701040 | 878,729 | |
| BANCO DE MEXICO SPEI | 60 | 612180000000000017 | 0 | |
| | | TOTAL AMOUNT | 15,235,452 | 0 |

Majapara 0001

**CASA DE CAMBIO MAJAPARA, SA DE CV**
**BANK BALANCE TO DECEMBER 31, 2007**
**(NATIONAL CURRENCY)**

| BANK | ACCOUNT | | BALANCE | |
|------|---------|---|------|------|
| | | | DEBIT | CREDIT |
| **VERDE** | | | | |
| BANCOMER | 61 | 0442942984 | 40,537 | |
| BANAMEX | 62 | 2615654631 | 728 | |
| | | TOTAL AMOUNT | 41,266 | 0 |

| **TLALNEPANTLA I** | | | | |
|------|---------|---|------|------|
| BANCOMER | 63 | 442942976 | 157,905 | |
| | | TOTAL AMOUNT | 157,905 | 0 |

| **MINERVA** | | | | |
|------|---------|---|------|------|
| BANCOMER | 65 | 442942968 | 152,844 | |
| BANAMEX | 66 | 5077293444 | 83,046 | |
| BBVA BANCOMER | 67 | 0150365319 | 35,203 | |
| | | TOTAL AMOUNT | 271,093 | 0 |

| **BAJIO** | | | | |
|------|---------|---|------|------|
| BBV BANCOMER | 68 | 0454405285 | 1,151,528 | |
| BANAMEX BAJIO | 69 | 118312435 | 478,240 | |
| BANORTE | 70 | 596009492 | 2,069,409 | |
| BANCOMER HGO | 71 | 0101056077 | 62,613 | |
| INVERLAT | 73 | 4506357121 | 191,443 | |
| | | TOTAL AMOUNT | 3,953,233 | 0 |

Majapara 0001

## CASA DE CAMBIO MAJAPARA, SA DE CV
## BANK BALANCE TO DECEMBER 31, 2007
## (NATIONAL CURRENCY)

| BANK | | ACCOUNT | BALANCE DEBIT | BALANCE CREDIT |
|------|--|---------|---------------|----------------|
| **GUADALUPE INN** | | | | |
| BBV BANCOMER | 74 | 0454516729 | 34,240 | |
| BANAMEX | 75 | 2615653821 | 4,635 | |
| | | TOTAL AMOUNT | 38,875 | 0 |
| **VERACRUZ** | | | | |
| BBV BANCOMER | 76 | 0132683768 | 2,169 | |
| BANAMEX | 77 | 3966670 | 102,212 | |
| | | TOTAL AMOUNT | 104,380 | 0 |
| **BOSQUES** | | | | |
| BANCOMER BOSQUES | 78 | 0100380946 | 3 | |
| BANCOMER TOLUCA | 79 | 0149332251 | 2 | |
| BANAMEX TOLUCA | 80 | 419821759 | 9,625 | |
| | | TOTAL AMOUNT | 9,630 | 0 |
| **VALLE AMARILLA** | | | | |
| BANCOMER AMARILLA BRANCH | 81 | 0442942895 | 5,696 | |
| BANAMEX AMARILLA BRANCH | 82 | 28302196269 | 9,919 | |

Majapara 0001

## CASA DE CAMBIO MAJAPARA, SA DE CV
## BANK BALANCE TO DECEMBER 31, 2007
## (NATIONAL CURRENCY)

| BANK | | ACCOUNT | BALANCE DEBIT | CREDIT |
|---|---|---|---|---|
| | | TOTAL AMOUNT | 15,616 | 0 |

| COLIMA CORPORATE | | | | |
|---|---|---|---|---|
| BANCOMER | 83 | 0442943174 | 3,564,019 | |
| BANORTE | 85 | 437007349 | 230,866 | |
| | | TOTAL AMOUNT | 3,794,884 | 0 |
| | | TOTAL | 25,102,241 | 0 |

### AMOUNTS SHOWING IN FINANCIAL STATEMENTS

| | | | | |
|---|---|---|---|---|
| NATIONAL BANKS NAT. CURRENCY | | | 25,102,241 | 0 |
| FOREIGN BANKS | | | 33,604,915 | 2,755,901 |
| | | TOTAL | **58,707,157** | **2,755,901** |

$55,951,255.81

**CASA DE CAMBIO MAJAPARA, SA DE CV**
**SALDO DE BANCOS AL 31 DICIEMBRE DE 2007**
**(MONEDA NACIONAL)**

| BANCO | | CUENTA | SALDOS | |
|---|---|---|---|---|
| | | | DEUDOR | ACREEDOR |
| **CORPORATIVO** | | | | |
| BANCOMER NCE | 1 | 0442942933 | 44,424 | |
| BBV GASTOS | 2 | 0150126306 | 314,234 | |
| BBV NCE | 3 | 0150126829 | 191,410 | |
| | | SUMA | 550,068 | 0 |
| **MORELIA** | | | | |
| BANCOMER | 4 | 442943255 | 10,000 | |
| BANORTE | 5 | 877008029 | 7,931 | |
| BILBAO VIZCAYA | 6 | 0105315093 | 11,360 | |
| | | SUMA | 29,291 | 0 |
| **GUADALAJARA** | | | | |
| BANCOMER GUADALAJARA | 7 | 442943069 | 2,191 | |
| BANORTE | 8 | 112010773 | 52,804 | |
| BANAMEX | 9 | 3210005235 | 80,045 | |
| INVERLAT | 10 | 5093252 | 93,602 | |
| BANCO DE COMERCIO INTERIOR | 11 | 2581116 | 9,504 | |
| BANAMEX | 12 | 43210786 | 7,710 | |
| | | SUMA | 245,856 | 0 |

# CASA DE CAMBIO MAJAPARA, SA DE CV
## SALDO DE BANCOS AL 31 DICIEMBRE DE 2007
### (MONEDA NACIONAL)

| BANCO | | CUENTA | SALDOS DEUDOR | SALDOS ACREEDOR |
|---|---|---|---|---|
| **COLIMA** | | | | |
| BBV BANCOMER | 13 | 0155516914 | 5,998 | |
| | | SUMA | 5,998 | 0 |
| **VALLE ROJA** | | | | |
| BANCOMER | 15 | 0134538749 | 6,117 | |
| BANAMEX VALLE | 16 | 6095914223 | 171,032 | |
| | | SUMA | 177,148 | 0 |
| **TLALNEPANTLA** | | | | |
| BANCOMER | 17 | 0442942917 | 146,612 | |
| BANAMEX | 18 | 183697701 | 3,074 | |
| BBV BANCOMER | 19 | 108111766 | 161,317 | |
| | | SUMA | 311,003 | 0 |
| **AZUL** | | | | |
| BANCOMER (MENUDEO) | 20 | 0442942909 | 94,022 | |
| BANAMEX | 21 | 2613664370 | 790 | |
| | | SUMA | 94,813 | 0 |
| **HIDALGO** | | | | |

