Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WACHOVIA BANK, National Association,           :
                                               :   07 Civ. 11230 (BSJ)(RLE)
            Plaintiff,                         :
                                               :
      - against -                              :
                                               :
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a:    :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,          :
                                               :
            Defendant.                         :
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER

**REED SMITH LLP**
599 Lexington Avenue, 29th Floor
New York, New York  10022
(212) 521-5400

*Attorneys for Plaintiff*
*Wachovia Bank, National Association*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT

    TRANSFER OF THE NEW YORK ACTION IS NOT WARRANTED .......................... 4

        A.    In the Interests of Justice and Judicial Economy, This Court Should Stay This Action and Retain Jurisdiction To Enforce Its Order ............................................... 5

        B.    A Balancing of the Remaining Factors Does Not Favor Transfer .......................... 6

        1.    Convenience of the Witnesses ................................................................................ 6

        2.    Location of relevant documents and ease of access to sources of proof ................. 8

        3.    Convenience of the Parties ...................................................................................... 8

        4.    The Locus of Operative Facts ................................................................................. 8

        5.    Availability of process to compel attendance of unwilling witnesses ..................... 9

        6.    The relative means of the parties ............................................................................ 9

        7.    A forum's familiarity with governing law .............................................................. 9

        8.    Weight accorded plaintiff's choice of forum ........................................................... 9

**CONCLUSION** ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Azari v. B&H Photo Video*, 2007 WL 13101 (S.D.N.Y. Jan. 3, 2007) (citations omitted); *Marshall Gobuty Int'l USA, Inc. v. Nike, Inc.*, 2004 WL 2578912 (S.D.N.Y. Nov. 10, 2004) .. 9

*Cartier v. Micha, Inc.*, 2007 U.S. Dist. LEXIS 29785 (S.D.N.Y. Apr. 20, 2007) ........................... 4

*Chong v. Healthtronics, Inc.*, 2007 WL 1836831 (E.D.N.Y. June 20, 2007) ................................ 4

*Ginsburg v. Gov't Properties Trust, Inc.* 2007 U.S. Dist. LEXIS 75771 (S.D.N.Y. Oct. 10, 2007) ............................................................................................................................................... 4

*Houlihan Lokey Howard & Zukin Capital, Inc. v. The Protective Group, Inc.*, 2005 WL 3367044 (S.D.N.Y. Dec. 12, 2005) ..................................................................................................... 7

*Lyalla v. TRT Holdings, Inc.*, 2005 U.S. Dist. LEXIS 14913 (S.D.N.Y. July 25, 2005) ................ 8

*Leonard Wisniewski d/b/a Lunard Shipping v. Adams & Porter Inc.*, 1982 U.S. Dist. LEXIS 9911 (S.D.N.Y. Dec. 28, 1982) ............................................................................................ 4

*Rattner v. Bd. of Trustees of the Village of Pleasantville*, 611 F.Supp. 648 (S.D.N.Y. 1985) ....... 6

*Worldcom Technologies, Inc. v. ICC Inteleca Communications, Inc.*, 37 F.Supp.2d 633 (S.D.N.Y. 1999) ................................................................................................................ 5, 7

## **PRELIMINARY STATEMENT**

In its initial Memorandum, Defendant Casa de Cambio Majapara S.A. de C.V. a/k/a Majapara Casa De Cambio S.A. de C.V. ("Majapara" or "Defendant") argued that this case should be transferred to the Northern District of Illinois. But Majapara did not provide any evidence, through affidavits or otherwise, to show that the factors relevant to a motion to transfer weigh in favor of such a transfer. For that reason, Majapara has not met its heavy burden and its motion should be denied. Just as important, Majapara's motion should be denied because a transfer – as compared to a stay – of this matter to Illinois would not serve the interests of justice.

On December 5, 2007, Plaintiff Wachovia Bank, National Association ("Wachovia" or "Plaintiff") and Majapara agreed to a series of seven foreign exchange spot transactions, which were to settle on December 7, 2007. Pursuant to these agreements, on December 7, 2007, Wachovia delivered an aggregate of 26 million Euros to Majapara. Majapara accepted the 26 million Euros, but failed to deliver the corresponding $38 million to Wachovia. After having received this multi-million dollar windfall, Majapara's CEO and Chairman admitted to owing Wachovia the agreed-upon currency, but told Wachovia that, despite having just absorbed a $38 million windfall into its coffers, Majapara was "experiencing a liquidity crisis" and had no idea when it might pay Wachovia the money it is owed.

