John A. Nocera (JAN-3399)
Peter A. Ragone (PAR-6714)
ROSNER NOCERA & RAGONE, LLP
110 Wall Street, 23rd Floor
New York, NY 10005
(212) 635-2244
Special Counsel for Plaintiff, Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

WACHOVIA BANK, NATIONAL ASSOCIATION,                     07 Civ. 11230 (BSJ)(RLE)

        Plaintiff,

   -against-

                                           **PLAINTIFF'S NOTICE OF**
                                           **MOTION FOR JUDGMENT**
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a          **AGAINST GARNISHEE**
MAJAPARA CASA DE CAMBIO S.A. de C.V.,               **CITIBANK, N.A.**

        Defendant.

----------------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that, upon the annexed Affidavit of plaintiff by Carlos

A. Perez, sworn to on the 19th day of March 2008, the exhibits annexed thereto, the

accompanying Memorandum of Law, and all proceedings had herein, plaintiff

Wachovia Bank, National Association ("Wachovia") will move this Court before the

Honorable Barbara S. Jones, U.S.D.J., at the United States District Courthouse for the

Southern District of New York, located at 500 Pearl Street, Room 18B, New York, New

York, at a date and time to be designated by the Court, for an Order:

      (a)      pursuant to Fed. R. Civ. P. 64 and N.Y. CPLR §6214(d) directing the entry

of judgment in favor of Wachovia and against non-party garnishee Citibank, N.A., in a

sum of at least $2,604,438.67, plus appropriate interest thereon and costs; and

(b)     directing that non-party garnishee Citibank, N.A. provide full and complete verified disclosure of all property of defendant Casa De Cambio Majapara S.A. de C.V. possessed, maintained or held at non-party garnishee Citibank, N.A. from December 21, 2007 through March 5, 2008, inclusive, and of all transactions involving or related to defendant Casa De Cambio Majapara S.A. de C.V. during such time period; and

c)     awarding Wachovia such other, further and different relief against non-party garnishee Citibank, N.A. as the Court deems just, proper and equitable under the circumstances.

PLEASE TAKE FURTHER NOTICE that pursuant to local civil Rule 6.1(b) any opposing affidavits and answering memoranda of law are to be served within ten (10) business days after service herein.

Dated: New York, NY
          March 20, 2008

                                        ROSNER NOCERA & RAGONE, LLP
                                        Special Counsel for Plaintiff, Wachovia
                                        Bank, National Association


                                        By:   /s/John A. Nocera
                                              John A. Nocera (JAN-3399)
                                              Peter A. Ragone (PAR-6714)
                                              John P. Foudy (JPF-7322)
                                              110 Wall Street, 23rd Floor
                                              New York, NY 10005
                                              Tel: (212) 635-2244
                                              Fax: (212) 635-0533

TO:    Citibank, N.A.
**Attn: Legal Dept.**
399 Park Avenue
New York, NY 10043


Reed Smith LLP
Attorneys for Wachovia Bank, National Association
**Attn:  Scott S. McKessy**
599 Lexington Avenue
New York, New York 10022-7650


Tannenbaum Helpern Syracuse & Hirshtritt LLP
Attorneys for Defendant Casa De
Cambio Majapara S.A. de C.V.
**Attn: George F. du Point, Esq.**
900 Third Avenue
New York, New York 10022-4775

toni/files/majaparanotofmotion (word)

John A. Nocera (JAN-3399)
Peter A. Ragone (PAR-6714)
ROSNER NOCERA & RAGONE, LLP
110 Wall Street, 23rd Floor
New York, NY 10005
(2121) 635-2244
Special Counsel for Plaintiff ,Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

WACHOVIA BANK, NATIONAL ASSOCIATION,                    07 Civ. 11230 (BSJ) (RLE)

            Plaintiff,

        -against-                                        **AFFIDAVIT OF WACHOVIA
                                                        BANK IN SUPPORT OF
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a              MOTION FOR JUDGMENT
MAJAPARA CASA DE CAMBIO S.A. de C.V.,                  AGAINST GARNISHEE,
                                                        CITIBANK, N.A.**

            Defendant.
-----------------------------------------------------------------------X
STATE OF  PENNSYLVANIA              )
                                            ss:
COUNTY OF PHILADELPHIA             )

        CARLOS A. PEREZ, being duly sworn, deposes and says:

        1.      I am a Managing Director and Head of the Americas Group in the Global

Financial Institutions & Trade Services department of plaintiff, Wachovia Bank, National

Association ("Wachovia"). I base this affidavit upon my personal knowledge, the documents

and information maintained by Wachovia relating to this matter and the documents annexed as

exhibits hereto.

        2.      I make this affidavit in support of Wachovia's instant motion for an Order

pursuant to Fed. R. Civ. P. 64 and New York's CPLR § 6214(d) to secure judgment against

garnishee Citibank, N.A. ("Citibank") for Citibank's failure to restrain property subject to an

Order of Attachment issued by this Court. Citibank failed to honor this Court's December 20,

2007 Order of Attachment granted in favor of Wachovia, against  property owned by and debts

owed to defendant Casa de Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de Cambio

1

S.A. de C.V. ("Majapara") . Specifically, Citibank failed to restrain and attach the sum of

$2,604,438.87, representing funds on deposit and subsequent credits to Majapara's account at

Citibank which were subject to the Order of Attachment. Accordingly, Wachovia requests

judgment against Citibank in the amount of $2,604,438.87, plus appropriate interest, costs and

disbursements.

      3.      On December 14, 2007, Wachovia commenced this action to recover a money

judgment against Majapara in the amount of $24,810,975, plus interest thereon from December

7, 2007. (See, Complaint, Exhibit "1"). At the commencement of this case, Wachovia moved this

Court by Order to Show Cause dated December 17, 2007 for an Order of Attachment against the

property of Majapara and debts owed to Majapara, pursuant to New York CPLR §6201(1) and

§6201(3), applicable herein under Fed. R.Civ. P. 64.[1]

      4.      On December 20, 2007, this Court granted Wachovia's Order to Show Cause and

entered an Order of Attachment (the "Order of Attachment") against Majapara, which Order set

forth, in pertinent part, as follows:

> **ORDERED** that the United States Marshal, or other appropriate
> Federal or State Law Enforcement Agent or by a licensed process
> server as retained by plaintiff's counsel shall levy within his/her
> jurisdiction, at any time before final judgment, upon such
> property in which Majapara has an interest and upon such debts
> owing to Majapara as will satisfy at least $24,810,975.00, the
> amount of Wachovia's demand, together with probable interest,
> costs, and the fees owed to the United States Marshal, or other
> appropriate Federal or State Law Enforcement Agent; including
> but not limited to, the monies being maintained and to be
> maintained a the following banks:
> > Citibank, N.A.
> > 399 Park Avenue
> > New York, NY 10043
> > (account number 36254838)

---

[1] On December 14, 2007, this Court entered a Temporary Restraining Order ("TRO") against
Majapara, which was amended on December 17, 2007, and which was also served (see, Exhibit
"2") on Citibank on such dates. The TRO applied only to Majapara, not to Citibank, and no
claim is made herein against Citibank relating to the TRO.

5.      A true and complete copy of the Order of Attachment is annexed hereto as Exhibit "3." The Order of Attachment was duly levied by personal delivery and service upon garnishee Citibank, by a licensed process server retained by plaintiff's counsel, on December 21, 2007 at approximately 9:55 a.m., as appears from the Affidavit of Service of Kelly Nero, a true and complete copy of which is annexed hereto as Exhibit "4." The Affidavit of Service includes a signed receipt for the delivery of the Order of Attachment to Citibank, signed by Ms. Mosoian, a Citibank Service Officer (included in Exhibit "4").

6.      As described below, Citibank acknowledges that on December 21, 2007, the day on which the Order of Attachment was served upon garnishee Citibank, funds totaling at least $1,843,715.44 were then on deposit in Majapara's account no. 36254838 at Citibank (the "Majapara Account"), which was the very same account listed in the Order of Attachment.

7.      On December 21, 2007, plaintiff served Interrogatories directed to third-party garnishee Citibank. A true and complete copy of such Interrogatories are annexed hereto as Exhibit "5." A true and complete copy of the affidavit of service of the Interrogatories is annexed hereto as Exhibit "6."

8.      By letter dated January 4, 2008, garnishee Citibank, by its Office of General Counsel, sent Wachovia a letter response to the Interrogatories. A true and complete copy of Citibank's letter response to the Interrogatories is annexed hereto as Exhibit "7."

9.      In its Interrogatory letter response, Citibank stated that the "daily adjusted available balance" (a term not defined or explained by Citibank) for the Majapara Account on December 21, 2007, the date of service and levy of the Order of Attachment, was $1,843,715.44. Citibank stated in its Interrogatory letter response that the balance in the Majapara Account declined to $1,304,545.72 on December 24, 2007, and then periodically declined further until it eventually reached the sum of only $2,453.39 as of January 4, 2008. Accordingly, the sum of at



3

least $1,843,715.44 was not only on deposit in the Majapara Account at Citibank on December

21, 2007, the day the Order of Attachment was personally served on Citibank, but such sum

remained on deposit in the account for at least three (3) days thereafter.

10.    Garnishee Citibank has  provided a listing of each debit and credit transaction in

the Majapara Account for the dates of December 3, 2007 through December 31, 2007, a true copy

of which is annexed hereto as Exhibit "8." The Majapara Account detail as supplied by

Citibank reflects that credits (i.e., deposits or incoming transfers) coming into the Majapara

Account totaled $763,176.62 from December 21, 2007 through and including December 31, 2007,

presented in spreadsheet format as follows:

Balance in Majapara Account on 12/21 through
12/23/07 per Citibank, NA's 1/4/08 Answers to
Interrogatories (Exhibit "7"):

                            $1,843,715.44

Subsequent credits per 12/03/07 thru 12/31/07
"Transfer Activity" report (Exhibit "8"):

| | |
|---|---|
| 12/22/2007 | |
| 12/23/2007 | |
| 12/24/2007 | $561,778.36 |
| 12/25/2007 | |
| 12/26/2007 | $11,500.90 |
| 12/27/2007 | $116,156.87 |
| 12/28/2007 | $9,859.49 |
| 12/29/2007 | $31,940.50 |
| 12/30/2007 | |
| 12/31/2007 | $31,940.50 |
| | $763,176.62 |

Total:                    $2,606,892.06

1/4/08 Account Balance    ($2,453.39)

Amount Released by Citibank  $2,604,438.87



4

11.    In sum, $763,176.62 in total credits were deposited into the Majapara account from December 24, 2007 through December 31, 2007, inclusive.

12.    Based upon Citibank's answers to Interrogatories (Exhibit 7), Citibank, in violation of the Order of Attachment, allowed the release and payment out, or other transfer out, of funds totaling $2,604,438.87 from the Majapara Account, on and after service and levy on Citibank of the Order of Attachment on December 21, 2007. Citibank admits (Exhibit "7") that it allowed transfers out of the Majapara Account until the balance reached $2,453.39 as of January 4, 2008. The sum for which Wachovia has been damaged and seeks judgment against Citibank consists of the "daily adjusted available balance" of $1,843,715.44 on deposit in the Majapara Account on December 21, 2007, plus the $763,176.62 in aggregate credits deposited into the Majapara Account from December 24, 2007 through December 31, 2007, less the $2,453.39 balance reported as of January 4, 2008, or $2,604,438.87.

13.    No relief is sought herein against Majapara which, upon information and belief, filed a proceeding on March 4, 2008 under Chapter 11 of the U.S. Bankruptcy Code in the Northern District of Illinois entitled Casa de Cambio Majapara S.A. de C.V., Bankruptcy Petition #: 08-05230. Wachovia presently seeks no relief on this motion against the $2,453.39 which Citibank reported as the January 4, 2008 balance in the Majapara Account. Wachovia only seeks judgment against Citibank for Citibank's own and separate liability as garnishee due to Citibank's failure, long before Majapara's bankruptcy, to restrain those funds which were on deposit and came into the Majapara account between December 21 and December 31, 2007.