## CASA DE CAMBIO MAJAPARA, SA DE CV
## SALDO DE BANCOS AL 31 DICIEMBRE DE 2007
### (MONEDA NACIONAL)

| BANCO | | CUENTA | SALDOS DEUDOR | ACREEDOR |
|---|---|---|---|---|
| BBV BANCOMER TULANCINGO | 22 | 448246300 | 5,817 | |
| BBV BANCOMER IXMIQUILPAN | 23 | 448245347 | 5,942 | |
| BBV BANCOMER ZIMAPAN | 24 | 448245479 | 4,413 | |
| BBV BSNCOMER HUICHAPAN | 25 | 453158691 | 5,471 | |
| BBV BANCOMER TASQUILLO | 26 | 452875659 | 5,898 | |
| BBV BANCOMER ADMON | 27 | 448245339 | 5,005 | |
| BBV BANCOMER PACHUCA GRAL | 28 | 452920131 | 5,814 | |
| BBV BANCOMER APASEO | 29 | 453785610 | 4,934 | |
| BBV BANCOMER TECOZAUTLA | 31 | 134608720 | 5,853 | |
| BBV BANCOMER SN FELIPE GTO 2 | 32 | 141496050 | 0 | |
| BANORTE TAMAZUNCHALE | 33 | 27046266 | 0 | |
| BANORTE OJUELOS | 34 | 871009732 | 0 | |
| BBV BANCOMER TAMAZUNCHALE | 35 | 102843471 | 3,094 | |
| BBV BANCOMER QUERETARO | 36 | 104658191 | 4,116 | |
| BBV BANCOMER CHAPULHUACAN | 37 | 108870799 | 5,332 | |
| BBV BANCOMNER JACALA HGO. | 39 | 454752473 | 4,042 | |
| | | SUMA | 65,731 | 0 |

### TESORERÍA Y CAMBIOS

| | | | |
|---|---|---|---|
| INVERLAT | 40 | 4570588 | 513,313 |
| BANAMEX | 41 | 3746393 | 11,074 |

**CASA DE CAMBIO MAJAPARA, SA DE CV**
**SALDO DE BANCOS AL 31 DICIEMBRE DE 2007**
**(MONEDA NACIONAL)**

| | | | SALDOS | |
|---|---|---|---|---|
| BANCO | | CUENTA | DEUDOR | ACREEDOR |
| BBV BANCOMER | 42 | 0442942925 | 143,860 | |
| BANORTE | 43 | 9660631 | 1,085,553 | |
| BANCOMER | 44 | 0442942992 | 3,850,504 | |
| BILBAO VIZCAYA | 45 | 0182765012 | 184,352 | |
| BANCO DEL BAJIO | 46 | 9706701014 | 71,434 | |
| BANCA AFIRME | 47 | 128404015 | 8,107,268 | |
| IXE BANCO S.A | 48 | 0011189347 | 7,928 | |
| BANCA MIFEL | 49 | 849201 | 177 | |
| BANAMEX | 50 | 118275696 | 0 | |
| BANCOMER CONCENTRADORA | 51 | 0147014597 | 4,881 | |
| BAJIO BRILLANTE | 52 | 3970671001 | 3,742 | |
| BANSI | 53 | 0009717066 | 49,957 | |
| BANSI EJECUTIVA | 54 | 0009718365 | 181,394 | |
| BANCO VE | 55 | 0000004774 | 2,416 | |
| BANORTE PAGADORA | 56 | 0130082608 | 82,928 | |
| SCOTIA BANK PAGADORA | 57 | 0010369193 | 23,760 | |
| BANAMEX TEF MAJUSA | 58 | 59724382 | 32,183 | |
| BANAMEX PAGADORA | 59 | 701040 | 878,729 | |
| BANCO DE MEXICO SPEI | 60 | 6121800000000017 | 0 | |
| | | SUMA | 15,235,452 | 0 |

# EXHIBIT M

## CASA DE CAMBIO MAJAPARA, SA DE CV
## SALDO DE BANCOS AL 31 DICIEMBRE DE 2007
### (MONEDA NACIONAL)

| | BANCO | CUENTA | SALDOS DEUDOR | SALDOS ACREEDOR |
|---|---|---|---|---|
| **VERDE** | | | | |
| 61 | BANCOMER | 0442942984 | 40,537 | |
| 62 | BANAMEX | 2615654631 | 728 | |
| | | SUMA | 41,266 | 0 |
| **TLALNEPANTLA I** | | | | |
| 63 | BANCOMER | 442942976 | 157,905 | |
| | | SUMA | 157,905 | 0 |
| **MINERVA** | | | | |
| 65 | BANCOMER | 442942968 | 152,844 | |
| 66 | BANAMEX | 5077293444 | 83,046 | |
| 67 | BBVA BANCOMER | 0150365319 | 35,203 | |
| | | SUMA | 271,093 | 0 |
| **BAJIO** | | | | |
| 68 | BBV BANCOMER | 0454405285 | 1,151,528 | |
| 69 | BANAMEX BAJIO | 118312435 | 478,240 | |
| 70 | BANORTE | 596009492 | 2,069,409 | |
| 71 | BANCOMER HGO | 0101056077 | 62,613 | |
| 73 | INVERLAT | 4506357121 | 191,443 | |
| | | SUMA | 3,953,233 | 0 |

CASA DE CAMBIO MAJAPARA, SA DE CV
SALDO DE BANCOS AL 31 DICIEMBRE DE 2007
(MONEDA NACIONAL)

| BANCO | | CUENTA | SALDOS | |
|---|---|---|---|---|
| | | | DEUDOR | ACREEDOR |
| **GUADALUPE INN** | | | | |
| BBV BANCOMER | 74 | 0454516729 | 34,240 | |
| BANAMEX | 75 | 2615653821 | 4,635 | |
| | | SUMA | 38,875 | 0 |
| **VERACRUZ** | | | | |
| BBV BANCOMER | 76 | 0132683768 | 2,169 | |
| BANAMEX | 77 | 3966670 | 102,212 | |
| | | SUMA | 104,380 | 0 |
| **BOSQUES** | | | | |
| BANCOMER BOSQUES | 78 | 0100380946 | 3 | |
| BANCOMER TOLUCA | 79 | 0149332251 | 2 | |
| BANAMEX TOLUCA | 80 | 419821759 | 9,625 | |
| | | SUMA | 9,630 | 0 |
| **VALLE AMARILLA** | | | | |
| BANCOMER SUC. AMARILLA | 81 | 0442942895 | 5,696 | |
| BANAMEX SUC. AMARILLA | 82 | 28302196269 | 9,919 | |

## CASA DE CAMBIO MAJAPARA, SA DE CV
## SALDO DE BANCOS AL 31 DICIEMBRE DE 2007
### (MONEDA NACIONAL)

| BANCO | | CUENTA | SALDOS DEUDOR | SALDOS ACREEDOR |
|---|---|---|---|---|
| | | SUMA | 15,616 | 0 |
| **COLIMA CORPORATIVO** | | | | |
| BANCOMER | 83 | 0442943174 | 3,564,019 | |
| BANORTE | 85 | 437007349 | 230,866 | |
| | | SUMA | 3,794,884 | 0 |
| | | TOTAL | 25,102,241 | 0 |

### CIFRAS PRESENTADAS EN ESTADOS FINANCIEROS

| | | | | |
|---|---|---|---|---|
| BANCOS DEL PAÍS M.N. | | | 25,102,241 | 0 |
| BANCOS DEL EXTRANJERO | | | 33,604,915 | 2,755,901 |
| | | TOTAL | **58,707,157** | **2,755,901** |

$55,951,255.81



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Jessica Majestic, hereby certify that the following is, to the best of my knowledge, ability and belief, a true and accurate translation of the document 'Assets and Liabilities Majapara 001' from Spanish into English.