Faced with these facts, on December 14, 2007, Wachovia filed this lawsuit and a similar suit in Illinois state court and sought and obtained prejudgment attachments in both jurisdictions. Indeed, Wachovia had no choice but to file actions in both jurisdictions in order to obtain attachment orders over Majapara's assets located in Illinois and New York – assets Wachovia feared would be removed from their respective jurisdictions upon commencement of this action. Those fears, unfortunately, were realized here in New York when tens-of-millions of dollars were removed from a Majapara account located here in New York in the four business days after this action was commenced and in violation of this Court's Order.

Now, in what appears to be a back-door attempt to undermine this Court's orders, Majapara seeks to transfer this case to the Federal District Court in the Northern District of

1

Illinois. But if a transfer were granted, this Court's Order of Attachment would be jeopardized because this Court would lose jurisdiction to enforce its orders, as well as to adjudicate the pending Contempt Motion, and Wachovia would no longer be able to attach any of Majapara's assets remaining here in New York. Given that Majapara has already violated this Court's orders in relation to the attachment proceedings, such a result would severely prejudice Wachovia's rights and, in return, would reward Majapara's contemptible behavior.

Nevertheless, in order to meet the needs of the parties, for purposes of judicial economy, and to protect Wachovia's rights with regard to the Order of Attachment, Wachovia respectfully requests that, in lieu of a transfer, the Court stay the New York action in favor of letting discovery and trial of the parties' claims proceed in the Illinois court. Any adjudication on the merits in the Illinois action, of course, will be binding in the New York action. But, more importantly, a stay would not affect the Court's ability to continue to enforce its Order of Attachment, as well as its January 8, 2007 Order requiring Majapara to provide certain financial information to Wachovia, and would allow the Court to rule on Majapara's Motion to Vacate the Order of Attachment and Wachovia's Motion for Contempt. Thus, unlike a transfer, a stay would serve the interests of justice.

## STATEMENT OF FACTS

The Court is respectfully referred to the Declarations of Carlos A. Perez, dated February 11, 2008, Andrew Gross, dated February 11, 2008, and Scott S. McKessy, dated February 12, 2008, submitted in opposition to Majapara's Motion to Vacate the Court's Order of Attachment, the Declarations of Carlos A. Perez, dated March 4, 2008 ("Perez Decl."), Juanita Gomez dated March 5, 2008 ("Gomez Decl."), and Scott S. McKessy, dated March 5, 2008 ("McKessy Decl.") submitted herewith, and Plaintiff's Amended Complaint dated December 17, 2007 ("Am. Cmpt.") for a full and complete rendition of the applicable facts.

---

1   All references to "Exhibits" herein shall refer to the exhibits annexed to the accompanying McKessy Decl. And all defined terms herein shall have the same meaning as the defined terms used in the accompany declarations.

This action arises from Majapara's misappropriation of over $38 million (US$) of Wachovia's money relating to a series of foreign exchange spot transactions between the parties. Am. Cmpt. (Exh. A) ¶ 1.  Specifically, on or about December 5, 2007, Majapara and Wachovia agreed to a series of seven (7) transactions, all of which were to settle on December 7, 2007, whereby Wachovia would deliver an aggregate 26 million Euros to Majapara and Majapara would deliver an aggregate $38,132,700 to Wachovia. *Id.* ¶ 11.  Majapara agreed to transfer dollars directly to a Wachovia account located in New York. *Id.*

Pursuant to these seven (7) foreign exchange agreements, on December 7, 2007, Wachovia delivered 26 million Euros to Majapara. *Id.* ¶ 12.  Majapara, however, failed to deliver the agreed upon $38,132,700.00 to Wachovia, as required, on December 7, 2007. *Id.*  In fact, on or about December 11, 2007, Majapara *admitted* that Majapara had been obligated to provide the agreed upon currency to Wachovia. *Id.* ¶ 13.

Indeed, on or about December 13, 2007, Carlos A. Perez, a Managing Director of Wachovia, spoke with Jorge Ortiz, the Chairman and CEO of Majapara by telephone, and Mr. Ortiz acknowledged that Majapara, prior to settlement of the transactions, knew that it was experiencing "a liquidity crisis." *See* Declaration of Carlos A. Perez dated December 13, 2007 ("Perez Dec. Decl."), at ¶ 16 (Exh. D).  When Mr. Perez confronted Mr. Ortiz concerning the transaction and the illegality of Majapara's actions, Mr. Ortiz responded, "I recognize that I have done something that is not permitted." *Id.* ¶ 18.