14.    This motion is made by the firm of Rosner Nocera & Ragone, LLP, as special counsel to Wachovia with respect to plaintiff's claims against garnishee Citibank, in place of the firm of Reed, Smith, LLP (counsel of record for Wachovia) because Reed Smith, LLP advises that it has a conflict of interest with respect to such claims against Citibank.

15.    No previous application for the relief requested herein has been made.



5

WHEREFORE, plaintiff Wachovia Bank, N.A., demands judgment against garnishee

Citibank, N.A.:  (a) adjudging and ordering that Garnishee Citibank, N.A., pay and/or deliver

and/or transfer to plaintiff Wachovia Bank, NA the aforesaid sum of$2,604,438.87; (b) awarding

damages to plaintiff Wachovia Bank, N.A. against garnishee Citibank, N.A. in the amount of

$2,604,438.87; (c)  awarding Wachovia interest on the foregoing sums from December 21, 2007;

(d) awarding plaintiff the costs, disbursements, and expenses incurred in these proceedings;

and

(e) granting plaintiff such other, further, and different relief as to the Court shall seem just and

proper under the circumstances.

CARLOS A PEREZ

Sworn to before me this
_19th_ day of March, 2008

_Marjarie Burnett_

NOTARY PUBLIC

toni/files/perezaffidavit

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARJARIE BURNETT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 20, 2009



Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Jones, J.

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

WACHOVIA BANK, NATIONAL ASSOCIATION,

                Plaintiff,

    - against -

MAJAPARA CASA DE CAMBIO S.A. de C.V.,

                Defendant.

------------------------------------------------------------------------X

Civil Action No. 07 CIV. 11230

**COMPLAINT**

       Plaintiff, Wachovia Bank, National Association ("Wachovia"), by its attorneys, Reed

Smith LLP, as and for its complaint against the defendant Majapara Casa de Cambio S.A. de CV

("Majapara"), alleges as follows:

## PRELIMINARY STATEMENT

    1.     This action arises from Majapara's misappropriation of over $38 million (US$) of

Wachovia's money relating to a series of foreign exchange spot transactions between the parties.

Foreign exchange spot transactions, due to their frequency, the speed at which the transactions

are agreed and closed, and the manner in which funds are simultaneously exchanged, are

founded upon trust.  Majapara, however, abused that trust -- a trust that was established through

years of currency trading with Wachovia -- to plunder more than $38 Million from Wachovia.

And this is not a mere renege on a multi-million dollar transaction wherein Majapara returned

Wachovia's property when it realized it could not complete the foreign currency exchange.

Subsequent conversations with Majapara make apparent that it never intended to honor its commitments but, instead, had decided to wrongfully keep Wachovia's money and abscond with it. In these after-the-fact conversations, Majapara admitted to Wachovia that it was illiquid, that it had engaged in illicit activities in relation to its foreign exchange transactions and threatened that, if Wachovia took any steps to enforce its rights, Wachovia's judgment would be uncollectible. Through this action, Wachovia seeks a judgment against Majapara, in an amount not less than $24,711,845.00, plus prejudgment interest.

## VENUE/JURISDICTION

2.      This Court has personal jurisdiction over Majapara pursuant to CPLR §§ 301 and 302(a) as Majapara has been transacting business in this State since 2000, the transactions being sued upon herein occurred in the State of New York, and defendant breached the parties' agreement here in New York by failing to wire the required funds, as agreed, to Wachovia's New York account. Defendant has also contractually agreed to be sued in this jurisdiction.

3.      Venue in this district is proper under 28 U.S.C. § 1391(a).

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action involves a controversy that exceeds $75,000, exclusive of interests and costs, and involves a citizen of a State and a citizen of a foreign state.

## PARTIES

5.      Wachovia is a national banking association, organized under the laws of the United States, with its principal place of business in Charlotte, North Carolina. Wachovia maintains offices in New York.

6.      Upon information and belief, Majapara is a Mexican corporation with its principal place of business in Mexico City, Mexico.

## FACTS COMMON TO ALL COUNTS

### The Majapara Relationship With Wachovia

7.       In the late 1990's, Majapara and First Union National Bank ("First Union"), a predecessor to Wachovia, agreed to enter into foreign exchange transactions together. In these transactions, Majapara would agree to purchase from First Union a certain amount of one currency in exchange for Majapara selling to First Union a certain amount of another currency at the applicable exchange rate.

8.       In order to facilitate Majapara and First Union entering into these currency exchange transactions, on or about April 6, 2000, Majapara and First Union entered into a First Union Online FX Subscription Agreement (the "FX Subscription Agreement"), a copy of which is attached hereto as Exhibit A. Pursuant to the FX Subscription Agreement, Majapara was permitted to execute foreign exchange transactions electronically with First Union through First Union's foreign exchange website. This, however, was not the exclusive method for the parties to enter into these foreign exchange spot transactions. This FX Subscription Agreement is governed by New York law. See Exhibit A, ¶ 6.

9.       Effective April 1, 2002, Wachovia merged into and under the charter of First Union with the resulting title of Wachovia Bank, National Association. As a result of the merger, First Union changed its name to Wachovia Bank, National Association.

10.      In some of the foreign exchange transactions between Majapara and Wachovia, Wachovia would deliver currency to Majapara on the same day that Majapara transferred another currency into a Majapara account held at Wachovia's New York Branch ("Majapara NY Account"). Wachovia would then debit the currency from the Majapara NY Account. The authorization for this procedure was documented in a December 10, 2003 letter (in Spanish)

from Majapara to Wachovia Bank, a copy of which is attached as Exhibit B, which reads (as translated into English): "In relation to the transactions done with yourselves through Online FX; we authorize you to debit and credit our account number NY2000192304201 held with yourselves." In or about March 2006, Majapara signed a Debit and Netting Agreement that gave Wachovia the same authority to credit and debit the same Majapara NY Account held at Wachovia's New York Branch. A copy of this document is attached as Exhibit C.

**The Foreign Exchange Transactions At Issue**

11.    On or about December 5, 2007, Majapara and Wachovia agreed to a series of seven (7) transactions, all of which were to settle on December 7, 2007, whereby Wachovia would deliver an aggregate 26 million Euros to Majapara and Majapara would deliver an aggregate $38,132,700 to Wachovia. In a departure from its customary practice of depositing the dollars into the Majapara NY Account at Wachovia (from which Wachovia would debit the dollars), Majapara agreed to transfer dollars directly to a Wachovia account located in New York. Six (6) of the transactions were executed on Wachovia's foreign exchange internet website. One (1) of the transactions was executed over the telephone. Copies of the confirmations for these transactions are attached hereto as Exhibit D.

12.    Pursuant to these seven (7) foreign exchange agreements, on December 7, 2007, Wachovia delivered 26 million Euros to Majapara. Majapara failed to deliver the agreed upon $38,132,700.00 to Wachovia, as required, on December 7, 2007.

13.    On or about December 11, 2007, the General Director of Majapara admitted that Majapara had been obligated to provide the agreed upon currency to Wachovia.

14.    Wachovia was able to secure $13,420,155, which was in Majapara's accounts at Wachovia, but has not been able to recover the remaining amount Wachovia is owed. Some of

the amount recovered represents conditional credit that may be subject to reduction by reason of return of the items (in this case, checks) for which this credit was given (see Paragraph 15 below).

15.    Majapara also maintains five (5) U.S. dollar accounts at Wachovia. As to each of these accounts, Wachovia has contingent residual exposure to cover returned items in the federal check clearing program. Majapara is obligated to reimburse Wachovia for these amounts, but has now stated it is unable to and will not meet its financial obligations. This liability has averaged $3.3 million per month for the last several months.

16.    By opening an account at Wachovia, Majapara agreed to Wachovia's Terms & Conditions for Global Financial Institutions, which, under its terms, is governed by and construed in accordance with the laws of New York and pursuant to which, Majapara agreed to submit to the jurisdiction of the courts located in Manhattan, New York.

## COUNT I

### (Breach of Contract)

17.    Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

18.    As set forth above, Wachovia entered into a series of currency exchange agreements with Majapara.

19.    Majapara breached those agreements by failing to deliver the currency as agreed upon by the parties.

20.    Wachovia has fulfilled its obligations under the agreements.

21.    As a result of Majapara's breaches, Wachovia has suffered damage in the amount of not less than $24,711,845.00, plus interest.

## COUNT II

### (Promissory Estoppel – Alternate Count)

22.    Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

23.    In the event it is found that no oral or written contract existed between Majapara and Wachovia in relation to the seven (7) foreign exchange spot transactions at issue here, equity requires Majapara to pay Wachovia not less than $24,711,845.00 in return for accepting currency from Wachovia.

24.    Majapara promised to deliver certain currency to Wachovia in return for Wachovia delivering certain currency to Majapara.

25.    In reliance on Majapara's agreement to deliver certain currency to Wachovia, Wachovia delivered approximately $38 million worth of currency to Majapara.

26.    Wachovia has requested the funds from Majapara.

27.    To date Majapara has not provided the required currency to Wachovia.

28.    Wachovia, however, has been able to obtain certain Majapara funds and offset the amount owed by $13,420,155.00 (subject to reduction for the reasons set forth in Paragraph 14 of the recitals above).

29.    Wachovia has no adequate remedy at law.

30.    As a result, Majapara has been unjustly enriched to the detriment of Wachovia.

## COUNT III

### (Unjust Enrichment – Alternate Count)

31.    Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

32.    In the event it is found that no oral or written contract existed between Majapara and Wachovia in relation to the seven (7) foreign exchange transactions at issue here, equity

would still require Majapara to pay Wachovia an amount not less than $24,711,845.00 in return for accepting currency from Wachovia.

33.   Majapara promised to deliver certain currency to Wachovia in return for Wachovia delivering certain currency to Majapara.

34.   In reliance on Majapara's agreement to deliver certain currency to Wachovia, Wachovia delivered approximately $38 million worth of currency to Majapara.

35.   Majapara did not deliver any currency to Wachovia.

36.   Wachovia, however, has been able to obtain certain Majapara funds and offset the amount owed by $13,420,155.00 (subject to reduction for the reasons set forth in Paragraph 14 of the recitals above).

37.   Wachovia requested that Majapara deliver the currency it is owed.

38.   To date, Majapara has neither delivered the required currency to Wachovia, nor returned return the currency Wachovia sent to it.

39.   Majapara has unjustly retained this benefit to the detriment of Wachovia.

40.   Majapara's retention of this benefit violates fundamental principles of justice, equity and good conscience.

41.   Wachovia has no adequate remedy at law.

## COUNT IV

### (Fraud)

42.   Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

43.   As set forth above, on or about December 5, 2007 Majapara and Wachovia entered into a series of seven (7) currency exchange transactions.

44.    Pursuant to the parties' agreement, in exchange for the receipt of 26 million Euros from Wachovia, Majapara agreed to deliver $38,132,700 to Wachovia.

45.    Upon information and belief, at the time Majapara entered into the December 5, 2007 agreement it knew it was illiquid and insolvent and incapable of performing its obligations under the parties' agreement.

46.    Notwithstanding its knowledge, Majapara represented to Wachovia that it would deliver $38,132,700.00 (US$) to Wachovia to settle the transactions. Upon information and belief, at the time of the transaction, Majapara knew it would not deliver the required currency and was acting under a present intent to deceive Wachovia and abscond with its funds. Its representations to Wachovia were false and materially misleading.

47.    Majapara's fraudulent intent was confirmed in conversations Wachovia subsequently had with representatives of Majapara.

48.    For example, on or about December 13, 2007, Carlos A. Perez, a Managing Director of Wachovia, spoke with Jorge Ortiz, the Chairman and CEO of Majapara by telephone, and Mr. Ortiz acknowledged that Majapara, prior to settlement of the transactions, knew that it was experiencing "a liquidity crisis."