Jessica Majestic

Sworn to before me this
4th day of February 2008

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 2011

Stamp, Notary Public

CASA DE CAMBIO MAJAPARA, SA DE CV
BANK BALANCE TO DECEMBER 31, 2007 (NATIONAL CURRENCY)

| FOREIGN BANKS | # | ACCOUNT | BALANCE DEBTOR | BALANCE CREDITOR | CURRENCY | EXCHANGE TYPE | APPRAISED DEBTOR | APPRAISED CREDITOR |
|---|---|---|---|---|---|---|---|---|
| TREASURY OP. AND EXCHANGES | | | | | | | | |
| BANAMEX DLLS MEX | 1 | 2619260247 | 1,316,134.34 | | USD | 10.9188 | 14,370,607.63 | 0.00 |
| BANORTE | 2 | 103207789 | 42,770.77 | | USD | 10.9188 | 467,005.48 | 0.00 |
| WACHOVIA BANK | 3 | 192304201 | | 103,091.55 | USD | 10.9188 | 0.00 | 1,125,636.02 |
| BANCOMER DLLS MEX | 5 | 0442943107 | 139,985.15 | | USD | 10.9188 | 1,528,469.86 | 0.00 |
| HYPOVEREINS BANK | 7 | 805728213 | 0.00 | | USD | 10.9188 | 0.00 | 0.00 |
| BANCO DEL BAJIO | 8 | 3970670401 | 1,244.71 | | USD | 10.9188 | 13,590.74 | 0.00 |
| BANCA IXE | 9 | 90007212 | 4,693.88 | | USD | 10.9188 | 51,251.54 | 0.00 |
| HARRYS BANK | 11 | 2004919 | 109,622.71 | | USD | 10.9188 | 1,196,948.45 | 0.00 |
| ZIONS BANK | 13 | 227000148 | | 0.00 | USD | 10.9188 | 0.00 | 0.00 |
| CITY BANK NWE YORK | 16 | 36254838 | 708,970.71 | | USD | 10.9188 | 7,741,109.39 | 0.00 |
| ROYAL BANK OF CANADA | 17 | 00409514006995 | 183,766.41 | | USD | 10.9188 | 2,006,508.68 | 0.00 |
| ROYAL BANK OF CANADA | 18 | 3095911028 | 159,924.35 | | CND | 11.0545 | 1,767,883.73 | 0.00 |
| BANCO SABADELL | 19 | 03372001 | 42,522.70 | | GBP | 21.6454 | 920,420.85 | 0.00 |
| ABN AMOR BANK | 20 | N211252A65 | 18,490.41 | | CHF | 9.6677 | 178,759.74 | 0.00 |
| HYPOVEREINSBANK | 21 | 802836104 | 7,198.91 | | CHF | 9.6677 | 69,596.90 | 0.00 |
| HYPO BANK | 23 | 5803611035 | 0.00 | 101,724.97 | EUR | 16.0262 | 0.00 | 1,630,264.71 |
| BANCO SABADELL | 24 | 9033355149 | 36,589.50 | | EUR | 16.0262 | 586,390.64 | 0.00 |
| BANCOMER EUROS | 25 | 148323763 | 454.96 | | EUR | 16.0262 | 7,291.28 | 000 |
| CALYON FIBAS S/FRANCE | 26 | 00221450224 | 114,939.75 | | EUR | 16.0262 | 1,842,047.42 | 0.00 |
| SUBTOTAL | | | 2,887,309.26 | 204,816.52 | | | 32,747,882.32 | 2,755,900.73 |
| | | | | 2,682,492.74 | | | | |

| GUADALAJARA | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| BANCO BILBAO VIZCAYA | 27 | 0190954799 | 51,567.47 | | USD | 10.9188 | 563,054.89 | 0.00 |
| BANAMEX | 28 | 3219000279 | 13,409.21 | | USD | 10.9188 | 146,412.48 | 0.00 |
| BANCO DE COMERCIO INT. | 29 | 2581728 | 143.62 | | USD | 10.9188 | 1,568.16 | 0.00 |
| BANCRECER | 30 | 1348707700 | 3,752.75 | | USD | 10.9188 | 40,975.53 | 0.00 |
| SUBTOTAL | | | 68,873.05 | 0.00 | | | 752,011.1 | 0.00 |

68,873.05

Page 1 of 2

Majapara 0002

## CASA DE CAMBIO MAJAPARA, SA DE CV
## BANK BALANCE TO DECEMBER 31, 2007
### (NATIONAL CURRENCY)

| FOREIGN BANKS | | ACCOUNT | BALANCE | | CURRENCY | EXCHANGE TYPE | APPRAISED | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | CREDITOR | | | DEBTOR | CREDITOR |
| **COLIMA** | | | | | | | | |
| BANCOMER | 31 | 042943166 | 7,272.58 | | USD | 10.9188 | 79,407.85 | 0.00 |
| | | SUBTOTAL | 7,272.58 | 0.00 | | | 79,407.85 | 0.00 |
| | | | 7,272.58 | | | | | |
| **MINERVA** | | | | | | | | |
| BANCOMER | 32 | 442943077 | 0.00 | | USD | 10.9188 | 0.00 | 0.00 |
| | | SUBTOTAL | 0.00 | 0.00 | | | 0.00 | 0.00 |
| | | | 0.00 | | | | | |
| **BAJIO** | | | | | | | | |
| BANCOMER | 33 | 454405315 | 2,005.30 | | USD | 10.9188 | 21,895.47 | 0.00 |
| BANORTE MTY | 34 | 103839408 | 340.58 | | USD | 10.9188 | 3,718.72 | 0.00 |
| | | SUBTOTAL | 2,345.88 | 0.00 | | | 25,614.19 | 0.00 |
| | | | 2,345.88 | | | | | |
| | | TOTAL | 2,965,800.77 | 204,816.52 | | | 33,604,915.42 | 2,755,900.73 |