Regardless, prior to the currencies trading hands, Majapara knew it was not going to complete the exchange with Wachovia. *Id.* ¶ 19.  Majapara nonetheless accepted Wachovia's funds, knowing that it would be incapable of repaying the funds to Wachovia. *Id.* ¶ 20. Majapara then claimed to have used some or all of the Wachovia funds to engage in impermissible lending transactions and otherwise dissipated the assets received from Wachovia,

all the while failing to fulfill its immediate obligations to transfer over $38 million to Wachovia. *Id.*

Based on the representations of Majapara, Wachovia feared that Majapara would dissipate its assets in an attempt to frustrate any recovery by its creditors including recovery of any judgment eventually obtained by Wachovia. *Id.* Wachovia was aware of Majapara assets located in Illinois and New York, but without a single tribunal having the jurisdiction to issue orders of attachment in those two jurisdictions, Wachovia was forced to commence two proceedings. Wachovia obtained orders of attachment from both jurisdictions.

## ARGUMENT

### TRANSFER OF THE NEW YORK ACTION IS NOT WARRANTED

On a motion to transfer, the moving party has the burden of establishing, by a "clear and convincing showing," that there should be a transfer of venue. *Cartier v. Micha, Inc.*, 2007 U.S. Dist. LEXIS 29785, at *19 (S.D.N.Y. Apr. 20, 2007). Indeed, Majapara's own case law requires nothing less. *Chong v. Healthtronics, Inc.*, 2007 WL 1836831, at *11 (E.D.N.Y. June 20, 2007). Against this standard, Majapara must establish that the court to which transfer is sought has personal jurisdiction over it (*Leonard Wisniewski d/b/a Lunard Shipping v. Adams & Porter Inc.*, 1982 U.S. Dist. LEXIS 9911, at *5 (S.D.N.Y. Dec. 28, 1982)), as well as that the nine following factors favor transfer of the action: (1) convenience of witnesses; (2) location of documents; (3) convenience of parties; (4) locus of operative facts; (5) availability of process to compel witnesses to appear; (6) relevant means of the parties; (7) the governing law; (8) plaintiff's choice of forum; and (9) interests of justice. *Ginsburg v. Gov't Properties Trust, Inc.* 2007 U.S. Dist. LEXIS 75771, at *48 (S.D.N.Y. Oct. 10, 2007).

In the present action, foremost in the Court's consideration should be the fact that the interests of justice do not warrant a transfer of this action, but, rather, a stay of this proceeding so that judicial economy can be served as well as Wachovia's rights preserved. As for the

remaining factors, Majapara's instant application fails to establish that any of those favor transfer either – let alone establish, by a clear and convincing showing, that one is warranted.

A. **In the Interests of Justice and Judicial Economy, This Court Should Stay This Action and Retain Jurisdiction To Enforce Its Orders**

A plaintiff's chosen forum will not be disturbed "unless the balance of factors weighs strongly in favor of granting the transfer." *Worldcom Technologies, Inc. v. ICC Inteleca Communications, Inc.*, 37 F.Supp.2d 633, 638 (S.D.N.Y. 1999). The interests of justice is one of the factors a court considers in determining a motion to transfer and, here, serving the interests of justice is of paramount importance and militates against a transfer but, instead, favors a stay of the instant proceeding.

Majapara opens its motion by attempting to paint the picture that Wachovia is forum shopping and fully intends on prosecuting its claims in two courts. As Majapara is well aware, Wachovia is not forum shopping and never had any intention of going to trial in two different courts. Wachovia feared that Majapara would remove its assets from the United States in an attempt to frustrate any judgment Wachovia might obtain. Consequently, Wachovia sought to attach Majapara's assets here in the United States – Wachovia was aware of Majapara assets located in both Illinois and New York. Since there was no single tribunal that could issue orders of attachment that would have effect in both Illinois and New York, Wachovia was forced to commence two separate actions – it never had any intention on conducting duplicative discovery nor proceeding to trial in two forums.