49.    When Mr. Perez confronted Mr. Ortiz concerning the transaction and the illegality of Majapara's actions, Mr. Ortiz responded, "I recognize that I have done something that is not permitted."

50.    Overall, due to Majapara's "liquidity crisis" and other impermissible activities relating to its currency transactions, Majapara did not have sufficient funds to complete the exchange with Wachovia. Majapara nonetheless accepted Wachovia's funds, knowing that it would be incapable of repaying the funds to Wachovia.

51.    Majapara then claimed to have used some or all of the Wachovia funds to engage in impermissible lending transactions and otherwise dissipated the assets received from Wachovia, all the while failing to fulfill its immediate obligations to transfer over $38 million to Wachovia.

52.    Wachovia entered into the transactions and delivered 26 million Euros to Majapara in reasonable reliance upon Majapara's representations that it was going to deliver the requisite currency.

53.    As a result of Majapara's fraud, Wachovia has been damaged in an amount to be determined at trial, but not less than $24,711,845.00.

## COUNT V

### (Breach of Contract/Anticipatory Breach)

54.    Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 16.

55.    As set forth above, Majapara also maintains five (5) US dollar accounts at Wachovia. Under these accounts, Wachovia has contingent residual exposure to cover returned items in the federal check clearing program -- this contingent liability is a continuing concern.  In this regard, Wachovia is entitled to immediate reimbursement from Majapara for the amounts Wachovia is required to pay out.

56.    Over the last several months, this liability has averaged $3.3 million per month.

57.    So far this month, Wachovia has already had to cover certain residual liabilities for which Majapara, in breach of its agreements with Wachovia, has not reimbursed Wachovia. As a result, Majapara breached the parties' agreement and is indebted to Wachovia.

58.    Additionally, Majapara has already stated to Wachovia that it is illiquid and unable to satisfy its obligations owed to Wachovia.  Accordingly, Majapara has anticipatorily

breached its agreements with Wachovia by stating it will not be immediately reimbursing

Wachovia for these obligations now or when they come due.

59.      Wachovia has performed all of its obligations under its agreements with

Majapara.

60.      Consequently, Wachovia has been damaged by Majapara's breach of the parties'

agreement and will continue to be damaged by Majapara's anticipatory breach of the parties'

agreement in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment as follows:

(i)      On the First, Second, Third, and Fourth Causes of Action, monetary damages in

an amount to be determined at trial, but not less than $24,711,845.00, plus prejudgment interest;

(ii)      On the Fifth Cause of Action, monetary damages in an amount to be determined

at trial, plus prejudgment interest;

(iii)      An award of costs, expenses and attorneys fees attendant to this action; and

(iii)      Such other further and different relief as this Court deems just and proper.

Dated:    New York, New York
          December 14, 2007

REED SMITH LLP

By:   _____
          Scott S. McKessy (SM-5479)
          Casey Laffey (CL-1483)
          599 Lexington Avenue
          New York, NY 10022
          (212) 521-5400

*Attorneys for Plaintiff*
*Wachovia Bank, National Association*

# EXHIBIT A



## FIRST UNION ONLINE FX SUBSCRIPTION AGREEMENT

This First Union Online FX Subscription Agreement ("*Agreement*") sets forth the terms and conditions on which the party identified on the signature page hereof as the Subscriber ("*Subscriber*") may execute foreign exchange transactions with First Union National Bank ("*FUNB*") over the Internet ("*Online Transactions*") through FUNB's foreign exchange website currently operating at http://www.firstunion.com/capitalmarkets/fx ("*FX Website*"). This Agreement is not intended to preclude the parties from entering into foreign exchange transactions with each other in any other manner. Subject to the terms and conditions of this Agreement, Subscriber and FUNB agree as follows:

### 1. Internet Access

In order for Subscriber to communicate with FUNB through the FX Website, Subscriber shall be responsible for (i) arranging its own access to the Internet through such providers of telephonic, wireless, and/or Internet access services as it deems necessary or desirable, and (ii) all costs and expenses associated with such services, including connection charges. FUNB shall not be responsible for any acts or omissions of any of such Subscriber's service providers in the course of transmitting, receiving, handling or storing communications between Subscriber and FUNB or otherwise.

### 2. FX Website Access

(a) In order for Subscriber to communicate with FUNB through the FX Website, one or more of Subscriber's officers or employees designated by Subscriber (each, a "*User*") will be issued a unique digital certificate ("*Digital Certificate*") to be stored on the web browser of a personal computer intended to be used by the User to carryout his/her functions for Subscriber, together with a User identification number ("*ID*") and a unique personal password ("*Password*"). Each Digital Certificate is unique to the User, and if a User wishes to use more than one computer or browser to access the FX Website, the User must request an additional Digital Certificate for each such computer or browser. FUNB reserves the right to limit the number of Digital Certificates issued to Subscriber and its Users. Subscriber agrees that, before any User is provided with any Digital Certificate, that User will have (i) requested from the First Union National Bank Certificate Authority ("FunbCA"), and completed the process necessary to receive, a Digital Certificate (including the use of "shared secrets" with FUNB and any other security measures which the FunbCA may require to validate the User's identity) and (ii) accepted the terms and conditions of the Digital Certificate Documents. "*Digital Certificate Documents*" means the First Union National Bank Certificate Authority Subscriber Agreement ("FunbCA Subscriber Agreement"), which is presented to and agreed to by User during the online Digital Certificate application process, and each document that the FunbCA Subscriber Agreement incorporates by reference. The Digital Certificate Documents will govern each Digital Certificate and its use and be binding upon the Subscriber and that User in his/her individual capacity, and for that purpose the term "Subscriber" in the FunbCA Subscriber Agreement shall be deemed to refer to each of the Subscriber and the User, respectively. This Agreement is the "Master Agreement" referred to in the FunbCA Subscriber Agreement. Nothing in this Agreement is intended to supersede, modify, limit, or restrict anything contained in the Digital Certificate Documents, and in the event of any inconsistency between the provisions of this Agreement relating to the Digital Certificate and the provisions of the Digital Certificate Documents, the FunbCA Subscriber Agreement will prevail. The rights and obligations of Subscriber and FUNB under this Agreement and the Online Transactions (or any other transactions between the parties) are not conditioned on either party's compliance with anything contained in the Digital Certificate Documents.

(b) Subscriber acknowledges that, after a User has received a Digital Certificate, Password and ID from the FunbCA, anyone who uses the Digital Certificate belonging to that User together with that User's Password and ID will be able to access and use the FX Website on behalf of Subscriber as contemplated by this Agreement. Accordingly, Subscriber shall not allow anyone to use a Digital Certificate, Password or ID belonging to a User other than the User who has received the same from the FunbCA. Subscriber hereby authorizes FUNB to deliver a temporary password to each User for the initial login to the FX Website for the purposes of applying for a Digital Certificate and to establish a permanent Password and ID. The Subscriber shall inform FUNB immediately when a User is no longer authorized to use the FX Website. Subscriber shall be solely responsible for controlling, and preventing any unauthorized use of, each Digital Certificate, Password and ID, and Subscriber shall be liable for any and all Online Transactions and account debits, credits and transfers resulting from, or occurring in response to, any electronic transmission, instruction, signal, entry or other communication to FUNB through the FX Website made using any Digital Certificate, Password and ID, whether or not it was authorized by Subscriber, was initiated by a User or resulted from an error in entering any information or command, and all such communications shall be deemed to have been sent by Subscriber for purposes of this Agreement.

(c) FUNB reserves the right, at any time and from time to time, for any reason or no reason, and without notice, to upgrade, modify, suspend, discontinue, or terminate the FX Website or to revoke any Digital Certificate, Password or ID, or to deny Subscriber and its Users access to the FX Website or any part thereof, and the respective rights and obligations of Subscriber and FUNB under the Online Transactions (or any other transactions between the parties) shall not be impaired or otherwise affected by such action. In addition, FUNB may require Subscriber to replace or erase any Digital Certificate or change any Password or ID at any time.

1

## 3. Procedures for Entering into Online Transactions

(a) To initiate any Online Transaction with FUNB through the FX Website, Subscriber must make certain entries regarding the financial particulars of the proposed Online Transaction on the appropriate screen displays of the FX Website in accordance with instructions provided in FUNB's "Online FX User's Guide", including currency codes, currency amounts, and the side of the currency exchange Subscriber is taking. It shall be the responsibility of Subscriber that each User will have received, read and understood the Online FX User's Guide prior to that User using the FX Website. FUNB reserves the right to revise or replace the Online FX User's Guide without Subscriber's consent by delivering to Subscriber a copy of the revision or replacement.

(b) When the requisite entries have been made to initiate an Online Transaction, then the FX Website will display an exchange rate for the proposed Online Transaction ("*Exchange Rate*"), subject to a time-out function. Subscriber may accept or reject the Exchange Rate by making the appropriate entry on the FX Website before it is timed-out, or otherwise reject the Exchange Rate by allowing it to be timed-out. By entering its acceptance of the Exchange Rate before it is timed-out, Subscriber will be deemed to have made an offer to FUNB for the proposed Online Transaction at that Exchange Rate. Upon FUNB's issuance through the FX Website of a deal confirmation number for that Online Transaction, FUNB will be deemed to have accepted such offer and a contract for such Online Transaction shall be deemed to have been entered into by Subscriber and FUNB. If FUNB does not issue a confirmation number for the proposed Online Transaction through the FX Website, Subscriber's offer to enter into the proposed Online Transaction shall be deemed rejected and no contract for the proposed Online Transaction will have been formed. The FX Website Records shall be conclusive and binding on the parties with respect to the foregoing. "*FX Website Records*" means the books and records of FUNB (in electronic form or otherwise) as they relate to the FX Website, including any stored on or generated by any computer system, hardware or software or any other system, facility or service on which the FX Website directly or indirectly operates ("*Operating System*"), whether such Operating System is owned by FUNB or by any independent contractor or supplier engaged by FUNB (or an affiliate of FUNB) in order for the FX Website to operate ("*System Supplier*").

(c) Once a confirmation number for an Online Transaction has been issued by FUNB through the FX Website, Subscriber may not (i) withdraw, cancel, or amend its offer for that Online Transaction, or (ii) without the prior written consent of FUNB, amend the terms of that Online Transaction. Subscriber acknowledges that a confirmation number may be issued instantly when an Exchange Rate has been accepted, and that Online Transactions bind it as principal for its own account.

(d) Exchange Rates quoted to Subscriber may be different from those which FUNB may quote to any of its other customers, and no representation or warranty is made that any Exchange Rate is the best price available to Subscriber. FUNB reserves the right at any time, without notice, to not quote an Exchange Rate to Subscriber, or to not issue a confirmation number, for any proposed Online Transaction for any reason or no reason.

## 4. Terms and Conditions of Online Transactions

(a) The terms and conditions of each Online Transaction entered into by FUNB and Subscriber shall be evidenced by this Agreement and the FX Website Records. In addition, if Subscriber and FUNB are parties to any agreement governing any foreign exchange transactions (including any ISDA Master Agreement published by the International Swaps and Derivatives Association, Inc.), then this Agreement shall be supplemental to that agreement, and the Online Transactions shall be subject to its terms and conditions (except when they are contrary to the provisions hereof, this Agreement will govern, and for that purpose any procedures for executing or confirming transactions specified in that other agreement shall be disregarded with respect to the Online Transactions).

(b) Each Online Transaction involves the Subscriber's purchase from FUNB of one currency ("*Bought Currency*") in exchange for Subscriber's sale to FUNB of another currency ("*Sold Currency*") at the applicable exchange rate. For each Online Transaction, Subscriber shall deliver to FUNB the required amount of Sold Currency on the date the parties enter into that Online Transaction regardless of the value date specified for that Online Transaction. Upon FUNB's receipt of the required amount of Sold Currency, FUNB shall deliver to Subscriber the required amount of Bought Currency on the value date of that Online Transaction. For each Online Transaction, the delivery of any currency to either party shall be made to a reasonably acceptable bank account as such party shall have specified in delivery instructions for that Online Transaction either (i) on the FX Website, or (ii) if not so specified, then by written notice.