Page 2 of 2

Majapara 0002

## CASA DE CAMBIO MAJAPARA, SA DE CV
## SALDO DE BANCOS AL 31 DICIEMBRE DE 2007
### (MONEDA EXTRANJERA)

| BANCOS DEL EXTRANJERO | | CUENTA | SALDOS | | DIVISA | TIPO DE CAMBIO | VALORIZADO | |
|---|---|---|---|---|---|---|---|---|
| TESORERIA Y CAMBIOS | | | DEUDOR | ACREEDOR | | | DEUDOR | ACREEDOR |
| BANAMEX DLLS MEX | 1 | 2619260247 | 1,316,134.34 | | USD | 10.9188 | 14,370,607.63 | 0.00 |
| BANORTE | 2 | 103207789 | 42,770.77 | | USD | 10.9188 | 467,005.48 | 0.00 |
| WACHOVIA BANK | 3 | 192304201 | | 103,091.55 | USD | 10.9188 | 0.00 | 1,125,636.02 |
| BANCOMER DLLS MEX | 5 | 0442943107 | 139,985.15 | | USD | 10.9188 | 1,528,469.86 | 0.00 |
| HYPOVEREINS BANK | 7 | 805728213 | 0.00 | | USD | 10.9188 | 0.00 | 0.00 |
| BANCO DEL BAJIO | 8 | 3970670401 | 1,244.71 | | USD | 10.9188 | 13,590.74 | 0.00 |
| BANCA IXE | 9 | 90007212 | 4,693.88 | | USD | 10.9188 | 51,251.54 | 0.00 |
| HARRYS BANK | 11 | 2004919 | 109,622.71 | | USD | 10.9188 | 1,196,948.45 | 0.00 |
| ZIONS BANK | 13 | 227000148 | | 0.00 | USD | 10.9188 | 0.00 | 0.00 |
| CITY BANK NWE YORK | 16 | 36254838 | 708,970.71 | | USD | 10.9188 | 7,741,109.39 | 0.00 |
| ROYAL BANK OF CANADA | 17 | 00409514006995 | 183,766.41 | | USD | 10.9188 | 2,006,508.68 | 0.00 |
| ROYAL BANK OF CANADA | 18 | 3095911028 | 159,924.35 | | CND | 11.0545 | 1,767,883.73 | 0.00 |
| BANCO SABADELL | 19 | 03372001 | 42,522.70 | | GBP | 21.6454 | 920,420.85 | 0.00 |
| ABN AMOR BANK | 20 | N211252A65 | 18,490.41 | | CHF | 9.6677 | 178,759.74 | 0.00 |
| HYPOVEREINSBANK | 21 | 802836104 | 7,198.91 | | CHF | 9.6677 | 69,596.90 | 0.00 |
| HYPO BANK | 23 | 5803611035 | 0.00 | 101,724.97 | EUR | 16.0262 | 0.00 | 1,630,264.71 |
| BANCO SABADELL | 24 | 9033355149 | 36,589.50 | | EUR | 16.0262 | 586,390.64 | 0.00 |
| BANCOMER EUROS | 25 | 148323763 | 454.96 | | EUR | 16.0262 | 7,291.28 | 0.00 |
| CALYON FIBAS S/FRANCIA | 26 | 00221450224 | 114,939.75 | | EUR | 16.0262 | 1,842,047.42 | 0.00 |
| | | SUBTOTAL | 2,887,309.26 | 204,816.52 | | | 32,747,882.32 | 2,755,900.73 |

2,682,492.74

| GUADALAJARA | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| BANCO BILBAO VIZCAYA | 27 | 0190954799 | 51,567.47 | | USD | 10.9188 | 563,054.89 | 0.00 |
| BANAMEX | 28 | 3219000279 | 13,409.21 | | USD | 10.9188 | 146,412.48 | 0.00 |
| BANCO DE COMERCIO INT. | 29 | 2581728 | 143.62 | | USD | 10.9188 | 1,568.16 | 0.00 |
| BANCRECER | 30 | 134870700 | 3,752.75 | | USD | 10.9188 | 40,975.53 | 0.00 |
| | | SUBTOTAL | 68,873.05 | 0.00 | | | 752,011.1 | 0.00 |

68,873.05

| COLIMA | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| BANCOMER | 31 | 0442943166 | 7,272.58 | | USD | 10.9188 | 79,407.85 | 0.00 |

Majapara 0002

## CASA DE CAMBIO MAJAPARA, SA DE CV
## SALDO DE BANCOS AL 31 DICIEMBRE DE 2007
### (MONEDA EXTRANJERA)

| | CUENTA | SALDOS | | DIVISA | TIPO DE CAMBIO | VALORIZADO | |
|---|---|---|---|---|---|---|---|
| | | DEUDOR | ACREEDOR | | | DEUDOR | ACREEDOR |
| **BANCOS DEL EXTRANJERO** | | | | | | | |
| SUBTOTAL | | 7,272.58 | 0.00 | | | 79,407.85 | 0.00 |
| | | 7,272.58 | | | | | |
| **MINERVA** | | | | | | | |
| BANCOMER 32 | 442943077 | | | | | | |
| SUBTOTAL | | 0.00 | 0.00 | | | 0.00 | 0.00 |
| | | 0.00 | | | | | |
| **BAJIO** | | | | | | | |
| BANCOMER 33 | 454405315 | 2,005.30 | | USD | 10.9188 | 21,895.47 | 0.00 |
| BANORTE MTY 34 | 103839408 | 340.58 | | USD | 10.9188 | 3,718.72 | 0.00 |
| SUBTOTAL | | 2,345.88 | 0.00 | | | 25,614.19 | 0.00 |
| | | 2,345.88 | | | | | |
| **TOTAL** | | 2,965,800.77 | 204,816.52 | | | 33,604,915.42 | 2,755,900.73 |



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Jessica Majestic, hereby certify that the following is, to the best of my knowledge, ability and belief, a true and accurate translation of the document 'Assets and Liabilities Majapara 002' from Spanish into English.

Jessica Majestic

Sworn to before me this
4th day of February 2008

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 20 11

Stamp, Notary Public

Majapara 0003

# "ANALYSIS ON THE DISTRIBUTION OF FINANCIAL RESOURCES"
## DATE OF REPORT ON CLOSING OF OPERATIONS TO DECEMBER 31, 2007

| ITEM | AMOUNTS IN NAT. CURRENCY | |
| --- | --- | --- |
| | PARTIAL | TOTAL |
| **CASH FLOW** | | 17,971,390 |
|       NATIONAL CURRENCY | 4,182,343 | |
|       CURRENCIES | 13,590,691 | |
|       GOLD AND SILVER | 198,356 | |
| | | |
| **BANKS** | | 55,951,256 |
|       NATIONAL CURRENCY | 25,102,241 | |
|       FOREIGN CURRENCY | 30,849,015 | |
| SBC BANCOMER MEX | 0 | 0 |
| | | |
| | | |
| **INVESTMENTS** | | |
|       NATIONAL CURRENCY | | |
|       FOREIGN CURRENCY | | |
| | | |
| **REMITTANCES (sent to)** | | 0 |
|       NATIONAL BANKS | 0 | |
|       FOREIGN BANKS | 0 | |
| | | |
| **REMITTANCES (sent to)** | | |
| CANADA | 6,000 | 65,513 |
| | | |
| **IMMEDIATE COLLECTION DOCUMENTS** | | 1,205,749 |
|       NATIONAL CURRENCY | 148 | |
|       FOREIGN CURRENCY | 1,205,601 | |

Majapara 0003

# "ANALYSIS ON THE DISTRIBUTION OF FINANCIAL RESOURCES"
## DATE OF REPORT ON CLOSING OF OPERATIONS TO DECEMBER 31, 2007

| ITEM | AMOUNTS IN NAT. CURRENCY | |
|---|---|---|
| | PARTIAL | TOTAL |
| 110,415.12 | | |
| TRANSFERS PENDING RECEIPT | | |
| TRANSACTIONS PENDING RECEIPT | | |
| OTHERS (SPECIFY ITEM) | | |
| TOTAL LIQUID ASSETS | | 75,193,908 |
| TLALNEPANTLA USD DEBTORS | 6,155,144 | 67,206,788 |
| QUERETARO USD DEBTORS | 1,599,106 | 17,460,316 |
| BANKS NAT. CURRENCY BRANCHES PENDING ENTRIES (RECEIVABLES) | | 50,000,000 |
| OTHER ASSETS | | 134,667,104 |
| FIXED ASSETS | | 57,626,608 |
| LESS: | | |
| DRAFTS IN TRANSIT | | |
| USD BANKS | 15,755,593 | 172,032,173 |
| EUR BANK | 488,418 | 7,827,477 |
| CND BANK | 102,510 | 1,133,197 |
| GBP BANK | 4,342 | 93,988 |
| CHF BANK | 25,124 | 242,891 |
| CHECKS DRAWN ON USD BANKS | | |