But a transfer would prejudice Wachovia's rights. And, in this regard, the interests of justice militate against the requested transfer and favor a stay of this proceeding. Particularly, on December 20, 2007, Wachovia obtained an Order of Attachment from this Court. If this action were to be transferred, that order would be undermined, Wachovia would not be able to attach any Majapara assets located in New York, and this Court's jurisdiction to hear the pending Motion to for Contempt may be mooted – thereby rewarding Majapara's contemptible behavior. A stay of this proceeding, on the other hand, would allow this Court to retain jurisdiction to

enforce its orders as against parties and third parties, as well as allow Wachovia to continue to attach any Majapara assets that may ultimately be disclosed to exist in this jurisdiction.[1] Meanwhile, all discovery would take place in the Illinois action and any trial would proceed before the Illinois Court – all adjudications on the merits of the parties' claims would be binding in the New York action. *See Rattner v. Bd. of Trustees of the Village of Pleasantville*, 611 F.Supp. 648, 653 (S.D.N.Y. 1985).

Simply stated, a stay would satisfy Majapara's goals of wanting to be in Illinois, avoiding duplicative discovery, and proceeding to trial before a single court all the while protecting Wachovia's rights. The offer to stay this proceeding was made to Majapara. Majapara's counsel, after stating the proposed stay appeared to satisfy all of Majapara's goals, rejected it.

**B.    A Balancing of the Remaining Factors Does Not Favor Transfer**

Again, a "Plaintiff's choice of forum is given significant weight and will not be disturbed unless the balance of factors weighs strongly in favor of granting the transfer." *Worldcom Technologies, Inc. v. ICC Inteleca Communications, Inc.*, 37 F.Supp.2d 633, 638 (S.D.N.Y. 1999). Majapara, however, has not shown, and cannot show, that the remaining eight "factors weighs strongly in favor of granting the transfer." *Id.* In fact, Majapara has not provided this Court with ***any*** affidavits in support of its counsel's conclusory rhetoric that the convenience of the witnesses and parties merit transfer to Illinois. Without evidentiary support, Majapara's bald and conclusory statements cannot establish, by clear and convincing evidence, that the various relevant factors favor transfer.

### 1.    Convenience of the Witnesses.

In its motion, Majapara argues that there are witnesses located in Mexico, witnesses located in New York and one third-party witness located in Chicago, "thereby making Chicago a more central and convenient location for this litigation." (Df. Br. at p. 7)  If there were an Olympic event for non-sequetors, this would take Gold.

But, more to the point, "to succeed on a transfer motion, the moving party must 'clearly

---

[1] This is especially important considering Majapara has, to date, failed to disclose, in violation of two of this Court's orders, all of its assets and their location – there may be some additional assets located here in New York.

-6-

specify the key witnesses to be called and must make a general statement of what their testimony will cover.'" *Houlihan Lokey Howard & Zukin Capital, Inc. v. The Protective Group, Inc.*, 2005 WL 3367044, at *4 (S.D.N.Y. Dec. 12, 2005). Further, in evaluating the convenience of the witnesses, the court should "consider the materiality, nature and quality of each witness, not merely the number of witnesses in each district." *Iyalla v. TRT Holdings, Inc.*, 2005 U.S. Dist. LEXIS 14913, at *14 (S.D.N.Y. July 25, 2005).

Here, according to Majapara, the following potential witnesses should be taken into account: (1) Majapara's party witnesses located in Mexico City, such as Majapara officers and employees; (2) Wachovia's Carlos Perez, who is located in Miami; (3) unnamed Wachovia employees in North Carolina, Miami and Mexico City; (4) third-party Harris bank in Chicago, with whom Majapara held an account that Wachovia attached; (5) other recipients of the orders of attachment/injunction;[2] (6) other members of the financial services industry in the U.S. and Mexico; and (7) over 600 former employees of Majapara in Mexico. But Majapara's argument that it would be more convenient for these witnesses for this case to be in Illinois rather than New York, has no merit.

Majapara, however, does not provide a general statement of what the named witnesses testimony will cover, does not provide any affidavits supporting its intention to call any of these witnesses, does not identify the materiality nature of their testimony, and leaves hundreds of potential witnesses (such as "other members of the financial services industry", additional Wachovia employees, and the 600 former employees of Majapara) unnamed.