(c) If the delivery of any Bought Currency or Sold Currency cannot be made because the value date of the relevant Online Transaction is not a day on which banks in the relevant place of receipt settle foreign exchange in the relevant currency, the value date thereof shall be the next following day on which such settlement can be made. In addition, whenever the same currency is due by both parties on the same day under two or more foreign exchange transactions (whether or not any is an Online Transaction), then the delivery obligations of the parties on that day in that currency for those foreign exchange transactions will be discharged automatically, and if one party's delivery obligation in that currency would have been greater, replaced by an obligation of such party to deliver the difference to the other party.

2

(d) Subscriber acknowledges that currency exchange rates are highly volatile and impossible to predict, that the value of a currency relative to another currency can rise and fall substantially over short periods, that Subscriber understands those risks and the consequences of entering into the Online Transactions through the FX Website (whether financial, accounting, tax, legal, or otherwise) based upon its own evaluation of the Online Transactions or upon the advice of its professional advisors, that neither FUNB nor any of its affiliates is acting as an agent, broker, advisor or fiduciary of, or a joint venturer with, Subscriber in any respect in connection with the Online Transactions or the FX Website, regardless of whether FUNB acts as an advisor or fiduciary to Subscriber on other matters or provides Subscriber from time to time with market information, views or recommendations.

## 5. Confidentiality & Restriction on Use

(a) Subscriber acknowledges that the FX Website, the Operating System and all programs, files, data or other information stored, contained, or operating at, in or through, the FX Website or Operating System are the exclusive property of FUNB or a System Supplier, that other foreign exchange customers of FUNB will be using the FX Website to conduct their own transactions with FUNB, and that Subscriber agrees for the respective benefits of FUNB and each System Supplier that neither Subscriber nor any User will (i) access or use the FX Website or the Operating System for any purpose other than as a facility through which Online Transactions may be conducted; (ii) alter or interfere with the FX Website, the Operating System or any of the programs, files, data or other information stored, contained, or operating at, in or through, the FX Website or the Operating System; (iii) sell any information obtained from or through the FX Website or the Operating System, including any Exchange Rate; (iv) use any such information for any purpose other than to consider, evaluate, propose, enter into, review or otherwise conduct Online Transactions, or (v) disclose any such information to any third party, except Subscriber may make any such disclosure (1) to Associated Persons, (2) as required by law, or (3) pursuant to any legal or regulatory process, action or proceeding, whether Subscriber is responding thereto or has initiated the same to protect its interests or enforce its rights. "Associated Persons" means the affiliates, directors, officers, employees, agents, advisors, auditors, attorneys, and regulators of Subscriber and those of its affiliates.

(b) Subscriber further acknowledges and agrees that any Operating System owned by a System Supplier may capture any or all data generated by any electronic transmission, instruction, signal, entry or other communication to FUNB through the FX Website, that therefore such System Supplier will have access to information concerning Subscriber's Online Transactions and its FX Website activities, and that such System Supplier is authorized to disclose any or all data captured by the Operating System provided it does so without disclosing the names of FUNB's customers.

## 6. General Terms

This Agreement shall be binding upon and inure to the exclusive benefit of the parties hereto and their respective successors and permitted assigns, shall be governed by the law (and not the law of conflicts) of the State of New York, may be amended only by written agreement of the parties, and except as otherwise provided herein, is the entire agreement and understanding of the parties as to its subject matter. Rights and remedies hereunder are cumulative and not exclusive of any available either by law or under any other written agreement between the parties; any failure or delay in exercising any right or remedy is not a waiver thereof; a single or partial exercise of any right or remedy will not preclude any further exercise thereof; and any purported transfer of rights or obligations under this Agreement without the other party's written consent is void.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date hereof. This Agreement is dated as of
_April 6, 2000_

FIRST UNION NATIONAL BANK

SUBSCRIBER:
CASA DE CAMBIO MAJAPARA SA DE CV
[NAME OF PARTY]

By: _Alicia Rodriguez_

By: _____

Name: Alicia Rodriguez
Title:  Assistant Vice President

Name:
Title:

3

# EXHIBIT B



México D.F. A 10 DE DICIEMBRE DEL 2003.

**WACHOVIA BANK**

**AT'N: WALLY**

EN RELACION A LAS OPERACIONES QUE PACTAMOS CON USTEDES A TRAVES DEL ONLINE-FX; LES AUTORIZAMOS A CARGAR Y ABONAR NUESTRA CUENTA EN USD NUMERO NY2000192304201 QUE MANTENEMOS CON USTEDES.

AGRADECEMOS SU ATENCION.

**CASA DE CAMBIO MAJAPARA SA DE CV**

# EXHIBIT C

DEC-11-2007 16:08 FROM:                                    TO:97043830575              P.5/13

03-09-06    02:10pm   From-Wachovia Bank, N.A.         704-374-2872       T-515  P.005/006  F-950

## Debit and Netting Authorization

This Debit and Netting Authorization applies to all Exchange Transactions between the undersigned ("Customer") and Wachovia Bank, N. A. ("Wachovia") and is effective upon the execution and delivery hereof by the undersigned Customer.

"Exchange Transactions" are any of the following transactions (present or future) between Customer and Wachovia (whether denominated in U.S. dollars or any other currency): interest rate swap transactions; interest rate option transactions (including any interest rate caps, collars or floors); spot or forward foreign exchange transactions; currency swap transactions; currency and interest rate swap transactions; cross-currency interest rate swap transactions; currency option transactions; any similar transactions, whether the settlement thereof is by an exchange of currencies, a payment in one currency (U.S. dollars or another currency), or otherwise; and any transactions which are either combinations of, or options on or relating to, any of the foregoing.

**Account Debits & Credits.** Customer hereby authorizes Wachovia to credit and debit each of the bank account(s) identified on the next page hereof or on additional pages attached hereto (each, an "Account") in the name of Customer for the purpose of: (1) crediting amounts due Customer from Wachovia under Exchange Transactions, and (2) paying amounts due Wachovia from Customer under Exchange Transactions. Customer agrees to review all such debits and credits made by Wachovia as reflected on Customer's monthly account statements and to promptly notify Wachovia in writing if Customer believes any error has been made in debiting or crediting an Account, or in failing to debit or credit an Account. In the case of any error, Wachovia shall, promptly after receiving such notice, correct such error by debiting or crediting an Account, as appropriate, in an amount equal to the difference between the amount, if any, incorrectly debited or credited and the correct amount to have been debited or credited. For any such debits, this authorization:

(i) is a right granted to, and not an obligation or duty imposed upon or undertaken by, Wachovia (except to correct amounts debited or credited in error), and it shall continue to be Customer's responsibility to meet all of its payment obligations to Wachovia under Exchange Products as and when the same shall become due, either by having sufficient funds at the time available in its accounts for debiting by Wachovia to cover such obligations as and when they become due, in either case without Wachovia being directly to Wachovia to cover such obligations as and when they become due, in either case without Wachovia being under any obligation whatsoever to notify Customer of any insufficiency of funds in any of Customer's accounts; and

(ii) shall continue in effect until such time as Wachovia receives written notice from Customer of termination of such debit authorization, provided that for any debits made prior to Wachovia's receipt of such notice, such authorizations and agreements shall survive such termination, provided further that if at any time Wachovia credits an Account in error, Wachovia shall continue to have the right to debit an Account for the amount credited in error.

**Settlement Netting.** In order to reduce the payment and settlement risks associated with multiple transactions, Customer agrees that if amounts due in the same currency (whether U.S. dollars or another currency) would be due by both parties in respect of the same payment or settlement date under two or more Exchange Transactions, Wachovia is authorized at any time and from time to time to net these amounts with the effect that the payment or settlement obligations of Customer and Wachovia in that currency will be discharged automatically for those Exchange Transactions, and if one party's payment or settlement obligation in that currency would have been greater, replaced by an obligation of such party to pay or deliver the difference to the other party on the relevant payment or settlement date. This netting authorization shall remain in effect for so long as any Exchange Transactions are outstanding and may not be amended or rescinded except with Wachovia's written consent.

Authorized and agreed:

Customer:      **CASA DE CAMBIO MAJAPARA SA DE CV**
               (Print Full Name of Corporation, Partnership/Limited Liability Company/Individual)

By:

               (Signature)                                                    (Affix Seal Here)

               Name of person signing:   CARLOS ORTIZ MUÑOZ
                                          (Print or type name)

               Title or position:        DIRECTOR DE OPERACIONES
                                          (Print or type title)

Date:          Wednesday 08th 2006

(ACCOUNT(S) ARE IDENTIFIED ON NEXT PAGE OR ON ADDITIONAL PAGES)

DEC-11-2007 16:09 FROM:                                    TO:97043830575          P.6/13

03-08-06   02:10pm   From-Wachovia Bank, N.A.   704-374-2872   T-515  P.006/006  F-960

## Debit and Netting Authorization (continued)

Account(s) authorized to be debited and credited by Wachovia for Exchange Transactions:

Name of Bank:                    WACHOVIA BANK

Bank Account Number:             2000192304201

9 Digit ABA Routing Number:      026005092

Name on Bank Account:            CASA DE CAMBIO MAJAPARA SA DE CV

Signatures:
                                 (All owners of account must sign)

Name of Bank:

Bank Account Number:

9 Digit ABA Routing Number:

Name on Bank Account:

Signatures:
                                 (All owners of account must sign)

Name of Bank:

Bank Account Number:

9 Digit ABA Routing Number:

Name on Bank Account:

Signatures:
                                 (All owners of account must sign)

Name of Bank:

Bank Account Number:

9 Digit ABA Routing Number:

Name on Bank Account:

Signatures:
                                 (All owners of account must sign)

(IF ADDITIONAL ACCOUNT(S), ATTACH ADDITIONAL PAGES USING SAME FORMAT)

PAGE 6/6 * RCVD AT 3/9/2006 1:28:32 PM [Eastern Standard Time] * SVR:CLTFAXBS04/12 * DNIS:7150082 * CSID:704 374 2872 * DURATION (mm-ss):01-48

# EXHIBIT D



**WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                          Date:
LAGO MARGARITA NO. 16                                            December 11, 2007
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal                   Deal Source:              EFOREX

| | | |
|---|---|---|
| Deal Number: | 8348101 | |
| Sequence Number: | 0 | |
| Trade Date: | December 05, 2007 | |
| Value Date: | December 07, 2007 | |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 2,000,000.00 | EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 2,934,400.00 | USD |
| Rate: | 1.46720000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

| | | |
|---|---|---|
| Wachovia Delivers: | 2,000,000.00 | EUR |
| | Account Name: | BAYERISCHE LANDESBK-MUNICH, GERMANY |
| | Account Number: | |
| | Payment Method: | By Outgoing Wire Payment |
| | Pay To: | BAYERISCHE HYPO-UND VEREINSBANK AG MUNICH GERMANY MUNICH GERMANY |
| | Account: | /DE10700202705803611035 |
| | For Account Of: | MAJAPARA CASA DE CAMBIO SA DE CV |
| | Intermediary Bank: | |
| | Sender to Receiver Information: | |
| | Detailed Information: | |
| | | BO CASA DE CAMBIO MAJAPARA SA DE CV |
| Wachovia Receives: | 2,934,400.00 | USD |
| | Account number: | PHILNY |
| | Payment Method: | By Incoming International Payment |
| | Pay to: | WACHOVIA BANK N.A.-NEW YORK |

---

**Notify Wachovia Immediately If Not In Agreement:**

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.



**WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                           Date:
LAGO MARGARITA NO. 16                                                     December 11, 2007
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal                Deal Source:           EFOREX

| | |
|---|---|
| Deal Number: | 8347911 |
| Sequence Number: | 0 |
| | |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |
| | |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 5,000,000.00     EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 7,332,500.00     USD |
| Rate: | 1.46650000 |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

| | | |
|---|---|---|
| Wachovia Delivers: | 5,000,000.00 | EUR |
| | Account Name: | BAYERISCHE LANDESBK-MUNICH, GERMANY |
| | Account Number: | |
| | Payment Method: | By Outgoing Wire Payment |
| | Pay To: | BAYERISCHE HYPO-UND VEREINSBANK AG MUNICH GERMANY MUNICH GERMANY |
| | Account: | /DE10700202705803611035 |
| | For Account Of: | MAJAPARA CASA DE CAMBIO SA DE CV |
| | Intermediary Bank: | |
| | Sender to Receiver Information: | |

| | |
|---|---|
| Detailed Information: | |
| | BO CASA DE CAMBIO MAJAPARA SA DE CV |

| | | |
|---|---|---|
| Wachovia Receives: | 7,332,500.00 | USD |
| | Account number: | PHILNY |
| | Payment Method: | By Incoming International Payment |
| | Pay to: | WACHOVIA BANK N.A.-NEW YORK |

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                    Date:
LAGO MARGARITA NO. 16                                          December 11, 2007
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal                    Deal Source:            EFOREX

| | |
|---|---|
| Deal Number: | 8347951 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 1,000,000.00 EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 1,466,500.00 USD |
| Rate: | 1.46650000 |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:      1,000,000.00       EUR
                        Account Name:       BAYERISCHE LANDESBK-MUNICH,
                                            GERMANY
                        Account Number:
                        Payment Method:     By Outgoing Wire Payment
                        Pay To:             BAYERISCHE HYPO-UND VEREINSBANK AG
                                            MUNICH GERMANY
                                            MUNICH GERMANY
                        Account:            /DE10700202705803611035
                        For Account Of:     MAJAPARA CASA DE CAMBIO SA DE CV
                        Intermediary Bank:
                        Sender to Receiver Information:

                        Detailed Information:
                                            BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:      1,466,500.00        USD
                        Account number:     PHILNY
                        Payment Method:     By Incoming International Payment
                        Pay to:             WACHOVIA BANK N.A.-NEW YORK

---

| Notify Wachovia Immediately If Not In Agreement: |
|---|

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.

Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:                    December 12, 2007

Wachovia confirms the following:Spot Deal          Deal Source:          EFOREX

| | |
|---|---|
| Deal Number: | 8348101 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |

| | | |
|---|---|---|
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 2,000,000.00 | EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 2,934,400.00 | USD |
| Rate: | 1.46720000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

| | | |
|---|---|---|
| Wachovia Delivers: | 2,000,000.00 | EUR |
| | Account Name: | BAYERISCHE LANDESBK-MUNICH, GERMANY |
| | Account Number: | |
| | Payment Method: | By Outgoing Wire Payment |
| | Pay To: | BAYERISCHE HYPO-UND VEREINSBANK AG MUNICH GERMANY MUNICH GERMANY |
| | Account: | /DE10700202705803611035 |
| | For Account Of: | MAJAPARA CASA DE CAMBIO SA DE CV |
| | Intermediary Bank: | |
| | Sender to Receiver Information: | |

| | | |
|---|---|---|
| | Detailed Information: | |
| | | BO CASA DE CAMBIO MAJAPARA SA DE CV |
| Wachovia Receives: | 2,934,400.00 | USD |
| | Account number: | PHILNY |
| | Payment Method: | By Incoming International Payment |
| | Pay to: | WACHOVIA BANK N.A.-NEW YORK |

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.

Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:

December 11, 2007

Wachovia confirms the following:Spot Deal

Deal Source:          EFOREX

| | |
|---|---|
| Deal Number: | 8347764 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 5,000,000.00     EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 7,333,000.00     USD |
| Rate: | 1.46660000 |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

| | | |
|---|---|---|
| Wachovia Delivers: | 5,000,000.00 | EUR |
| | Account Name: | BAYERISCHE LANDESBK-MUNICH, GERMANY |
| | Account Number: | |
| | Payment Method: | By Outgoing Wire Payment |
| | Pay To: | BAYERISCHE HYPO-UND VEREINSBANK AG MUNICH GERMANY MUNICH GERMANY |
| | Account: | /DE10700202705803611035 |
| | For Account Of: | MAJAPARA CASA DE CAMBIO SA DE CV |
| | Intermediary Bank: | |
| | Sender to Receiver Information: | |

| | | |
|---|---|---|
| | Detailed Information: | |
| | | BO CASA DE CAMBIO MAJAPARA SA DE CV |
| Wachovia Receives: | 7,333,000.00 | USD |
| | Account number: | PHILNY |
| | Payment Method: | By Incoming International Payment |
| | Pay to: | WACHOVIA BANK N.A.-NEW YORK |

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.

Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:
December 11, 2007

Wachovia confirms the following:Spot Deal                        Deal Source:          DIRECT

| | |
|---|---|
| Deal Number: | 8347811 |
| Sequence Number: | 0 |
| | |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |

| | | |
|---|---|---|
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 5,000,000.00 | EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 7,338,000.00 | USD |
| Rate: | 1.46760000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

| | | |
|---|---|---|
| Wachovia Delivers: | 5,000,000.00 | EUR |
| | Account Name: | BAYERISCHE LANDESBK-MUNICH, GERMANY |
| | Account Number: | |
| | Payment Method: | By Outgoing Wire Payment |
| | Pay To: | BAYERISCHE HYPO-UND VEREINSBANK AG MUNICH GERMANY MUNICH GERMANY |
| | Account: | /DE10700202705803611035 |
| | For Account Of: | MAJAPARA CASA DE CAMBIO SA DE CV |
| | Intermediary Bank: | |
| | Sender to Receiver Information: | |

| | | |
|---|---|---|
| | Detailed Information: | |
| | | BO CASA DE CAMBIO MAJAPARA SA DE CV |
| Wachovia Receives: | 7,338,000.00 | USD |
| | Account number: | PHILNY |
| | Payment Method: | By Incoming International Payment |
| | Pay to: | WACHOVIA BANK N.A.-NEW YORK |

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.

Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:
December 11, 2007

Wachovia confirms the following:Spot Deal                    Deal Source:         EFOREX

| | |
|---|---|
| Deal Number: | 8347860 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 3,000,000.00   EUR |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 4,398,300.00   USD |
| Rate: | 1.46610000 |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:        3,000,000.00        EUR
                          Account Name:       BAYERISCHE LANDESBK-MUNICH,
                                              GERMANY
                          Account Number:
                          Payment Method:     By Outgoing Wire Payment
                          Pay To:             BAYERISCHE HYPO-UND VEREINSBANK AG
                                              MUNICH GERMANY
                                              MUNICH GERMANY
                          Account:            /DE10700202705803611035
                          For Account Of:     MAJAPARA CASA DE CAMBIO SA DE CV
                          Intermediary Bank:
                          Sender to Receiver Information:

                          Detailed Information:
                                              BO CASA DE CAMBIO MAJAPARA SA DE CV

Wachovia Receives:        4,398,300.00        USD
                          Account number:     PHILNY
                          Payment Method:     By Incoming International Payment
                          Pay to:             WACHOVIA BANK N.A.-NEW YORK

---

**Notify Wachovia Immediately If Not In Agreement:**

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.



**WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO
LAGO MARGARITA NO. 16
MEXICO CITY, MEXICO 11520

Date:                December 12, 2007

Wachovia confirms the following:Spot Deal                Deal Source:                EFOREX

| | |
|---|---|
| Deal Number: | 8348032 |
| Sequence Number: | 0 |
| Trade Date: | December 05, 2007 |
| Value Date: | December 07, 2007 |

MAJAPARA CASA DE CAMBIO - MEXICO buys:      9,775.17      USD
MAJAPARA CASA DE CAMBIO - MEXICO sells:     11,000.00     CHF
Rate:                                        1.12530000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:        9,775.17              USD
                          Account Name:
                          Account Number:
                          Payment Method:
                          Pay To:


                          Account:
                          For Account Of:
                          Intermediary Bank:
                          Sender to Receiver Information:




                          Detailed Information:


Wachovia Receives:        11,000.00             CHF
                          Account number:
                          Payment Method:
                          Pay to:               Wachovia Bank, N.A.

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

 **WACHOVIA**

Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                    Date:
LAGO MARGARITA NO. 16                                        December 12, 2007
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal                    Deal Source:              REUTERS

    Deal Number:                              2598310
    Sequence Number:                          0

    Trade Date:                               December 05, 2007
    Value Date:                               December 07, 2007

    MAJAPARA CASA DE CAMBIO - MEXICO buys:    103,124.86        USD
    MAJAPARA CASA DE CAMBIO - MEXICO sells:   116,000.00        CHF
    Rate:                                     1.12485000

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

    Wachovia Delivers:        103,124.86              USD
                              Account Name:
                              Account Number:
                              Payment Method:
                              Pay To:


                              Account:
                              For Account Of:
                              Intermediary Bank:
                              Sender to Receiver Information:




                              Detailed Information:


    Wachovia Receives:        116,000.00              CHF
                              Account number:
                              Payment Method:
                              Pay to:                 Wachovia Bank, N.A.

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.

Thank you for your business.



Wachovia Bank, N.A.
Attn: Foreign Exchange, NC-0675
1525 West WT Harris Blvd,1B1-1 East
Charlotte, NC 28262
Phone (800) 659-1697
Fax (704) 715-0082
Swift: PNBPUS3CHFX

MAJAPARA CASA DE CAMBIO - MEXICO                        Date:
LAGO MARGARITA NO. 16                                  December 12, 2007
MEXICO CITY, MEXICO 11520

Wachovia confirms the following:Spot Deal              Deal Source:            EFOREX

| | | |
|---|---|---|
| Deal Number: | 8347914 | |
| Sequence Number: | 0 | |
| | | |
| Trade Date: | December 05, 2007 | |
| Value Date: | December 07, 2007 | |
| | | |
| MAJAPARA CASA DE CAMBIO - MEXICO buys: | 7,000.00 | CHF |
| MAJAPARA CASA DE CAMBIO - MEXICO sells: | 6,218.90 | USD |
| Rate: | 1.12560000 | |

Wachovia confirms the settlement instructions for the above referenced transaction as follows:

Wachovia Delivers:        7,000.00          CHF
                          Account Name:
                          Account Number:
                          Payment Method:
                          Pay To:


                          Account:
                          For Account Of:
                          Intermediary Bank:
                          Sender to Receiver Information:




                          Detailed Information:


Wachovia Receives:        6,218.90          USD
                          Account number:
                          Payment Method:
                          Pay to:            Wachovia Bank, N.A.

---

## Notify Wachovia Immediately If Not In Agreement:

---

WE HAVE REVIEWED AND AGREE TO THE TERMS OF THIS CONFIRMATION.
Thank you for your business.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WACHOVIA BANK NATIONAL ASSOCIATION

|  |  |  |
|---|---|---|
| | Plaintiff, | CASE NO. |
| | | CV 07 11230 |
| -against- | | |
| MAJAPARA CASA DE CAMBIO S.A. DE C.V., | | AFFIDAVIT OF SERVICE |
| | Defendants. | |

-------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF NEW YORK.  ss:

   **Robert Vick**, being duly sworn, deposes and says that he is not a party to the above action, is over 18 years of age, and resides in **Brooklyn**, New York.

   On **December 14, 2007**, at approximately **3:15pm**, deponent served a **ORDER TO SHOW CAUSE** in the above captioned action upon **Citibank, N.A. Attn:Legal Department** at **399 Park Avenue New York,New York 10043** by delivering a true and correct copy of said documents to **Rami Daley/Customer Service** who acknowledged that she was authorized to accept service on behalf of **Citibank, N.A.**

   **Ms. Daleys** approximate physical description is:

| | |
|---|---|
| RACE | :WHITE |
| SEX | :FEMALE |
| HAIR | :BLACK |
| EYES | :BROWN |
| HEIGHT | :5'6" |
| WEIGHT | :160 |
| AGE | :30-35 |

ROBERT VICK

Sworn to Before Me this

18 day of December , 2009.