# EXHIBIT M

Majapara 0003

## "ANALYSIS ON THE DISTRIBUTION OF FINANCIAL RESOURCES"
### DATE OF REPORT ON CLOSING OF OPERATIONS TO DECEMBER 31, 2007

| ITEM | AMOUNTS IN NAT. CURRENCY | |
|---|---|---|
| | PARTIAL | TOTAL |
| *CHECKS DRAWN ON NATIONAL BANKS* | | |
| *DOCUMENTS SOLD ON CONSIGNMENT* | | . |
| *TRANSFERS TO CLIENTS PENDING PAYMENT* | USD 12,602,739.52 | 137,606,792 |
| *WACHOVIA BANK* | USD 22,000,000 | 240,213,600 |
| *ZIONS BANK 1,650,000 DOLLARS* | USD 1,650,000 | 18,016,020 |
| *OTHERS (SPECIFY ITEM)* | | |
| *Payment to personnel* | | 40,000,000 |
| **TOTAL IMMEDIATE OBLIGATIONS** | | **617,166,139** |
| MARGIN OR (SHORTAGE OF RESOURCES) NATIONAL CURRENCY | | -349,678,520 |

## "ANALISIS DE LA DISTRIBUCIÓN DE RECURSOS FINANCIEROS"
### FECHA DEL REPORTE AL CIERRE DE OPERACIONES DEL 31 DE DICIEMBRE DE 2007

| CONCEPTO | IMPORTES M.N. | |
|---|---|---|
| | PARCIAL | TOTAL |
| **CAJA** | | 17,971,390 |
| MONEDA NACIONAL | 4,182,343 | |
| DIVISAS | 13,590,691 | |
| ORO Y PLATA | 198,356 | |
| | | |
| **BANCOS** | | 55,951,256 |
| MONEDA NACIONAL | 25,102,241 | |
| MONEDA EXTRANJERA | 30,849,015 | |
| SBC BANCOMER MEX | 0 | 0 |
| | | |
| **INVERSIONES** | | |
| MONEDA NACIONAL | | |
| MONEDA EXTRANJERA | | |
| **REMESAS(enviadas a)** | | 0 |
| BANCOS DEL PAIS | 0 | |
| BANCOS DEL EXTRANJERO | 0 | |
| | | |
| **REMESAS(enviadas a)** | | |
| CANADA | 6,000 | 65,513 |
| | | |
| **DOCTOS. DE COBRO INMEDIATO** | | 1,205,749 |
| MONEDA NACIONAL | 148 | |
| MONEDA EXTRANJERA | 1,205,601 | |

Majapara 0003

## "ANALISIS DE LA DISTRIBUCIÓN DE RECURSOS FINANCIEROS"
### FECHA DEL REPORTE AL CIERRE DE OPERACIONES DEL 31 DE DICIEMBRE DE 2007

| CONCEPTO | IMPORTES M.N. | |
|---|---|---|
| | PARCIAL | TOTAL |
| 110,415.12 | | |
| TRANSFERENCIAS PENDIENTES DE RECIBIR | | |
| OPERACIONES PENDIENTES DE RECIBIR | | |
| OTROS (ESPECIFICAR CONCEPTO) | | |
| TOTAL RECURSOS LIQUIDOS | | 75,193,908 |
| DEUDORES TLALNEPANTLA USD | 6,155,144 | 67,206,788 |
| DEUDORES QUERETARO USD | 1,599,106 | 17,460,316 |
| PARTIDAS PENDIENTES BANCOS SUCS MN (POR COBRAR) | | 50,000,000 |
| OTROS ACTIVOS | | 134,667,104 |
| ACTIVOS FIJOS | | 57,626,608 |
| MENOS: | | |
| GIROS EN TRANSITO | | |
| BANCOS USD | 15,755,593 | 172,032,173 |
| BANCO EUR | 488,418 | 7,827,477 |
| BANCO CND | 102,510 | 1,133,197 |
| BANCO GBP | 4,342 | 93,988 |
| BANCO CHF | 25,124 | 242,891 |
| CHEQUES A CARGO DE BANCOS USD | | |

## "ANALISIS DE LA DISTRIBUCIÓN DE RECURSOS FINANCIEROS"
### FECHA DEL REPORTE AL CIERRE DE OPERACIONES DEL 31 DE DICIEMBRE DE 2007

| CONCEPTO | IMPORTES M.N. | |
|---|---|---|
| | PARCIAL | TOTAL |
| CHEQUES A CARGO DE BANCOS DEL PAIS | | |
| DOCTOS. VENDIDOS A CONSIGNACION | | |
| TRANSFERENCIAS PENDIENTES DE PAGO A CLIENTES | USD 12,602,739.52 | 137,606,792 |
| WACHOVIA BANK | USD 22,000,000 | 240,213,600 |
| ZIONS BANK 1,650,000 DOLARES | USD 1,650,000 | 18,016,020 |
| OTROS (ESPECIFICAR CONCEPTO) Luiquidacion personal | | 40,000,000 |
| TOTAL OBLIGACIONES INMEDIATAS | | 617,166,139 |
| MARGEN O (FALTANTE DE RECURSOS) MONEDA NACIONAL | | -349,678,520 |



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Jessica Majestic, hereby certify that the following is, to the best of my knowledge, ability and belief, a true and accurate translation of the document 'Assets and Liabilities Majapara 003' from Spanish into English.

_____

Jessica Majestic

Sworn to before me this
4th day of February 2008

_____

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 2004

_____

Stamp, Notary Public

Majapara 0004

**Víctor Modesto Chávez Castro, Architect**
Appraiser

## MAJAPARA APPRAISALS UPDATE

**Casa de Cambio Majapara, S.A. de C.V.**

As requested, the value of the properties appraised in April 2006 has been updated in accordance with the characteristics of each property and each location in particular.

| Location | Property | Current value |
|---|---|---|
| 1. Lago Margarita 38, Granada Miguel Hidalgo District, Mexico, F.D. | Lot | $ 7,706,853 |
| 2. Lago Margarita 16, Granada Miguel Hidalgo District, Mexico, F.D. | Building site | $24,300,276 |
| 3. Juárez 117, Centro Colima, Col. | Building site | $4,815,393 |
| 4. Pino Suárez 166, Centro Morelia, Mich. | Building site | $5,527,435 |
| 5. Av. López Mateos 157, Centro Tecomán, Col. | Building site | $804,358 |
| 6. Sor Juana Inés de la Cruz 18, offices 103 and 104 and parking bays 42, 43, 45, 48 and 51, Centro Tlalnepantla, Mexico State, Zip Code 54000 | Building site | $2,549,742 |
| 7. Grecia 64, San Alvaro, Atzcapotzalco District, Zip Code 02090 | Building site | $7,038,017 |
| 8. Guayaquil 2746, Providencia Guadalajara, Jal. | Building site | $4,884,534 |
| | | $57,626,608 |

This update is issued for all pertinent purposes.