But what undermines its application even further is the fact that not a single one of the Majapara-identified-witnesses were willing to submit an affidavit averring that Chicago is a more convenient place for them to travel. In contrast, Wachovia submits the declaration from Carlos Perez that avers that traveling to New York from Miami is easier than traveling from Miami to Chicago. *See* Perez Decl. ¶ 3. Indeed, there are more daily direct flights from Miami to New York than there are from Miami to Chicago. *See* Exh. E. Wachovia also submits a

---

[2] Majapara, in its putative Counterclaims, identifies these entities as the various banks in New York that were served with the New York Order of Attachment. *See* New York Amended Answer (Exh. B), ¶ 129.

declaration from Juanita Gomez explaining that travel from Mexico City to Chicago is just as convenient as traveling from Mexico City to New York. And given that Majapara does not include a single affidavit from any witness identifying Illinois as more convenient than New York, its motion is without basis. *See Iyalla*, 2005 U.S. Dist. LEXIS 14913, at *16, fn. 8 (indicating that the court would not consider the convenience of unnamed witnesses from whom the Plaintiff did not secure affidavits).

Given the lack of evidence on the subject, it appears that it is neither more nor less convenient for the case to proceed in Chicago than in New York.

### 2. Location of relevant documents and ease of access to sources of proof.

Majapara lists five places where relevant documents may be located, including New York and Illinois. As such, this factor does not weigh in favor of either locale. Further, courts have noted that, in this day and age, location of documents is a relatively unimportant factor: "with photocopying, fax machines, email, Federal Express, and electronic document review available equally to both parties, the physical location of the documents at any given moment is of little importance." *Houlihan Lokey*, 2005 WL 3367044, at *5. This factor also does not support transfer.

### 3. Convenience of the Parties

Under this factor, Majapara claims that, it is more convenient for Majapara to litigate in Chicago, given that is the location of their lead counsel. (Df. Br. at pp. 9-10) The law is clear, however: "The location of counsel . . . is not a consideration in a motion to transfer venue." *Azari v. B&H Photo Video*, 2007 WL 13101, at *3 (S.D.N.Y. Jan. 3, 2007) (citations omitted); *Marshall Gobuty Int'l USA, Inc. v. Nike, Inc.*, 2004 WL 2578912, at *2 (S.D.N.Y. Nov. 10, 2004) (citation omitted).

### 4. The Locus of Operative Facts

In its Memorandum, Majapara claims that the locus of operative facts in this case is primarily Mexico. Even taking this as true – which Wachovia does not concede is the case – this factor does favor either forum.

### 5. Availability of process to compel attendance of unwilling witnesses

Since Majapara has not sufficiently identified potential witnesses, this factor should not be considered. But even if they were, Majapara argues that neither forum is better equipped.

### 6. The relative means of the parties

While it appears Wachovia has greater means than Majapara, this factor alone does not grant Majapara *carte blanche* to have this action transferred anywhere it so desires – especially when it appears that Majapara only wants to transfer this action so it can avoid the New York Order of Attachment and the consequences of its violation of this Court's order. *See generally* Plaintiff's Motion for Contempt (Exh. G). But its attempt to manipulate this Court does not end there. Majapara goes on to represent that it only has a net worth of $13 million, as evidenced by its disclosure statements it previously produced to Wachovia. Def. Br. at p. 11. These disclosures, however, as Majapara and its counsel are well aware, are not an accurate statement of Majapara's true financial position. *See* Exh. G, at p. 5-6, 10-12.

### 7. A forum's familiarity with governing law

As set forth in Majapara's moving papers, both the Illinois court and the New York court are competent to apply the applicable substantive law. This argument, however, does not favor a transfer.

### 8. Weight accorded plaintiff's choice of forum

As stated above, a plaintiff's choice of forum is afforded great weight. *Worldcom Technologies, Inc.*, 37 F.Supp.2d at 638.

## **CONCLUSION**

For the foregoing reasons and those set forth in the accompanying Declarations and pleadings, the instant application should be denied in all respects, a conditional stay issued, and Wachovia granted such other and further relief as the Court deems just, proper, and equitable.

Dated:   New York, New York
        March 5, 2008

                                        REED SMITH LLP


                                        By: _____
                                            Scott S. McKessy (SM-5479)
                                            Casey D. Laffey (CL-1483)
                                        599 Lexington Avenue
                                        New York, New York 10022
                                        Tel. (212) 521-5400
                                        Fax. (212) 521-5450

                                        *Attorneys for Plaintiff*
                                        *Wachovia Bank, National Association*