NOTARY PUBLIC

RINA I. RAMOS, Notary Public
State of New York No: 01RA6002465
Qualified in Queens County
Certified in Queens County
Commission Expires Feb. 9, 2010

REED7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          x
----------------------------------------------------------- :
WACHOVIA BANK, National Association,          :
                                              :
                         Plaintiff            :     **Case No.: 07 civ. 11230 (BSJ)(RLE)**
                                              :
                                              :
CASA DE CAMBIO MAJAPARA S.A. de               :     **AFFIDAVIT OF SERVICE**
C.V. a/k/a MAJAPARA CASA DE CAMBIO            :
S.A. de C.V.                                  :
                         Defendants.          :
                                              :
----------------------------------------------------------- :
                                              :

**STATE OF NEW YORK**       )
                            )  **SS:**
**COUNTY OF NEW YORK**      )

        KACEY NERO, being duly sworn, deposed and says:

        I am not a party to this action; I am over the age of 18 years and am employed in New York, New York.

        On December 17, 2007 approximately 1:28 p.m. deponent served a true copy of the LETTER with ORDER TO SHOW CAUSE dated 12/17/07 upon CITIBANK N.A. at 399 Park Avenue, New York, New York, by personally delivering and leaving a true copy of same with Ms. Kaidey, Service Officer at the aforementioned address. Ms. Kaidey stated that she was authorized to accept service on behalf of Citibank N.A.

        Ms. Kaidey is described as a brown skin female, approximately 30-40 years old, approximately 5'4"-5'7" in height and approximately 130-140 pounds in weight with brown hair and brown eyes.

Sworn to before me this                           KACEY NERO-License 1136182
18 Day of December 2007

NOTARY PUBLIC
EVELYN GREEN
Notary Public, State of New York
No. 01GR4879671
Qualified in New York County
Commission Expires Dec. 15, 2010

NYLIB-465984.3-EGREEN12/18/07 2:48 PM

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                  :

WACHOVIA BANK, NATIONAL ASSOCIATION,      :        07 Civ. 11230 (BSJ)(RLE)

              Plaintiff,          :

        - against -           :        **ORDER OF**
                                  :        **ATTACHMENT**

CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a    :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,       :

              Defendant.       :

                                    :
----------------------------------------------------------------------X

       Plaintiff Wachovia Bank, National Association ("Wachovia") having moved, by

Order to Show Cause dated December 14, 2007, and Order to Show Cause dated

December 17, 2007, pursuant to Fed. R. Civ. P. 64, and those motions having come on to

be heard and considered by the Court,

       Now, upon the reading and filing of the Summons and Complaint dated

December 14, 2007, the Amended Summons and Amended Complaint dated December

17, 2007, the Declaration of Carlos A. Perez dated December 13, 2007, the Declaration

of Scott S. McKessy dated December 13, 2007, the Declaration of Carlos A. Perez dated

December 16, 2007, the Declaration of Scott S. McKessy dated December 17, 2007,

along with all exhibits annexed thereto, the accompanying Memorandum of Law dated

December 13, 2007, and the motion having come on to be heard on December 21, 2007, and due deliberation having been had, and

It appearing from the Amended Complaint and Declarations submitted by Wachovia that Wachovia has a cause of action for a money judgment against defendant Casa De Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de Cambio S.A. de C.V. ("Majapara") for $24,810,975.00 with interest from December 7, 2007, and that it is probable that Wachovia will succeed on the merits and recover that sum from Majapara exceeding all counterclaims of which Wachovia is aware, and it is further appearing that Wachovia is entitled to an order of attachment against the property of Majapara on the grounds that: (a) Majapara is a non-domiciliary foreign corporation not qualified to do business in the state under CPLR § 6201(1); and (b) Majapara intends to remove assets from Wachovia's reach with the intention of frustrating the enforcement of an eventual judgment in favor of Wachovia under CPLR § 6201(3); and that the amount to be secured by this order of attachment, including any interest, costs, and fees and expenses to be paid to the United States Marshal, or other appropriate Federal or State Law Enforcement Agent, totals $24,810,975, and that Wachovia has furnished the undertaking required by law.

Now, on motion of Wachovia, it is hereby,

**ORDERED** that Wachovia's motions, dated December 14, 2007 and December 17, 2007, are granted, and it is further

**ORDERED** that Wachovia's undertaking is fixed in the sum of $1,000,000.00, which all or part may be paid to Majapara for costs and damages, including reasonable attorney's fees, that Majapara may sustain by reason of the attachment if Majapara

recovers judgment or it is finally decided that Wachovia was not entitled to an attachment

of Majapara's property, and the balance of the undertaking is conditioned upon

Wachovia's payment to the United States Marshal, or other appropriate Federal or State

Law Enforcement Agent, all of his/her allowable fees, and it is further

      **ORDERED** that the United States Marshal, or other appropriate Federal or State *or by a licensed process server as retained by plaintiff's counsel*

Law Enforcement Agent shall levy within his/her jurisdiction, at any time before final

judgment, upon such property in which Majapara has an interest and upon such debts

owing to Majapara as will satisfy's $ *at least* 24,810,975.00 the amount of Wachovia's

demand, together with probable interest, costs, and the fees owed to the United States

Marshal, or other appropriate Federal or State Law Enforcement Agent; including but not

limited to, the monies being maintained and to be maintained at the following banks:

        Citibank, N.A.
        399 Park Avenue
        New York, NY 10043
        (account number 36254838)

        JP Morgan Chase Bank, N.A.
        270 Park Avenue
        New York, NY 10017
        (account number unknown)

        Bayerische Hypo- und Vereinsbank, AG
        150 East 42nd St.
        New York, NY 10017
        (account number unknown)

        Deutsche Bank
        60 Wall Street
        New York, NY 10005
        (account number unknown)

        Standard Chartered Bank
        One Madison Avenue
        New York, NY 10010
        (account number unknown)

and it is further,

_but not less than_

**ORDERED** that pending the levy and seizure of an amount equal to

$24,810,975. by the United States Marshal, or other appropriate Federal or State

Law Enforcement Agent, Majapara shall be and hereby is enjoined and restrained from

transferring, selling, pledging, assigning or otherwise disposing of any of its assets.

**IT IS FURTHER ORDERED THAT**, service of a copy of this Order via

overnight mail and registered mail upon Majapara at its office located at Grecia No. 64,

Colonia San Alvaro, Mexico City, C.P. 02090, Mexico, on or before December 21, 2007,

be deemed good and sufficient service thereof.

Dated: New York, New York
       December 20, 2007

SO ORDERED:

_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WACHOVIA BANK, NATIONAL ASSOCIATION,   :
                                     :
            Plaintiff,           :       **07 Civ. 11230 (BSJ)(RLE)**
                                       :
    - against -                  :       **AFFIDAVIT OF SERVICE**
                                       :
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a   :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,    :
                                       :
           Defendant.      :
-----------------------------------------------------------------------X

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK )

       **KACEY NERO**, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and is employed by Reed Smith, LLP, 599 Lexington Avenue, New York, New York  10022.

       On December 21, 2007, at approximately 9:55 a.m., deponent served a true copy of an **ORDER OF ATTACHMENT** upon **CITIBANK, N.A.** at 399 Park Avenue, New York, New York, by personally delivering and leaving a true copy of same with Mrs. Mosoian, a Service Officer at the aforementioned address. Mrs. Mosoian stated that she was authorized to accept service on behalf of Citibank, N.A.

       Mrs. Mosoian is described as a white female, approximately 30-40 years old, approximately 5'3"-5'6" in height and approximately 125-135 pounds in weight with black hair and brown eyes wearing glasses.

KACEY NERO License 1136182

Sworn to before me this
‌Z Day of December 2007
January

NOTARY PUBLIC
EVELYN GREEN
Notary Public, State of New York
No. 01GR4879671
Qualified in New York County
Commission Expires Dec. 15, 2010

LEGAL FILE

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450



Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
:
WACHOVIA BANK, NATIONAL ASSOCIATION,     :     07 Civ. 11230 (BSJ)(RLE)
:
          Plaintiff,     :
:
    - against -     :     **ORDER OF**
:     **ATTACHMENT**
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a     :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,     :
:
          Defendant.     :
:
-------------------------------------------------------------------------X

Plaintiff Wachovia Bank, National Association ("Wachovia") having moved, by

Order to Show Cause dated December 14, 2007, and Order to Show Cause dated

December 17, 2007, pursuant to Fed. R. Civ. P. 64, and those motions having come on to

be heard and considered by the Court,

Now, upon the reading and filing of the Summons and Complaint dated

December 14, 2007, the Amended Summons and Amended Complaint dated December

17, 2007, the Declaration of Carlos A. Perez dated December 13, 2007, the Declaration

of Scott S. McKessy dated December 13, 2007, the Declaration of Carlos A. Perez dated

December 16, 2007, the Declaration of Scott S. McKessy dated December 17, 2007,

along with all exhibits annexed thereto, the accompanying Memorandum of Law dated

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

WACHOVIA BANK, NATIONAL ASSOCIATION,          :

                         Plaintiff,           :          07 Civ. 11230 (BSJ)(RLE)

         - against -                          :

CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a     :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,          :

                         Defendant.           :
------------------------------------------------------------------------X

### PLAINTIFF'S INTERROGATORIES
### DIRECTED TO THIRD PARTY GARNISHEE CITIBANK, N.A.

**PLEASE TAKE NOTICE** that plaintiff Wachovia National Association

("Wachovia"), by its attorneys, Reed Smith LLP, hereby demands, pursuant to the Order

of the Honorable Barbara S. Jones, dated December 21, 2007 (a copy of which is

attached), that third party garnishee Citibank, N.A. answer, under oath and in writing, the

following interrogatories so as to be received by counsel for Wachovia within three (3)

business days.

### DEFINITION/INSTRUCTIONS

1.      "You" or "your institution" refers to Citibank, N.A. and all of its past or

present parents, subsidiaries, divisions, affiliates, officers, directors, executives,

attorneys, accountants, agents, consultants, representatives, and any and all persons or entities acting or purporting to act for or on its behalf.

2.        "Majapara" shall mean Casa De Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de Cambio S.A. de C.V. and all of its past or present parents, subsidiaries, divisions, affiliates, officers, directors, executives, attorneys, accountants, agents, consultants, representatives, and any and all persons or entities acting or purporting to act for or on its behalf.

## INTERROGATORIES

1.        Identify any and all bank accounts maintained at your institution by Majapara or in the name of Majapara, the specific account numbers of such accounts, and the amounts maintained in such accounts as of the close of business on each and every business day from December 14, 2007 to the date of service of your Answers to these Interrogatories.

2.        Identify any and all indebtedness due or to become due from you to Majapara and the nature, amount, and due date of such indebtedness.

3.        Identify any other property in your possession, custody, or control belonging to Majapara or in which Majapara has an interest and describe the property including the amount of money in any bank accounts at close of business on each and every day from December 14, 2007 to the date of service of your Answers to these Interrogatories.

4.        If any property or other assets that belonged to Majapara which were in your possession custody, custody, or control were transferred from your possession, custody, or control since December 14, 2007, identify the property or asset transferred,

the date of the transfer, and location of the individual, entity, or location to which it was

transferred to.