Mexico, F.D., February 9, 2007

Víctor Chavez Castro, Architect
Appraiser
[signature]

Rodríguez Saro 127 P.H.
Tel.: 55 34 67 94 – Mobile: 555 105 6765
E-mail: gamburin@igo.com.mx

**Arq. Víctor Modesto Chávez Castro**

Perito Valuador

Majapara 0004

## ACTUALIZACION DE AVALUOS DE MAJAPARA

**Casa de Cambio Majapara, S. A. de C. V.**

Conforme a su solicitud, se ha actualizado el valor de los inmuebles valuados en Abril de 2006, de acuerdo a las consideraciones de cada inmueble y de cada plaza en particular.

| | Ubicación | Inmueble | Valor actual |
|---|---|---|---|
| 1 | Lago Margarita 38, col. Granada<br>Deleg. Miguel Hidalgo, México, D. F. | Terreno | $ 7,706,853 |
| 2 | Lago Margarita 16, col. Granada<br>Deleg. Miguel Hidalgo, México, D. F. | Construcción | $ 24,300,276 |
| 3 | Juárez 117, col. Centro<br>Colima, Col. | Construcción | $ 4,815,393 |
| 4 | Pino Suárez 166, col. Centro<br>Morelia, Mich. | Construcción | $ 5,527,435 |
| 5 | Av. López Mateos 157, col. Centro<br>Tecomán, Col. | Construcción | $ 804,358 |
| 6 | Sor Juana Inés de la Cruz 18, oficinas 103 y 104 y<br>cajones de estacionamiento 42, 43, 45, 48 y 51<br>col. Centro<br>Tlalnepantla, Edo. De Méx. C. P. 54000 | Construcción | $ 2,549,742 |
| 7 | Grecia 64, col. San Alvaro<br>Deleg. Atzcapotzalco, C. P. 02090 | Construcción | $ 7,038,017 |
| 8 | Guayaquil 2746, col. Providencia<br>Guadalajara, Jal. | Construcción | $ 4,884,534 |
| | | | $ 57,626,608 |

Se expide la presente actualización para los efectos a que haya lugar.

México, D. F., 9 de febrero de 2007

Arq. Víctor Chávez Castro
Perito Valuador

Rodríguez Saro 127 P. H. •
Tel. 55 34 67 94 • Móvil: 555 105 6765
E-mail: gamburin@igo.com.mx



# TRANSPERFECT

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Jessica Majestic, hereby certify that the following is, to the best of my knowledge, ability and belief, a true and accurate translation of the document 'Assets and Liabilities Majapara 004' from Spanish into English.

Jessica Majestic

Sworn to before me this
4th day of February 2008

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 2011

Stamp, Notary Public

# EXHIBIT N

# JOM CORPORATION

Financial Statements
For the Year Ended
May 31, 2007
And
Independent Auditors' Report

Exhibit D

JOM CORPORATION
Financial Statements
May 31, 2007

TABLE OF CONTENTS

| Page | Description |
|------|-------------|
| 1 | Independent Auditors' Report |
| 2-3 | Balance Sheets |
| 4 | Statements of Operations |
| 5 | Statements of Shareholders' Equity |
| 6 | Statements of Cash Flows |
| 7-11 | Notes to Financial Statements |

# GJD Guerrero, Jimenez, Diaz & Co. LLP

A Certified Public Accounting Firm

## INDEPENDENT AUDITORS' REPORT

To the Board of Directors
JOM Corporation

We have audited the accompanying statement of financial position of JOM Corporation as of May 31, 2007, and the related statements of operations, shareholders' equity and cash flows for the year then ended. These financial statements are the responsibility of the Organization's management. Our responsibility is to express an opinion on these financial statements based upon our audit. The financial statements of JOM Corporation as of May 31, 2006 were audited by other auditors whose report is dated September 28, 2006, expressed an unqualified opinion on those statements.

We conducted our audit in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by management, as well as evaluating the overall financial statement presentation. We believe that our audit provides a reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in all material respects, the financial position of JOM Corporation as of May 31, 2007, and the results of its operations and its cash flows for the year then ended in conformity with accounting principles generally accepted in the United States of America.

Guerrero, Jimenez, Diaz & Co. LLP
San Diego, California

August 27, 2007

-1-

JOM CORPORATION
Balance Sheets
May 31, 2007 and 2006

ASSETS

|  | | 2007 | | 2006 |
|---|---|---|---|---|
| **CURRENT ASSETS:** | | | | |
| Cash and Certificate of Deposit | $ | 1,513,753 | $ | 1,036,360 |
| Accounts Receivable - agents | | 616,020 | | 649,675 |
| (net of allowance for doubtful | | | | |
| accounts of $19,773 for 2007) | | | | |
| Other Receivable | | 1,668 | | 1,000 |
| Remittances in Transit | | 177,063 | | 170,849 |
| Notes Receivable | | - | | - |
| Prepaid Expenses | | 2,076 | | 250 |
| Prepaid Security | | - | | - |
| Total Current Assets | | 2,310,580 | | 1,858,134 |
| | | | | |
| **FIXED ASSETS:** | | | | |
| Property & Equipment - Net | | 755,752 | | 221,523 |
| | | | | |
| **OTHER ASSETS** | | | | |
| Deferred Tax Asset | | 91,300 | | - |
| Note Receivable | | 164,356 | | |
| Organizational costs (net) | | 105,697 | | 109,697 |
| Bonds | | 59,820 | | 24,657 |
| Security Deposits | | 13,243 | | 8,368 |
| Goodwill | | 37,945 | | 33,232 |
| Total Other Assets | | 472,361 | | 175,954 |
| | | | | |
| **TOTAL ASSETS** | $ | 3,538,693 | $ | 2,255,611 |

See accompanying notes and Accountants Report.

-2-

## JOM CORPORATION
### Balance Sheets
#### May 31, 2007 and 2006

### LIABILITIES & CAPITAL

|  | | 2007 | | 2006 |
|---|---|---|---|---|
| **Current Liabilities** | | | | |
| Due to Majapara & Paymasters | $ | 827,836 | $ | 326,479 |
| Commissions Payable to Agents | | 63,775 | | 38,761 |
| Commissions Payable to Paymaster | | 66,508 | | 140,726 |
| Due to ECE Services | | 14,387 | | - |
| Remittances in Transit | | 177,063 | | 170,849 |
| Income Tax Payable | | 766 | | - |
| Equipment Lease Payable | | - | | 14,353 |
| Total Current Liabilities | | 1,150,335 | | 691,168 |
| | | | | |
| **Stockholder's Equity** | | | | |
| Common stock - $1 par value; authorized 100,000 shares, 85,000 shares issues and outstanding | | 85,000 | | 50,000 |
| Paid-in-capital | | 4,603,510 | | 2,568,510 |
| Accumulated deficit | | (2,300,152) | | (1,054,067) |
| Total Stockholder's Equity | | 2,388,358 | | 1,564,443 |
| | | | | |
| **Total Liabilities & Capital** | $ | 3,538,693 | $ | 2,255,611 |

See accompanying notes and Accountants Report.

-3-

**JCM CORPORATION**
Statements of Operations
For the Years Ended May 31, 2007 and 2006

| | 2007 | 2006 |
|---|---|---|
| Total Revenues | $ 3,378,147 | $ 2,957,280 |
| Cost of Revenues | 1,494,089 | 1,600,147 |
| Gross Profit | 1,884,058 | 1,357,133 |
| General and Administrative Expenses | 1,655,581 | 1,277,651 |
| OPERATING INCOME (LOSS) | 228,477 | 79,482 |
| Other Income & (Expenses) | | |
| Depreciation Expense | (48,915) | (18,862) |
| Amortization Expense | (20,000) | (865) |
| Interest Income | 610 | - |
| Interest Expense | (1,972) | (1,689) |
| Gain (Loss) on asset disposal | | 1,500 |
| Total Other Income & (Expenses) | (70,277) | (19,916) |
| NET INCOME (LOSS) BEFORE TAXES | 158,200 | 59,566 |
| Corporate income tax (expense) benefit | 88,300 | - |
| NET INCOME | $ 246,500 | $ 59,566 |

See accompanying notes and Accountants Report.