Dated:    New York, New York
          December 21, 2007

                                    REED SMITH LLP

                                    By: _____
                                        Scott S. McKessy
                                        Casey D. Laffey
                                    599 Lexington Avenue
                                    New York, New York 10022
                                    Tel. (212) 521-5400

                                    *Attorneys for Plaintiff*
                                    *Wachovia Bank, National Association*

TO:    Citibank, N.A.
       Attn: Legal Department
       399 Park Avenue
       New York, NY 10043

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | 07 Civ. 11230 (BSJ)(RLE) |
| Plaintiff, | |
| - against - | **ORDER** |
| CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a MAJAPARA CASA DE CAMBIO S.A. de C.V., | |
| Defendant. | |

-------------------------------------------------------------------X

Now, upon application by plaintiff Wachovia Bank, National Association

("Wachovia") on December 20, 2007, and upon reading this Court's Order of Attachment

dated December 20, 2007, it is

**ORDERED** that Wachovia shall be entitled to serve Interrogatories upon any

bank, financial institution, or other third party (the "Garnishees") located in New York

for purposes of gathering information on any assets in the name of defendant Casa de

Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de Cambio S.A. de C.V.

("Majapara") or any debts due and owing to Majapara.

**IT IS FURTHER ORDERED** that responses to such Interrogatories are to be

served by the Garnishees so as to be received by counsel for Wachovia, Reed Smith LLP,

599 Lexington Avenue, New York, NY 10022, Attn: Scott S. McKessy, within three (3) business days of Wachovia's personal service of such Interrogatories upon the Garnishees.

**IT IS FURTHER ORDERED** that Wachovia shall be entitled to serve its First Set of Interrogatories and First Request for the Production of Documents upon Majapara by overnight mail, with responses to such discovery to be served so as to be received by counsel for Wachovia within four (4) business days of Wachovia's service of such discovery via overnight delivery upon Majapara.

Dated: New York, New York
        December 21, 2007

SO ORDERED:

_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WACHOVIA BANK, NATIONAL ASSOCIATION,               :
                                                   :
                          Plaintiff,               :        07 Civ. 11230 (BSJ)(RLE)
                                                   :
       - against -                                 :
                                                   :        **AFFIDAVIT OF SERVICE**
CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a         :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,              :
                                                   :
                          Defendant.               :
-----------------------------------------------------------------------X
STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF NEW YORK   )

      **KACEY NERO**, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and is employed by Reed Smith, LLP, 599 Lexington Avenue, New York, New York 10022.

      On December 21, 2007, at approximately 12:25 p.m., deponent served a true copy of **PLAINTIFF'S INTERROGATORIES** and **ORDER** upon **CITIBANK, N.A.** at 399 Park Avenue, New York, New York, by personally delivering and leaving a true copy of same with Linda Platone, a Legal Specialist at the aforementioned address. Linda Platone stated that she was authorized to accept service on behalf of Citibank, N.A.

      Ms. Platone is described as a white female, approximately 40-50 years old, approximately 5'6"-5'9" in height and approximately 160-170 pounds in weight with blond hair and brown eyes.

KACEY NERO-License 1136182

Sworn to before me this
2 Day of ~~December~~ January 2008

NOTARY PUBLIC

EVELYN GREEN
Notary Public, State of New York
No. 01GR4879671
Qualified in New York County
Commission Expires Dec. 15, 2010.

Office of the General Counsel     388 Greenwich Street
                                  17th Floor
                                  New York, NY 10013



January 4, 2008

**Via Fax (212) 521-5450**
**And Overnight Mail**
Scott S. McKessy, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

> Re:  Wachovia Bank, NA v. Casa de Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de
>      Cambio S.A.de C.V.
>      Case # 07 Civ. 11230 (BSJ) (RLE)

Dear Mr. McKessy:

Please accept this correspondence as a response to Plaintiff's Interrogatories, dated December 21, 2007, Directed to Third Party Garnishee Citibank N.A.

Please be advised that Citibank N.A. maintains account number 36254838 in the name of Casa de Cambio Majapara SA de C.V. As of yesterday, the adjusted available balance in this account was $2,453.39.

The daily adjusted available balances for the above account for the time period as requested, December 14, 2007 to the present, is below.

| Date | Balance |
|---|---|
| 12/14/07 | $ 9,611,625.47 |
| 12/15/07 | $ 9,611,625.47 |
| 12/16/07 | $ 9,611,625.47 |
| 12/17/07 | $14,524,695.14 |
| 12/18/07 | $  677,307.14 |
| 12/19/07 | $ 2,108,108.21 |
| 12/20/07 | $ 1,941,412.62 |
| 12/21/07 | $ 1,843,715.44 |
| 12/22/07 | $ 1,843,715.44 |
| 12/23/07 | $ 1,843,715.44 |

| 12/24/07 | $ 1,304,545.72 |
| 12/25/07 | $ 1,304,545.72 |
| 12/26/07 | $ 1,026,172.08 |
| 12/27/07 | $ 869,483.07 |
| 12/28/07 | $ 815,423.60 |
| 12/29/07 | $ 815,423.60 |
| 12/30/07 | $ 815,423.60 |
| 12/31/07 | $ 708,970.71 |
| 01/01/08 | $ 708,970.71 |
| 01/02/08 | $ 2,453.39 |

Upon request, Citibank will provide a copy of the December 2007 statement for account number 36254838.

Further, upon information and belief, Citibank has not identified any other property in its possession, custody or control belonging to or in which Casa de Cambio Majapara SA de C.V. has an interest.

Thank you and do not hesitate to contact me should you wish to discuss further.

Very truly yours,

Rebecca J. Nelson
Office of the General Counsel

Tel 212-816-4416
Fax 646-688-1945
rebecca.j.nelson@citigroup.com

**CASA DE CAMBIO MAJAPARA SA**
**TRANSFER ACTIVITY FROM 12/03/07 THRU 12/31/07**

| DATE | TRANSACTION DR. | TRANSACTION CR. | BALANCES OPENING | BALANCES LEDGER | |
|---|---|---|---|---|---|
| 12/3/2007 | | | 85,143.78 | | |
| 12/3/2007 | 250,000.00 | | | | |
| 12/3/2007 | | 244,970.00 | | | |
| 12/3/2007 | | 6,700.00 | | | |
| 12/3/2007 | | 5,200.00 | | | |
| 12/3/2007 | | 5,000.00 | | | |
| 12/3/2007 | | 3,441.20 | | | |
| 12/3/2007 | | 1,365.00 | | | |
| Total | 250,000.00 | 266,676.20 | | 101,819.98 | |
| 12/4/2007 | | | 101,819.98 | | |
| 12/4/2007 | | 82,000.00 | | | |
| 12/4/2007 | | 20,006.00 | | | |
| 12/4/2007 | | 19,000.00 | | | |
| 12/4/2007 | | 10,000.00 | | | |
| 12/4/2007 | | 9,000.00 | | | |
| 12/4/2007 | | 5,000.00 | | | |
| 12/4/2007 | | 4,046.30 | | | |
| 12/4/2007 | | 1,462.90 | | | |
| 12/4/2007 | | 1,150.00 | | | |
| Total | | 151,665.20 | | 253,485.18 | |
| 12/5/2007 | | | 253,485.18 | | |
| 12/5/2007 | 150,000.00 | | | | |
| 12/5/2007 | | 21,465.00 | | | |
| 12/5/2007 | | 10,000.00 | | | |
| 12/5/2007 | | 9,000.00 | | | |
| 12/5/2007 | | 4,962.92 | | | |
| 12/5/2007 | | 3,282.30 | | | |
| 12/5/2007 | | 1,050.00 | | | |
| 12/5/2007 | 5,000.00 | | | | |
| 12/5/2007 | | 100,000.00 | | | |
| Total | 155,000.00 | 149,760.22 | | 248,245.40 | |
| 12/6/2007 | | | 248,245.40 | | |
| 12/6/2007 | | 35,000.00 | | | |
| 12/6/2007 | | 14,500.00 | | | |
| 12/6/2007 | | 6,127.00 | | | |
| 12/6/2007 | | 5,000.00 | | | |
| 12/6/2007 | | 447.34 | | | |
| Total | | 61,074.34 | | 309,319.74 | |
| 12/7/2007 | | | 309,319.74 | | |
| 12/7/2007 | | 5,800,000.00 | | | recvd from WB b/o Majapara |
| 12/7/2007 | | 4,571,577.98 | | | recvd from JPMorgan b/o AutoLiv Componets |
| 12/7/2007 | 4,200,000.00 | | | | Pmt to WB f/o Majapara  b/o Majapara |
| 12/7/2007 | 800,000.00 | | | | Pmt to WB f/o Majapara  b/o Majapara |
| 12/7/2007 | | 500,000.00 | | | recvd from Comerica Bank b/o Acero Prime SA de DV |
| 12/7/2007 | | 184,861.68 | | | |
| 12/7/2007 | | 70,000.00 | | | |
| 12/7/2007 | | 50,000.00 | | | |
| 12/7/2007 | | 37,000.00 | | | |
| 12/7/2007 | | 33,680.00 | | | |
| 12/7/2007 | | 30,000.00 | | | |
| 12/7/2007 | | 30,000.00 | | | |
| 12/7/2007 | | 25,000.00 | | | |
| 12/7/2007 | | 24,470.00 | | | |
| 12/7/2007 | | 15,000.00 | | | |
| 12/7/2007 | | 12,000.00 | | | |
| 12/7/2007 | | 7,500.00 | | | |
| 12/7/2007 | | 6,700.00 | | | |
| 12/7/2007 | | 5,000.00 | | | |
| 12/7/2007 | | 3,610.22 | | | |
| Total | 5,000,000.00 | 1,033,821.90 | | 6,714,719.62 | |

MISSING PAGE 12 WHICH IS THE FIRST PAGE FOR
12/10/07 WE WILL BEGIN WITH THE BEGINNING BALANCE
THAT PAGE 13 HAS FOR 12/10/07

| 12/10/2007 | | | 5,863,011.10 | | |
|---|---|---|---|---|---|
| 12/10/2007 | 5,000,000.00 | | | | Pmt to JP Morgan f/o BBVA Bancomer b/o Majapara |
| 12/10/2007 | 4,571,567.98 | | | | Pmt to JP Morgan f/o BBVA Autoliv Canada b/o Majapara |
| 12/10/2007 | | 3,000,000.00 | | | recvd from WB b/o CISA |
| 12/10/2007 | | 3,000,000.00 | | | recvd from BOFA b/o Banco Interacciones |
| 12/10/2007 | | 2,000,000.00 | | | recvd from b/o Bank of New York b/o BASE Casa de Bolsa |
| 12/10/2007 | | 2,000,000.00 | | | recvd from BOFA b/o Banco Interacciones |
| 12/10/2007 | 2,000,000.00 | | | | Pmt to WB f/o Vector b/o Majapara |
| 12/10/2007 | 2,000,000.00 | | | | recvd from BOFA b/o Banca Mifel |
| 12/10/2007 | 2,000,000.00 | | | | Pmt to JP Morgan f/o Banco Monex b/o Majapara |
| 12/10/2007 | 2,000,000.00 | | | | Pmt to Bk of NY f/o BASE Int'l b/o Majapara |
| 12/10/2007 | | 1,900,000.00 | | | recvd from Zions First Nat'l Bank b/o Majapara |
| 12/10/2007 | 1,805,000.00 | | | | Pmt to WB b/o Majapara |
| 12/10/2007 | | 1,500,000.00 | | | received from Motorola de Mexico b/o Motorola de Mexico |
| 12/10/2007 | | 1,000,000.00 | | | recvd from BOFA b/o Banca Mifel |
| 12/10/2007 | | 1,000,000.00 | | | recvd from HAPAG Lloyd Mexico SA DE CV f/o Majapara |
| 12/10/2007 | | 1,000,000.00 | | | recvd from BOFA B/o Bco Interacciones |
| 12/10/2007 | | 1,000,000.00 | | | recvd from JP Morgan b/o Majapara |
| 12/10/2007 | | 1,000,000.00 | | | recvd from AMEX b/o Majapara |
| 12/10/2007 | 1,000,000.00 | | | | Pmt to AMEX f/o Bco del Bajio b/o Majapara |
| 12/10/2007 | | 800,000.00 | | | recvd from BONY f/o Majapara |
| 12/10/2007 | 700,000.00 | | | | pmt to Bear Sterns & Co b/o Jose Monetti Castellanos |
| 12/10/2007 | | 664,006.65 | | | recvd from JP Morgan b/o Autoliv Mexico SA DE CV |
| 12/10/2007 | 500,000.00 | | | | pmt to JP Morgan f/o Majapara |
| 12/10/2007 | | 400,000.00 | | | recvd from WB b/o Tamibe CDC |
| 12/10/2007 | | 300,000.00 | | | recvd from Bco Nacional de Mexico b/o Majapara |