-4-

**JOM CORPORATION**
Statements of Shareholders' Equity
For the Years Ended May 31, 2007 and 2006

| | Common Stock | | | Additional Paid-In Capital | | Accumulated Deficit | | Total |
|---|---|---|---|---|---|---|---|---|
| | Shares | Amount | | | | | | |
| Balance at May 31, 2005 | 50,000 | $ 50,000 | $ | 1,598,928 | $ | (1,113,633) | $ | 535,295 |
| Additional Paid-in Capital | | | | 969,582 | | | | 969,582 |
| Net Income | | | | | | 59,566 | | 59,566 |
| Balance at May 31, 2006 | 50,000 | 50,000 | | 2,568,510 | | (1,054,067) | | 1,564,443 |
| Merger with JOM-Illinois | 35,000 | 35,000 | | 2,035,000 | | (1,492,585) | | 577,415 |
| Net Income | | | | | | 246,500 | | 246,500 |
| Balance at May 31, 2007 | 85,000 | $ 85,000 | $ | 4,603,510 | $ | (2,300,152) | $ | 2,388,358 |

See accompanying notes and Accountants Report.

-5-

JOM CORPORATION
Statements of Cash Flows
For the Years Ended May 31, 2007 and 2006

|  | 2007 | 2006 |
|---|---|---|
| **CASH FLOWS FROM OPERATING ACTIVITIES:** | | |
| Net Income | $ 246,500 | $ 59,566 |
| Adjustments to reconcile net income to net | | |
| cash provided by (used in) operating activities: | | |
| Depreciation | 48,915 | 18,862 |
| Amortization | 20,000 | 865 |
| | | |
| Changes in operating assets and liabilites: | | |
| (Increase) decrease in accounts receivable | 33,655 | (483,240) |
| Increase in Income Tax Payable | 766 | - |
| Decrease in prepaid employee loans | - | 765 |
| (Increase) decrease in other receivable, prepaid expenses | | |
| and bond receivable | (37,657) | 9,090 |
| Decrease in accounts receivable - non-trade | - | 188,139 |
| Increase in accounts receivable - non current | (164,356) | - |
| Increase in deposits | (4,875) | (2,068) |
| Increase in Goodwill | (4,713) | (22,136) |
| Increase in Organizational Cost | (16,000) | (87,329) |
| Increase in Deferred Tax Asset | (91,300) | - |
| Increase (decrease) in accounts payable and commissions payable | 466,540 | 274,296 |
| Decrease in payroll taxes payable | - | (8,282) |
| Net Cash Provided by (Used in) Operating Activities | 497,475 | (51,472) |
| | | |
| **CASH FLOWS FROM INVESTING ACTIVITIES:** | | |
| Purchase of Property and Equipment | (583,144) | (106,741) |
| Net Assets Merged | 577,415 | - |
| Net Cash Provided by (Used in) Investing Activites | (5,729) | (106,741) |
| | | |
| **CASH FLOWS FROM FINANCING ACTIVITIES:** | | |
| (Payments) | - | - |
| Proceeds from lease payable | (14,353) | 14,353 |
| Proceeds from additional paid-in-capital | - | 969,582 |
| Net Cash Provided by (Used in) Financing Activities | (14,353) | 983,935 |
| | | |
| **Net Increase (Decrease) in Cash** | 477,393 | 825,722 |
| | | |
| **Cash at Beginning of Year** | 1,036,360 | 210,638 |
| | | |
| **Cash at End of Year** | $ 1,513,753 | $ 1,036,360 |

Supplemental Disclosure of Cash Flow Information:
    Cash paid during the year
        Interest      $1,972
        Taxes       3,363

See accompanying notes and Accountants Report.

-6-

**JOM Corporation**
Notes to Financial Statements
May 31, 2007 and 2006

## NOTE 1 – SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES

### Organization and Business Activity

JOM Corporation (the 'Company') is a Texas corporation formed on June 16, 1997. The company was formed to operate as a facilitator in money transfer services throughout the world. Currently the company is licensed with the State of California, Arizona, Arkansas, Florida, Kansas, North Carolina, Oklahoma, Texas, New Mexico, South Carolina, and Illinois to engage in the business of receiving money for the purpose of transmitting the same or its equivalent to recipients in foreign countries. The Company merged, on June 2, 2006, its business with a related entity, JOM Corporation of Illinois, which is licensed to transact the same business in the state of Illinois.

The company targets the Latin communities throughout the U.S. and contracts with convenience stores, markets, check cashing stores, etc. within these communities to be points of sale locations (POS) for its services. The intended recipients, or beneficiaries, are then able to receive the funds throughout Latin America through financial institutions, pharmacies, convenience stores, and other points of payment (POP).

### Basis of Accounting

The Company's financial statements are prepared using the accrual method of accounting

### Use of Estimates

In preparing the Company's financial statements in accordance with accounting principles generally accepted in the United States of America, management is required to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure of contingent assets and liabilities at the date of the financial statements, and the reported amounts of revenues and expenses during the reported periods. Actual results could differ from those estimates.

### Revenue Recognition

The Company derives revenues primarily through transaction fees charged to consumers on the sale of money transfers, and through foreign currency exchange transactions. Transaction fees and foreign currency exchange transactions are recognized in the period the transactions occur.

### Cash and Cash Equivalents

The Company considers all highly liquid investments with maturity of three months or less when purchased to be cash equivalents.

### Property and Equipment

Property and equipment are recorded at cost, less accumulated depreciation. Depreciation is calculated using the straight-line method over the estimated useful life of five or seven years.

### Goodwill

Goodwill is at fair value and is subject to an annual impairment test and if determined impaired, is written down to fair value.

-7-

NOTE 1 – Continued:

**Income Taxes**
Current income tax expense is the amount of income taxes expected to be payable for the current year.  A deferred income tax asset or liability is computed for the expected future impact of differences between the financial reporting and tax bases of assets and liabilities, as well as the expected future tax benefit to be derived from tax loss and credit carryforwards.  Deferred income tax expense is generally the net change during the year in the deferred income tax asset or liability.  Valuation allowances are established when necessary to reduce deferred tax assets to amounts more likely than not to be realized.  The effect of tax rate changes is reflected in income during the period such changes are enacted.

**Advertising**
The Company follows the policy of charging the costs of advertising to expense as incurred.  The amounts incurred for the year ended on May 31, 2007 and 2006, were $16,689 and $16,812, respectively.

**Reclassifications**
Certain reclassifications were made to May 31, 2006 numbers in order to make it comparable to May 31, 2007

**NOTE 2 – DEPOSITS**
The Company also has security deposits with its landlords in the amount of $9,829.  The Company has several offices and point of sale locations throughout the United States and these leases require security deposits for the lease contracts.

**NOTE 3 – REMITTANCES IN TRANSIT**
The balance in this account represents the average daily balance of funds which are in transit to the ultimate beneficiary and is offset by a corresponding liability.

**NOTE 4 – PROPERTY AND EQUIPMENT**
Property and equipment, at cost, are as follows:

|                                  | 2007        | 2006       |
|----------------------------------|-------------|------------|
| Building and Land                | $431,180    | $    -0-   |
| Office and Other Equipment       | 341,251     | 174,836    |
| Leasehold improvements           | 144,094     | 102,223    |
| Total Property and Equipment     | 916,525     | 277,059    |
| Less accumulated depreciation    | (160,773)   | (55,535)   |
| Property and Equipment – Net     | $755,752    | $221,523   |

Depreciation expense was $48,915 and $18,862 for the year ended on May 31, 2007 and 2006, respectively.