| Date | | | | |
|---|---|---|---|---|
| 12/19/2007 | 5,091.17 | | | |
| 12/19/2007 | | 5,000.00 | | |
| 12/19/2007 | 5,000.00 | | | |
| 12/19/2007 | 5,000.00 | | | |
| 12/19/2007 | 5,000.00 | | | |
| 12/19/2007 | | 4,990.00 | | |
| 12/19/2007 | 4,708.00 | | | |
| 12/19/2007 | 4,265.00 | | | |
| 12/19/2007 | 4,235.20 | | | |
| 12/19/2007 | 4,005.00 | | | |
| 12/19/2007 | 3,912.16 | | | |
| 12/19/2007 | 3,886.72 | | | |
| 12/19/2007 | 3,847.00 | | | |
| 12/19/2007 | | 3,720.00 | | |
| 12/19/2007 | 3,700.00 | | | |
| 12/19/2007 | 3,696.85 | | | |
| 12/19/2007 | 3,650.00 | | | |
| 12/19/2007 | 3,492.64 | | | |
| 12/19/2007 | 3,343.11 | | | |
| 12/19/2007 | 2,924.89 | | | |
| 12/19/2007 | 2,900.00 | | | |
| 12/19/2007 | 2,757.35 | | | |
| 12/19/2007 | 2,702.32 | | | |
| 12/19/2007 | | 2,372.50 | | |
| 12/19/2007 | 2,280.00 | | | |
| 12/19/2007 | 2,254.91 | | | |
| 12/19/2007 | | 2,051.00 | | |
| 12/19/2007 | | 2,000.00 | | |
| 12/19/2007 | 2,000.00 | | | |
| 12/19/2007 | 2,000.00 | | | |
| 12/19/2007 | 1,995.00 | | | |
| 12/19/2007 | 1,830.00 | | | |
| 12/19/2007 | | 1,800.00 | | |
| 12/19/2007 | 1,710.49 | | | |
| 12/19/2007 | 1,620.00 | | | |
| 12/19/2007 | | 1,500.00 | | |
| 12/19/2007 | 1,400.00 | | | |
| 12/19/2007 | 1,336.70 | | | |
| 12/19/2007 | 1,282.80 | | | |
| 12/19/2007 | 1,275.00 | | | |
| 12/19/2007 | 1,250.00 | | | |
| 12/19/2007 | | 1,185.11 | | |
| 12/19/2007 | 1,182.66 | | | |
| 12/19/2007 | 1,171.46 | | | |
| 12/19/2007 | 1,004.70 | | | |
| 12/19/2007 | 1,000.00 | | | |
| 12/19/2007 | 1,000.00 | | | |
| 12/19/2007 | 906.00 | | | |
| 12/19/2007 | 860.00 | | | |
| 12/19/2007 | 851.91 | | | |
| 12/19/2007 | | 730.60 | | |
| 12/19/2007 | 727.08 | | | |
| 12/19/2007 | 690.00 | | | |
| 12/19/2007 | 678.78 | | | |
| 12/19/2007 | 675.00 | | | |
| 12/19/2007 | 655.00 | | | |
| 12/19/2007 | | 650.00 | | |
| 12/19/2007 | 599.38 | | | |
| 12/19/2007 | 584.00 | | | |
| 12/19/2007 | 583.50 | | | |
| 12/19/2007 | 550.00 | | | |
| 12/19/2007 | 512.04 | | | |
| 12/19/2007 | 500.00 | | | |
| 12/19/2007 | 477.00 | | | |
| 12/19/2007 | 450.00 | | | |
| 12/19/2007 | 450.00 | | | |
| 12/19/2007 | 445.00 | | | |
| 12/19/2007 | 423.54 | | | |
| 12/19/2007 | 398.52 | | | |
| 12/19/2007 | | 387.50 | | |
| 12/19/2007 | 366.97 | | | |
| 12/19/2007 | 356.63 | | | |
| 12/19/2007 | 350.00 | | | |
| 12/19/2007 | 336.00 | | | |
| 12/19/2007 | 278.95 | | | |
| 12/19/2007 | 221.13 | | | |
| 12/19/2007 | 218.95 | | | |
| 12/19/2007 | 200.00 | | | |
| 12/19/2007 | 181.04 | | | |
| 12/19/2007 | | 0.29 | | |
| 12/19/2007 | | 0.25 | | |
| 12/19/2007 | | 0.11 | | |
| 12/19/2007 | | 0.08 | | |
| TOTAL | 193,157.75 | | | |
| | 2,026,343.19 | 3,457,144.26 | | 2,108,108.21 |
| 12/20/2007 | | | 2,108,108.21 | |
| 12/20/2007 | | 160,813.00 | | |
| 12/20/2007 | | 75,564.80 | | |
| 12/20/2007 | | 48,100.00 | | |
| 12/20/2007 | | 43,000.00 | | |
| 12/20/2007 | | 18,783.26 | | |
| 12/20/2007 | | 14,990.00 | | |
| 12/20/2007 | | 13,430.05 | | |
| 12/20/2007 | | 5,337.55 | | |
| 12/20/2007 | | 4,500.00 | | |
| 12/20/2007 | | 2,043.86 | | |
| 12/20/2007 | | 1,160.00 | | |
| 12/20/2007 | | 990.00 | | |
| 12/20/2007 | | 659.22 | | |
| 12/20/2007 | 556,067.33 | | | |

| | | | | |
|---|---:|---:|---:|---:|
| Total | 556,067.33 | 389,371.74 | | 1,941,412.62 |
| 12/21/2007 | | | 1,941,412.62 | |
| 12/21/2007 | | 13,791.38 | | |
| 12/21/2007 | | 8,230.00 | | |
| 12/21/2007 | | 4,250.00 | | |
| 12/21/2007 | | 2,539.82 | | |
| 12/21/2007 | | 2,330.00 | | |
| 12/21/2007 | | 1,707.71 | | |
| 12/21/2007 | | 1,530.50 | | |
| 12/21/2007 | | 1,470.00 | | |
| 12/21/2007 | | 850.00 | | |
| 12/21/2007 | 690,470.50 | | | |
| Total | 690,470.50 | 36,699.41 | | 1,287,641.53 |
| 12/24/2007 | | | 1,287,641.53 | |
| 12/24/2007 | | 225,000.00 | | |
| 12/24/2007 | | 113,095.98 | | |
| 12/24/2007 | | 78,894.09 | | |
| 12/24/2007 | | 45,000.00 | | |
| 12/24/2007 | | 40,000.00 | | |
| 12/24/2007 | | 37,713.76 | | |
| 12/24/2007 | | 4,000.00 | | |
| 12/24/2007 | | 3,047.50 | | |
| 12/24/2007 | | 2,325.00 | | |
| 12/24/2007 | | 1,903.00 | | |
| 12/24/2007 | | 1,730.00 | | |
| 12/24/2007 | | 1,704.45 | | |
| 12/24/2007 | | 1,000.00 | | |
| 12/24/2007 | | 1,000.00 | | |
| 12/24/2007 | | 675.00 | | |
| 12/24/2007 | | 557.00 | | |
| 12/24/2007 | | 542.22 | | |
| 12/24/2007 | | 542.22 | | |
| 12/24/2007 | | 542.22 | | |
| 12/24/2007 | | 542.22 | | |
| 12/24/2007 | | 346.00 | | |
| 12/24/2007 | | 346.00 | | |
| 12/24/2007 | | 346.00 | | |
| 12/24/2007 | | 300.00 | | |
| 12/24/2007 | | 300.00 | | |
| 12/24/2007 | | 250.70 | | |
| 12/24/2007 | | 75.00 | | |
| 12/24/2007 | | | | |
| 12/24/2007 | 544,874.17 | | | |
| Total | 544,874.17 | 561,778.36 | | 1,304,545.72 |
| 12/26/2007 | | | 1,304,545.72 | |
| 12/26/2007 | | 6,000.00 | | |
| 12/26/2007 | | 3,000.00 | | |
| 12/26/2007 | | 2,250.90 | | |
| 12/26/2007 | | 250.00 | | |
| 12/26/2007 | 289,874.54 | | | |
| Total | 289,874.54 | 11,500.90 | | 1,026,172.08 |
| 12/27/2007 | | | 1,026,172.08 | |
| 12/27/2007 | | 104,420.57 | | |
| 12/27/2007 | | 6,613.05 | | |
| 12/27/2007 | | 3,670.25 | | |
| 12/27/2007 | | 1,200.00 | | |
| 12/27/2007 | | 353.00 | | |
| 12/27/2007 | 272,845.88 | | | |
| Total | 272,845.88 | 116,156.87 | | 869,483.07 |
| 12/28/2007 | | | 869,483.07 | |
| 12/28/2007 | | 6,218.33 | | |
| 12/28/2007 | | 3,365.66 | | |
| 12/28/2007 | 610.00 | | | |
| 12/28/2007 | | 275.50 | | |
| 12/28/2007 | 63,308.96 | | | |
| Total | 63,918.96 | 9,859.49 | | 815,423.60 |
| 12/31/2007 | | | 815,423.60 | |
| 12/31/2007 | | 16,940.50 | | |
| 12/31/2007 | | 15,000.00 | | |
| 12/31/2007 | | | | 847,364.10 |
| 12/31/2007 | 138,393.39 | | | 708,970.71 |
| Total | 138,393.39 | 31,940.50 | | 708,970.71 |

John A. Nocera (JAN-3399)
Peter A. Ragone (PAR-6714)
ROSNER NOCERA & RAGONE, LLP
110 Wall Street, 23rd Floor
New York, NY 10005
(212) 635-2244
Special Counsel for Plaintiff, Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WACHOVIA BANK, NATIONAL ASSOCIATION,                07 Civ. 11230 (BSJ)(RLE)

                    Plaintiff,

          -against-

CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a
MAJAPARA CASA DE CAMBIO S.A. de C.V.,

                    Defendant.
------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2008 the foregoing Notice of Motion for Judgment against Garnishee Citibank, N.A. the annexed Affidavit of plaintiff by Carlos A. Perez, the exhibits annexed thereto, and the accompanying Memorandum of Law were filed with the Clerk of the Court and served in accordance with the Southern District's Rules on Electronic Service, as well as by first class mail, upon the following parties and participants:



Reed Smith LLP
Attorneys for Wachovia Bank, National Association
**Attn: Scott S. McKessy**
599 Lexington Avenue
New York, New York 10022-7650


Tannenbaum Helpern Syracuse & Hirshtritt LLP
Attorneys for Defendant Casa De

1

Cambio Majapara S.A. de C.V.
**Attn: George F. du Point, Esq.**
900 Third Avenue
New York, New York 10022-4775

     I hereby certify that on March 20, 2008 the foregoing Notice of Motion for Judgment against Garnishee Citibank, N.A. the annexed Affidavit of plaintiff by Carlos A. Perez, the exhibits annexed thereto, and the accompanying Memorandum of Law were personally served upon the following parties and participants:

Citibank, N.A.
**Attn: Legal Dept.**
399 Park Avenue
New York, NY 10043

ROSNER NOCERA & RAGONE, LLP
Special Counsel for Plaintiff, Wachovia
Bank, National Association

By: /s/  John A. Nocera
    John A. Nocera (JAN-3399)
    Peter A. Ragone (PAR-6714)
    John P. Foudy (JPF-7322)
    110 Wall Street, 23rd Floor
    New York, NY 10005
    Tel: (212) 635-2244
    Fax: (212) 635-0533