-8-

**NOTE 4 – Continued:**

The Company periodically evaluates the net realizable value of long-lived assets, including software and equipment, relying on a number of factors including operating results, business plans, economic projections and anticipated future cash flows.

**NOTE 5 – NOTE RECEIVABLE**

The Company entered into settlement agreements with two of its agents for remittances received from customers and not deposited into the Company's accounts.

One of the agreements calls for the balance to be paid with the commissions earned by the agent.

The other agreement stipulates that the Company will use space inside the agent's premises to carry on the Company's business for a four year term. The use of the space will offset the receivable balance.

**NOTE 6 – CAPITAL LEASE PAYABLE**

The Company leased computer equipment though Dell Financial Leasing. These leases are treated as purchases of equipment (capital lease) per Generally Accepted Accounting Principles. The current balance on these contracts, at May 31, 2006, totaled $14,353. There is no balance at May 31, 2007.

**NOTE 7 – FOREIGN CURRENCY**

Foreign exchange transactions gain of $982,341 is reflected in the current financial statements as part of revenue. This is the result of a difference between the sale and the purchase prices of the foreign currency that is executed for customers.

**NOTE 8 – RELATED PARTY DISCLOSURES**

The Company's shareholders are also shareholders in a Mexican corporation named Casa de Cambio Majapara, S.A. de C.V. (Majapara). The Company contracts with Majapara to facilitate the payment of funds to the recipients in Mexico. The Company expensed commissions for services provided by Majapara for $147,987 and $164,461, for the years ended May 31, 2007 and 2006, respectively.

The Company entered into a contract for consulting services with InterAmerican Investment Group (InterAmerican) on February 15, 2005 for a 5 year period or until terminated by either party as provided in the contract. InterAmerican is owned by the Company's President and CEO. The Company paid $161,000 and $103,167 to InterAmerican for consulting services for the years ended May 31, 2007 and 2006, respectively.

ECE Services (ECE) is a Mexican Corporation that is owned by the Company's shareholders. ECE mainly provides services to the Company's headquarters, agents and branches. The Company expensed $111,074 and $145,935 for the years ended May 31, 2007 and 2006, respectively.

The balance due to ECE at May 31, 2007 and 2006 was $14,387 and $0, respectively.

## NOTE 9 – INCOME TAXES

Deferred income taxes are comprised of the following:

|  | May 31, | |
|  | 2007 | 2006 |
|---|---|---|
| Estimated Deferred Tax Asset | $201,500 | $205,575 |
| Valuation Allowance | (110,200) | (205,575) |
|  | $ 91,300 | $ -0- |

The Company has a Net Operating Loss (NOL) carryforward of approximately $905,000 to offset future taxable income. These NOL carryforwards expire on various dates beginning in 2024. The foregoing NOL results in an estimated deferred tax asset of $201,500. Due to economic uncertainties and limited earnings history a valuation allowance was applied against the deferred tax asset.

The provision for income taxes consists of the following:

|  | Year Ended May 31, | |
|  | 2007 | 2006 |
|---|---|---|
| Current Tax Expense |  |  |
| Federal | $ -0- | $ -0- |
| State | 3,000 | -0- |
|  | $ 3,000 | $ -0- |
| Deferred Tax Expense/Benefit |  |  |
| Federal | $(91,300) | $ -0- |
| State | -0- | -0- |
|  | $(91,300) | $ -0- |
| Total Provision for Income Taxes | $(88,300) | $ -0- |

The difference between the Company's provision for income taxes and the amount for income tax determined by applying the applicable federal statutory income tax rate to pretax income can result primarily from state income taxes and permanent differences.

## NOTE 10 – MERGER WITH JOM ILLINOIS

The Company entered into a Stock Purchase Agreement with JOM Corporation of Illinois as of June 1, 2006. The purchase was made by issuing 35,000 of the Company's shares. The amounts merged into the Company are as follows:

| Cash | $181531 | Accounts Payable | $ 103,403 |
|---|---|---|---|
| Accounts Receivable – Agents | 439,726 | Remittance in Transit | 56,183 |
| Remittances in Transit | 56,183 | Common Stock | 35,000 |
| Prepaid Expenses | 2,273 | Paid-in Capital | 2,035,000 |
| Property & Equipment – Net | 39,488 | Accumulated Deficit | (1,492,585) |
| Other Assets | 17,800 |  |  |
|  | $737,001 |  | $ 737,001 |

-10-

## NOTE 11 – COMMITMENTS AND CONTINGENCIES

### Lease

As of May 31, 2007, the Company leased office space in other states under non-cancellable operating leases. Future minimum lease payments are as follows:

| Year Ending May 31 | Amount |
|---|---|
| 2008 | $21,944 |
| 2009 | 15,661 |
| | $37,605 |

# EXHIBIT O

**McKessy, Scott S.**

| | |
|---|---|
| **From:** | McKessy, Scott S. |
| **Sent:** | Saturday, January 12, 2008 5:36 PM |
| **To:** | 'LBraganca@sperling-law.com' |
| **Cc:** | McKessy, Scott S. |
| **Subject:** | Re: Wachovia v. Majapara - Documents Sent January 11, 2008 to Wachovia Counsel |

Dear Lisa -- thank you for your response. I am in the process of compiling all of the documents supplied to the court and will be forwarding them to your in short order. Included in that production will be affidavits of service for all of the documents served upon Majapara as well. You will see that these documents confirm Majapara received notice of the New York hearing -- which you confirmed in our conversation wherein you told me that Majapara actually showed up to court the afternoon of December 21st for a hearing (which the Court moved up to Thursday, December 20th).

Also, please confirm for me that your client is in full compliance with the Orders issued from this Court. I look forward to that confirmation by close of business on Monday.

Regards

Scott

----- Original Message -----
From: Lisa Braganca <LBraganca@sperling-law.com>
To: McKessy, Scott S.
Sent: Fri Jan 11 21:37:17 2008
Subject: Wachovia v. Majapara - Documents Sent January 11, 2008 to Wachovia Counsel

To:    Scott S. McKessy, Reed Smith LLP

From:  Celiza P. Braganca, Sperling & Slater, P.C.

Date:  January 11, 2008 (8:35 p.m. Central Time)

Re:    Wachovia v Majapara

Dear Scott:

Without waiving any arguments as to the authority of either the U.S. District Court for the SDNY or the Illinois State Court to order Majapara to produce information or any objections we may have to your interrogatories and document requests, I hereby provide to you information about the assets and liabilities of Majapara.

You have mentioned in our previous conversations that there is no question that Majapara received notice of the hearings in the Illinois State Court action and the SDNY action. I would appreciate your providing me with any documentation you have of delivery of the notice provided to Majapara (such as FedEx delivery records or fax confirmation sheets).

Also, I do not see anything on the docket for the SDNY action documenting the change in the date of hearing on the Order

1

to Show Cause. It was originally noticed for December 21, 2007, but was actually held one day earlier on December 20, 2007. Please provide any proof of service that you provided to the Court and any documentation you have that notice was given to Majapara that the hearing date had been changed to December 20.

Thank you.

Lisa Braganca

-----Original Message-----
From: McKessy, Scott S. [mailto:SMcKessy@ReedSmith.com]
Sent: Friday, January 11, 2008 6:23 PM
To: Lisa Braganca
Subject: Wachovia v. Majapara (SDNY)

Lisa - pursuant to the Court's order, today was the last day for Majapara to provide me with a list (by description and location) of all of its assets. You have not provided the court-directed information and your client is, once again, violating the Court's order.

Scott McKessy

* * *

2